1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave.. Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com**filing**
8  epreston@kamberedelson.com

9  Scott Kamber
   KAMBEREDELSON LLC
10 11 Broadway. 22d Floor
   New York, NY 10004
11 Telephone: (212) 920-3072
   Fax: (212) 202-6364
12 skamber@kolaw.com

13 *Counsel for Plaintiff*

14                    **IN THE UNITED STATES DISTRICT COURT**
                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
15                              **OAKLAND DIVISION**

16 JOHN LOFTON, an individual, on his own behalf      **807-05892**
   and on behalf of all others similarly situated,
17                                                     **CLASS ACTION COMPLAINT**
                        Plaintiff                      **AND JURY DEMAND**
18
19            v.
                                                       **BY FAX**
20 BANK OF AMERICA CORPORATION. FIA
   CARD SERVICES. N.A.. a national banking
21 association, CARLSON COMPANIES, INC.. a
   Minnesota corporation. CARLSON TRAVEL
22 NETWORK ASSOCIATES. INC.. a Minnesota
   corporation, and CARLSON TRAVEL GROUP.
23 INC. a California corporation, and DOES 1 to
   100.
24                  Defendants.

25      John Lofton ("Lofton" or "Plaintiff"), for his complaint. alleges as follows upon

26 information and belief. based upon. *inter alia*. investigation conducted by and through his

27 attorneys. except as to those allegations pertaining to Plaintiff and his counsel personally, which

28 are alleged upon personal knowledge:

## Nature of the Claim

1. This is case concerns Defendants' practice of charging fraudulent "fuel-related" fees when credit card holders seek to redeem points obtained under the Bank of America's ("B of A") WorldPoints Rewards credit card program. The WorldPoints Reward program provides card holders a variety of benefits in exchange for redeemed credits (called WorldPoints) which are earned through most purchases on the card holders' WorldPoint credit card. Card holders earn roughly one WorldPoint for every dollar spent through their WorldPoint Rewards credit card.

2. WorldPoints can be redeemed for, *inter alia*, credit towards an airline tickets which are purchased through the WorldPoints independent travel agency. Card holders redeem a set number of WorldPoints in exchange for a credit towards the purchase of that ticket. The WorldPoints travel agency purchases the ticket on behalf of the card holder, applies the credit from the redeemed WorldPoints, and charges any remaining costs on the ticket to the card holders' credit card.

3. Defendants make two pertinent representations about the WorldPoints program. First, the WorldPoints program purchases coach class tickets for "the lowest fare available through the travel provider at the time of booking" (unless a card holder redeems WorldPoints for a first-class or business-class ticket). FIA Card Services, *Program Details*, Travel Rewards, *at* https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B (2007). Second, the credit obtained from the redemption of WorldPoints applies to "all taxes and destination fees except the September 11th Security Fee and any *airline-imposed surcharges*, including, but not limited to fuel related surcharges and/or additional security fees *deemed necessary by the individual carrier*." *Id.* (emphasis added).

4. However, the WorldPoints program also charges card holders additional fees to purchase at least some (if not all) airline tickets. It designates these tickets as "fuel-related," but these fees are not charged by any airline and are imposed, instead, by one or more of the Defendants.

5. This is a class action brought on behalf of holders of WorldPoints Rewards credit cards

residing in California who were charged "fuel-related" fees when they redeemed WorldPoints through the WorldPoints program in exchange for credit towards an airline ticket. where the "fuel-related" fees were not genuinely imposed by the airline.

6. On behalf of the Class. Lofton seeks injunctive relief under California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1782(a)). equitable relief under California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17203). and equitable relief for breach of fiduciary duty and for aiding and abetting breach of fiduciary duty.

## Parties

7. **Plaintiff John Lofton:** John Lofton is a resident of Oakland. California. Lofton holds a WorldPoints credit card issued by Bank of America. purchased airline tickets through the WorldPoints Reward program. and was charged \$45 for a "fuel-related" fee that was not assessed by the airline in question.

8. **Defendant Bank of America Corp.:** Bank of America Corp. is a Delaware corporation with its headquarters at Bank of America Corporate Center. 100 N. Tryon Street. Charlotte. North Carolina 28255. B of A operates in 30 states. the District of Columbia and 44 foreign countries. B of A serves 55 million consumer and small businesses. with over 21 million active on-line users. B of A has over 5.700 retail banking offices and 17.000 ATMs. which offer service to more than 75 percent of the U.S. population and 44 percent of the country's wealthy households.

9. **Defendant FIA Card Services, N.A.:** FIA Card Services. N.A. ("FIA") is a national banking association with its sole offices at 1100 North King Street. Wilmington. Delaware 19884. FIA is B of A's subsidiary. and the successor to MBNA America Bank after the merger between B of A and MBNA America Bank's parent company. FIA manages and oversees all aspects of the WorldPoint Rewards program.

10. **Defendant Carlson Companies, Inc.:** Carlson Companies. Inc. ("CCI") is a Minnesota corporation with its headquarters at 12755 State Highway 55. Minneapolis. Minnesota 55441. CCI was founded in 1938. and purports to be one of the largest privately held

Class Action Complaint and Jury Demand     3

corporations in the United States. CCI and its subsidiaries (which include, on information and belief, Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc.) employ approximately 190,000 people in more than 140 countries. CCI and its subsidiaries purport to be "a global leader in the marketing, travel, and hospitality industries."

11. **Defendant Carlson Travel Network Associates, Inc.:** Carlson Travel Network Associates, Inc. ("CTNA") is a Minnesota corporation with its headquarters at 701 Carlson Parkway, Minnetonka, Minnesota 55305.

12. **Defendant Carlson Travel Group, Inc.:** Carlson Travel Group, Inc. ("CTG") is a California corporation with its headquarters at 701 Carlson Parkway, Minnetonka, Minnesota 55305.

13. The travel-related portion of the WorldPoints Rewards program is managed by "[a]n independent third party travel agency, registered to do business in California (Reg. No. 2036509-50.)" *Program Details,* ¶ 11. On information and belief, Lofton alleges that this "independent third party travel agency" is CTG, CCI, and/or CTNA. Plaintiff is currently ignorant of the particular roles CTNA, CTG, and/or CCI (collectively, "Carlson" or "Carlson Defendants") have played in the misconduct alleged herein, and so alleges the participation, involvement, conspiracy, agreement, agency, and/or *respondeat superior* liability of each individual Carlson Defendant in the addition or in the alternative.

14. On information and belief, Lofton alleges that the Carlson Defendants manage and/or administer the travel-related benefits of the WorldPoints Reward program ("Travel Rewards").

15. **Defendants Does:** Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sue such defendants by such fictitious names.

16. Plaintiff alleges on information and belief that Doe defendants were at all relevant times acting as the named Defendants' agents, ostensible agents, partners and/or joint

Class Action Complaint and Jury Demand      4

venturers and employees . and that all acts alleged herein occurred within the course and scope of said agency. employment, partnership. and joint venture. or enterprise: however. each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

## Jurisdiction and Venue

17. B of A is a Delaware corporation headquartered in North Carolina. and can only be a citizen of Delaware and North Carolina. FIA is a national banking association whose sole U.S. offices are in Delaware, and can only be a citizen of Delaware pursuant to 28 U.S.C. § 1348 and *Wachovia Bank, N.A. v. Schmidt*. 546 U.S. 303 (2006). CCI and CTNA are Minnesota corporations headquartered in Minnesota. and can only be citizens of Minnesota. CTG is a California corporation. but its headquarters are in Minnesota. This Complaint alleges claims on behalf of a class of California residents who are minimally diverse from B of A. FIA, CCI. and CTNA. On information and belief, the aggregate of these claims exceed the sum or value of $5,000,000. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d)(2).

18. This Court has personal jurisdiction over the Defendant under Cal. Code Civ. Proc. § 410.10 because some of the acts alleged herein were committed. and Lofton incurred his injury. in California (and. specifically, the Northern District of California).

19. Venue is also proper before this Court under 28 U.S.C. § 1391(a)(2). (c).

## Intradistrict Assignment

20. A substantial part of the events which give rise to the claim occurred in Oakland. the place of Lofton's residence, in Alameda County. Under Local Rule 3-2(c). (d). this civil action should be assigned to the Oakland division of the Northern District of California.

## Travel Rewards Under the WorldPoints Rewards Program

21. This lawsuit concerns the travel-related benefits available under the WorldPoints program. including airline tickets ("Travel Rewards"). Holders of WorldPoints credit cards earn approximately one WorldPoint for every dollar spent through their credit card. These WorldPoints can be redeemed under the WorldPoints Reward program for.

Class Action Complaint and Jury Demand          5

*inter alia*, Travel Rewards like airline tickets.

22. Card holders who redeem WorldPoints for Travel Rewards receive a credit towards the purchase of an airline ticket. The amount of WorldPoints required, and the corresponding credit offered, varies with the type of ticket. While 25,000 WorldPoints can be exchanged for a \$400 domestic, coach-class ticket, the credit offered (and corresponding WorldPoints required) for international, first-class, and business-class tickets are higher.

23. Under the WorldPoints Travel Rewards program, Carlson purchases airline tickets on a card holder's behalf, applies the credit from the redeemed WorldPoints, and charges the card holder for any portion of the ticket price in excess of the credit. The credit obtained from the redemption of WorldPoints applies to "all taxes and destination fees except the September 11th Security Fee and any *airline-imposed surcharges*, including, but not limited to fuel related surcharges and/or additional security fees *deemed necessary by the individual carrier*." *Id.*, Travel Rewards (emphasis added). Unless the card holder seeks a first-class or business-class ticket, "the ticket will be coach class and the lowest fare available through the travel provider at the time of booking." *Id.*

## Allegations as to Plaintiff's Individual Claims

24. On October 22, 2007, Lofton purchased a set of round-trip tickets by calling the 1-800 number provided by the WorldPoints Reward program.

25. Lofton redeemed 25,000 WorldPoints for a \$400 credit towards the purchase of tickets for Continental Airline flights 416 and 2629 on December 14 and Continental Airline flights 2143 and 378 on December 16 through the WorldPoints Reward program. After this telephone transaction, Lofton received an email from the email address "travelplans@carlson.com" which contained a hyperlink to a webpage at http://mytripandmore.com. The webpage provided an itinerary and a statement of charges. The statement indicated that Carlson applied the \$400 credit towards the ticket price, and charged Lofton's credit card for \$107.10 for the tickets. The statement indicates that the \$107.10 charge was composed of

(a)    \$52.10 for the portion of the ticket price which exceeded the \$400 credit;

Class Action Complaint and Jury Demand          6

(b)     $10 for a "security fee"; and

(c)     $45 for a "fuel-related" fee.

Thus, accounting for his $400 credit, the putative total price of tickets that Carlson sold to Lofton was $507.10.

26.     Lofton's November 2007 credit card statement contains a charge for $107.10 which was posted to his account on October 23, 2007 and reflects a October 22, 2007 transaction date. The charges are designated "TRAVEL PLANS" and indicate an Idaho phone number (208-4295332). Callers to (208) 429-5332 receive the following automated voice recording:

> "Travel Plans and Trip Charges are names that may appear on your statement if you have used your credit card for travel reservations or for changes to travel reservations using credit card redemption points. If you have made or changed reservations within the last several months, please refer to the itinerary you received for an explanation of these charges. If you have any further questions, please visit our website, www.tripcharges.com, or continue to hold for our next available representative."

The website, www.tripcharges.com, indicates that it is operated by "Carlson Travel Group, Inc. and Subsidiaries." The WHOIS data for the tripcharges.com domain name indicates the domain name is owned by Carlson Companies, Inc., at 1405 Xenium Lane, Plymouth, Minnesota 55459.

27.     Lofton relied on the WorldPoints Rewards *Program Details'* representations that:

(a)     the program would only purchase "the lowest fare available through the travel provider at the time of booking"; and

(b)     that credit obtained from the redemption of WorldPoints would apply to "all taxes and destination fees [except] fuel related surcharges and/or additional security fees deemed necessary by the individual carrier."

*Program Details*, Travel Rewards.

28.     On the basis of these representations, Lofton reasonably believed that:

(a)     the price of tickets purchased through the WorldPoints Rewards program would be at least as low as the lowest fare available to the general public; and

(b)     the WorldPoints Rewards program would not charge him any more than the total actual cost of the airline tickets.

29.     On the basis of the representations in the *Program Details* and the "fee-related"

Class Action Complaint and Jury Demand          7

designation on his statement. Lofton reasonably believed the $45 fee charged to him indeed had some relationship to fuel or fuel costs.

30. However, contrary to the WorldPoints *Program Details*, the price of $507.10 was not "the lowest fare available through the travel provider at the time of booking." Rather, Lofton's counsel has determined that Continental's own online ticketing service offered tickets for these exact same flights (Continental Airline flights 416 and 2629 on December 14 and Continental Airline flights 2143 and 378 on December 16) for an all-inclusive price of $462.10. Further, Lofton determined that these tickets were available from online travel agencies Expedia.com, Orbitz, and Travelocity, for $467.10, $469.09, and $469.10, respectively. These prices are all-inclusive totals, which include all security fees and fuel-related fees, as well as the service fees charged by these companies. (Presumably, the difference between the online travel agencies' price and Continental's price reflects the travel agencies' service fees.) All of these ticket price quotations were obtained between October 22 and October 25.

31. In short, Continental offered tickets for the exact same flights from its website to the general public for exactly $45 less than the putative price of the tickets Carlson sold to Lofton – the precise sum of the "fuel-related" fee charged to Lofton's credit card.

32. The fact that Lofton's tickets were available to the general public from Continental's own website without the "fuel-related" that Carlson charged Lofton leads to one of two conclusions: either 1) Carlson failed to obtain the lowest fare available or 2) it was Carlson and/or the other Defendants imposed the $45 "fuel-related" fee, *not Continental Airlines*.

33. Lofton has not canceled these charges because he wants to keep the airline tickets at issue, in order to draw some benefit from the WorldPoints he has accumulated. Lofton could not redeem his WorldPoints without incurring the "fuel-related" fee assessed by Defendants.

34. The terms and conditions under which WorldPoints can be redeemed were material to Lofton's decision to maintain a WorldPoints credit card and to spend money with that card. Many credit cards offer benefits similar to those putatively provided under the WorldPoints Rewards program.

Class Action Complaint and Jury Demand                    8

35. Lofton has been damaged by the misrepresentations in the *Program Details* because his credit card was charged an additional $45 fee to purchase tickets that he could have obtained on the open market without the $45 fee.

36. Lofton has been damaged because he could have spent money through a different credit card, and earned credit towards airline tickets on terms and conditions similar to those putatively offered by Defendants, which were more favorable than Defendants' actual terms.

## Class Certification Allegations

37. Plaintiff seeks certification of a Class under both Rule 23(b)(2) and Rule 23(b)(3).

38. **Definition of the Class:** Pursuant to Federal Rule of Civil Procedure 23, Lofton brings this Complaint against Defendants on behalf of all California residents who purchased airline tickets through the WorldPoints Rewards program and who were charged a "fuel-related" fee by any of Defendants that was not imposed by the airline issuing the relevant ticket. Excluded from the Class are 1) any Judge or Magistrate presiding over this action and members of their families: 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors: and 3) persons who properly execute and file a timely request for exclusion from the class and 4) the legal representatives, successors or assigns of any such excluded persons.

39. **Class Numerosity:** The exact number of the Class members is unknown and is not available to Lofton, but it is clear that individual joinder of all Class members is impracticable. On information and belief, FIA manages over 45 million credit card accounts across the United States. According to recent U.S. Census estimates, approximately 12% of the US population resides in California. Assuming that FIA's card holders are distributed evenly across the US population, there are at least 5.4 million FIA card holders residing in California who could be affected by Defendants' "fuel-related" fee practices. These Class members can be easily identified through

Class Action Complaint and Jury Demand                    9

Defendants' records.

40. **Class Commonality:** Common questions of fact and law exist as to all Class members and predominate over the questions affecting only individual Class members. These common questions include:

(a) Whether the "fuel-related" fees charged by Defendants for tickets are imposed by the airline issuing those tickets;

(b) Whether Defendants' practice of charging "fuel-related" fees which are not imposed by the airline and do not reflect the actual cost of the tickets at issue renders the *Program Details* deceptive or misleading;

(c) Whether Defendants' practice of purchasing tickets for prices higher than those available to the general public renders the *Program Details* deceptive or misleading;

(d) Whether the "fuel-related" designation for these fees is deceptive or misleading;

(e) Whether the *Program Details* violates Cal. Civ. Code § 1770(a)(5) because it represents that the WorldPoints Rewards program has characteristics, uses, and benefits, or quantities which it does not have;

(f) Whether the *Program Details* violates Cal. Civ. Code § 1770(a)(14) because it represents that the WorldPoints Rewards program confers or involves rights or remedies which it does not confer or involve;

(g) Whether the *Program Details* violates Cal. Civ. Code § 1770(a)(17) by misrepresenting the discount or other economic benefits Class members could receive from the WorldPoints Travel Rewards (i.e, credit towards airline tickets in exchange for redeemed WorldPoints), where such benefits were contingent on Class members earning WorldPoints after they signed up for a WorldPoints Reward-branded credit card;

(h) Whether the "fuel-related" designation on Carlson's statements to Class members violates Cal. Civ. Code § 1770(a)(5) because it represents that the fee has characteristics, uses, and benefits, or quantities which it does not have;

(i) Whether the "fuel-related" designation on Carlson's statements to Class members violates Cal. Civ. Code § 1770(a)(14) because it represents that the fee confers or involves obligations which it does not confer or involve;

(j) Whether Defendants' practices constitute unlawful competition in violation of Cal. Bus. & Prof. Code § 17200;

(k) Whether Carlson owed the Class members a fiduciary duty as a travel

agent:

(l)     Whether any of the Carlson Defendants are sellers of travel under Cal. Bus. & Prof. Code § 17550.1;

(m)     Whether any of the Carlson Defendants owe the Class members a fiduciary duty as a seller of travel with respect to the sums charged to the Class members under Cal. Bus. & Prof. Code § 17550.15(g);

(n)     Whether the Carlson Defendants breached a fiduciary duty through charging the "fuel-related" fee;

(o)     Whether the Carlson Defendants breached a fiduciary duty by failing to disclosing that one of the Defendants (rather than the issuing airline) imposed the "fuel-related" fee;

(p)     Whether the Carlson Defendants breached a fiduciary duty by failing to disclose that tickets purchased for Class Members were not purchased for the lowest price available;

(q)     Whether Lofton and the Class are entitled to relief, and the nature of such relief.

41.  **Class Typicality:** Lofton's claims are typical of the claims of other Class members, as Lofton and other Class members sustained damages arising out of the wrongful conduct of Defendants, based upon the same transactions which were made uniformly to Lofton and the public.

42.  **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class, and have retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of either Class, and Defendants have no defenses unique to Plaintiff.

43.  **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendants. It would be virtually impossible for the members of the Class individually to obtain effective relief from the misconduct of Defendants. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation

Class Action Complaint and Jury Demand     11

1

2

3

4

5

6

would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

7

8

9

10

11

12

13

44. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to either Class as a whole. The policies of the Defendants challenged herein apply and affect members of both Class uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

14

**Count I: Violation of the CLRA, Cal. Civ. Code § 1770**

45. Plaintiff incorporates the above allegations by reference.

15

16

17

18

19

20

21

46. Lofton and the other Class members are consumers as defined in Cal. Civ. Code § 1761(d). By redeeming WorldPoints, Lofton and the other Class members were engaged in a transaction that was intended to result or which resulted in the sale of discounted airline tickets and/or travel agency servives. The discounted airline tickets and the travel agency services provided as Travel Rewards under the WorldPoints Rewards program are good or services as defined in Cal. Civ. Code § 1761(b).

22

23

24

25

26

27

28

47. Defendants have charged Lofton and the other members of the Class "fuel-related" fees in connection with the redemption of WorldPoints for Travel Rewards, where such fees are not assessed by the airline issuing the ticket. In addition or in the alternative, Defendants have not provided the lowest fare available for the tickets sought by Lofton and the other Class members. Finally, on information and belief, neither Carlson nor the other Defendants incur expenses that could accurately be call "fuel-related" with respect to the tickets Lofton purchased through the WorldPoints Rewards program.

48. The terms and conditions under which WorldPoints can be redeemed are material to Lofton

Class Action Complaint and Jury Demand        12

and other Class members' selection of a credit card. Many credit cards offer benefits similar to those putatively provided under the WorldPoints Rewards program. and consumers can obtain and spent money via a credit card that offered credits toward airline tickets at the lowest price available to the general public. without charging fees in addition to the actual total cost of the ticket.

49. Lofton and the Class members relied on the representations made in the WorldPoints Rewards *Program Details* that

   (a)   the program would only purchase "the lowest fare available through the travel provider at the time of booking."

   (b)   credit obtained from the redemption of WorldPoints would apply to "all taxes and destination fees [except] fuel related surcharges and/or additional security fees deemed necessary by the individual carrier."

*Program Details*. Travel Rewards.

50. These representations create a reasonable basis for Class Members to believe that:

   (a)   the price of tickets purchased through the WorldPoints Rewards program would be at least as low as the lowest fare available to the general public: and

   (b)   the WorldPoints Rewards program would not charge a cardholder any more than the total actual cost of the airline tickets.

51. The terms and conditions under which WorldPoints can be redeemed were material to the decisions of each Class member to maintain a WorldPoints credit card and to spend money with that card. Many credit cards offer benefits similar to those putatively provided under the WorldPoints Rewards program.

52. The "fuel-related" designation for the $45 fee was material because it misleadingly implies that the fee is passed on to the airline originating the tickets at issue. This is a plausible cover that deters or mollifies card holders who would otherwise object. complain. or obtain a different credit card if the fee were more accurately designated as a fee paid to Defendants. If the fee were accurately labeled as a service fee for Carlson and/or the other Defendants. more card holders would be inclined to obtain a different credit card and discontinue using the Defendants' WorldPoints credit card.

53. Defendants' practices alleged herein violate Cal. Civ. Code § 1770(a)(5). (14) because they

render the *Program Details* false and misleading as to the Travel Rewards' characteristics. uses. and benefits, or quantities. as well as the rights and remedies conferred by the Travel Rewards.

54. Defendants' practices also violate Cal. Civ. Code § 1770(a)(5). (14) because they render the "fuel-related" designation for the fees on Carlson's statements to Class members misleading as to the fees' characteristics. uses. and benefits, or quantities. and the obligations involved with those fees.

55. Defendants' practices also violate Cal. Civ. Code § 1770(a)(17) because they misrepresent the discount or other economic benefits Class members could receive from the WorldPoints Travel Rewards (i.e. credit towards airline tickets in exchange for redeemed WorldPoints). where such benefits were contingent on Class members earning WorldPoints after they signed up for a WorldPoints Reward-branded credit card.

56. On information and belief. Lofton alleges that neither Carlson nor the other Defendants incur expenses that could accurately be call "fuel-related" with respect to tickets purchased through the WorldPoints Rewards program.

57. Lofton and the other Class members have been damaged by Defendants' CLRA violations because they paid a higher price for the airline tickets obtained from Defendants than they would have otherwise.

58. Lofton and the other Class members have been damaged by Defendants' CLRA violations because they could have spent money through a different credit card, and earned credit towards airline tickets on terms and conditions similar to those putatively offered by Defendants, which were more favorable than Defendants' actual terms.

59. Lofton, on his own behalf and behalf of the other Class members. seeks an order enjoining Defendants' CLRA violations alleged herein, and court costs and attorney's fees under the CLRA (Cal. Civ. Code § 1780(d)).

## Count II: Breach of Fiduciary Duty

60. Plaintiff incorporates the above allegations by reference.

61. Each of the Defendants had some role in the provision of airline tickets and travel

Class Action Complaint and Jury Demand          14

agency services to Lofton. B of A marketed, advertised, and/or offered Lofton a WorldPoints-branded credit card which offered various benefits. Travel Rewards were among the most heavily marketed of such benefits and most material to Lofton. FIA managed the WorldPoints Program and, on information and belief, selected, managed, and supervised Carlson's operation of the Travel Rewards program for California WorldPoints credit card holders. Carlson actually found and purchased airline tickets on Lofton's behalf, and operate the www.tripcharges.com website.

62. B of A, FIA, and each of the Carlson Defendants have collectively "advertised" under the meaning of Cal. Bus. & Prof. Code § 17550.2 through their status as a partnership, corporation, joint venture, association, organization, group, or other entity, and by selling airline tickets through the *Program Details* and in the marketing of the WorldPoints Travel Rewards Program.

63. By selling, providing, arranging, and advertising airline tickets through the WorldPoints Travel Rewards Program, each of the Defendants is a seller of travel under Cal. Bus. & Prof. Code § 17550.1(a).

64. In addition or in the alternative, CTG is a seller of travel registered with the Attorney General of California under the California Seller of Travel Registration No. 2036509.

65. As sellers of travel, Defendants owe Lofton and the other Class members a fiduciary responsibility with respect to all sums received for airline tickets (including credit from redeemed WorldPoints and all proceeds from the charges made against Lofton's credit card) pursuant to Cal. Bus. & Prof. Code § 17550.15(g).

66. In addition or in the alternative, CTG owes Lofton and the other Class members a fiduciary responsibility with respect to all sums received for airline tickets (including credit from redeemed WorldPoints and all proceeds from the charges made against Lofton's credit card) as a travel agent under the common law of the state of California.

67. Further, under Cal. Bus. & Prof. Code § 17550.15(h), Defendants are deemed to hold all sums received from Lofton and the other Class members for airline tickets and fuel-related surcharges, as well as any property which has been commingled with such sums,

Class Action Complaint and Jury Demand 15

to the extent that any of these sums cannot be identified because of the commingling.

68. Defendants breached their fiduciary duties by assessing false and misleading "fuel-related" fees.

69. Defendants breached their fiduciary duties by failing to disclose the practice of assessing "fuel-related" fees in connection with the airline tickets provided under the Travel Rewards program.

70. Defendants breached their fiduciary duty by failing to disclosing that one of the Defendants (rather than the issuing airline) imposed the "fuel-related" fee.

71. Defendants breached their fiduciary duty by failing to disclose that tickets purchased for Class Members were not purchased for the lowest price available.

72. Lofton and the other Class members have been damaged by Defendants' breach of their fiduciary duty because they paid a higher price for the airline tickets obtained from Defendants than they would have otherwise.

73. Further, Lofton and the other Class members were damaged because they could have spent money through a different credit card, and earned credit towards airline tickets on terms and conditions similar to those putatively offered by Defendants, which were more favorable than Defendants' actual terms.

74. Lofton, on his own behalf and behalf of the other Class members, seeks equitable relief (including an accounting, and disgorgement of profits obtained while the breach of fiduciary duty was ongoing, such as any commission earned from B of A, FIA, or the airlines) for Defendants' breach of their fiduciary duties, as well as interest and attorney's fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

### Count III: Aiding and Abetting a Breach of Fiduciary Duty

75. Plaintiff incorporates the above allegations by reference.

76. In addition or in the alternative, to the extent that some of the Defendants do *not* owe Lofton and the other Class members a fiduciary duty under Cal. Bus. & Prof. Code § 17550.15(g), these Defendants ("Aiding Defendants") aided and abetted the other Defendants' breach of fiduciary duty.

77. Aiding Defendants knew (or should have known) that the conduct of the other Defendants constituted a breach of fiduciary duty, and gave substantial assistance to such breach. Aiding Defendants' knowledge of and assistance to the breach of fiduciary duty alleged above can be inferred from the following conduct: B of A marketed, advertised, and/or offered Lofton a WorldPoints-branded credit card which offered various benefits. Travel Rewards were among the most heavily marketed of such benefits and most material to Lofton. FIA managed the WorldPoints Program and, on information and belief, selected, managed, and supervised Carlson's operation of the Travel Rewards program for California WorldPoints credit card holders. Carlson actually found and purchased airline tickets on Lofton's behalf.

78. The Aiding Defendants aided and abetted the other Defendants' breach of fiduciary duty, and on that basis are jointly and severally liable to Lofton and the other Class members for the breach of fiduciary duty previously alleged in Count II.

79. Lofton, on his own behalf and behalf of the other Class members, seeks equitable relief (including an accounting, and disgorgement of profits obtained while the breach of fiduciary duty was ongoing, such as any commission earned from B of A, FIA, or the airlines) for Aiding Defendants' aiding and abetting the breach of the other Defendants' fiduciary duties, as well as interest and attorney's fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

**Count IV: Violation of California's UCL, Cal. Bus. & Prof. Code § 17200**

80. Plaintiff incorporates the above allegations by reference.

81. Defendants' actions alleged above were unfair and fraudulent business acts or practices and constitute unfair competition under Cal. Bus. & Prof. Code § 17200.

82. In addition and/or in the alternative, to the extent that none of the Defendants is actually registered as a seller of travel with the Attorney General of California, or the Defendants' registration is not accurate, Defendants have violated Cal. Bus. & Prof. Code §§ 17550.19(c), 17550.20(a) and Defendants' actions alleged above were unlawful business acts or practices and constitute unfair competition under Cal. Bus. & Prof.

Class Action Complaint and Jury Demand        17

Code § 17200.

83.  Lofton and the other Class members have been damaged by Defendants' UCL violations because they paid a higher price for the airline tickets obtained from Defendants than they would have otherwise.

84.  Lofton and the other Class members have been damaged because they could have spent money through a different credit card, and earned credit towards airline tickets on terms and conditions similar to those putatively offered by Defendants, which were more favorable than Defendants' actual terms.

85.  Lofton, on his own behalf and behalf of the other Class members, seeks an order enjoining Defendant's unfair competition alleged herein, and restitution of property gained by such unfair competition under the UCL (Cal. Bus. & Prof. Code § 17203), as well as interest and attorney's fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in their favor and against Defendant as follows:

   (a)   Certifying the action as a class action and designating Plaintiffs and their counsel as representatives of the Class;

   (b)   Equitable and injunctive relief for the Class, including an order for accounting, an order enjoining the misconduct alleged herein, restitution of property gained by this misconduct and disgorgement of profits obtained while the breach of fiduciary duty was ongoing, such as commissions on airline tickets;

   (c)   Awarding pre- and post-judgment interest; and

   (d)   Granting such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

The Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 19, 2007

By:

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON, LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696

Class Action Complaint and Jury Demand                 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON, LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

Scott Kamber
KAMBEREDELSON, LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kolaw.com

Class Action Complaint and Jury Demand          19