Martin R. Lueck (MN Bar No.155548)
Emmett J. McMahon (*pro hac* pending)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:   612-349-8500
Facsimile:   612-339-4181
E-mail:   mrlueck@rkmc.com
   ejmcmahon@rkmc.com

Elizabeth D. Le (CA Bar No. 216182)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:   310-552-0130
Facsimile:   310-229-5800
E-mail:   edle@rkmc.com

Attorneys for Defendant
CARLSON COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC., a California corporation, and DOES 1 to 100,<br><br>Defendants. | Case No.  CV 07-05892 MJJ<br><br>[Assigned to the Hon. Martin J. Jenkins]<br><br>**ANSWER OF DEFENDANT CARLSON COMPANIES, INC. TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  November 20, 2007 |

In response to the Complaint on file herein, Defendant CARLSON COMPANIES, INC. ("CCI") hereby answers, avers and pleads as follows:

**NATURE OF CLAIM**

1. Answering Paragraph 1 of the Complaint, CCI denies Plaintiff's allegation that "[t]his is [*sic*] case concerns Defendants' practice of charging fraudulent 'fuel-related' fees when credit card holders seek to redeem points obtained under Bank of America's ("B of A") WorldPoints Rewards credit card program." As to Plaintiff's allegations regarding the characteristic of the WorldPoints Rewards program contained in Paragraph 1 on page 2 at lines 4 through 8, CCI is without knowledge or information to form belief as to the truth of the allegations, and on that basis denies them.

2. Answering Paragraph 2 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and therefore is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, CCI denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and denies each and every allegation contained therein.

5. Answering Paragraph 5, CCI admits that this case is brought by Plaintiff as a purported class action seeking penalties, compensation, fees and costs under various statutes. CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure or under any applicable California laws. Except as so admitted, CCI denies each and every allegation contained in Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, CCI admits that this case is brought by Plaintiff as a purported class action, seeking injunctive relief under California's Consumer Legal Remedies Act, equitable relief under California's Unfair Competition Law, and equitable relief

for breach of fiduciary duty and for aiding and abetting breach of fiduciary duty. CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure or under any applicable California laws. CCI further denies that Plaintiff is entitled to the relief sought.

## **PARTIES**

7. Answering Paragraph 7 of the Complaint, CCI is without sufficient without knowledge or information to form belief as to the truth of the allegations regarding Plaintiff's place of residency, and on that basis denies them. CCI admits that Plaintiff holds a WorldPoints credit card issued by Bank of America and that he purchased airline tickets through the WorldPoints Reward program. Except as so admitted, CCI denies each and every allegation contained therein.

8. Answering Paragraph 8 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, CCI admits that it is a Minnesota corporation with its headquarters in Minneapolis, Minnesota. CCI admits that it was founded in 1938. Except as so admitted, CCI is unaware of the source of remaining allegations in Paragraph 10 and the source of the quoted language contained therein and therefore, denies said allegations on that basis.

11. Answering Paragraph 11 of the Complaint, CCI admits all the allegations therein.

12. Answering Paragraph 12 of the Complaint, CCI admits all the allegations therein.

13. Answering Paragraph 13 of the Complaint, CCI denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, CCI denies each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

17. Answering Paragraph 17 of the Complaint, CCI admits that it and CTNA are incorporated and headquartered in Minnesota. CCI also admits that CTG is a California corporation with its headquarters in Minnesota. Except as so admitted, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, CCI denies each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, CCI denies each and every allegation contained therein.

## INTRADISTRICT ASSIGNMENT

20. Answering Paragraph 20 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## TRAVEL REWARDS UNDER THE WORLDPOINTS REWARDS PROGRAM

21. Answering Paragraph 21 of the Complaint, CCI admits all the allegations therein.

22. Answering Paragraph 22 of the Complaint, CCI admits all the allegations therein.

23. Answering Paragraph 23 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and therefore the allegations in Paragraph 23 are denied.

///

## ALLEGATIONS AS TO PLAINTIFF'S INDIVIDUAL CLAIMS

24. Answering Paragraph 24 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25. Answering Paragraph 25 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and therefore is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26. Answering Paragraph 26 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and therefore is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

27. Answering Paragraph 27 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and therefore is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and therefore is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and therefore is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and therefore is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, CCI denies each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, CCI denies each and every allegation contained therein.

**CLASS CERTIFICATION ALLEGATIONS**

37. Answering Paragraph 37 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and further denies each and every allegation contained in said paragraph.

38. Answering Paragraph 38 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and further denies each and every allegation contained in said paragraph.

39. Answering Paragraph 39 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and further denies each and every allegation contained in said paragraph.

40. Answering Paragraph 40 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and further denies each and every allegation contained in said paragraph.

41. Answering Paragraph 41 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and further denies each and every allegation contained in said paragraph.

42. Answering Paragraph 42 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and further denies each and every allegation contained in said paragraph.

43. Answering Paragraph 43 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and further denies each and every allegation contained in said paragraph.

44. Answering Paragraph 44 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and further denies each and every allegation contained in said paragraph.

## **COUNT I:  VIOLATION OF THE CLRA, CAL. CIV. CODE § 1770**

45. Answering Paragraph 45 of the Complaint, CCI incorporates its responses and denials as asserted in Paragraphs 1 through 44 above as though fully set forth herein.

46. Answering Paragraph 46 of the Complaint, CCI denies each and every allegation contained therein. CCI does not purchase airline tickets under the WorldPoints Travel Rewards program on behalf of WorldPoints card holders. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

47. Answering Paragraph 47 of the Complaint, CCI denies each and every allegation contained therein. CCI does not purchase airline tickets under the WorldPoints Travel Rewards program on behalf of WorldPoints card holders. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

48. Answering Paragraph 48 of the Complaint, CCI denies each and every allegation contained therein. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

49. Answering Paragraph 49 of the Complaint, CCI denies each and every allegation contained therein. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

50. Answering Paragraph 50 of the Complaint, CCI denies each and every allegation contained therein. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

51. Answering Paragraph 51 of the Complaint, CCI denies each and every allegation contained therein. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

52. Answering Paragraph 52 of the Complaint, CCI denies each and every allegation contained therein. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

53. Answering Paragraph 53 of the Complaint, CCI denies each and every allegation contained therein.

54. Answering Paragraph 54 of the Complaint, CCI denies each and every allegation contained therein. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

55. Answering Paragraph 55 of the Complaint, CCI denies each and every allegation contained therein. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

56. Answering Paragraph 56 of the Complaint, CCI denies each and every allegation contained therein.

57. Answering Paragraph 57 of the Complaint, CCI denies each and every allegation contained therein. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

58. Answering Paragraph 58 of the Complaint, CCI denies each and every allegation contained therein. CCI further denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

59. Answering Paragraph 59 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that Plaintiff is entitled to the relief sought. CCI further denies each and every allegation contained in Paragraph 59.

## COUNT II: BREACH OF FIDUCIARY DUTY

60. Answering Paragraph 60 of the Complaint, CCI incorporates its responses and denials as asserted in Paragraphs 1 through 59 above as though fully set forth herein.

61. Answering Paragraph 61 of the Complaint, CCI denies each and every allegation contained therein. CCI does not purchase airline tickets under the WorldPoints Travel Rewards program on behalf of WorldPoints card holders.

62. Answering Paragraph 62 of the Complaint, CCI denies each and every allegation contained therein.

63. Answering Paragraph 63 of the Complaint, CCI denies each and every allegation contained therein. CCI does not purchase airline tickets under the WorldPoints Travel Rewards program on behalf of WorldPoints card holders.

64. Answering Paragraph 64 of the Complaint, CCI denies each and every allegation contained therein. The statute referenced therein speaks for itself.

65. Answering Paragraph 65 of the Complaint, CCI denies each and every allegation contained therein. CCI does not purchase airline tickets under the WorldPoints Travel Rewards

1  program on behalf of WorldPoints card holders. CCI further denies that Plaintiff's allegations are
2  suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

3  66. Answering Paragraph 66 of the Complaint, CCI acknowledges that the allegations
4  contained therein are not directed to CCI, but CCI nevertheless denies each and every allegation
5  contained therein to the extent that said allegations may arguably be attributed to CCI (which CCI
6  denies). To that extent, CCI further denies that Plaintiff's allegations are suitable for class
7  treatment under Rule 23 of the Federal Rules of Civil Procedure.

8  67. Answering Paragraph 67 of the Complaint, CCI denies each and every allegation
9  contained therein. CCI further denies that Plaintiff's allegations are suitable for class treatment
10  under Rule 23 of the Federal Rules of Civil Procedure.

11  68. Answering Paragraph 68 of the Complaint, CCI denies each and every allegation
12  contained therein.

13  69. Answering Paragraph 69 of the Complaint, CCI denies each and every allegation
14  contained therein.

15  70. Answering Paragraph 70 of the Complaint, CCI denies each and every allegation
16  contained therein.

17  71. Answering Paragraph 71 of the Complaint, CCI denies that Plaintiff's allegations
18  are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure, and further
19  denies each and every allegation contained in Paragraph 71.

20  72. Answering Paragraph 72 of the Complaint, CCI denies that Plaintiff's allegations
21  are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure, and further
22  denies each and every allegation contained in Paragraph 72.

23  73. Answering Paragraph 73 of the Complaint, CCI denies that Plaintiff's allegations
24  are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure, and further
25  denies each and every allegation contained in Paragraph 73.

26  74. Answering Paragraph 74 of the Complaint, CCI denies that Plaintiff's allegations
27  are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies
28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

that Plaintiff is entitled to the relief sought. CCI further denies each and every allegation contained in Paragraph 74.

### COUNT III: AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY

75. Answering Paragraph 75 of the Complaint, CCI incorporates its responses and denials as asserted in Paragraphs 1 through 74 above as though fully set forth herein.

76. Answering Paragraph 76 of the Complaint, CCI admits that it does "not owe Lofton and the other [purported] Class members a fiduciary duty." Except as so admitted, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure, and further denies each and every allegation contained in Paragraph 76.

77. Answering Paragraph 77 of the Complaint, CCI denies each and every allegation contained therein.

78. Answering Paragraph 78 of the Complaint, CCI denies each and every allegation contained therein.

79. Answering Paragraph 79 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that Plaintiff is entitled to the relief sought. CCI further denies each and every allegation contained in Paragraph 79.

### COUNT IV: VIOLATION OF CALIFORNIA'S UCL,
### CAL. BUS. & PROF. CODE § 17200

80. Answering Paragraph 80 of the Complaint, CCI incorporates its responses and denials as asserted in Paragraphs 1 through 79 above as though fully set forth herein.

81. Answering Paragraph 81 of the Complaint, CCI denies each and every allegation contained therein.

82. Answering Paragraph 82 of the Complaint, CCI denies each and every allegation contained therein.

83. Answering Paragraph 83 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure, and further denies each and every allegation contained in Paragraph 83.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA1 60153974.3

- 11 -

ANSWER OF DEFENDANT CARLSON COMPANIES INC. TO COMPLAINT
CV 07-05892 MJJ

84.  Answering Paragraph 84 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure, and further denies each and every allegation contained in Paragraph 84.

85.  Answering Paragraph 85 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that Plaintiff is entitled to the relief sought. CCI further denies each and every allegation contained in Paragraph 85.

## PRAYER FOR RELIEF

86.  Answering Plaintiff's Prayer for Relief at page 18, lines 13 through 16, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that Plaintiff is entitled to the relief requested or any relief.

87.  Answering Plaintiff's Prayer for Relief at page 18, lines 16 through 19, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that Plaintiff is entitled to the relief requested or any relief.

88.  Answering Plaintiff's Prayer for Relief at page 18, line 20, CCI denies that Plaintiff is entitled to the relief requested or any relief.

89.  Answering Plaintiff's Prayer for Relief at page 18, lines 21 through 22, CCI denies that Plaintiff is entitled to the relief requested or any relief.

90.  CCI denies each and every allegation that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, and without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of any of Plaintiff's causes of action rather than an element of an affirmative defense, CCI alleges the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.  The Complaint, and each purported cause of action therein, fails to set forth sufficient facts to state a claim or cause of action upon which relief may be granted against CCI.

CV 07-05892 MJJ

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

2. This Court lacks personal jurisdiction over CCI.

## THIRD AFFIRMATIVE DEFENSE

### (Not a Proper Defendant)

3. CCI is not a proper defendant to the claims asserted by Plaintiff on his own behalf and as a representative of the purported class.

## FOURTH AFFIRMATIVE DEFENE

### (Lack of Standing)

4. The Complaint, in whole or in part, is barred because Plaintiff and/or purported members of the putative class lack standing in which to assert any claims against CCI.

## FIFTH AFFIRMATIVE DEFENSE

### (Causation)

5. Plaintiff and/or purported members of the putative class have not sustained any injury by reason of any action alleged in the Complaint that proximately or legally caused by CCI.

## SIXTH AFFIRMATIVE DEFENSE

### (Alternative Source of Supply Doctrine)

6. The Complaint, in whole or in part, is barred by the Alternative Source of Supply Doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Process)

7. To the extent Plaintiff purports to seek relief on behalf of members of the general public who have not suffered any damages, the Complaint and each of its claims for relief therein violate CCI's right to due process under the California and United States Constitutions.

///

## EIGHTH AFFIRMATIVE DEFENSE

**(Not a Proper Class Action)**

8. This action cannot proceed as a class action because the allegations in the Complaint are not suitable for class wide resolution pursuant Rule 23 of the Federal Rules of Civil Procedure: the purported class, if any, is not so numerous that joinder of all purported members of the putative class is impracticable; individual questions of law and fact predominate over common questions, if any; Plaintiff does not have claims and/or defenses that are typical of those of the purported class members; and/or Plaintiff and his counsel are not adequate representatives of the proposed class and will not fairly and adequately protect the interests of the purported class.

## NINTH AFFIRMATIVE DEFENSE

**(Voluntary Payment Doctrine)**

9. The Complaint is barred, in whole or in part, by the voluntary payment doctrine.

## TENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

10. Each of the purported causes of action set forth in the Complaint is barred in whole or in part by the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

11. All the purported causes of action are barred in whole or in part by the doctrine of estoppel by reason of the conduct and actions of Plaintiff and/or purported class members.

## TWELFTH AFFIRMATIVE DEFENSE

**(Waiver)**

12. All purported causes of action are barred in whole or in part by waiver by reason of the conduct and actions of Plaintiff and/or purported class members.

///

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy At Law)**

13.     The prayers for equitable relief are barred in light of the fact that Plaintiff and/or purported members of the putative class, if they have a valid cause of action, have an adequate remedy at law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unintentional Acts/Bona Fide Error Defense)**

14.     The first purported cause of action for violation of the Consumer Legal Remedies Act is barred by the unintentional acts/bona fide error defense.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

15.     Any finding of liability against CCI under California Business & Professions Code § 17200 *et seq.*, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

16.     Plaintiff's recovery and/or that of the purported members of the putative class, if any, should be precluded and reduced to the extent that any such damages could have been avoided by reasonable efforts on their part to mitigate the same, and to the extent that the failure of Plaintiff and/or purported members of the putative class to use reasonable care to reduce, minimize, or otherwise mitigate their alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

17.     Plaintiff's claims, as well as those of the purported members of the putative class, if any, are barred, by the equitable doctrine of laches.

///

LA1 60153974.3

ANSWER OF DEFENDANT CARLSON COMPANIES INC. TO COMPLAINT
CV 07-05892 MJJ

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(No Disgorgement or Restitution)**

18. Plaintiff's claims for disgorgement or restitution are barred because Plaintiff cannot quantify the amounts that persons allegedly impacted by the challenged conduct are purportedly entitled to recover as restitution, nor can it establish that CCI has wrongfully acquired any property or benefit by or through any means of unfair competition.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Not a Proper Class Action)**

19. This case cannot proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure because not every member of the purported class has been damaged.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Not a Proper Class Action)**

20. This case cannot proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure because a class action is not a superior method of resolving the claims alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Reservation of Other Affirmative Defenses)**

21. CCI expressly and specifically reserves the right to amend this answer to add, delete and/or modify affirmative defenses based upon legal theories, facts, and circumstances which may or will be developed through discovery and/or through further legal analysis of CCI's position in this litigation.

### PRAYER

WHEREFORE, CCI prays that Plaintiff and the purported class take nothing by reason of the Complaint, that his claims be dismissed with prejudice, that judgment be entered in favor of CCI as to all of Plaintiff's claims, and that CCI be awarded its costs and attorneys' fees in the matter and such other relief as the Court deems proper.

///

**DEMAND FOR JURY TRIAL**

CCI hereby demands a trial by jury on all issues triable to a jury.

DATED: January 22, 2008          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:   /S/ Elizabeth D. Le
          Martin R. Lueck
          Emmett J. McMahon
          Elizabeth D. Le

*Attorneys for Defendant Carlson Companies, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of **ANSWER OF DEFENDANT CARLSON COMPANIES INC. TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL** was served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of the same to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

Alan Himmelfarb, Esq.
KamberEdelson LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
*Attorneys for Plaintiff John Lofton*

Jay Edelson, Esq.
Ethan Preston, Esq.
KamberEdelson LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
*Attorneys for Plaintiff John Lofton*

Scott Kamber, Esq.
KamberEdelson LLC
11 Broadway, 22nd Floor
New York, NY 10004
*Attorneys for Plaintiff John Lofton*

Abraham J. Colman, Esq.
Felicia Y. Yu, Esq.
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
*Attorneys for Defendant Bank of America Corporation and FIA Card Services, N.A.*

Daniel J Bergeson, Esq.
Donald P Gagliardi, Esq.
Bergeson, LLP
303 Almaden Blvd., Suite 500
San Jose, CA 95110
*Attorneys for Defendant Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc.*

Date:   January 22, 2008         By:   /S/ Elizabeth D. Le
                                       ELIZABETH D. LE

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES