1  Daniel J. Bergeson, Bar No. 105439
   dbergeson@be-law.com
2  Donald P. Gagliardi, Bar No. 138979
   dgagliardi@be-law.com
3  Ina Stangenes, Bar No. 156559
   istangenes@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for Defendants
   CARLSON TRAVEL NETWORK ASSOCIATES, INC.
8  and CARLSON TRAVEL GROUP, INC.

9

10                       UNITED STATES DISTRICT COURT

11                      NORTHERN DISTRICT OF CALIFORNIA

12                            SAN FRANCISCO DIVISION

13

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC., a California corporation,<br><br>Defendants. | Case No. C07-05892 MJJ<br><br>**ANSWER TO COMPLAINT OF CARLSON TRAVEL NETWORK ASSOCIATES, INC. (CTNA) & CARLSON TRAVEL GROUP, INC. (CTG); DEMAND FOR JURY TRIAL**<br><br><br>Hon. Martin J. Jenkins<br><br>Complaint filed:  November 20, 2007 |

Defendants Carlson Travel Network Associates, Inc. ("CTNA") and Carlson Travel Group, Inc. ("CTG") (collectively herein, "Defendants") answers the Complaint brought by plaintiff John Lofton, for relief under California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1782(a)) and California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17203) and for breach of fiduciary duty and for aiding and abetting breach of fiduciary duty, as follows:

### Nature of the Claim

1.	Defendants admit that this cases concerns allegations related to Bank of America's WorldPoint Rewards credit card program and its fuel-related fee.  Defendants deny that Mr. Lofton or putative members of the class were charged fraudulent fees.  Defendants admit that the WorldPoints Reward program provides card holders a variety of benefits in exchange for redeemed credits.  Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis deny them.

2.	Defendants admit that WorldPoints can be redeemed for credit toward airline tickets.  Defendants admit that under the WorldPoints basic air reward program CTG purchases the ticket for the card holder on behalf of Bank of America, applies the credit from the redeemed WorldPoints and charges any remaining costs on the ticket to the card holders' credit card.  Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis deny them.

3.	Defendants deny that CTG or CTNA makes any representations about the WorldPoints program to plaintiff or WorldPoints card holders.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis deny them.

4.	Defendants admit that the current fuel related surcharges under the WorldPoints basic air reward program are imposed by Bank of America. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and on that basis deny them.

5.	Defendants admit that plaintiff John Lofton purports to bring this action on behalf

of a class of holders of WorldPoint Rewards credit cards residing in California who were charged fuel related fees when they redeemed WorldPoints through the WorldPoints basic air reward program in exchange for credit toward an airline ticket. Defendants deny that this action is appropriate for class certification. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis deny them.

6. Defendants admit that plaintiff John Lofton seeks the relief he alleges. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis deny them.

**Parties**

7. Defendants admit that plaintiff John Lofton purchased airline tickets through the WorldPoints Reward program and was charged a $45 fuel related fee that was not separately itemized as a specific charge by the airline in question. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis deny them.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis deny them.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis deny them.

10. On information and belief, Defendants admit the allegations of Paragraph 10.

11. Defendants admit the allegations of Paragraph 11 of the Complaint.

12. Defendants admit the allegations of Paragraph 12 of the Complaint.

13. Defendants admit that the redemption of WorldPoint basic air rewards is fulfilled by CTG for Bank of America. Defendants deny that CTG or CTNA engaged in "misconduct." Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis deny them.

14. Defendants admit that CTG provides fulfillment services to Bank of America for travel-related benefits of the WorldPoints Rewards program. Except as so admitted, Defendants

1 lack knowledge or information sufficient to form a belief as to the truth of the allegations in

2 Paragraph 14 of the Complaint, and on that basis deny them.

3     15.    Defendants lack knowledge or information sufficient to form a belief as to the truth

4 of the allegations in Paragraph 15 of the Complaint, and on that basis deny them.

5     16.    Defendants lack knowledge or information sufficient to form a belief as to the truth

6 of the allegations in Paragraph 16 of the Complaint, and on that basis deny them.

### Jurisdiction and Venue

8     17.    Defendants admit that CTNA is a Minnesota corporation headquartered in

9 Minnesota.  Defendants admit that CTG is a California corporation headquartered in Minnesota.

10 Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to

11 the truth of the allegations in Paragraph 17 of the Complaint, and on that basis deny them.

12     18.    Defendants lack knowledge or information sufficient to form a belief as to the truth

13 of the allegations in Paragraph 18 of the Complaint, and on that basis deny them.

14     19.    Defendants lack knowledge or information sufficient to form a belief as to the truth

15 of the allegations in Paragraph 19 of the Complaint, and on that basis deny them.

### Intradistrict Assignment

17     20.    Defendants lack knowledge or information sufficient to form a belief as to the truth

18 of the allegations in Paragraph 20 of the Complaint, and on that basis deny them.

### Travel Rewards Under the WorldPoints Rewards Program

20     21.    Defendants admit that this lawsuit concerns the travel-related benefits available

21 under the WorldPoints basic air reward program, including airline tickets.  Defendants admit

22 WorldPoints can be redeemed under the WorldPoints basic air reward program for airline tickets.

23 Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to

24 the truth of the allegations in Paragraph 21 of the Complaint, and on that basis deny them.

25     22.    Defendants admit that card holders who redeem WorldPoints for travel reward

26 receive a credit toward the acquisition of an airline ticket.  Defendants admit that the amount of

27 WorldPoints required, and the corresponding credit offered, varies with the type of ticket

28 purchased.  Defendants admit that 25,000 WorldPoints can be redeemed for a basic air reward,

1  with a maximum value of $400 for a domestic, coach-class ticket. Defendants admit that the
2  credit offered, and the corresponding WorldPoints required, for international, first-class and
3  business tickets are higher. Except as so admitted, Defendants lack knowledge or information
4  sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and
5  on that basis deny them.

6        23.    Defendants admit that under the WorldPoints program, CTG purchases airline
7  tickets for the card holder on behalf of Bank of America, applies the credit from the redeemed
8  WorldPoints, and charges the card holder for any portion of the ticket prices in excess of the
9  credit. The WorldPoints *Program Details* speaks for itself. Except as so admitted, Defendants
10 lack knowledge or information sufficient to form a belief as to the truth of the allegations in
11 Paragraph 23 of the Complaint, and on that basis deny them.

12 **Allegations as to Plaintiff's Individual Claims**

13       24.    Defendants admit that on or about October 22, 2007 plaintiff John Lofton
14 purchased a roundtrip airline ticket through the WorldPoints basic air reward program. Except as
15 so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of
16 the allegations in Paragraph 24 of the Complaint, and on that basis deny them.

17       25.    Defendants admit that plaintiff John Lofton redeemed 25,000 WorldPoints for a
18 $400 credit toward the purchase of roundtrip airline tickets on Continental Airlines, for the dates
19 and flights alleged, through the WorldPoints basic air reward program. Defendants admit that
20 after booking the tickets by telephone, Lofton was sent an email from the email address,
21 travelplans@carlson.com, containing a hyperlink to a webpage at http://mytripandmore.com.
22 Defendants admit that such webpage provided an itinerary and statement of charges. Defendants
23 admit that the statement indicated that Mr. Lofton's credit card had been charged $107.10 for the
24 tickets. Defendants admit that the $107.10 charge was composed of $52.10 for the portion of the
25 ticket price exceeding the $400 credit, $10 for a security fee, and $45 for a fuel-related fee.
26 Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to
27 the truth of the allegations in Paragraph 25 of the Complaint, and on that basis deny them.

28       26.    Defendants admit that callers to the Idaho phone number (208) 429-5332 receive an

automated voice recording as alleged. Defendants admit that the website, www.tripcharges.com, is operated by CTG. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis deny them.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis deny them.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis deny them.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis deny them.

30. Defendants deny that the airline tickets purchased for plaintiff John Lofton on or about October 22, 2007 were not the lowest published fare available through CTG. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on that basis deny them.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis deny them.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis deny them.

33. Defendants deny that plaintiff Lofton could not redeem his WorldPoints for an air reward for airline tickets without incurring a fuel-related surcharge. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on that basis deny them.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on that basis deny them.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

**Class Certification Allegations**

37. Defendants admit that plaintiff John Lofton seeks to certify a class pursuant to Rule

23 of the Federal Rules of Civil Procedure. Defendants deny that this action is appropriate for class certification. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis deny them.

38. Defendants admit that plaintiff John Lofton seeks to certify a class as defined by him in Paragraph 38 of the Complaint. Defendants deny that this action is appropriate for class certification. Defendants lack knowledge or information sufficient to form a belief as to whether class certification is appropriate and on such basis deny that class certification is appropriate.

39. Defendants admit that the exact number of putative class members, if any, is unknown. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis deny them.

40. Defendants deny that common questions of fact and laws exist as to all putative class members which predominate over questions affecting only individual putative class members and on that basis deny the allegations in Paragraph 40 of the Complaint.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and on that basis deny them.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and on that basis deny them.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and on that basis deny them.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and on that basis deny them.

**Count 1**

45. Defendants repeat their responses to Paragraphs 1 through 44, above, and incorporate them as though fully set forth herein.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on that basis deny them.

47. Defendants admit that plaintiff John Lofton was charged a fuel-related fee by Bank of America with respect to the airline tickets he purchased on or about October 22, 2007. Defendants deny that Mr. Lofton was not provided the lowest published fare available to CTG at the time he purchased his tickets on or about October 22, 2007. Defendants deny that the fuel-related fee imposed by Bank of America on the tickets purchased by Mr. Lofton cannot accurately be called fuel-related. Defendants further deny that the fuel related fee is unrelated to expenses incurred by Bank of America in providing travel-related services under its WorldPoints basic air reward program. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis deny them.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and on that basis deny them.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis deny them.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and on that basis deny them.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and on that basis deny them.

52. Defendants deny that the $45 fuel-related fee charged to plaintiff John Lofton was a service fee for CTNA or CTG. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and on that basis deny them.

53. Defendants deny the allegations of Paragraph 53 of the Complaint insofar as they encompass CTNA or CTG.

54. Defendants deny the allegations of Paragraph 54 of the Complaint insofar as they encompass CTNA or CTG.

55. Defendants deny the allegations of Paragraph 55 of the Complaint insofar as they encompass CTNA or CTG.

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny that CTNA or CTG violated CLRA. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and on that basis deny them.

58. Defendants deny that CTNA or CTG violated CLRA. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and on that basis deny them.

59. Defendants admit that plaintiff John Lofton seeks the relief alleged in Paragraph 59 of the Complaint. Defendants deny that Mr. Lofton or the putative class is entitled to such relief.

**Count II**

60. Defendants repeat their responses to Paragraphs 1 through 59, above, and incorporate them as though fully set forth herein.

61. Defendants admit that CTG found and purchased airline tickets for plaintiff John Lofton on behalf of Bank of America pursuant to the WorldPoints basic air reward program and that CTG operates the www.tripcharges.com website. Defendants deny that CTNA had any role whatsoever in the provision of airline tickets and travel agency services to Mr. Lofton or the putative class. Defendants are informed and believe that Bank of America marketed, advertised and/or offered Mr. Lofton a WorldPoints-branded credit card. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and on that basis deny them.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and on that basis deny them.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and on that basis deny them.

64. Defendants admit the allegations of Paragraph 64 of the Complaint.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint, and on that basis deny them.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 66 of the Complaint, and on that basis deny them.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint, and on that basis deny them.

68. Defendants deny the allegations of Paragraph 68 of the Complaint insofar as they encompass CTG or CTNA.

69. Defendants deny the allegations of Paragraph 69 of the Complaint insofar as they encompass CTG or CTNA.

70. Defendants deny the allegations of Paragraph 70 of the Complaint insofar as they encompass CTG or CTNA.

71. Defendants deny the allegations of Paragraph 71 of the Complaint insofar as they encompass CTG or CTNA.

72. Defendants deny that CTG or CTNA breached any fiduciary duty to plaintiff John Lofton or any other member of the putative class. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint, and on that basis deny them.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and on that basis deny them.

74. Defendants admit that plaintiff John Lofton seeks the relief alleged in Paragraph 74 of the Complaint. Defendants deny that Mr. Lofton or the putative class is entitled to such relief.

**Count III**

75. Defendants repeat their responses to Paragraphs 1 through 74, above, and incorporate them as though fully set forth herein.

76. Defendants deny that CTG or CTNA aided or abetted other defendants in any alleged breach of fiduciary duty to plaintiff John Lofton or other putative class members. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and on that basis deny them.

77. Defendants deny that CTG or CTNA aided or abetted other defendants in any alleged breach of fiduciary duty to plaintiff John Lofton or other putative class members.

Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, and on that basis deny them.

78. Defendants deny that CTG or CTNA aided or abetted other defendants in any alleged breach of fiduciary duty to plaintiff John Lofton or other putative class members. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, and on that basis deny them.

79. Defendants admit that plaintiff John Lofton seeks the relief alleged in Paragraph 79 of the Complaint. Defendants deny that Mr. Lofton or the putative class is entitled to such relief.

### Count IV

80. Defendants repeat their responses to Paragraphs 1 through 79, above, and incorporate them as though fully set forth herein.

81. Defendants deny that CTG or CTNA engaged in unfair or fraudulent business practices or engaged in unfair competition under Cal. Bus. & Prof. Code § 17200. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and on that basis deny them.

82. Defendants deny that CTG or CTNA engaged in unfair or fraudulent business practices or engaged in unfair competition under Cal. Bus. & Prof. Code § 17200. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and on that basis deny them.

83. Defendants deny that CTG or CTNA engaged in unfair or fraudulent business practices or engaged in unfair competition under Cal. Bus. & Prof. Code § 17200. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and on that basis deny them.

84. Defendants deny that CTG or CTNA engaged in unfair or fraudulent business practices or engaged in unfair competition under Cal. Bus. & Prof. Code § 17200. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and on that basis deny them.

85. Defendants admit that plaintiff John Lofton seeks the relief alleged in Paragraph 85

of the Complaint. Defendants deny that Mr. Lofton or the putative class is entitled to such relief.

**Plaintiff's Prayer for Relief**

86.    Answering the un-enumerated Prayer for Relief by plaintiff John Lofton, at page 18, lines 13-22, Defendants deny that Mr. Lofton or the putative class is entitled to such relief.

**AFFIRMATIVE DEFENSES**

Defendants also assert the following affirmative defenses without assuming the burden of proof for such where the burden is not, by law, upon them.

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Cause of Action)

The Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim for relief upon which relief may be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**
(Naming of Improper Defendant)

Defendant CTNA is not a proper defendant to the claims asserted by plaintiff John Lofton on his own behalf and as a representative of the putative class. CTNA had no role whatsoever in the provision of airline tickets and travel agency services to Mr. Lofton or the putative class.

**THIRD AFFIRMATIVE DEFENSE**
(Lack of Standing)

The Complaint, in whole or in part, is barred because plaintiff John Lofton lacks standing in which to assert a claim against CTNA or CTG.

**FOURTH AFFIRMATIVE DEFENSE**
(Waiver)

Defendants are informed and believe, and upon such information and belief allege, that the Complaint, and each alleged cause of action therein, is absolutely barred by virtue of plaintiff John Lofton having knowingly and voluntarily waived any claims for relief by redeeming Worldpoints for the purchase of airline tickets on or about October 22, 2007 despite being aware of the $45 fuel-related surcharge imposed by Bank of America above and beyond the total fare charged by Continental Airlines, which fuel-related fee Mr. Lofton knew at the time he could have avoided by

purchasing the same tickets directly from Continental Airlines.

**FIFTH AFFIRMATIVE DEFENSE**
(Lack of Causation)

Plaintiff John Lofton has not sustained any injury by reason of any actions alleged in the Complaint that were proximately or legally caused by CTNA or CTG.

**SIXTH AFFIRMATIVE DEFENSE**
(Alternative Source of Supply Doctrine)

The Complaint, in whole or in part, is barred by the alternative source of supply doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**
(Lack of Deception)

The Complaint, in whole or in part, is barred to the extent that any alleged representations made by CTNA or CTG, were not likely to mislead anyone.

**EIGHTH AFFIRMATIVE DEFENSE**
(Due Process)

If Plaintiff John Lofton cannot establish the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, Mr. Lofton cannot consistent with due process maintain any claims as a representative action under Cal. Bus. & Prof. Code § 17200 et seq. on behalf of unnamed parties.

**NINTH AFFIRMATIVE DEFENSE**
(Not a Proper Class Action)

This action cannot be certified as a class action because the allegations in the Complaint are not suitable for class-wide resolution. There is not a well-defined community of interest among putative class members, common issues of fact or law do not predominate, a class action is not a superior model for resolving the claims, and/or plaintiff John Lofton and his counsel are not typical or adequate representatives of the putative class.

**TENTH AFFIRMATIVE DEFENSE**
(Voluntary Payment Doctrine)

The Complaint is barred, in whole or in part, by the voluntary payment doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Statute of Limitations)

Each claim for relief set forth in the Complaint is barred in whole or in part by the applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**
(Estoppel)

All of the claims for relief are barred in whole or in part by the doctrine of estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**
(Conduct/Business Practice Not Unlawful)

The Complaint is barred, in whole or in part, because the conduct and business practices alleged to give rise to the claims for relief therein are not unlawful.

**FOURTEENTH AFFIRMATIVE DEFENSE**
(Conduct/Business Practice Not Unfair)

The Complaint is barred, in whole or in part, because the conduct and business practices alleged to give rise to the claims therein are not unfair.

**FIFTEENTH AFFIRMATIVE DEFENSE**
(Adequate Remedy at Law)

The prayer for equitable relief is barred in light of the fact that plaintiff John Lofton and putative class members have an adequate remedy at law.

**SIXTEENTH AFFIRMATIVE DEFENSE**
(Unintential Acts/Bona Fide Error Doctrine)

The claim for relief for violation of California's Consumer Legal Remedies Act is barred by the unintentional acts / bona fide error doctrine.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
(Offsets / Collateral Sources)

If plaintiff John Lofton or any purported class member suffered any damage as a result of Defendants' alleged conduct, which Defendants' deny, such damage is subject to reduction and offsets from collateral sources.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Business Justification)

The unfair competition claim for relief is without merit because the utility of the challenged practices outweighs any potential harm.

### NINETEENTH AFFIRMATIVE DEFENSE
(Reservation of Other Affirmative Defenses)

CTNA and CTG expressly and specifically reserve the right to amend this Answer to add, delete and/or modify affirmative defenses based upon legal theories, facts and circumstances, which may or will be developed through discovery and/or through further legal analysis of Defendants' position in this litigation.

### PRAYER

WHEREFORE, CTNA and CTG pray that plaintiff John Lofton and the putative class take nothing by reason of the Complaint, that Mr. Lofton's claims be dismissed with prejudice, that judgment be entered in favor of CTNA and CTG as to all of Mr. Lofton's claims for relief, and that CTNA and CTG each be awarded their costs and attorney's fees in this matter, and such other relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Defendants Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc. hereby demand a jury trial for all issues triable by a jury in this action.

Date:  February 5, 2008                     BERGESON, LLP

                                            /s/
                                            Donald P. Gagliardi

                                            Attorneys for Defendants
                                            CARLSON TRAVEL NETWORK ASSOCIATES,
                                            INC. and CARLSON TRAVEL GROUP, INC.