Martin R. Lueck (MN Bar No.155548)
Emmett J. McMahon (Admitted *pro hac vice*)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:    612-349-8500
Facsimile:    612-339-4181
E-mail:        mrlueck@rkmc.com
                    ejmcmahon@rkmc.com

Elizabeth D. Le (CA Bar No. 216182)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800
E-mail:        edle@rkmc.com

Attorneys for Defendant
CARLSON COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC., a California corporation, and DOES 1 to 100,<br><br>Defendants. | Case No.  CV 07-05892 SI<br><br>[Assigned to the Hon. Susan Illston]<br><br>**DECLARATION OF WANDA K. CAHILL IN SUPPORT OF DEFENDANT CARLSON COMPANIES, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>**[Fed. R. Civ. Proc. 12(b)(2)]**<br><br>Date:        March 28, 2008<br>Time:        9:00 a.m.<br>Crtrm:      10<br><br>[Filed Concurrently With:  (1) Notice of Motion and Motion to Dismiss; (2) Declaration of Scott Grinde; (3) Appendix of Non-Federal Authorities; and (4) Proposed Order] |

*Sidebar (vertical):* ROBINS, KAPLAN, MILLER & CIRESI L.L.P. — ATTORNEYS AT LAW — LOS ANGELES

LA 60200155.1

**DECLARATION OF WANDA K. CAHILL**

I, Wanda K. Cahill, declare as follows:

1.    I am duly authorized to provide the information in this declaration.  I state the following facts based on my personal knowledge and if called and sworn as a witness in this case, I could and would competently testify to these facts.

2.    I am providing this declaration in support of Defendant Carlson Companies, Inc.'s ("CCI") Motion to Dismiss Class Action Complaint for Lack of Personal Jurisdiction in the instant action.  I have reviewed the Complaint filed by Plaintiff John Lofton.

3.    Since 1998, I have been employed by CCI as Vice President and Associate General Counsel.   In this capacity, I have access to information regarding CCI's business operations, organizational records and corporate affiliations.

**A.    CCI Maintains No Corporate Presence in California.**

4.    CCI is a corporation incorporated on December 5, 1988 under the laws of Minnesota.  CCI's principal place of business is located at 701 Carlson Parkway, Minnetonka, Minnesota 55406.  A true and correct copy of CCI's Articles of Incorporation is attached hereto as Exhibit "1."

5.    CCI is not registered or qualified to do business in California.

6.    CCI has no place of business, no sales representatives, no distributors and no agents in California.

7.    CCI does not maintain any offices or any other place of business in California.

8.    CCI does not maintain a mailing address in California.

9.    CCI does no maintain a telephone listing in California.

10.    CCI does not have a designated agent for service of process in California.

11.    CCI does not maintain any corporate books or records in California.

12.    CCI does not file any tax returns in California.

13.    CCI does not own, maintain or posses any bank accounts in California.

14.    CCI does not regularly do or solicit business in California, and does not direct its business operations from any facility in California.

LA 60200155.1

DECLARATION OF WANDA K. CAHILL
IN SUPPORT OF MOTION TO DISMISS
COMPLAINT [CV 07-05892 SI]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

15.     CCI does not advertise for business in California.  CCI does not direct any of its corporate activities at California residents.

16.     CCI does not have interest in and does not possess any real property in California.

17.     CCI does not contract to supply services or things to residents of California.

18.     CCI does not derive substantial revenues from goods used or consumed or services rendered in California.

19.      As of the date of the filing of the Complaint, none of CCI's employees are located in California.  No employees or agents of CCI have traveled to California in connection with the events at issue in this case.

20.     For a limited period from February 2005 to March 2007, CCI employed one part-time employee within California for the limited purpose of preparing basic accounting activities. The employee previously worked for Carlson Marketing Worldwide, Inc., a subsidiary of CCI. When the employee's job was made redundant by Carlson Marketing Worldwide Inc., CCI hired her on part time basis to help with the transition.  This employee worked out of her home in California and had limited responsibilities.  She reported to a supervisor in Minnesota.  This employee did not in any way solicit business on behalf of CCI in California.  This employee did not have any responsibilities related to the WorldPoints Travel Rewards Program, and was not involved in any of the transactions alleged in the Complaint.

**B.     CCI and Carlson Travel Group, Inc. ("CTG") and Carlson Travel Network Associates, Inc. ("CTNA") are Separate and Distinct Companies.**

21.     CCI is a distinct and independent entity from CTG and CTNA.  CTG operates as a travel agency engaged in the general business of arranging, planning, reserving and ticketing of domestic and international passenger transportation, lodging and ancillary services.  CTNA is a business which offers to license to franchisees the right to use service marks owned or licensed by CTNA for operation of travel agent businesses.  Both CTG and CTNA make their own day to day operational business decisions.  CCI acts as a holding company for various entities, which at one time included CTG and CTNA.  As of the date of execution of this declaration, CCI is no longer a

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   holding company for CTG and CTNA.  CCI's divestment of CTG and CTNA was completely

2   unrelated to this litigation.

3       22.    From December 5, 1988 to January 28, 2008, CCI owned 100 percent of CTG.

4   During this time period, CTG owned 100 percent of CTNA.  As a parent corporation, CCI has

5   always operated as a corporate entity separate from its subsidiaries, including CTG and CTNA.

6   While CCI is involved in its subsidiaries' acquisitions, divestments and capital expenditures, and

7   its officers and directors hold seats on its subsidiaries' boards, as a general policy and practice

8   CCI does involve itself in the daily operations of its subsidiaries.  At all times while CCI was a

9   parent corporation of CTNA and CTG, CCI had no direct involvement in operating the day-to-

10  day affairs or facilities of CTG or CTNA.  As subsidiaries of CCI, CTG and CTNA each operated

11  their own offices and facilities, maintained their separate books, bank accounts, financial

12  statements, and accounting procedures and employed their own personnel.  At all times that CTG

13  and CTNA were subsidiaries of CCI, CCI ensured that CTG and CTNA were adequately

14  capitalized to maintain their separate holdings.

15      23.    CCI did not contemplate that it would have any effect whatsoever in California by

16  and through its former subsidiaries CTG and CTNA.

17      **C.    CCI's Limited Exposure to the WorldPoints Travel Rewards Program**

18      24.    For a limited period of time, from July 1, 2006 to June 30, 2007, CCI acted as a

19  parental guarantor for CTG in its contract with Bank of America Corporation ("BofA") regarding

20  the WorldPoints Travel Rewards Program.   A copy of this contract is attached hereto as Exhibit

21  "2."

22      25.    CCI was not a parental guarantor of CTG in its contract with Bank of America

23  regarding to the WorldPoints Travel Rewards Program during the period in which the transactions

24  alleged in the Complaint occurred.

25      26.    CCI did not do business in California in its capacity as the parental guarantor of

26  CTG to CTG's contract with BofA.  All facts stated in Paragraphs 5 through 18 above remained

27  true during the period time in which CCI was the guarantor for CTG.

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF WANDA K. CAHILL
IN SUPPORT OF MOTION TO DISMISS
COMPLAINT [CV 07-05892 SI]

27.     In its capacity as the parental guarantor for CTG, CCI did not perform any services relating to the WorldPoints Travel Rewards Program.  CCI never managed the WorldPoints Travel Rewards Program.  CCI never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders through the WorldPoints Travel Rewards Program. CCI never purchased any airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders.  CCI never assessed, imposed, processed or charged a fuel related fee or any other fees on any WorldPoints card holders under the WorldPoints Travel Rewards Program.

28.     During the one year when CCI acted as a guarantor for CTG's contract with BofA regarding the WorldPoints Travel Rewards Program, CCI never directed CTG to perform any services relating to the WorldPoints Travel Rewards Program on its behalf.  At no point in time did CCI ever direct, managed, or handled any travel transactions on behalf of WorldPoints credit card holders under the WorldPoints Travel Rewards Program through CTG.  At no point in time did CCI ever direct CTG to purchase airline tickets through the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders on CCI's behalf.  At no point in time did CCI ever assessed, imposed, processed or charged a fuel related fee or any other fees on any World Points card holders through CTG or direct CTG to do so.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United Sates of America and the State of Minnesota that the foregoing is true and correct.

Executed on February 20, 2008 at Minnetonka, Minnesota.

/S/ Wanda K. Cahill
WANDA K. CAHILL

Pursuant to Section X.B. of the Northern District of California's General Order No. 45, I, Elizabeth D. Le, hereby attest that Wanda K. Cahill is the signatory of this declaration and I have on file the holograph signature of the declarant indicated by a conformed signature (/S/) within this efiled document.

/S/ Elizabeth D. Le
ELIZABETH D. LE

LA 60200155.1

DECLARATION OF WANDA K. CAHILL
IN SUPPORT OF MOTION TO DISMISS
COMPLAINT [CV 07-05892 SI]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

**CERTIFICATE OF SERVICE**

2

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of **DECLARATION OF WANDA**

3

**K. CAHILL IN SUPPORT OF DEFENDANT CARLSON COMPANIES, INC.'S MOTION**

4

**TO   DISMISS   CLASS   ACTION   COMPLAINT   FOR   LACK   OF   PERSONAL**

5

**JURISDICTION** was served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of

6

the same to be placed in the United States Mail, postage prepaid, and sent to their last known

7

address as follows:

8

Alan Himmelfarb, Esq.
KamberEdelson LLC
9

2757 Leonis Blvd.
Los Angeles, CA 90058
10

*Attorneys for Plaintiff John Lofton*

11

Jay Edelson, Esq.
Ethan Preston, Esq.
12

KamberEdelson LLC
53 West Jackson Ave., Suite 1530
13

Chicago, IL 60604
*Attorneys for Plaintiff John Lofton*

14

15

Scott Kamber, Esq.
KamberEdelson LLC
16

11 Broadway, 22nd Floor
New York, NY 10004
17

*Attorneys for Plaintiff John Lofton*

18

Abraham J. Colman, Esq.
Felicia Y. Yu, Esq.
19

Reed Smith LLP
355 South Grand Avenue
20

Suite 2900
Los Angeles, CA 90071
21

*Attorneys for Defendant Bank of America Corporation and FIA Card Services, N.A.*

22

Daniel J. Bergeson, Esq.
Donald P. Gagliardi, Esq.
23

Bergeson, LLP
303 Almaden Blvd., Suite 500
24

San Jose, CA 95110
*Attorneys for Defendant Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc.*

25

26

Date: February 20, 2008              By:    /S/ Elizabeth D. Le
                                                         ELIZABETH D. LE

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES