Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 550
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Attorneys for John Lofton*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100,<br><br>Defendants. | No. 07-05892 (SI)<br><br>Judge Susan Illston<br><br>**PLAINTIFF JOHN LOFTON'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT CARLSON COMPANIES, INC.'S MOTION TO DISMISS** |

Pursuant to Civil L.R. 6-3(a), Plaintiff John Lofton ("Lofton") hereby moves to extend the time for filing his Opposition to Defendant Carlson Companies, Inc.'s ("CCI") Motion to Dismiss to July 11, 2008 and the hearing date for CCI's Motion to Dismiss to August 1, 2008.

CCI's Motion is presently set for March 28, 2008. Under ordinary operation of Civil L.R. 7-3(a), Lofton's Opposition to the Motion to Dismiss is due on March 7, 2008.

## I. Lofton Sought the Defendants' Stipulation to This Extension

Lofton sought to have all of the Defendants stipulate to this Motion. (Preston Decl. ¶ 4.) The other Defendants indicated that they would not oppose this Motion, but CCI was not able to provide a definitive response to Lofton's request within the admittedly short time frame at issue. (*Id*. ¶¶ 4-7.) Given the time needed to draft and file an effective Opposition and CCI's previous conduct in this case, Lofton has concluded that prudence requires filing this Motion immediately, without waiting for a definitive response from CCI. Lofton's counsel takes to heart the admonition that it "should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests." *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Lofton is, therefore, eager to withdraw this Motion if CCI will stipulate to a suitable extension.

## II. Lofton Will Be Prejudiced Without the Extension

Lofton will be substantially prejudiced if the deadlines are not extended. Lofton needs the requested extension to conduct adequate discovery to effectively oppose CCI's Motion to Dismiss.

Lofton is entitled to discovery. CCI's Motion hinges on statements in its supporting declarations which directly contradict the allegations in Lofton's Complaint. (*Cf.* Pl.'s Compl. ¶¶ 13-14, 47, 61-62, 69, 70-71, 76-78 *with* CCI Mot. Dismiss 1, 3-4. 10, 12-13 16, 18 (citing Cahill Decl. ¶¶ 27-28, Grinde Decl. ¶¶ 4-7).) "Discovery . . . should be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (citation, punctuation omitted). CCI's own

authorities state that discovery must be allowed on a motion to dismiss for lack of personal jurisdiction unless a defendant "meet[s] the relatively high burden of establishing that 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.'" *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) (cited by CCI Mot. Dismiss 18 and quoting *Wells Fargo*, 556 F.2d at 430 n.24.) *See also eMag Solutions, LLC v. Toda Kogyo Corp.*, No. 02-1611, 2006 WL 3783548, *2 (N.D. Cal. Dec. 21, 2006) (adopting *Orchid*'s reasoning). However, the current deadline for Lofton's Opposition effectively prejudices his right to discovery. (Preston Decl. ¶ 8.) Lofton does not have enough time to take the discovery he needs to rebut CCI's declarations before March 7. (*Cf. id. with* Fed. R. Civ. P. 33(b)(2), 34(b)(2), 36(a)(3) (30 day deadlines for discovery requests).) The extension sought here will provide Lofton sufficient time to take discovery to establish the Court's personal jurisdiction over CCI. (Preston Decl. ¶ 9.)

The prejudice threatening Lofton is attributable to CCI's conduct in this litigation. Lofton first served discovery on CCI on January 8, 2008. (*Id*. ¶ 36.) Through a variety of gambits detailed in the attached declaration, CCI has delayed responding to that discovery. (*Id*. ¶ 34-44.) On February 18, CCI's counsel sought (and received) an extension to extend its discovery deadlines to March 4. (*Id*. ¶¶ 41, 43.) CCI's counsel gave no indication that CCI would file its Motion to Dismiss two days later, on February 20, 2008. (*Id*. ¶ 41.)

Thus, CCI will produce its discovery responses three days before Lofton's Opposition to CCI's Motion is due. CCI's counsel has already indicated that "in light of our objections to jurisdiction and the fact that we are not the administrator of the WorldPoints Travel Rewards Program," Lofton's counsel should anticipate that CCI's responses "will most likely be limited." (*Id*. ¶ 7.) This statement obviously raises questions about how complete CCI's eventual discovery responses will be. Even if three days were enough time for Lofton's counsel to review CCI's discovery responses and prepare an effective Opposition to CCI's Motion, it plainly cannot also resolve a motion to compel in that time frame.[1] Given CCI's

---

[1] While Lofton's outstanding discovery requests are generally relevant to the issues identified in CCI's Motion to Dismiss, Lofton cannot proceed on the outstanding discovery requests alone. These requests did not (and could not) anticipate the arguments made in CCI's Motion,

past conduct in this case, the limitations on Lofton's time to oppose CCI's Motion appear to be the intended fruits of a deliberate gambit. (*See id.* ¶ 34-44.) Had CCI filed its Motion to Dismiss at the outset of this case and had not delayed discovery from its opening stages, Lofton could have taken the discovery he needed by now – eliminating Lofton's present need for this Motion. CCI cannot be heard to complain about any delay purportedly caused by the extension requested in this Motion, where the ultimate cause of any such delay was CCI's own conduct.

### III. The Extension Will Not Substantially Effect the Schedule of the Case

The extension sought in this Motion will not delay this case. On February 21, the Court set the case management conference for April 25, 2008. There are no pending discovery cut-off dates that could be postponed by the extension. Pursuant to Civil L.R. 6-3(a)(5), a detailed accounting of the previous time modifications in this case is provided in the attached declaration. It suffices to say here that Lofton has accommodated a number of requests for extensions by the Defendants.

Indeed, the extension sought should not delay proceedings at all because CCI's Motion to Dismiss is properly resolved at trial. The assertions on which CCI's Motion depends contest the basic facts underlying Lofton's claims: e.g, did CCI participate in assessing fraudulent overcharges against WorldPoints credit card holders when they redeemed their WorldPoints for airline tickets? (*Cf.* Pl.'s Compl. ¶¶ 13-14, 47, 61-62, 69, 70-71, 76-78 *with* citing Cahill Decl. ¶¶ 27-28.) Where resolution of CCI's Motion overlaps with the substantive merits of Lofton's claims and the facts relevant to both are intertwined, the resolution of CCI's Motion should be deferred until trial:

> Where the jurisdictional facts are intertwined with the merits, a decision on the jurisdictional issues is dependent on a decision of the merits . . . [I]t is preferable that this determination be made at trial, where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits

*Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977). *See also ADO Finance, AG v. McDonnell Douglas Corp.*, 931 F. Supp. 711, 719 (C.D.

and so are not specifically tailored to address those arguments.

Cal. 1996) (where evidence supporting application of alter ego doctrine would tend to establish both foreign corporation's liability and the court's jurisdiction, the "question of personal jurisdiction will be best resolved at trial"). As CCI's Motion is properly resolved at trial, there is no reason to believe this extension would necessarily delay the resolution any other aspect of this case.[2]

Dated: February 26, 2008

                                        By: s/Alan Himmelfarb

Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 550
Chicago, IL 60604

*Attorneys for John Lofton*

---

[2] Lofton anticipates that, after he has had a reasonable opportunity to take discovery, his Opposition will ultimately present facts sufficient for the Court to deny CCI's Motion to Dismiss with prejudice. Hence, Lofton does not seek to continue the hearing on CCI's Motion until trial in this Motion.

Motion for Extension of Time            5            No. 07-05892 (SI)