1  Alan Himmelfarb
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com

9  *Counsel for Plaintiff*

10           **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11                   **SAN FRANCISCO DIVISION**

12  JOHN LOFTON, an individual, on his own behalf      No. 07-05892 (SI)
    and on behalf of all others similarly situated,
13                                                      Judge Susan Illston
14                   Plaintiff
                                                        **DECLARATION OF ETHAN**
15              v.                                      **PRESTON IN SUPPORT OF**
                                                        **PLAINTIFF JOHN LOFTON'S**
16  BANK OF AMERICA CORPORATION, FIA                    **MOTION FOR EXTENSION OF**
    CARD SERVICES, N.A., a national banking             **TIME TO FILE OPPOSITION TO**
17  association, CARLSON COMPANIES, INC., a             **DEFENDANT CARLSON**
    Minnesota corporation, CARLSON TRAVEL               **COMPANIES, INC.'S MOTION**
18  NETWORK ASSOCIATES, INC., a Minnesota               **TO DISMISS**
    corporation, and CARLSON TRAVEL GROUP,
19  INC.  a California corporation, and DOES 1 to
    100,
20
                     Defendants.
21

22

23

24

25

26

27

28

Pursuant to 28 U.S.C.§ 1746, I, Ethan Preston, hereby declare and state as follows:

1. I am an attorney admitted to practice in the state of Illinois, and represent Plaintiff in the above-titled action. I am entering this declaration pursuant to Civil L.R. 6-3(a) in support of the attached Motion for Extension of Time. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

**Civil L.R. 6-3(a)(1) – Reasons for Extension of Time**

2. Carlson Companies, Inc. ("CCI")'s Motion to Dismiss for lack of personal jurisdiction is presently set for March 28, 2008. Under ordinary operation of Civil L.R. 7-3(a), Lofton's Opposition to the Motion to Dismiss is due on March 7, 2008.

3. Lofton needs, and is entitled to, discovery to resist CCI's Motion. The pending March 7 deadline does not provide him with enough time to take sufficient discovery to have a fair opportunity to oppose CCI's Motion. I anticipate that the extension would provide Lofton sufficient time to sufficient discovery to oppose CCI's Motion.

**Civil L.R. 6-3(a)(2) – Efforts Made to Obtain a Stipulations to the Extension**

4. Lofton has attempted to obtain all Defendants' stipulation to this Motion. On February 25, at around 10 a.m. CST, Lofton's counsel sent an email requesting an extension for the Opposition to CCI's Motion to Dismiss. Later that day, Lofton's counsel later sent an email requesting stipulations to the extension from the other Defendants. The other Defendants indicated that would not oppose the extension via email within 30 minutes.

5. At around 3:00 p.m. CST, CCI's counsel indicated by email that she was "working on promptly responding to [Lofton's] proposals" but did not give any time frame as to when the decision regarding the extension would be made.

6. At around 3:30 p.m. CST, Lofton's counsel responded by email that the very

short time frame for Lofton to effectively respond to the Motion obliged his counsel to proceed under the assumption that CCI would not stipulate to the extension.

7. CCI's counsel replied by email at around 8:00 p.m. CST. In that email, CCI's counsel indicated that they would "get back to you shortly on your proposals," but indicated that "in light of our objections to jurisdiction and the fact that we are not the administrator of the WorldPoints Travel Rewards Program," Lofton's counsel should anticipate that CCI's responses "will most likely be limited." A true and correct copy of this email is attached as Exhibit 1.

**Civil L.R. 6-3(a)(3) – Prejudice Suffered Without Extension**

8. Without the extension, Lofton cannot effectively oppose CCI's Motion to Dismiss. As it stands, CCI will produce some discovery on March 3 and Lofton must file his Opposition to CCI's Motion on March 7 – three days later. Even assuming that CCI's responses are complete and contain enough material to oppose CCI's Motion, Lofton will likely be prejudiced if he is forced to review this discovery and prepare his Opposition in this three day period.

9. However, if Lofton is given an appropriate opportunity to take discovery, there is reason to believe that such discovery will produce evidence that would support the Court's personal jurisdiction over CCI. Specifically, the information provided in the declarations attached to CCI's Motion indicate that the general agent and alter ego exceptions may apply to this case and that CCI may have had sufficient involvement in the event's alleged in the Complaint to be subject to personal jurisdiction, even if the involvement was not direct. Thus, Lofton would be substantially harmed or prejudiced if the extension was refused.

**Civil L.R. 6-3(a)(5) – Previous Time Modifications**

10. On November 20, 2007, Lofton filed his Complaint against the Defendants.

11. The case was initially assigned to the Honorable Magistrate Elizabeth D.

Laporte. The same day, the Court entered an Order setting initial case management conference date for February 26, 2008, and set the last day to "complete initial disclosures" as February 19, 2008 under the "[g]overning Rule" 26(a)(1).

12.     On December 6, 2007, Lofton filed a Notice of Motion and Motion for Preliminary Injunction and Class Certification that was scheduled to be heard on January 15, 2007.

13.     On December 18, 2007, this case was reassigned to the Honorable Martin J. Jenkins.

14.     On December 20, 2007, the Court set the case management conference for March 4, 2007.

15.     On December 20, 2007, CCI, Carlson Travel Network Associates, Inc. ("CTNA"), and Carlson Travel Group, Inc. ("CTG") (collectively, "Carlson Defendants") entered into a stipulation with Lofton that extended the Carlson Defendants' time to respond to Plaintiff's Complaint until January 22, 2008, in exchange for the "complet[ion] of a conference pursuant to Rule 26(f) by January 7, 2008."

16.     On December 26, 2007, Bank of America Corp. ("B of A") and FIA Card Services, N.A. ("FIA") (collectively, "Bank Defendants") entered into a stipulation with Lofton that extended the Bank Defendants' time to respond to Plaintiff's Complaint until February 4, 2008.

17.     On December 27, 2007, Lofton re-noticed his Motion for Preliminary Injunction for February 5, 2008. That same day, the Court set the hearing date for Lofton's Motion for February 5, 2008. Pursuant to Civil L.R. 7-3(a), Defendants' Opposition briefs for Plaintiff's Motion were due on January 15, 2008.

18.     On January 11, 2008, the parties filed a "Stipulated Continuance of His Motion for Preliminary Injunction and Class Certification" after extensive negotiations.

The Stipulated Continuance continued the hearing date for Lofton's Motion for Preliminary Injunction until March 4, 2008.

19. Defendants' Opposition briefs for Plaintiff's Motion remained due on January 15, 2008, because the Stipulated Continuance did not specifically provide for extending the deadlines for the parties' briefing on Lofton's Motion, as required Paragraph 8 of Judge Jenkins' standing order.

20. On January 17, 2008, the Court vacated the March 4, 2008 case management conference date. Around the same time, Lofton's counsel was alerted to the application of Judge Jenkins' standing order on the parties' briefing schedule.

21. Lofton's counsel promptly alerted the other counsel of the application of Judge Jenkins' standing order. Afterwards, the parties engaged in extensive negotiation over various scheduling deadlines. On January 22, 2008, Lofton's counsel circulated a draft "Stipulated Request for Extension of Time, Plaintiffs' Second Amended Notice of Motion, and [Proposed] Order" which, *inter alia*, provided that Defendants would not notice or schedule any motion to dismiss (or similar motion *in lieu* of an answer) to Plaintiff's complaint prior to April 2.

22. Counsel for B of A, FIA, CTG, and CTNA promptly agreed to this proposed draft,  True and correct copies of emails reflecting these agreements are attached as Exhibits 2 and 3.

23. By email dated January 22. CST, CCI's counsel rejected the provision above. A true and correct copy of that is attached as Exhibit 4. This refusal prompted a significant amount of renegotiations amongst the other counsel.

24. Approximately six hours after it sent the email described in Paragraph 23, CCI filed its answer.

25. On January 23, 2008, Lofton's counsel drafted and filed a Stipulated Request for Extension of Time. The January 23 Stipulated Request had the same terms as the January 22 draft, including

(a)     continuing the hearing for the Plaintiffs' Motion for Preliminary

Injunction until April 2, 2008;

(b)    extending Defendants' time to file their Oppositions to the Motion for Preliminary Injunction to March 12, 2008, and extending the time for Plaintiff to file his Reply to March 19, 2008; and

(c)    extending the time for CTG and CTNA to file an answer to February 5, 2008;

except that it provided that all Defendants *besides CCI* agreed would not notice or schedule the hearing for any motion to dismiss Lofton's complaint prior to April 2, 2008.

26.    On January 31, 2008, the Court granted the January 23 Stipulated Request for Extension of Time. On the same day, Lofton and the Bank Defendants agreed to extend the Bank Defendants' deadline to answer or otherwise respond to Lofton's Complaint from February 4, 2008 to March 3, 2008.

27.    On February 19, 2008, this case was reassigned to the Honorable Susan Illston.

**Civil L.R. 6-3(a)(6) – Effect of Requested Extension on Case's Schedule**

28.    On February 21, 2008. the Court reset the case management conference for April 25, 2008. The Court has not yet set any discovery cut-off dates, and so no such dates could be impacted by the requested extension

29.    Where resolution of CCI's Motion overlaps with the substantive merits of Lofton's claims and the facts relevant to both are intertwined, the resolution of CCI's Motion should be deferred until trial. As CCI's Motion is properly resolved at trial, there is no reason to believe this extension would necessarily delay the resolution any other aspect of this case.

**CCI's Past Conduct Has Delayed Discovery**

30.    Under Rule 26(d)(1), Lofton could not commence discovery until after the completion of a Rule 26(f) conference.

31.    On December 20, 2007, the Carlson Defendants stipulated to completing "a conference pursuant to Rule 26(f) by January 7, 2008." *See* Paragraph 15, *supra*. Conversely, the Bank Defendants stipulated to completing a Rule 26(f)

conference by January 18, 2008." That stipulation was filed with the Court on December 26, 2007.

32.   On January 4, 2008, CCI's counsel (who, at the time, represented all of the Carlson Defendants) proposed continuing the January 7 conference until the Lofton held a Rule 26(f) conference with the Bank Defendants.

33.   Lofton's counsel declined that proposal, indicating its belief that holding a single conference for both the Bank Defendants and Carlson Defendants would be unduly cumbersome. On January 5, 2008, Lofton's counsel sent an email with detailed agenda for the January 7 Rule 26(f) conference to CCI's counsel.

34.   Lofton's counsel and CCI's counsel held a Rule 26(f) conference on January 7, 2008. At the conference, CCI's counsel adopted the position that the January 7 conference was not a valid Rule 26(f) conference, because the Bank Defendants did not participate. CCI's counsel disclosed this position for the first time during the January 7 conference – although it knew that the Bank Defendants were not attending the conference on December 26, 2007.

35.   CCI's counsel disclosed for the first time that the Carlson Defendants' position was that the January 7 conference was not a valid Rule 26(f) conference, CCI was otherwise not prepared to make substantive responses to the agenda for the January 7 conference.

36.   On January 8, Lofton served his First Set of Interrogatories, his First Set of Requests for Admission, and his First Set of Requests for Production of Documents on the Carlson Defendants.

37.   Lofton and the Carlson Defendants exchanged correspondence regarding the Carlson Defendants' new position on January 8 and 9. True and correct copies of this correspondence are attached as Exhibits 5 and 6. In his correspondence. Lofton proposed another Rule 26(f) conference on January 10 and invited the Bank Defendants to participate. CCI's counsel ultimately declined to participate in a January 10 conference.

38.  Under Rule 26(a)(1)(C), the parties were required to make their Rule 26(a) disclosures "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." A 14 day deadline starting at January 18 would fall on February 1.

39.  On January 31, 2008, CCI's counsel sent correspondence which indicated its position that the default 14 day deadline under Rule 26(a)(1)(C) did not apply, because the Court's November 20, 2007 order (*see* Paragraph 11, *supra*) independently set the deadline for initial disclosures on February 19. A true and correct copy of this correspondence is attached as Exhibit 7.

40.  CTG and CTNA provided their initial disclosures under Rule 26(a)(1) on February 1.

41.  On February 18, CCI's counsel requested a two week extension on the discovery requests which Lofton served on January 8. Lofton's counsel granted that request on the condition that CCI represent that it was "working diligently towards a good-faith response to our discovery requests." A true and correct copy of the email granting this extension is attached as Exhibit 8. CCI's counsel indicated that it was "diligently working towards responding to your discovery requests," and gave no indication that it would be filing a Motion to Dismiss shortly.

42.  The same day, Lofton's counsel declined CCI's request for a two week extension on its Rule 26(a)(1) disclosures, but granted CCI until February 22 to complete the initial disclosures.

43.  On February 20, 2008, CCI filed its Motion to Dismiss.

44.  CCI has not yet provided its Rule 26(a)(1) disclosures.

45.  I declare under penalty of perjury, that the foregoing is true and correct.

1

2   Pursuant to Section X of the Northern District of California's General Order No. 45 on
electronic case filing and 28 U.S.C.§ 1746, in lieu of Ethan Preston's signature on this

3   declaration, Alan Himmelfarb attests that Ethan Preston is the signatory of this declaration,
and that Ethan Preston concurred to this declaration on February 26, 2008.

4   DATE:  February 26, 2008

5                                                                    s/Alan Himmelfarb_____
ALAN HIMMELFARB

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Exhibit 1

**From:** Le, Elizabeth D. <EDLe@rkmc.com>
**To:** epreston@kamberedelson.com
**Cc:** Lueck, Martin R. <MRLueck@rkmc.com>, McMahon, Emmett J. <EJMcMahon@rkmc.com>, Lee, Carol <CLee@rkmc.com>,
Buck, Lori H. <LHBuck@rkmc.com>, Angell, Jane A. <JAAngell@rkmc.com>
**Subject:** RE: LOFTON
**Date:** Mon, 25 Feb 2008 18:05:21 -0800 *(20:05 CST)*

```
>>>>  Please read the confidentiality statement below  <<<<
```
Ethan:

We are conferring with our client regarding the proposals that you made
and will get back to you as soon as reasonably possible.

With respect to pending discovery, we will respond to your discovery as
authorized by the rules and consistent with our client's interests. You
should know that in light of our objections to jurisdiction and the fact
that we are not the administrator of the WorldPoints Travel Rewards
Program, you should expect that our responses will most likely be
limited.  We are waiting for a response from our client as to the
initial disclosures and once it has been approved, we will serve it upon
you promptly.

We hope this clears it up and will get back to you shortly on your
proposals.

Regards,
Liz

-----Original Message-----
From: Ethan Preston [mailto:epreston@kamberedelson.com]
Sent: Monday, February 25, 2008 1:35 PM
To: Le, Elizabeth D.
Cc: Lueck, Martin R.; McMahon, Emmett J.; Lee, Carol; Buck, Lori H.;
Angell, Jane A.
Subject: RE: LOFTON

Liz,

Thanks for getting back to me. I hope you understand my sense of
urgency: I do not have very much time to get done everything I need to
get done before March 7 as things stand now.

With respect to the stip for filing under seal, my previous email was
clear that we are fine with the stip. I was not conditioning our
agreement to the stip on any of the issues raised in my email; I simply
wanted to conference with you before the stip was signed. It is
surprising that CCI isn't able to give a quick answer as to the
extension, or to at least arrange a phone conference to discuss those
issues.

I certainly do not want to prejudice the parties' discussions, but I
still need to press forward in case those discussions fall through.
Until or unless I hear differently from you, I am going to have to
proceed under the assumption that CCI will not stipulate to the
extension, will not produce discovery on the agreed time frame, and will

Ethan


On Mon, 2008-02-25 at 13:08 -0800, Le, Elizabeth D. wrote:
> >>>>  Please read the confidentiality statement below  <<<<
> Ethan:
>
> I appreciate that you want to discuss these issues and I'm not trying
> to ignore you.  I told you that I need to discuss your proposals  with

> Marty and Emmett and we will get back to you as soon as reasonably
> possible. I didn't receive your first written proposal until late
> Friday afternoon and your other one just came in this morning.  I am
> working on promptly responding to these proposals.
>
> That said, I don't think that the stipulation for leave to file under
> seal has anything to do with the issues that you want to talk about.
> If you are agreeable to the stipulation, as you say you are, please
sign
> off on it.   Otherwise, we will file an ex parte application for leave
> to file under seal, pursuant to Judge Illston's rules, and will be
> forced to advise the Court as to the parties could not enter into a
> stipulation.
>
> Liz
>
> -----Original Message-----
> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Monday, February 25, 2008 12:16 PM
> To: Le, Elizabeth D.
> Subject: Re: LOFTON
>
> Liz,
>
> The stipulation looks fine, but before I sign off on it can we please
> talk regarding 1) the extension of time for the motion to dismiss, 2)
> the outstanding discovery, and 3) the stipulated dismissal?
>
> Please give me a call or let me know what time today I can call you.
>
> Thanks,
>
> Ethan
>
>
>
> On Mon, 2008-02-25 at 12:09 -0800, Le, Elizabeth D. wrote:
> > >>>>  Please read the confidentiality statement below  <<<<
> > Counsel:
> >
> > Exhibit 2 to the Declaration of Wanda Cahill in Support of CCI's

> > Motion to Dismiss was inadvertently not filed under seal.  We have
> > since locked the document from public view.  Attached is a
> > Stipulation
>
> > for leave to file this exhibit under seal, which per Judge Illston
> > will be accepted in lieu of an administrative motion.  Please let me

> > know if you stipulation is agreeable to you and if you will consent.
> >
> > Thanks,
> > Liz
> >
> > http://www.rkmc.com
> > Elizabeth D. Le
> > 2049 Century Park East, Suite 3400
> > Los Angeles, California 90067
> > Tel:      (310) 552-0130
> > Fax:      (310) 229-5800
> > E-mail: edle@rkmc.com
> >
> >
> > _____
> >
> > Information contained in this e-mail transmission may be privileged,

> > confidential and covered by the Electronic Communications Privacy
> > Act,
> > 18 U.S.C. Sections 2510-2521.
> >
> > If you are not the intended recipient, do not read, distribute, or
> > reproduce this transmission.
> >
> > If you have received this e-mail transmission in error, please
> > notify us immediately of the error by return email and please delete

> the message from your system.
> >
> > Pursuant to requirements related to practice before the U. S.
> > Internal
>
> > Revenue Service, any tax advice contained in this communication
> > (including any attachments) is not intended to be used, and cannot
> > be used, for purposes of (i) avoiding penalties imposed under the U.
S.
> > Internal Revenue Code or (ii) promoting, marketing or recommending
> > to another person any tax-related matter.
> >
> > Thank you in advance for your cooperation.
> >
> > Robins, Kaplan, Miller & Ciresi L.L.P.
> > http://www.rkmc.com
> > _____
> >
>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 2

**From:** Yu, Jordan S. <jSYu@ReedSmith.com>
**To:** epreston@kamberedelson.com, Le, Elizabeth D. <EDLe@rkmc.com>, Donald P Gagliardi <dgagliardi@be-law.com>
**Cc:** Scott A. Kamber, Esq. <skamber@kamberedelson.com>, Jay Edelson, Esq. <jedelson@kamberedelson.com>
**Subject:** RE: Scheduling issue in Lofton v. Bank of America
**Date:** Tue, 22 Jan 2008 13:17:43 -0500 *(12:17 CST)*

Thanks Ethan.  Good to go.


**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Tuesday, January 22, 2008 9:34 AM
**To:** Le, Elizabeth D.; Donald P Gagliardi
**Cc:** Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.
**Subject:** Scheduling issue in Lofton v. Bank of America


Dear Elizabeth and Don,

There has been a snag with respect to the scheduling of the briefing on the Motion for Preliminary Injunction. As you'll remember, on January 11, all counsel signed off on a stipulated continuance which sought to continue the hearing date from February 5, 2008 to March 4 under Civil L.R. 7-7. However, Judge Jenkins' Standing Order reads:

> **Unless otherwise ordered by the Court, the rescheduling of the hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the *originally noticed* hearing date and any reply brief may be filed not less than 14 days prior to the *originally noticed* hearing date.**

(Para 8, emphasis in original.) I have been in contact with Judge Jenkin's clerks, who indicated that the January 11 continuance did not change the filing date for Defendants' Oppositions. (Please also refer to the Clerk's Notice dated January 17.)

Obviously, the Court's Standing Orders could pose an unanticipated problem for Defendants. To resolve the issue, we drafted the attached stipulation, which should extend Defendants' deadline for filing their Oppositions to March 12 under Civil LR 6-2. Please note that the attached declaration and stipulation are being circulated on a without-prejudice basis. Please send back an email concurring with the stipulation (with the stipulation attached), and I can add your e-signatures and get this filed today.


Thanks,

Ethan
--
Ethan Preston
KamberEdelson, LLC
53 West Jackson, Suite 1530
Chicago, IL 60604
(312) 589-6370


This communication may be confidential and proprietary. The only persons authorized to use this communication are the addressee(s), their agents and attorneys. Any other disclosure or use of this communication's existence, contents, substance, purport, effect, or meaning is prohibited. This communication may be exempted and protected from disclosure as attorney work product, attorney-client privilege, or under other applicable rules and/or laws. If you have received this communication in error, please notify me immediately by return e-mail and destroy this communication and any copies or attachments.

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

* * *

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03

pdc1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 3

**From:** Donald P Gagliardi <dgagliardi@be-law.com>
**To:** epreston@kamberedelson.com
**Cc:** Gail C. Simmons <GSimmons@be-law.com>
**Subject:** FW: Scheduling issue in Lofton v. Bank of America
**Date:** Tue, 22 Jan 2008 10:42:43 -0800 *(12:42 CST)*

Concur.

**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Tuesday, January 22, 2008 9:34 AM
**To:** Le, Elizabeth D.; Donald P Gagliardi
**Cc:** Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.
**Subject:** Scheduling issue in Lofton v. Bank of America

Dear Elizabeth and Don,

There has been a snag with respect to the scheduling of the briefing on the Motion for Preliminary Injunction. As you'll remember, on January 11, all counsel signed off on a stipulated continuance which sought to continue the hearing date from February 5, 2008 to March 4 under Civil L.R. 7-7. However, Judge Jenkins' Standing Order reads:

> **Unless otherwise ordered by the Court, the rescheduling of the hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the** *originally noticed* **hearing date and any reply brief may be filed not less than 14 days prior to the** *originally noticed* **hearing date.**

(Para 8, emphasis in original.) I have been in contact with Judge Jenkin's clerks, who indicated that the January 11 continuance did not change the filing date for Defendants' Oppositions. (Please also refer to the Clerk's Notice dated January 17.)

Obviously, the Court's Standing Orders could pose an unanticipated problem for Defendants. To resolve the issue, we drafted the attached stipulation, which should extend Defendants' deadline for filing their Oppositions to March 12 under Civil LR 6-2. Please note that the attached declaration and stipulation are being circulated on a without-prejudice basis. Please send back an email concurring with the stipulation (with the stipulation attached), and I can add your e-signatures and get this filed today.

Thanks,

Ethan

--
Ethan Preston
KamberEdelson, LLC
53 West Jackson, Suite 1530
Chicago, IL 60604
(312) 589-6370

This communication may be confidential and proprietary. The only persons authorized to use this communication are the addressee(s), their agents and attorneys. Any other disclosure or use of this communication's existence, contents, substance, purport, effect, or meaning is prohibited. This communication may be exempted and protected from disclosure as attorney work product, attorney-client privilege, or under other applicable rules and/or laws. If you have received this communication in error, please notify me immediately by return e-mail and destroy this communication and any copies or attachments.

PDF document attachment (2dRenoticeMotion012208.pdf), "2dRenoticeMotion012208.pdf"

PDF document attachment "PrestonDecl-2dRenoticeMotion012208.pdf",
"PrestonDecl-2dRenoticeMotion012208.pdf"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 4

**From:** Le, Elizabeth D. <EDLe@rkmc.com>
**To:** epreston@kamberedelson.com, Donald P Gagliardi <dgagliardi@be-law.com>
**Cc:** Yu, Jordan S. <JSYu@ReedSmith.com>, Scott A. Kamber, Esq. <skamber@kamberedelson.com>, Jay Edelson, Esq. <jedelson@kamberedelson.com>, Lueck, Martin R. <MRLueck@rkmc.com>, Angell, Jane A. <JAAngell@rkmc.com>, ...
**Subject:** RE: Scheduling issue in Lofton v. Bank of America
**Date:** Tue, 22 Jan 2008 11:34:52 -0800 *(13:34 CST)*

>>>> Please read the confidentiality statement below <<<<

Ethan:

Thanks for preparing a draft of the stip.  As to the second stipulation, at page 3 lines 24-27, is unrelated to the Motion for Preliminary Injunction and should be deleted from the stip.  The other 2 provision is agreeable to us.  Please circulate a revised stip.

Thanks,
Liz


**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Tuesday, January 22, 2008 9:34 AM
**To:** Le, Elizabeth D.; Donald P Gagliardi
**Cc:** Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.
**Subject:** Scheduling issue in Lofton v. Bank of America


Dear Elizabeth and Don,

There has been a snag with respect to the scheduling of the briefing on the Motion for Preliminary Injunction. As you'll remember, on January 11, all counsel signed off on a stipulated continuance which sought to continue the hearing date from February 5, 2008 to March 4 under Civil L.R. 7-7. However, Judge Jenkins' Standing Order reads:

> **Unless otherwise ordered by the Court, the rescheduling of the hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the *originally noticed* hearing date and any reply brief may be filed not less than 14 days prior to the *originally noticed* hearing date.**

(Para 8, emphasis in original.) I have been in contact with Judge Jenkin's clerks, who indicated that the January 11 continuance did not change the filing date for Defendants' Oppositions. (Please also refer to the Clerk's Notice dated January 17.)

Obviously, the Court's Standing Orders could pose an unanticipated problem for Defendants. To resolve the issue, we drafted the attached stipulation, which should extend Defendants' deadline for filing their Oppositions to March 12 under Civil LR 6-2. Please note that the attached declaration and stipulation are being circulated on a without-prejudice basis. Please send back an email concurring with the stipulation (with the stipulation attached), and I can add your e-signatures and get this filed today.


Thanks,

Ethan

--
Ethan Preston
KamberEdelson, LLC
53 West Jackson, Suite 1530
Chicago, IL 60604
(312) 589-6370


This communication may be confidential and proprietary. The only persons
authorized to use this communication are the addressee(s), their agents
and attorneys. Any other disclosure or use of this communication's

existence, contents, substance, purport, effect, or meaning is prohibited. This communication may be exempted and protected from disclosure as attorney work product, attorney-client privilege, or under other applicable rules and/or laws. If you have received this communication in error, please notify me immediately by return e-mail and destroy this communication and any copies or attachments.

_____

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com
_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 5

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

EMMETT J. MCMAHON
612-349-8728
EJMcMahon@rkmc.com

January 8, 2008

**VIA E-MAIL AND U.S. MAIL**

Alan Himmelfarb                          Jay Edelson
KamberEdelson LLC                        Ethan Preston
2757 Leonis Blvd.                        KamberEdelson LLC
Los Angeles, CA  90058                   53 West Jackson Ave., Suite 1530
                                         Chicago, IL  60604

Scott Kamber
KamberEdelson LLC
11 Broadway, 22nd Floor
New York, NY  10004

Re:    *John Lofton v. Bank of America Corporation, et al.*
       Court File No.:  C07-05892 EDL
       Our File No.: 023172-0036

Gentlemen:

We are writing in regard to the Rule 26(f) conference that we attempted to conduct with you yesterday.  You did not confer with us in good faith, as required by that Rule.  The Rule was not satisfied for numerous reasons.

First, the Rule states that "the attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference."  Unfortunately, you did not allow the two Bank of America defendants to participate.

Second, you expressly took the position that there could be multiple conferences. However, the above quoted language ("the conference") clearly contemplates one conference, in which all parties would jointly participate.

Third, the Rule requires the parties to attempt in good faith to agree on "when discovery should be completed."  Again, without the benefit of defendants Bank of America Corporation and FIA Card Services, N.A., you obviously could not make a firm commitment as to a discovery deadline.  That portion of the Rule was not satisfied.

MP3 20257331.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Alan Himmelfarb
Jay Edelson
Scott Kamber
January 8, 2008
Page 2

Fourth, the Rule requires the parties to discuss clawback provisions in the event that privileged information is inadvertently produced. We did not discuss this issue, and obviously could not reach an agreement on this issue without the missing defendants.

There are many other reasons the conference was not completed as required by the Rule. For example, Bank of America's absence from the call made it impossible to reach agreement over when initial disclosure would be made by Bank of America, what subjects of discovery our clients, and yours, would receive and give to the missing parties, whether our production of ESI would satisfy the missing defendants, how the missing defendants must respond to our privileged information that may be produced inadvertently, and how much and what type of discovery would be obtained from the missing defendants. We were unable to confer and reach a consensus on class certification discovery and other areas. All of these deficiencies prohibited us from negotiating a plan that would protect and govern the parties throughout the case.

Since the telephone conference did not, and could not, cover all issues set forth in Rule 26(f), we do not consider that conference to be completed. You mentioned possible service of discovery. However, Rule 26(d)(1) prohibits any discovery until "the parties have conferred as required by Rule 26(f)." Because all of the joined parties in this case have not conferred, and because all requirements of Rule 26(f) have not been satisfied, discovery that you may serve will be ineffective.

We also want to advise you that, as a result of new developments, we will withdraw as counsel for two of the Carlson defendants and new counsel will be substituted in our place for those two defendants. We hope to have new counsel in place by the end of this week. We anticipate making Rule 26 disclosures for one Carlson defendant by the end of next week. We will work closely with new counsel for the other two Carlson defendants to get them up to speed. Because new counsel will be entering an appearance shortly, because the Bank of America defendants have not yet had an opportunity to participate in the Rule 26(f) conference with us, and because your pleadings do not allege any immediate need for equitable relief that would make a slight postponement unreasonable, we again ask for your agreement that you postpone the hearing on February 5. We hope that you will be reasonable with our request on these scheduling matters. Please let us have your response today.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Emmett J. McMahon

EJM/lb
cc:    Abraham J. Colman, Esq.
       Felicia Y. Yu, Esq.



Exhibit 6

# KAMBEREDELSON, LLC

THE MONADNOCK BUILDING • 53 WEST JACKSON BOULEVARD
SUITE 1530 • CHICAGO, ILLINOIS 60604

TEL: (312) 589-6370

*VIA EMAIL*

Emmett J. McMahon
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
Minneapolis, MN 55402

January 9, 2008

Re: *Lofton v. Bank of America Corp.*, et. al., No. 07-05892 (MJJ)

I am writing in response to your January 8, 2008 correspondence on behalf of Carlson Companies, Inc. Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. (the "Carlson Defendants").

The January 8 correspondence contains several serious mischaracterizations which we are obliged to correct. At the outset, your claim that we "did not confer with [your firm] in good faith" is not only false, but inverts the truth. Members of your firm should recognize by now that participating in discovery in good faith is essential. However, it does not appear that your firm was prepared to address any of the items addressed in the Rule 26(f) conference or outlined in the agenda from my January 5 email. The sole responses offered by you and Mr. Lueck in the conference was to indicate that you would "consider" items in the proposed agenda, defer matters pending discussions between plaintiff and the Bank Defendants, or claim that you were "still investigating" the case. Indeed, it appears the only thing your firm was prepared to do was to mount acrimonious objections that frequently derailed the conference, despite my repeated requests that we stick to the conference's agenda.

**The Date for the Rule 26(f) Conference Was Set By Stipulation On December 20, 2007**
Mr. Lofton filed his complaint on November 20, 2007, and filed his Motion for Preliminary Injunction on December 6, 2007. Carlson Travel Group, Inc. was served with the complaint on November 30, 2007. Mr. Lofton and the Carlson Defendants entered into a stipulation on December 20, 2007 ("Stipulation") that extended the Carlson Defendants time to respond to the complaint and provided that Mr. Lofton and the Carlson Defendants "shall complete a conference pursuant to Rule 26(f) by January 7, 2008." Mr. Lofton and Bank of America, Inc. and FIA Card Services, N.A. (the "Bank Defendants") entered into a separate stipulation on December 26, 2007 which set the Rule 26(f) conference for those parties on January 18, 2008.

**The Carlson Defendants Failed to Participate in the Rule 26(f) Conference in Good Faith**
I emailed a detailed agenda for the conference to members of your firm on January 5. The conference began late in the day on January 7 and lasted nearly an hour. At the conference, you and Mr. Lueck incessantly repeated the Carlson Defendants' position that they could not be required to participate in a Rule 26(f) conference without the Bank Defendants.

The Carlson Defendants' new position contradicts the Stipulation's plain language. As you well know, our consideration for extending the Carlson Defendants' time to respond to the complaint was a Rule 26(f) conference that would permit Mr. Lofton to commence discovery. If your position was that the Rule 26(f) conference could not be completed without the Bank Defendants, you

should have alerted us prior to entering the Stipulation. If you had disclosed your intent to contest Mr. Lofton's right to commence discovery, we would not have consented to the Stipulation. We believe your present attempts to frustrate Mr. Lofton's legitimate expectation that he would be able to commence discovery are subject to estoppel.

Moreover, the Carlson Defendants certainly do not need Mr. Lofton's involvement to exchange information with the Bank Defendants. To the extent that the Carlson Defendants needed information from the Bank Defendants for a Rule 26(f) conference, they have been on notice and had every opportunity to gather that information since the entry of the Stipulation. Their failure to do so suggests to us that the Carlson Defendants' objections over the timing of the conference have more to do with delay than any genuine prejudice. Indeed, the Bank Defendants have expressly represented to plaintiffs that they see no reason to have a single 26(f) conference since all parties have an independent obligation under Rule 26.

Your letter contends there were various technical deficiencies in the January 7 conference under Rule 26(f). Even if these contentions had merit, they would not serve to deprive Mr. Lofton of the right to commence discovery. Rule 26(d)(1) restricts discovery "before the parties have conferred as required by Rule 26(f) . . . except . . . when authorized . . . by stipulation." Fed. R. Civ. P. 26(d)(1) (emphasis supplied). The Stipulation plainly serves as a waiver of Rule 26(d)(1), and the Carlson Defendants cannot use their own bad faith disruption of the January 7 conference as a rationale to delay the commencement of discovery. We have already served discovery on the Carlson Defendants, in reliance on the Stipulation. Under the Stipulation, the Carlson Defendants were obligated to make whatever preparations where necessary to ensure that the parties' Rule 26(f) conference was complete on January 7. While the Carlson Defendants assert yesterday's conference did not address any matters required under Rule 26(f), they bore the burden of completing such matters under the Stipulation, or of seeking appropriate and timely relief from the Court.

At the conference, you and Mr. Lueck took the position that the Carlson Defendants would not complete their Rule 26(a)(1) disclosures until the Bank Defendants completed their Rule 26(a)(1) disclosures. Your letter retreats from that position, indicating that one Carlson Defendant will "mak[e] Rule 26 disclosures for one Carlson defendant by the end of next week." While we welcome this reasoned response, the other Carlson Defendants' disclosure obligations under Rule 26(a)(1) are entirely and expressly independent of the Bank Defendants' obligations. "[A] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or . . . because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E).

Your letter states that we "did not allow the two Bank of America defendants to participate." In fact, the Bank Defendants requested a later deadline for their Rule 26(f) conference because one of their counsel (Abraham Colman) expressed some concern that family health issues at the time might interfere with their compliance with the deadline. Contrary to the misrepresentation in your letter, we never prohibited the Bank Defendants from participating in the January 7 conference. We are unaware of the Bank Defendants ever expressing an interest in participating in the January 7 conference. Indeed, the Bank Defendants expressed their view on several occasions that each defendant had independent obligations under Rule 26(f), and that a single Rule 26(f) conference was unnecessary. Our own position remains the same: the Rule 26(f) conferences for the Bank Defendants and the Carlson Defendants involve distinctly different issues, as the Carlson Defendants and the Bank Defendants will have different defenses that involve different witnesses, different documents, and different electronic document systems. Moreover, our position that it would be unfair, unduly cumbersome, and burdensome to require Mr. Lofton and his counsel to manage presented by the Carlson Defendants and their counsel at the Bank Defendants' Rule 26(f)

conference was only reinforced by your behavior at the January 7 conference.

**Moving Forward**

We understand Carlson Defendants contend that the Rule 26(f) conference is not complete. If that is accurate, Mr. Lofton and the Carlson Defendants have an outstanding obligation to complete the Rule 26(f) under the Stipulation. We request that you immediately contact us so we can schedule and complete a conference by Thursday, January 10. (I am copying the Bank Defendants' counsel on this letter, and expressly inviting the Bank Defendants to participate in such a conference if they wish to do so. I would ask Mr. Colman to please indicate whether he will participate in such conference as soon as it is convenient.) To the extent that the Carlson Defendants contend that they cannot or will not participate to complete yesterday's Rule 26(f) conference, please confirm that position in writing.

As we agreed at the Conference, we will submit a draft Rule 26(f)(3) plan for submission to the Court by the week's end. We have offered to delay submitting that plan to sync with the Bank Defendants' deadline. We have not received a clear answer on that offer one way or another, but expect more information shortly.

As Mr. Kamber said, we will entertain continuing the hearing for the Motion for Preliminary Injunction to a March date if the Carlson Defendants required such a continuance to inform themselves about the facts of the case. We are not in a position to do that now, as you have not stated to us how much time the Carlson Defendants need nor have you expressed any willingness to make any reciprocal concessions on discovery. As we have stated on several occasions, we believe this is a straight-forward case upon which resolution can be achieved once the parties are fully informed of the facts of the case.

I sincerely hope that we can put aside the recent acrimony and move forward in a professional manner. I invite you to call me to discuss continuing the hearing.

Very truly yours,

Ethan Preston

cc:    Abraham J. Colman
       Reed Smith LLP
       355 South Grand Avenue, Suite 2900
       Los Angeles, CA 90071-1514

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 7

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 3400
2049 CENTURY PARK EAST
LOS ANGELES, CA 90067-3208
TEL: 310-552-0130 FAX: 310-229-5800
www.rkmc.com

ATTORNEYS AT LAW

ELIZABETH D. LE

January 31, 2008

**VIA E-MAIL**

Steven W. Teppler, Esq.
KamberEdelson, LLC
11 Broadway, 22d Floor
New York, NY 10004

> **Re:** *John Lofton v. Bank of America Corporation, et al.*
> **Case No. 07-05892 (MJJ)**

Dear Mr. Teppler:

This is a follow up to Mr. Gagliardi's email of yesterday regarding Plaintiff's proposed Rule 26(f)(3) Discovery Plan. We share Mr. Gagliardi's concerns regarding the following inadequacies in Plaintiff's proposed plans for electronic and class discovery. These concerns must first be addressed before we are able to provide any meaningful input in a joint discovery plan.

First, as Mr. Gagliardi correctly noted, your report fails to set forth the details of Plaintiff's proposed plan for electronic discovery, despite representations made by your partners and Plaintiff's other counsel, Messrs. Edelson and Preston, during the January 18, 2008 Rule 26(f) conference to do so. Your proposed statement does not explain why there is a need for a separate electronic discovery track nor does it set forth the protocols and procedures for how the proposed track would be completed, how document productions would be conducted, or how costs would be shared. Further, your proposed statement fails to provide a definition for native format production. You also did not explain the need for the extra depositions and interrogatories. Without further information, we are unable to fully evaluate the necessity of the proposed separate electronic discovery track and cannot agree to Plaintiff's plan as currently stated.

Second, contrary to Messrs. Edelson's and Preston's representations during the January 18, 2008 Rule 26(f) conference, you still have not provided us with an explanation as to how the proposed bifurcated class discovery will be conducted. Your current plan does not set forth the protocols for how discovery will be bifurcated and what subject matter areas would qualify as

Steven W. Teppler, Esq.
January 31, 2008
Page 2

"class discovery" versus "merits discovery."  Without further information, we are unable to properly determine if bifurcation is necessary, and cannot agree to Plaintiff's currently proposed plan.

Third, contrary to Plaintiff's assertion that the default timing of Rule 26(a) disclosures are appropriate, the Court's November 20, 2007 Order Setting Initial Case Management Conference and ADR Deadlines specifies that the deadline to complete initial disclosures is February 19, 2008.  Rule 26(a)(1) provides that "disclosures must be made at or within 14 days after the Rule 16(f) conference *unless a different time is set by stipulation or court order*…."  Accordingly, based upon the Court's Order and Rule 26(a)(1), it is our position that the deadline for initial disclosures is February 19, 2008.   Mr. Gagliardi has informed me that Carlson Travel Group, Inc. and Carlson Travel Network Associates, Inc. are in agreement that February 19, 2008 is operative the deadline for parties to complete their initial disclosures.

Finally, we join in Mr. Gagliardi's proposal for a stipulated postponement of at least 30 days and that the parties endeavor to provide a Court with a joint case management conference statement, rather than just a Rule 26(f) statement.  Indeed, any statement filed at this juncture would not be a complete or meaningful discovery plan due to the foregoing inadequacies.  To the extent that Plaintiff insists on filing the Rule 26(f)(3) rather than a joint CMC, Plaintiff will first need to provide the foregoing information and fully explain his proposed discovery plan.

                                        Very truly yours,

                                        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                                        /S/  Elizabeth D. Le

                                        Elizabeth D. Le

EDL/cl

cc:    Daniel J. Bergeson, Esq.
       Abraham Colman, Esq.
       Jay Edelson, Esq.
       Donald P. Gagliardi, Esq.
       Scott Kamber, Esq.
       Martin R. Lueck, Esq.
       Emmett J. McMahon, Esq.
       Ethan Preston, Esq.
       Felicia Yu, Esq.
       Jordan Yu, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 8

**From:** Ethan Preston <epreston@kamberedelson.com>
**Reply-To:** epreston@kamberedelson.com
**To:** Le, Elizabeth D. <EDLe@rkmc.com>
**Cc:** Jay Edelson, Esq. <jedelson@kamberedelson.com>, McMahon, Emmett J. <EJMcMahon@rkmc.com>, Lueck, Martin R. <MRLueck@rkmc.com>, Steve Teppler <steppler@timecertain.com>
**Subject:** RE: Discovery responses for WorldPoints litigation?
**Date:** Mon, 18 Feb 2008 17:14:21 -0600


```
That's fine.


On Mon, 2008-02-18 at 15:12 -0800, Le, Elizabeth D. wrote:
> >>>>  Please read the confidentiality statement below  <<<<
>  Ethan:
>
> We are diligently working towards responding to your discovery requests
> and appreciate you professional courtesy.  Can we agree to an extension
> to March 4, which is 2 weeks from the current 2/20 deadline?.
>
> Thanks,
> Liz
>
> -----Original Message-----
> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Monday, February 18, 2008 2:28 PM
> To: Le, Elizabeth D.
> Cc: Jay Edelson, Esq.
> Subject: RE: Discovery responses for WorldPoints litigation?
>
> Liz,
>
> My strong preference is for complete discovery responses within a
> reasonable time, rather than incomplete responses now.
>
> If you will represent that CCI is working diligently towards a
> good-faith response to our discovery requests, I am happy to grant the
> extension. It would be useful to understand what has been done so far,
> in that regard.
>
> Thanks,
>
> Ethan
>
>
> On Mon, 2008-02-18 at 14:14 -0800, Le, Elizabeth D. wrote:
> > >>>>  Please read the confidentiality statement below  <<<<
> > Ethan:
> >
> > I am working on our responses for CCI.  I would really appreciate it
> > if you could give me a two week extension.
> >
> > Thanks,
> > Liz
> >
> > -----Original Message-----
```

> > From: Ethan Preston [mailto:epreston@kamberedeson.com]
> > Sent: Monday, February 18, 2008 2:06 PM
> > To: Donald P Gagliardi; Le, Elizabeth D.
> > Cc: Yu, Jordan S.; McMahon, Emmett J.
> > Subject: Discovery responses for WorldPoints litigation?
> >
> > Dear Counsel,
> >
> > I wanted to check to see whether the Carlson Defendants have prepared
> > responses to our discovery mailed out on January 8, and whether I
> > should be expecting to receive those responses shortly.
> >
> > Thanks,
> >
> > Ethan Preston
>
>
> _____
>
> Information contained in this e-mail transmission may be privileged,
> confidential and covered by the Electronic Communications
> Privacy Act, 18 U.S.C. Sections 2510-2521.
>
> If you are not the intended recipient, do not read, distribute,
> or reproduce this transmission.
>
> If you have received this e-mail transmission in error, please
> notify us immediately of the error by return email and please
> delete the message from your system.
>
> Pursuant to requirements related to practice before the U. S. Internal
> Revenue Service, any tax advice contained in this
> communication (including any attachments) is not intended
> to be used, and cannot be used, for purposes of (i) avoiding
> penalties imposed under the U. S. Internal Revenue Code
> or (ii) promoting, marketing or recommending to another
> person any tax-related matter.
>
> Thank you in advance for your cooperation.
>
> Robins, Kaplan, Miller & Ciresi L.L.P.
> http://www.rkmc.com
> _____
>