1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 550
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com

9  *Attorneys for John Lofton*

10              **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11                         **SAN FRANCISCO DIVISION**

12 | JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated, | No. 07-05892 (SI) |
13 | | |
   | Plaintiff | Judge Susan Illston |
14 | | |
   | v. | **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION AND CLASS CERTIFICATION** |
15 | | |
16 | BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100, | |
   | Defendants. | |

Plaintiff's Motion for Preliminary Injunction and Class Certification came for hearing before this Court and the Honorable Susan Illston, United States District Court, San Francisco, California, with all parties having appeared through counsel.

The Court having reviewed the Motion, and after consideration of the opposition and reply papers, arguments of counsel, and all other matters presented to the Court, the Court finds that it should grant the Order for Plaintiff and against Defendants Bank of America Corporation, FIA Card Services, N.A., Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc.:

1. This action is certified as a class action under Rule 23(b)(2) and Rule 23(c)(4) to the extent necessary for the preliminary injunction sought herein, and Plaintiff John Lofton is designated as a representative of a class of those California residents who purchased airline tickets through the WorldPoints Rewards program and who were charged a "fuel-related" fee by any of Defendants that was not imposed by the airline issuing the relevant ticket ("Class"), and KAMBEREDELSON, LLC is designated as counsel for the Class.

2. The Court orders the imposition of a constructive trust on

    (a) those sums Defendants received from the sales of airline tickets to members of the Class ("Constructive Trust Funds"),

    (b) which Defendants and/or their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the Court's order ("Constructive Trustees") possess or control.

The Court orders each Defendant certify to the Court and to Plaintiff no later than 10 days after the entry of this order that all Constructive Trust Funds in their control as of the date of the Court's order, or which come into the control of the Constructive Trustees after the date of the Order, have been placed into a segregated, interest-bearing fiduciary account maintained by a FDIC-insured financial institution. Defendants shall not further transfer, encumber, or otherwise impair the Class's interests in the Constructive Trust Funds, and any such transfer or impairment is null and void.

The Court further orders each Defendant to provide notice of the Court's order to any person which any Defendant knows or has reason to believe has control over Constructive Trust Funds, and to certify to the Court that they have provided such notice no later than 5 days after the entry of the Court's order.

The Court further orders each Constructive Trustee to provide the Court and Plaintiff an accounting of all Constructive Trust Funds, no later than 30 days after the entry of the Court's order.

3. The Court orders that Defendants shall not make or continue to make any written or oral representation that

        (a)    Defendants will purchase "the lowest fare available through the travel provider at the time of booking" for WorldPoints card holders; or

        (b)    that credit obtained from the redemption of WorldPoints would apply to "all taxes and destination fees [except] fuel related surcharges and/or additional security fees deemed necessary by the individual carrier."

without also specifically disclosing in the same representation that the price for airline tickets under the Program is not necessarily the lowest fare available to the general public for those tickets, and/or Defendants charge their own transaction fees on top of the price of such airline tickets.

    4.    Pursuant to Fed. R. Civ. P. 65(c), Plaintiff John Lofton shall post no bond for this Order.

Dated: _____

                              _____
                              Hon. Susan Illston
                              United States District Court Judge