Martin R. Lueck (MN Bar No.155548)
Emmett J. McMahon (Admitted *pro hac vice*)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:   612-349-8500
Facsimile:   612-339-4181
E-mail:        mrlueck@rkmc.com
                   ejmcmahon@rkmc.com

Elizabeth D. Le (CA Bar No. 216182)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:   310-552-0130
Facsimile:   310-229-5800
E-mail:        edle@rkmc.com

Attorneys for Defendant
CARLSON COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC., a California corporation, and DOES 1 to 100,<br><br>                    Defendants. | Case No.  CV 07-05892 SI<br><br>[Assigned to the Hon. Susan Illston]<br><br>**DEFENDANT CARLSON COMPANIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS, AND CONDITIONAL CROSS MOTION; DECLARATION OF ELIZABETH D. LE IN SUPPORT THEREOF**<br><br>**[Civil L.R. 6-3]** |

LA 60200642.2

CCI'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS, AND CONDITIONAL CROSS MOTION [CV 07-05892 SI]

## I. SUMMARY OF ARGUMENT

Plaintiff's motion for a *four month* extension on Defendant Carlson Companies, Inc.'s ("CCI") motion to dismiss is nothing more than a transparent delay tactic, accompanied with an incomplete disclosure of facts. The facts will clearly demonstrate that this case is in its infancy, that Plaintiff knew since January 22 that CCI intended to file a motion to dismiss, that CCI's motion raises genuine issues regarding personal jurisdiction, that Plaintiff admits in his Complaint that he is "ignorant" of the role of CCI in the alleged misconduct, that Plaintiff has not identified *any* discovery needed to oppose CCI's motion, and that, most of all, the urgency was created solely by *Plaintiff* because he insists on having an injunction and class certification hearing before CCI's legitimate personal jurisdiction motion can be resolved. Plaintiff has been threatening a very quick hearing on an injunction and class certification, and most recently scheduled a hearing on those matters for April 4. CCI would have no problem in granting an extension for limited discovery on jurisdictional matters if Plaintiff would likewise agree to proceed with the injunction and class certification hearing after the personal jurisdiction challenge is decided. Unfortunately, he will not agree.

## II. CCI'S PERSONAL JURISDICTION MOTION WAS NOT A SURPRISE.

Plaintiff complains that CCI gave him no indication that it would file a motion to dismiss. He is not correct. To the contrary, CCI *did* notify Plaintiff of its objection to personal jurisdiction and the very real possibility that CCI would file a motion to dismiss in the near future. In fact, Plaintiff has known since January 22–over a month ago–that CCI objected to personal jurisdiction when CCI asserted this objection as its Second Affirmative Defense in its Answer to Plaintiff's Complaint. (Le Dec. ¶ 6 & Ex. 4.) Moreover, the parties filed a stipulation on January 23, 2008 in which all the defendants *except CCI* agreed to restrictions on filing a motion to dismiss. (*Id.* at ¶¶ 7-11 & Ex. 5-10.) Plaintiff agreed:

> IT IS HEREBY STIPULATED, by and between the undersigned parties, that Bank of America Corp., FIA Card Services, N.A., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. (that is, all Defendants besides Carlson Companies, Inc.) will not notice or schedule the hearing for any motion to dismiss Plaintiff's complaint (or similar responsive motion *in lieu* of an answer prior to April 2, 2008.

(*Id.* at ¶ 10 & Ex. 9-10.) Thus, Plaintiff knew that CCI was planning to file a motion to dismiss in advance of the Plaintiff's preliminary injunction hearing. His cries of surprise are inconsistent with facts.

### III. PLAINTIFF HAS FAILED TO DEMONSTRATE WHY HE IS ENTITLED TO POSTPONE JURISDICTIONAL DISCOVERY UNTIL FOUR MONTHS AFTER THE INJUNCTION AND CLASS CERTIFICATION ISSUES ARE DECIDED.

Nowhere in Plaintiff's motion does he explain why he needs or is even entitled to a four month extension. Plaintiff also has not made a requisite showing that jurisdictional discovery is warranted. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, at 430 n. 24 (9th Cir. 1977). While Plaintiff claims that he needs the requested time to conduct discovery to oppose CCI's motion, he does not explain what kind of discovery is needed, why he is entitled to it or why it will take him four months to do so. He has not explained why he has not attempted this discovery to date. He has not shown any danger to the public health or any other reason why his injunction hearing has to occur before this Court determines the legitimate personal jurisdictional issues.

Nevertheless, CCI has never told Plaintiff that it would not allow him to conduct jurisdictional discovery, subject to Plaintiff's demonstration that such discovery is warranted. Plaintiff just simply has not met his prerequisite prima facie burden for jurisdictional discovery. *Wells Fargo*, 556 F. 2d at 430. ("It is clear that plaintiffs bear the burden…of making an initial, prima facie showing of jurisdictional facts at the pleading stage…") Instead, Plaintiff complains about CCI's limited responses to Plaintiff's pending merit based discovery. (Motion at 3:19-23) This pending discovery, however, does not seek information about CCI's jurisdictional contacts with California. Rather, the requests seek information regarding the WorldPoints Travel Rewards Program and transactions at issue in the Complaint, with which CCI had no involvement. Therefore, it should be of no surprise to Plaintiff that CCI will have very little information to disclose. Even so, while under no obligation to do so, CCI in good faith highlighted this to Plaintiff's attention ahead of time. (Le Dec. ¶ 18 & Ex. 14.) CCI even suggested that the parties stay their efforts on this merit based discovery in the interest of time and economy. (*Id.*)

While CCI would be agreeable to jurisdictional discovery, Plaintiff has yet to provide a

1  detailed explanation of the kind of discovery he seeks.  For example, is Plaintiff seeking written
2  discovery or depositions?  Moreover, Plaintiff has still not explained why he needs or is entitled
3  to four months to conduct his discovery.  Plaintiff cites to the thirty day discovery rule in his
4  motion. (Motion at 3:12-13.)  But this still does not explain why Plaintiff needs 126 days!

### IV.  **CCI WILL BE SEVERELY PREJUDICED BY A FOUR MONTH EXTENSION.**

CCI will suffer severe prejudice by a four month extension during which time it will be forced to continue investing unnecessary time, effort and expenses litigating a case over which the Court does not have jurisdiction.  Plaintiff has made no offer to stay the merits of the case during the period in which it seeks to delay resolution of CCI's jurisdictional challenge.  On the contrary, Plaintiff unreasonably insists that CCI continue litigating the merits of the case. Plaintiff expects CCI to complete its merit based discovery responses.  Plaintiff also expects CCI to oppose Plaintiff's motion for preliminary injunction and class certification and appear for hearing on the motion on April 4.  Notably, just yesterday, Plaintiff renoticed his preliminary injunction hearing for April 4 as he had been threatening in the past.  On the other hand, Plaintiff offers absolutely *no reason* why the class certification and injunction hearing must be decided so quickly.  The burden and expense imposed upon CCI far exceeds any benefit Plaintiff would derive, especially since CCI is not subject to this Court's jurisdiction.

Plaintiff claims that the extension should not delay proceedings because CCI's motion is properly resolved at trial.  His argument is based on the unsupported assumption that CCI's jurisdictional challenge "overlaps" with the merits of the case. (Motion at 4:15-28.)  First, it is unclear how Plaintiff could make that argument since his complaint alleges that he is "ignorant" of the role of CCI in the alleged activity. Plaintiff misinterpreted of the standard set forth by *Data Disc* Court as to when jurisdictional challenges are better addressed at trial.  *Data Disc* held that the jurisdictional facts must be "intertwined with the merits of the action", not just "overlap." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F. 2d 1280, 1285 n. 2 (9th Cir. 1977). There is no showing here that CCI's jurisdictional facts are intertwined with the merits of Plaintiff's action.  As demonstrated in CCI's motion to dismiss, CCI was not the administrator of the WorldPoints Travel Rewards Program and never made any travel purchases on behalf of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

WorldPoints card holders. These facts can easily be established through declarations, such as the ones attached to CCI's motion. The "merits" at issue in Plaintiff's case go to whether the travel charges to the WorldPoints card holders were unfair and violated the CLRA, UCL and various alleged fiduciary duties. Plaintiff does not prevail on his case simply by proving that the defendants purchased airline tickets for WorldPoints customers. That goes to whether Plaintiff has sued the proper defendant and, in CCI's case, whether jurisdiction is proper. Where there is no demonstration that jurisdictional facts are enmeshed with the merits of the action, such as in this case, a jurisdictional challenge is properly decided on a motion to dismiss before trial. *Penny Newman Grain Co. v. Midwest Paint Services, Inc.*, 2007 WL 4531700, *14 (E.D. Cal., 2007) (distinguishing *Data Disc*).

**V. IF THE COURT IS INCLINED TO EXTEND THE HEARING DATE ON CCI'S JURISDICTIONAL MOTION, THEN CCI MAKES THIS CONDITIONAL MOTION THAT THE COURT LIKEWISE EXTEND THE DATE FOR THE HEARING ON THE MOTION FOR CLASS CERTIFICATION AND INJUNCTION FOR A REASONABLE TIME AFTER THE JURISDICTIONAL ISSUE IS DECIDED.**

If the Court extends CCI's hearing date on its motion to dismiss to a later date, this Court should stay all merit based discovery against CCI in the interim, and reset the hearing date for Plaintiffs Motion for Preliminary Injunction and Class Certification for a reasonable time after the personal jurisdiction motion is decided. CCI's jurisdictional challenge must be heard and resolved first. Fir that reason, CCI noticed its motion to dismiss for hearing before Plaintiff's preliminary injunction. CCI should not be subjected to briefing and a hearing on Plaintiff's motion if it should properly be dismissed from the case.

Such a stay would be consistent with well established case law limiting the development of the merits of a case while challenges to jurisdiction are pending.

> Inasmuch as a dispositive motion is pending, the Court concludes that allowing discovery which extends beyond jurisdictional issues at this juncture would place a burden upon Defendant which far exceeds any benefit Plaintiff would derive. Should Defendant prevail on its motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources. Should Defendant's motion be denied, however, Plaintiff will still have ample time and opportunity to conduct discovery on the merits.

1  *Orchid Biosciences, Inc. v. St. Louis University,* 198 F.R.D. 670, 675 (S.D. Cal., 2001).  Yet, as
2  discussed above, Plaintiff refuses to implement a stay.  Plaintiff's unreasonable actions and
3  gamesmanship have necessitate that CCI file a motion for protective order staying merit based
4  litigation pending resolution of its jurisdictional challenge.  To the extent that the Court rule upon
5  Plaintiff's request for an extension before CCI's motion for protective order is heard,

## VI. PLAINTIFF DID NOT ATTEMPT IN GOOD FAITH TO REACH A STIPULATION WITH CCI REGARDING AN EXTENSION.

Plaintiff filed this motion because CCI would not immediately agree to his terms for a stipulated dismissal.  Last Friday afternoon, Plaintiff sent CCI a proposal to dismiss CCI from this lawsuit, conditioned upon a number of requirements.  (Le Dec. at ¶ 14.)  When CCI's counsel was unable to confer with their client and provide Plaintiff's counsel with a response in 48 hours, Plaintiff requested that CCI stipulate to a 120 day continuance.  (*Id.* at ¶ 15 & Ex. 11.)  Because CCI's counsel was unable to confer with their client and immediately respond to Plaintiff's proposed time extension in 24 hours, Plaintiff rushed to file this motion.  (*Id.* at ¶¶ 17 & 18.) Plaintiff did not give CCI adequate to his proposal, nor did he provide CCI with alternatives to his proposed extension.  Rather, he unreasonably and unrealistically expected CCI to immediately accept his all or nothing proposed 120 day extension.  Upon not hearing from CCI within hours and despite assurances from CCI's counsel that she was seeking client approval, Plaintiff filed this motion.  (*Id.* at ¶ 20.)  It is evident that the time constraints of which Plaintiff bemoans are caused by his own inactions.

## VII. CONCLUSION

For the foregoing reasons, CCI respectfully requests that this Court deny Plaintiff's request for a four month extension on Plaintiff's opposition deadline and the hearing date on CCI's motion to dismiss for lack of personal jurisdiction.  CCI asks that this Court keep Plaintiff's current March 7 opposition deadline and the current March 28 hearing date. Alternatively, if the Court is inclined to grant Plaintiff an extension, CCI asks that the Court stay all merit based discovery against CCI in the interim, and reset the hearing date and related briefing schedule for a reasonable time after the personal jurisdiction motion is decided and that

1  Plaintiff's motion for preliminary injunction be heard after this Court has issued a ruling on CCI's

2  motion to dismiss. Alternatively, CCI requests oral argument.

3  DATED: February 29, 2008                         Respectfully submitted**,**
                                                    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
4

5                                                   By:   /S/ Elizabeth D. Le
                                                          Martin R. Lueck
6                                                         Emmett J. McMahon
                                                          Elizabeth D. Le

7                                                   *Attorneys for Defendant Carlson Companies, Inc.*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# DECLARATION OF ELIZABETH D. LE

I, Elizabeth D. Le, declare as follows:

1.  I am an attorney licensed to practice law in the State of California, and an associate at the law firm Robins, Kaplan, Miller & Ciresi L.L.P., counsel of record for Defendant Carlson Companies, Inc. in this action. I have first hand knowledge of the following facts and if called upon to testify as a witness, I could and would competently testify thereto.

2.  On November 20, 2007, Plaintiff filed his Class Action Complaint against Bank of America Corporation, FIA Card Services, N.A., Carlson Companies, Inc., ("CCI"), Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. Plaintiff served his Summons and Complaint on CCI on

3.  On November 30, 2007, Plaintiff served his Summons and Complaint on CCI.

4.  Approximately two weeks after filing his Complaint, Plaintiff filed his Motion for Preliminary Injunction and Class Certification, and scheduled the motion for hearing on January 15, 2008. Thereafter, the parties stipulated to the hearing to March 4, 2008.

5.  On January 8, 2008, Plaintiff propounded special interrogatories, requests for admissions and document demands, seeking information relating to the merits of the case. Attached hereto as Exhibits 1 through 3 are Plaintiff's first set of discovery requests.

6.  On January 22, 2008, CCI filed its Answer to Plaintiff's Class Action Complaint and asserted lack of personal jurisdiction as its Second Affirmative Defense. Attached hereto as Exhibit 4 is a true and accurate copy of relevant excerpts from CCI's Answer.

7.  As a result of scheduling issues, the Court moved the March 4 hearing on Plaintiff's motion for preliminary injunction and class certification. Consequently, on January 22, 2003, Plaintiff's counsel sought a stipulation from to extend the hearing date to April 2 and related briefing deadlines accordingly. Plaintiff also proposed that Defendants stipulate to not notice or schedule any motion to dismiss to Plaintiff's complaint prior to the April 2 hearing on Plaintiff's preliminary injunction and class certification motion. Attached hereto as Exhibit 5 is a true and accurate copy of an email from Plaintiff's counsel, Ethan Preston, to me, among others,

1  dated January 22, 2008, with the proposed stipulation attached. The provision at issue is set forth
2  on page 3, lines 24 through 27 of the proposed stipulation.

3        8.     Attached hereto as Exhibit 6 is a true and accurate copy of my email to Mr.
4  Preston rejecting his proposal and refusing stipulate that CCI would not notice a motion to
5  dismiss prior to Plaintiff's April 2 hearing.

6        9.     Upon learning of CCI's objection to his proposal, Mr. Preston attempted to secure
7  a stipulation with the other defendants without CCI. Attached hereto as Exhibit 7 is a true and
8  accurate copy of an email from Mr. Preston to Donald Gagliardi, counsel for Defendants Carlson
9  Travel Network Associates, Inc. and Carlson Travel Group, Inc., dated January 22, 2008, which
10  Mr. Gagliardi forwarded to me. Mr. Preston wrote: "I'd like know whether or not CTG and
11  CTNA will consent to the stipulation without CCI."

12        10.    CCI did not change its position. On January 23, 2008, Mr. Preston circulated a
13  revised proposed stipulation, wherein he carved CCI out of the following provision:

> IT IS HEREBY STIPULATED, by and between the undersigned parties, that Bank of America Corp., FIA Card Services, N.A., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. (that is, all Defendants besides Carlson Companies, Inc.) will not notice or schedule the hearing for any motion to dismiss Plaintiff's complaint (or similar responsive motion *in lieu* of an answer prior to April 2, 2008.

18  Attached hereto as Exhibit 8 and 9 are true and accurate copies of emails from Mr. Preston to me,
19  wherein he wrote: "[P]lease take a look at the revised stipulation I circulated this morning. I
20  believe it should satisfy CCI's prior objections." (*See* Ex. 9.)

21        11.    CCI was agreeable with the revised stipulation. Attached hereto as Exhibit 10 is a
22  true and accurate copy of the revised stipulation that was filed with the Court on January 23,
23  2008.

24        12.    On February 15, 2008, the Court reassigned this case from Judge Jenkins to Judge
25  Illston and vacated all hearings dates on previously noticed motions.

26        13.    CCI filed its Motion to Dismiss for Lack of Personal Jurisdiction on February 20,
27  2008. Because CCI's jurisdictional challenge must be resolved first, CCI noticed its motion for
28  hearing on March 28.

14. In the late afternoon of February 22, 2008, Mr. Preston sent me a proposal to dismiss CCI from the case. Thereafter, I spoke to Mr. Preston and told him that I needed to discuss the proposal with my client and other colleagues. I suggested to him that we put off our Rule 26 Initial Disclosures and discovery responses to Plaintiff's merits based discovery until the jurisdictional challenge was resolved. Mr. Preston refused and said that he "wanted to see what we had."

15. On February 25, 2008, six days after CCI filed its motion to dismiss, I received an email from Mr. Preston requesting that CCI stipulate to continue the hearing date on its motion and related briefing schedule by 120 days. Attached hereto as Exhibit 11 is a true and accurate copy of Mr. Preston's email to me, dated February 25, 2008.

16. Attached hereto as Exhibit 12 is a true and accurate copy of my email response to Mr. Preston, wherein I informed informing him that I was working on promptly getting him an answer to this proposals.

17. Attached hereto as Exhibit 13 is a true and accurate copy of Mr. Preston's email to me in the afternoon of February 25, 2008.

18. Attached hereto as Exhibit 14 is a true and accurate copy of my email to Mr. Preston, notifying him that I was in the process of discussing his proposals with my client and would respond to him as soon as reasonably possible. I also voluntarily disclosed to Mr. Preston that our responses to his merit based discovery requests would be limited in light of our jurisdictional objections and lack of involvement in the WorldPoints Travel Rewards Program. I further informed Mr. Preston that we were waiting for a response from our client regarding our Rule 26 initial disclosures and "once it has been approved, we will serve it upon you promptly."

19. CCI served its Rule 26 initial disclosures the very next day, February 26, 2008.

20. The next day, Plaintiff filed his motion for an extension of time on CCI's motion to dismiss. At no point prior to filing his motion did Mr. Preston present CCI with an explanation as to why he needs or is entitled to a four month extension. Nor did Mr. Preston explain what kind of discovery he needed.

21.     On February 28, 2008, Plaintiff renoticed his motion for preliminary injunction and class certification for hearing on April 4, 2008.  Meaning that if the Court grants Plaintiff an extension on his time to respond to CCI's motion, Plaintiff's motion will be heard first.

22.     As a result of Plaintiff's actions yesterday, I contacted Mr. Preston this morning and asked that he agree to continue the hearing and related briefing on his motion for preliminary injunction and class certification if the Court determines that an extension is warranted on CCI's motion to dismiss, because CCI's jurisdictional challenge must be resolved first.  Attached hereto as Exhibit 15 is a true and accurate copy of my email to Mr. Preston.

23.     Attached hereto as Exhibit 16 is a true and accurate copy of Mr. Preston's response to me and my subsequent reply to him.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United Sates of America and the State of California that the foregoing is true and correct.

Executed on February 26, 2008 at Los Angeles, California.

/s/ Elizabeth D. Le
ELIZABETH D. LE

LA 60200642.2

- 11 -

CCI'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS, AND CONDITIONAL CROSS MOTION [CV 07-05892 SI]