# EXHIBIT 1

1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com

9  Scott Kamber
   KAMBEREDELSON LLC
10 11 Broadway, 22d Floor
   New York, NY 10004
11 Telephone: (212) 920-3072
   Fax: (212) 202-6364
12 skamber@kamberedelson.com

13 *Attorneys for John Lofton*

14            IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                    SAN FRANCISCO DIVISION

16 | JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated, | No. 07-05892 (MJJ)
17 |                                                                                                | Judge Martin J. Jenkins
18 |                        Plaintiff                                                               | **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO CARLSON DEFENDANTS**
19 |                        v.                                                                      |
20 | BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100, |
21 |                                                                                                |
22 |                                                                                                |
23 |                                                                                                |
24 |                        Defendants.                                                             |

**Instructions:**

The Carlson Defendants shall answer these Interrogatories in a manner that is consistent with their duties under Federal Rules 26 and 34. The following instructions do not limit the scope of the Carlson Defendants' obligations under the Rules, but are merely meant to remind or inform the Carlson Defendants of these duties and to provide examples of compliance those duties.

**A.   Definitions**

With respect to these Interrogatories,

1. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

2. "Carlson Defendants" means Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc., their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Carlson Defendants" in these Interrogatories refer to the persons in the preceding sentence.

3. The term "identify" means, with respect to any employee or agent of the Carlson Defendants, to state as much of the following information as is possible: their name, work address, home address, work telephone number, home telephone number, Social Security number, employer and title and/or department within that employer.

4. The term "identify" means, with respect to any other person, to state as much of the following information as is possible: their name, address, and the last four digits of their credit card number, to the extent it is known or possible to learn it.

5. The term "identify" means, with respect to any airline ticket, to state as much of the following information as is possible: the airline flight, the passenger and/or purchaser of the ticket, the date of the flight, the date of the ticket was purchased, the purchase price (individually listing any separate surcharges, charges, or fees) and as well as any other designation(s) that the Carlson Defendants use to uniquely identify any particular ticket.

6. "WorldPoints" means the credits towards various benefits accrued under the *Program Details* attached as Exhibit 2 to Ethan Preston's Declaration in Support of a Motion for Preliminary Injunction and/or the webpage at FIA Card Services, *Program Details*, Travel Rewards, *at* https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B (2007).

**B.   Certification**

Each of these Interrogatories shall be answered separately, and every answer shall be

signed under oath to the extent there is no objection. Pursuant to Rule 26(g), those signing the answers to these Interrogatories must certify that, to the best of its knowledge, information, and belief, formed after a reasonable inquiry, Defendants' answers to these Interrogatories are complete and correct as of the time they are made. Plaintiffs' counsel believes that it will help to avoid, minimize and/or quickly resolve disputes over compliance with Rule 26(g) if Defendants' answers to these Interrogatories identify who answered each Interrogatory, and indicate what that person did to investigate their answer to the Interrogatory to ensure that the answer provided was complete and correct.

If any Interrogatory cannot be answered in full after exercising due diligence to secure the information with which to do so, the answer should response to as much of the Interrogatory as possible but then expressly indicate the extent to which the answer is incomplete. The answer should also state with specificity why Defendants are unable to provide a complete response, and state whatever knowledge or information presently is available concerning the unanswered portion of the answer.

## C.  Supplementation

Under Rule 26(e), the Carlson Defendants have a duty to supplement and/or amend their answers to these Interrogatories within a reasonable period of time if it receives information from which one could reasonably claim that its prior answers were incomplete, incorrect, or were correct at the time of the answer but no longer correct.

## D.  Objections

Any objections to these Interrogatories must conform to Rule 26(a)(5)(A) and Rule 33(b)(4). Any grounds for objection that is not stated in a timely objection will be waived. If Defendants refuse answer Interrogatories under a claim of privilege or protection as trial-preparation material, Defendants shall make the claim expressly in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection.

### Plaintiff's First Set of Interrogatories

1. Identify each ticket which a California resident purchased (in whole or in part) with

redeemed WorldPoints through any of the Carlson Defendants since November 20, 2003.

2. For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose purchase price included any fee which was designated as fuel-related.

3. For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose purchase price included any fee that was not imposed by the airline.

4. Identify each employee or agent of any of the Carlson Defendants who was involved in the purchase of the tickets identified in the answer to Interrogatories No. 2 and 3.

5. Specifically describe every fact which the Carlson Defendants believe may support or contradict their opposition to the Plaintiff's Motion for Preliminary Injunction.

6. If the Carlson Defendants' answer to any of Plaintiff's Requests for Admission asserts a lack of information as a basis for failing to admit such Requests, indicate the efforts to obtain the information with specificity, including what efforts were made, which persons were involved in the efforts, and when the efforts were made.

Dated: January 8, 2008

By: _____

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Attorneys for John Lofton*

---

Plaintiffs' First Set of Interrogatories       4       No. 07-05892 (MJJ)


# CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C.§ 1746, I hereby certify that a copy of the foregoing Plaintiff's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents was this date served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of the same to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

| | |
|---|---|
| Abraham J. Colman<br>Reed Smith LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071-1514<br><br>*Attorneys for Bank of America Corp., and FIA Card Services, N.A.* | Elizabeth D. Le<br>Robins, Kaplan, Miller & Ciresi, LLP<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br><br>*Attorneys for Carlson Companies, Inc. Carlson Companies, Inc.. Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc.* |

Date:       January 8, 2007

By: /s/ ETHAN PRESTON