# EXHIBIT 3

1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com

9  Scott Kamber
   KAMBEREDELSON LLC
10 11 Broadway, 22d Floor
   New York, NY 10004
11 Telephone: (212) 920-3072
   Fax: (212) 202-6364
12 skamber@kamberedelson.com

13 *Attorneys for John Lofton*

14              **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
15                 **SAN FRANCISCO DIVISION**

16 JOHN LOFTON, an individual, on his own behalf        No. 07-05892 (MJJ)
   and on behalf of all others similarly situated,
17                                                       Judge Martin J. Jenkins
                        Plaintiff
18                                                       **PLAINTIFFS' FIRST SET OF**
                                                         **REQUESTS FOR PRODUCTION**
19           v.                                          **OF DOCUMENTS**

20 BANK OF AMERICA CORPORATION, FIA
   CARD SERVICES, N.A., a national banking
21 association, CARLSON COMPANIES, INC., a
   Minnesota corporation, CARLSON TRAVEL
22 NETWORK ASSOCIATES, INC., a Minnesota
   corporation, and CARLSON TRAVEL GROUP,
23 INC. a California corporation, and DOES 1 to
   100,
24                     Defendants.

25

26

27

28

   Plaintiffs' First Set of Requests for Documents                     No. 07-05892 (MJJ)

**Instructions:**

Defendants shall produce documents in response to these Requests in a manner that is consistent with their duties under Federal Rules 26 and 34. The following instructions are meant to remind or inform Defendants of Plaintiffs' expectations regarding Defendants' compliance with these Rules and to provide examples of such compliance, and do not limit the scope of Defendants' obligations under the Rules.

**A.    Definitions**

With respect to these Requests,

1. The term "document" includes any communication, data, information, or expression which can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, from any tangible medium now known or later developed.

2. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

3. The term "all" means every document known or which can be discovered by diligent efforts.

4. The terms "refer" or "relate" mean constituting, manifesting, containing, incorporating, reflecting, evidencing, pertaining, referring, indicating, showing, describing, discussing, mentioning, computing and/or concerning.

5. The term "string" means a particular sequence of characters, including letters, numerals, symbols and punctuation marks.

6. "Carlson Defendants" means Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc., their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Carlson Defendants" in these Interrogatories refer to the persons in the preceding sentence.

7. "Fuel-related fee" means the "fuel-related" fee included in the purchase price of those tickets identified in the answer to Plaintiff's Interrogatory No. 2 to the Carlson Defendants.

**B.    Scope**

The Carlson Defendants' response to these Requests shall include all documents which the Carlson Defendants control or are otherwise available to them. For the sake of clarity, the Carlson Defendants are reminded that this means that their response to these Requests shall include all documents which are under the control or otherwise available to "Carlson

Defendants" means Carlson Companies, Inc.. Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

**C.      Electronic Documents**

Pursuant to Federal Rule of Civil Procedure 34(a)(2), the Carlson Defendants shall produce in their response to these Requests each electronic or electronically stored document in a form that precisely replicates all the original documents' data and metadata (including both application-specific metadata, such as File Properties for Microsoft Word .doc files, and file system metadata, such as the date of creation, modification, access, file attributes, file permissions).

With respect to each such document produced, pursuant to Rule 34(a)(1), the Carlson Defendants shall translate or transform the document into reasonably usable form, provided that it also preserves or separately provides the documents' metadata to Plaintiffs' counsel. By way of example, text might be provided as plain text or Microsoft Word .doc files, databases should be produced in either Microsoft Assess format or Commodore Delimited ASCII, spreadsheets should be produced as Microsoft Excel, and presentations should be produced as Microsoft PowerPoint.

In the alternative, the Carlson Defendants may provide Plaintiffs' counsel access to the means by which the Carlson Defendants used to access, create, and/or review that document, unless the same is readily available to Plaintiffs' counsel. For instance, if a document is found in a proprietary database or an obscure file format, the Carlson Defendants would provide Plaintiffs' counsel access to that proprietary database program or the application which created the file.

**D.      Certification**

Pursuant to Rule 26(g), the Carlson Defendants' counsel must certify that, to the best of its knowledge, information, and belief, formed after a reasonable inquiry, the Carlson

---

Defendants' response to these Requests is complete and correct as of the time it is made. Plaintiffs' counsel believes that the protocol below will help to avoid, minimize and/or quickly resolve disputes over compliance with Rule 26(g). Consequently, Plaintiffs ask that the Carlson Defendants describe in their response these Requests:

1. the method(s) they used to identify and/or locate the document (including, by way of example, the search strings used in Windows Desktop Search to locate responsive electronic documents);

2. the street address of the property where the document was found;

3. the identity of the individual responsible for the maintenance, storage, security, and/or management of the document (including name, last known address, and job title/description);

4. for each electronic or electronically stored documents,

    a) the medium in which the document was stored (by way of example, desktop computer, email server, tape, Blackberry or other PDA, detached or external hard drive, CD, DVD, flash drive, floppy disk, the RAM of a printer or other peripheral device, etc.), as well as

    b) any identification for the storage device (by way of example, hostnames, domain names, network addresses, hard drive serial numbers, etc. for computers, and serial numbers or labels for tapes, PDAs, CDs, DVDs, flash drives, floppy disks);

    c) the file system used to store the electronic Document (by way of example, FAT, NTFS, ZFS, or ext3); and

    d) the method or protocol used to reproduce the document.

If any Request cannot be answered in full after exercising due diligence to secure the information with which to do so, the response should provide as many responsive documents as possible but then expressly indicate the extent to which the response is incomplete. The response should also state with specificity why the Carlson Defendants are unable to provide a complete response, and state whatever knowledge or information presently is available concerning the unanswered portion of the request.

E.    Supplementation

Under Rule 26(e), the Carlson Defendants have a duty to supplement and/or amend its responses to this Request within a reasonable period of time if they receive information from which one could reasonably claim that their prior responses were incomplete, incorrect, or were correct at the time of the response but no longer correct.

**F.    Objections**

Any objections to this Request must conform to Rule 26(a)(5)(A) and Rule 34(b). If documents are withheld under a claim of privilege or protection as trial-preparation material, the Carlson Defendants shall make the claim expressly and shall describe the nature of the withheld documents (and, if applicable, the external circumstances which ATI claims support the application of such privilege) in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection.

**Plaintiff's First Set of Requests for Production of Documents**

Please produce:

1.  Every document which the Carlson Defendants believe may support or contradict each of their answers to Plaintiff's First Set of Requests for Admission that is not an unqualified admission.

2.  Every document which the Carlson Defendants believe may support or contradict each of their answers to Plaintiff's First Set of Interrogatories.

3.  Every document which the Carlson Defendants believe may support or contradict their opposition to the Plaintiff's Motion for Preliminary Injunction.

4.  Every contract or agreement between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.

5.  Every document relating to communications regarding the above-captioned litigation between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.

6.  Every document which the Carlson Defendants contend is evidence that an airline was responsible for imposing, charging, or passing on the fuel-related fees specified in the Definitions above.

7.  Every document which the Carlson Defendants contend is evidence that purchase price of the tickets identified in the answer to Interrogatory No. 1 was the lowest fare available at the time the ticket was purchased.

8.  Every document related to changes or alterations made to webpage *Program Details*, at https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

9.  For the sake of clarity, every document related to any communications about changes or alterations made to webpage *Program Details*, at https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

10. Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson Companies, Inc.'s control over Carlson Travel Group, Inc.

11. Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson Companies, Inc.'s control over Carlson Travel Network Associates, Inc.

Dated: January 8, 2008

By:_____

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Attorneys for John Lofton*

**CERTIFICATE OF SERVICE**

Pursuant to 28 U.S.C.§ 1746, I hereby certify that a copy of the foregoing Plaintiff's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents was this date served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of the same to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

Abraham J. Colman
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

*Attorneys for Bank of America Corp., and FIA Card Services, N.A.*

Elizabeth D. Le
Robins, Kaplan, Miller & Ciresi, LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208

*Attorneys for Carlson Companies, Inc. Carlson Companies, Inc.. Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc.*

Date:        January 8, 2007

By:
ETHAN PRESTON

Certificate of Service

No. 07-05892 (MJJ)