# EXHIBIT 4

Martin R. Lueck (MN Bar No.155548)
Emmett J. McMahon (*pro hac* pending)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:  612-349-8500
Facsimile:  612-339-4181
E-mail:   mrlueck@rkmc.com
          ejmcmahon@rkmc.com

Elizabeth D. Le (CA Bar No. 216182)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:   310-552-0130
Facsimile:   310-229-5800
E-mail:   edle@rkmc.com

Attorneys for Defendant
CARLSON COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC., a California corporation, and DOES 1 to 100,<br><br>Defendants. | Case No.  CV 07-05892 MJJ<br><br>[Assigned to the Hon. Martin J. Jenkins]<br><br>**ANSWER OF DEFENDANT CARLSON COMPANIES, INC. TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  November 20, 2007 |

In response to the Complaint on file herein, Defendant CARLSON COMPANIES, INC. ("CCI") hereby answers, avers and pleads as follows:

### NATURE OF CLAIM

1.  Answering Paragraph 1 of the Complaint, CCI denies Plaintiff's allegation that "[t]his is [*sic*] case concerns Defendants' practice of charging fraudulent 'fuel-related' fees when credit card holders seek to redeem points obtained under Bank of America's ("B of A") WorldPoints Rewards credit card program." As to Plaintiff's allegations regarding the characteristic of the WorldPoints Rewards program contained in Paragraph 1 on page 2 at lines 4 through 8, CCI is without knowledge or information to form belief as to the truth of the allegations, and on that basis denies them.

2.  Answering Paragraph 2 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and therefore is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3.  Answering Paragraph 3 of the Complaint, CCI denies each and every allegation contained therein.

4.  Answering Paragraph 4 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and denies each and every allegation contained therein.

5.  Answering Paragraph 5, CCI admits that this case is brought by Plaintiff as a purported class action seeking penalties, compensation, fees and costs under various statutes. CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure or under any applicable California laws. Except as so admitted, CCI denies each and every allegation contained in Paragraph 5 of the Complaint.

6.  Answering Paragraph 6 of the Complaint, CCI admits that this case is brought by Plaintiff as a purported class action, seeking injunctive relief under California's Consumer Legal Remedies Act, equitable relief under California's Unfair Competition Law, and equitable relief

1 | for breach of fiduciary duty and for aiding and abetting breach of fiduciary duty. CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure or under any applicable California laws. CCI further denies that Plaintiff is entitled to the relief sought.

## PARTIES

7. Answering Paragraph 7 of the Complaint, CCI is without sufficient without knowledge or information to form belief as to the truth of the allegations regarding Plaintiff's place of residency, and on that basis denies them. CCI admits that Plaintiff holds a WorldPoints credit card issued by Bank of America and that he purchased airline tickets through the WorldPoints Reward program. Except as so admitted, CCI denies each and every allegation contained therein.

8. Answering Paragraph 8 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, CCI admits that it is a Minnesota corporation with its headquarters in Minneapolis, Minnesota. CCI admits that it was founded in 1938. Except as so admitted, CCI is unaware of the source of remaining allegations in Paragraph 10 and the source of the quoted language contained therein and therefore, denies said allegations on that basis.

11. Answering Paragraph 11 of the Complaint, CCI admits all the allegations therein.

12. Answering Paragraph 12 of the Complaint, CCI admits all the allegations therein.

13. Answering Paragraph 13 of the Complaint, CCI denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, CCI denies each and every allegation contained therein.

1    15.    Answering Paragraph 15 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16.    Answering Paragraph 16 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

17.    Answering Paragraph 17 of the Complaint, CCI admits that it and CTNA are incorporated and headquartered in Minnesota. CCI also admits that CTG is a California corporation with its headquarters in Minnesota. Except as so admitted, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies each and every allegation contained therein.

18.    Answering Paragraph 18 of the Complaint, CCI denies each and every allegation contained therein.

19.    Answering Paragraph 19 of the Complaint, CCI denies each and every allegation contained therein.

## INTRADISTRICT ASSIGNMENT

20.    Answering Paragraph 20 of the Complaint, CCI is without sufficient knowledge or information to form belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## TRAVEL REWARDS UNDER THE WORLDPOINTS REWARDS PROGRAM

21.    Answering Paragraph 21 of the Complaint, CCI admits all the allegations therein.

22.    Answering Paragraph 22 of the Complaint, CCI admits all the allegations therein.

23.    Answering Paragraph 23 of the Complaint, CCI does not purchase airline tickets under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and therefore the allegations in Paragraph 23 are denied.

///

84. Answering Paragraph 84 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure, and further denies each and every allegation contained in Paragraph 84.

85. Answering Paragraph 85 of the Complaint, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that Plaintiff is entitled to the relief sought. CCI further denies each and every allegation contained in Paragraph 85.

## PRAYER FOR RELIEF

86. Answering Plaintiff's Prayer for Relief at page 18, lines 13 through 16, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that Plaintiff is entitled to the relief requested or any relief.

87. Answering Plaintiff's Prayer for Relief at page 18, lines 16 through 19, CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies that Plaintiff is entitled to the relief requested or any relief.

88. Answering Plaintiff's Prayer for Relief at page 18, line 20, CCI denies that Plaintiff is entitled to the relief requested or any relief.

89. Answering Plaintiff's Prayer for Relief at page 18, lines 21 through 22, CCI denies that Plaintiff is entitled to the relief requested or any relief.

90. CCI denies each and every allegation that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, and without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of any of Plaintiff's causes of action rather than an element of an affirmative defense, CCI alleges the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. The Complaint, and each purported cause of action therein, fails to set forth sufficient facts to state a claim or cause of action upon which relief may be granted against CCI.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

2. This Court lacks personal jurisdiction over CCI.

## THIRD AFFIRMATIVE DEFENSE

### (Not a Proper Defendant)

3. CCI is not a proper defendant to the claims asserted by Plaintiff on his own behalf and as a representative of the purported class.

## FOURTH AFFIRMATIVE DEFENE

### (Lack of Standing)

4. The Complaint, in whole or in part, is barred because Plaintiff and/or purported members of the putative class lack standing in which to assert any claims against CCI.

## FIFTH AFFIRMATIVE DEFENSE

### (Causation)

5. Plaintiff and/or purported members of the putative class have not sustained any injury by reason of any action alleged in the Complaint that proximately or legally caused by CCI.

## SIXTH AFFIRMATIVE DEFENSE

### (Alternative Source of Supply Doctrine)

6. The Complaint, in whole or in part, is barred by the Alternative Source of Supply Doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Process)

7. To the extent Plaintiff purports to seek relief on behalf of members of the general public who have not suffered any damages, the Complaint and each of its claims for relief therein violate CCI's right to due process under the California and United States Constitutions.

///

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## DEMAND FOR JURY TRIAL

CCI hereby demands a trial by jury on all issues triable to a jury.

DATED: January 22, 2008              **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: ___/S/ Elizabeth D. Le___
    Martin R. Lueck
    Emmett J. McMahon
    Elizabeth D. Le

*Attorneys for Defendant Carlson Companies, Inc.*