# EXHIBIT 1

## Le, Elizabeth D.

| | |
|---|---|
| **From:** | Le, Elizabeth D. |
| **Sent:** | Friday, February 29, 2008 4:47 PM |
| **To:** | 'epreston@kamberedelson.com' |
| **Cc:** | Yu, Felicia; Yu, Jordan S.; Donald P Gagliardi; Jay Edelson, Esq.; McMahon, Emmett J.; Lueck, Martin R.; 'Sarskas, S. Edward (12521)'; Buck, Lori H.; Lee, Carol |
| **Subject:** | RE: Lofton |

Ethan:

We will discuss your proposal #1 with our client and get back to you as promptly as possible. But, neither this proposal nor your proposal #2 addresses the fact that CCI's jurisdictional challenge would be heard first. Nevertheless, while we would have liked to accommodate your request that we delay filing our request for an extension, it is our understanding that the Court would like a response from us immediately, and therefore, we will file our request to comply with the Court and preserve our rights.

Regards,
Liz

---

**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Friday, February 29, 2008 12:57 PM
**To:** Le, Elizabeth D.
**Cc:** Yu, Felicia; Yu, Jordan S.; Donald P Gagliardi; Jay Edelson, Esq.; McMahon, Emmett J.
**Subject:** Re: Lofton

Dear Liz,

Thank you for the email. I appreciate your forbearance in giving me several hours to respond; however, I understand the issue is quite time-sensitive and felt I should give you an immediate response, lest the delay prejudice your client's position.

I understand that CCI's position is that the motion to dismiss should be heard before the motion for preliminary injunction. Our issue is that we have sufficient evidence for the motion for preliminary injunction, and it is in our client's interests that it be heard shortly, but we have not been provided a meaningful opportunity to take discovery to oppose your motion. Moreover, the Court's injunction binds not only the parties but also "other persons who are in active concert or participation with" them, Fed. R. Civ. P. 65(d)(2)(C), and the "mandate of an injunction issued by a federal district court runs nationwide." Waffenschmidt v. MacKay, 763 F.2d 711, 716 (5th Cir. 1985). The outcome of CCI's motion is, therefore, irrelevant as to whether it would be bound by the constructive trust in the injunction Lofton seeks -- the practical effect will be the same. Hence, we do not agree that your motion must or should to be heard before our motion.

That said, I see a couple of ways of accommodating both parties:

> 1. Our offer to stay the case for mediation is still pending. Frankly, we set the April 4 hearing date with the expectation that the parties would continue it once we had a better idea about the timing of mediation, and contacted BofA's counsel in this regard. If CCI is not inclined to mediate before its motion has been resolved, we would be willing to mediate with the other Defendants without CCI (provided, naturally, that the other Defendants are

amenable to this solution).

2. We could have the motion for preliminary injunction and the motion to dismiss heard on the same day. A simultaneous decision would address CCI's concern about a preliminary injunction without personal jurisdiction. We would be willing to do this if CCI would provide discovery to us on a shortened time frame, but we would still need approximately 60 days to have a meaningful opportunity to conduct discovery.

Negotiating either of these solutions will probably take longer than the 3pm PST deadline which you have set. As there is plenty of time to renotice the motion for preliminary injunction, I would ask that you delay your filing of the motion for extension long enough for the other Defendants to consider these solutions. Obviously, we would renotice our motion for preliminary injunction if were needed to accomodate either solution.

With respect to our efforts to obtain your consent to Motion for Extension, I believe you are mistaken. Civil L.R. 6-3(a), not Civil L.R. 7-11(a), controls the declaration for Lofton's Motion. I alerted you that I had to proceed as though you would refuse the request for extension on Monday morning, and I filed the Motion for Extension shortly after noon, Tuesday. CCI had over 24 hours to ask for the information you've indicated below in order to make its decision. It is now obvious that CCI would have refused the extension even if it had received the requested information. Had we waited until receiving today's refusal, Lofton would have begun the Motion for Extension today and would have been greatly prejudiced thereby. Conversely, we do not see how CCI has been prejudiced by Lofton's Motion.

Regards,

Ethan


On Fri, 2008-02-29 at 10:09 -0800, Le, Elizabeth D. wrote:

>>>> Please read the confidentiality statement below <<<<

Ethan:

We were surprised to receive your motion for extension of time on CCI's motion to dismiss and do not think that you adequately complied with rules in your efforts to seek reach an agreement with us without court intervention. You waited until six days after we filed our motion to ask for a 120 days extension and expected us to give you a response in a matter of hours. You never explained why you needed or are entitled to120 days or the kind of jurisdictional discovery you are seeking. You certainly did not explain that you intended on filing a motion. When we were unable to give an immediate answer to your all or nothing proposal, you filed your motion.

That said, we intend to oppose your motion. We see that just yesterday you noticed your motion for preliminary injunction and class certification for hearing on April 4. It is our position that the preliminary injunction and class certification motion should be heard after our motion to dismiss. CCI's jurisdictional challenge must be resolved first.

Please let me know by 3 p.m. PST today whether you will agree to extend your preliminary injunction and class certification motion to be heard after our motion to dismiss if the court determines that an extension is warranted on CCI's motion. If we are unable to reach an

agreement, we will file a counter motion with the court for an extension on your preliminary injunction and class certification hearing.

Regards,

Liz

**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

Elizabeth D. Le

2049 Century Park East, Suite 3400

Los Angeles, California 90067

Tel:   (310) 552-0130

Fax:   (310) 229-5800

E-mail: edle@rkmc.com

3/3/2008