**EXHIBIT 4**

1  Martin R. Lueck (MN Bar No.155548)
2  Emmett J. McMahon (Admitted *pro hac vice*)
   **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
   2800 LaSalle Plaza
3  800 LaSalle Avenue
   Minneapolis, MN 55402
4  Telephone:    612-349-8500
   Facsimile:     612-339-4181
5  E-mail:        mrlueck@rkmc.com
                  ejmcmahon@rkmc.com
6
   Elizabeth D. Le (CA Bar No. 216182)
7  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
   2049 Century Park East, Suite 3400
8  Los Angeles, CA  90067-3208
   Telephone:    310-552-0130
9  Facsimile:     310-229-5800
   E-mail:        edle@rkmc.com
10
   Attorneys for Defendant
11 CARLSON COMPANIES, INC.

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16

17 | JOHN LOFTON, an individual, on his own | Case No.  CV 07-05892 SI
   | behalf and on behalf of all others similarly |
18 | situated, | [Assigned to the Hon. Susan Illston]
   |  |
19 |              Plaintiff, | **DEFENDANT CARLSON COMPANIES,**
   |  | **INC.'S OPPOSITION TO PLAINTIFF'S**
20 | v. | **MOTION FOR EXTENSION OF TIME TO**
   |  | **FILE OPPOSITION TO MOTION TO**
21 | BANK OF AMERICA CORPORATION, | **DISMISS, AND CONDITIONAL CROSS**
   | FIA CARD SERVICES, N.A., a national | **MOTION; DECLARATION OF**
22 | banking association, CARLSON | **ELIZABETH D. LE IN SUPPORT**
   | COMPANIES, INC., a Minnesota | **THEREOF**
23 | corporation, CARLSON TRAVEL |
   | NETWORK ASSOCIATES, INC., a | **[Civil L.R. 6-3]**
24 | Minnesota corporation, and CARLSON |
   | TRAVEL GROUP, INC., a California |
25 | corporation, and DOES 1 to 100, |
   |  |
26 |              Defendants. |

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA 60200642.2

## I.  SUMMARY OF ARGUMENT

Plaintiff's motion for a *four month* extension on Defendant Carlson Companies, Inc.'s ("CCI") motion to dismiss is nothing more than a transparent delay tactic, accompanied with an incomplete disclosure of facts.  The facts will clearly demonstrate that this case is in its infancy, that Plaintiff knew since January 22 that CCI intended to file a motion to dismiss, that CCI's motion raises genuine issues regarding personal jurisdiction, that Plaintiff admits in his Complaint that he is "ignorant" of the role of CCI in the alleged misconduct, that Plaintiff has not identified *any* discovery needed to oppose CCI's motion, and that, most of all, the urgency was created solely by *Plaintiff* because he insists on having an injunction and class certification hearing before CCI's legitimate personal jurisdiction motion can be resolved.  Plaintiff has been threatening a very quick hearing on an injunction and class certification, and most recently scheduled a hearing on those matters for April 4.  CCI would have no problem in granting an extension for limited discovery on jurisdictional matters if Plaintiff would likewise agree to proceed with the injunction and class certification hearing after the personal jurisdiction challenge is decided.  Unfortunately, he will not agree.

## II.  CCI'S PERSONAL JURISDICTION MOTION WAS NOT A SURPRISE.

Plaintiff complains that CCI gave him no indication that it would file a motion to dismiss. He is not correct.  To the contrary, CCI *did* notify Plaintiff of its objection to personal jurisdiction and the very real possibility that CCI would file a motion to dismiss in the near future.  In fact, Plaintiff has known since January 22–over a month ago–that CCI objected to personal jurisdiction when CCI asserted this objection as its Second Affirmative Defense in its Answer to Plaintiff's Complaint.  (Le Dec. ¶ 6 & Ex. 4.)  Moreover, the parties filed a stipulation on January 23, 2008 in which all the defendants *except CCI* agreed to restrictions on filing a motion to dismiss.  (*Id.* at ¶¶ 7-11 & Ex. 5-10.)  Plaintiff agreed:

> IT IS HEREBY STIPULATED, by and between the undersigned parties, that Bank of America Corp., FIA Card Services, N.A., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. (that is, all Defendants besides Carlson Companies, Inc.) will not notice or schedule the hearing for any motion to dismiss Plaintiff's complaint (or similar responsive motion *in lieu* of an answer prior to April 2, 2008.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

1    (*Id.* at ¶ 10 & Ex. 9-10.)  Thus, Plaintiff knew that CCI was planning to file a motion to dismiss in

2    advance of the Plaintiff's preliminary injunction hearing.  His cries of surprise are inconsistent

3    with facts.

4    **III.    PLAINTIFF HAS FAILED TO DEMONSTRATE WHY HE IS ENTITLED TO POSTPONE JURISDICTIONAL DISCOVERY UNTIL FOUR MONTHS AFTER**

5    **THE INJUNCTION AND CLASS CERTIFICATION ISSUES ARE DECIDED.**

6    Nowhere in Plaintiff's motion does he explain why he needs or is even entitled to a four

7    month extension.  Plaintiff also has not made a requisite showing that jurisdictional discovery is

8    warranted.  *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, at 430 n. 24 (9th Cir.

9    1977).  While Plaintiff claims that he needs the requested time to conduct discovery to oppose

10   CCI's motion, he does not explain what kind of discovery is needed, why he is entitled to it or

11   why it will take him four months to do so.  He has not explained why he has not attempted this

12   discovery to date.  He has not shown any danger to the public health or any other reason why his

13   injunction hearing has to occur before this Court determines the legitimate personal jurisdictional

14   issues.

15   Nevertheless, CCI has never told Plaintiff that it would not allow him to conduct

16   jurisdictional discovery, subject to Plaintiff's demonstration that such discovery is warranted.

17   Plaintiff just simply has not met his prerequisite prima facie burden for jurisdictional discovery.

18   *Wells Fargo*, 556 F. 2d at 430.  ("It is clear that plaintiffs bear the burden…of making an initial,

19   prima facie showing of jurisdictional facts at the pleading stage…")  Instead, Plaintiff complains

20   about CCI's limited responses to Plaintiff's pending merit based discovery.  (Motion at 3:19-23)

21   This pending discovery, however, does not seek information about CCI's jurisdictional contacts

22   with California.  Rather, the requests seek information regarding the WorldPoints Travel Rewards

23   Program and transactions at issue in the Complaint, with which CCI had no involvement.

24   Therefore, it should be of no surprise to Plaintiff that CCI will have very little information to

25   disclose.  Even so, while under no obligation to do so, CCI in good faith highlighted this to

26   Plaintiff's attention ahead of time.  (Le Dec. ¶ 18 & Ex. 14.)  CCI even suggested that the parties

27   stay their efforts on this merit based discovery in the interest of time and economy.  (*Id.*)

28   While CCI would be agreeable to jurisdictional discovery, Plaintiff has yet to provide a

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    detailed explanation of the kind of discovery he seeks. For example, is Plaintiff seeking written

2    discovery or depositions? Moreover, Plaintiff has still not explained why he needs or is entitled

3    to four months to conduct his discovery. Plaintiff cites to the thirty day discovery rule in his

4    motion. (Motion at 3:12-13.) But this still does not explain why Plaintiff needs 126 days!

5    **IV.    CCI WILL BE SEVERELY PREJUDICED BY A FOUR MONTH EXTENSION.**

6          CCI will suffer severe prejudice by a four month extension during which time it will be

7    forced to continue investing unnecessary time, effort and expenses litigating a case over which

8    the Court does not have jurisdiction. Plaintiff has made no offer to stay the merits of the case

9    during the period in which it seeks to delay resolution of CCI's jurisdictional challenge. On the

10   contrary, Plaintiff unreasonably insists that CCI continue litigating the merits of the case.

11   Plaintiff expects CCI to complete its merit based discovery responses. Plaintiff also expects CCI

12   to oppose Plaintiff's motion for preliminary injunction and class certification and appear for

13   hearing on the motion on April 4. Notably, just yesterday, Plaintiff renoticed his preliminary

14   injunction hearing for April 4 as he had been threatening in the past. On the other hand, Plaintiff

15   offers absolutely *no reason* why the class certification and injunction hearing must be decided so

16   quickly. The burden and expense imposed upon CCI far exceeds any benefit Plaintiff would

17   derive, especially since CCI is not subject to this Court's jurisdiction.

18         Plaintiff claims that the extension should not delay proceedings because CCI's motion is

19   properly resolved at trial. His argument is based on the unsupported assumption that CCI's

20   jurisdictional challenge "overlaps" with the merits of the case. (Motion at 4:15-28.) First, it is

21   unclear how Plaintiff could make that argument since his complaint alleges that he is "ignorant"

22   of the role of CCI in the alleged activity. Plaintiff misinterpreted of the standard set forth by *Data*

23   *Disc* Court as to when jurisdictional challenges are better addressed at trial. *Data Disc* held that

24   the jurisdictional facts must be "intertwined with the merits of the action", not just "overlap."

25   *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F. 2d 1280, 1285 n. 2 (9th Cir. 1977).

26   There is no showing here that CCI's jurisdictional facts are intertwined with the merits of

27   Plaintiff's action. As demonstrated in CCI's motion to dismiss, CCI was not the administrator of

28   the WorldPoints Travel Rewards Program and never made any travel purchases on behalf of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA 60200642.2                        - 4 -

CCI'S OPPOSITION TO PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO FILE OPPOSITION TO
MOTION TO DISMISS, AND CONDITIONAL CROSS
MOTION [CV 07-05892 SI]

1    WorldPoints card holders.  These facts can easily be established through declarations, such as the

2    ones attached to CCI's motion.  The "merits" at issue in Plaintiff's case go to whether the travel

3    charges to the WorldPoints card holders were unfair and violated the CLRA, UCL and various

4    alleged fiduciary duties.   Plaintiff does not prevail on his case simply by proving that the

5    defendants purchased airline tickets for WorldPoints customers.  That goes to whether Plaintiff

6    has sued the proper defendant and, in CCI's case, whether jurisdiction is proper.  Where there is

7    no demonstration that jurisdictional facts are enmeshed with the merits of the action, such as in

8    this case, a jurisdictional challenge is properly decided on a motion to dismiss before trial.  *Penny*

9    *Newman Grain Co. v. Midwest Paint Services, Inc.*, 2007 WL 4531700, *14 (E.D. Cal., 2007)

10   (distinguishing *Data Disc*).

11   **V.      IF THE COURT IS INCLINED TO EXTEND THE HEARING DATE ON CCI'S**
         **JURISDICTIONAL MOTION, THEN CCI MAKES THIS CONDITIONAL**
12       **MOTION THAT THE COURT LIKEWISE EXTEND THE DATE FOR THE**
         **HEARING ON THE MOTION FOR CLASS CERTIFICATION AND**
13       **INJUNCTION FOR A REASONABLE TIME AFTER THE JURISDICTIONAL**
         **ISSUE IS DECIDED.**
14

15           If the Court extends CCI's hearing date on its motion to dismiss to a later date, this Court

16   should stay all merit based discovery against CCI in the interim, and reset the hearing date for

17   Plaintiffs Motion for Preliminary Injunction and Class Certification for a reasonable time after the

18   personal jurisdiction motion is decided.   CCI's jurisdictional challenge must be heard and

19   resolved first.  Fir that reason, CCI noticed its motion to dismiss for hearing before Plaintiff's

20   preliminary injunction.   CCI should not be subjected to briefing and a hearing on Plaintiff's

21   motion if it should properly be dismissed from the case.

22           Such a stay would be consistent with  well established case law limiting the development

23   of the merits of a case while challenges to jurisdiction are pending.

24               Inasmuch as a dispositive motion is pending, the Court concludes
                 that allowing discovery which extends beyond jurisdictional issues
25               at this juncture would place a burden upon Defendant which far
                 exceeds any benefit Plaintiff would derive.  Should Defendant
26               prevail on its motion to dismiss, any effort expended in responding
                 to merits-related discovery would prove to be a waste of both
27               parties' time and resources.  Should Defendant's motion be denied,
                 however, Plaintiff will still have ample time and opportunity to
28               conduct discovery on the merits.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    *Orchid Biosciences, Inc. v. St. Louis University,* 198 F.R.D. 670, 675 (S.D. Cal., 2001).   Yet, as

2    discussed above, Plaintiff refuses to implement a stay.   Plaintiff's unreasonable actions and

3    gamesmanship have necessitate that CCI file a motion for protective order staying merit based

4    litigation pending resolution of its jurisdictional challenge.   To the extent that the Court rule upon

5    Plaintiff's request for an extension before CCI's motion for protective order is heard,

6    **VI.    PLAINTIFF DID NOT ATTEMPT IN GOOD FAITH TO REACH A**

7    **STIPULATION WITH CCI REGARDING AN EXTENSION.**

8        Plaintiff filed this motion because CCI would not immediately agree to his terms for a

9    stipulated dismissal.   Last Friday afternoon, Plaintiff sent CCI a proposal to dismiss CCI from

10    this lawsuit, conditioned upon a number of requirements. (Le Dec. at ¶ 14.)  When CCI's counsel

11    was unable to confer with their client and provide Plaintiff's counsel with a response in 48 hours,

12    Plaintiff requested that CCI stipulate to a 120 day continuance.  (*Id.* at ¶ 15 & Ex. 11.)  Because

13    CCI's counsel was unable to confer with their client and immediately respond to Plaintiff's

14    proposed time extension in 24 hours, Plaintiff rushed to file this motion.  (*Id.* at ¶¶ 17 & 18.)

15    Plaintiff did not give CCI adequate to his proposal, nor did he provide CCI with alternatives to his

16    proposed extension.   Rather, he unreasonably and unrealistically expected CCI to immediately

17    accept his all or nothing proposed 120 day extension.   Upon not hearing from CCI within hours

18    and despite assurances from CCI's counsel that she was seeking client approval, Plaintiff filed

19    this motion.  (*Id.* at ¶ 20.)  It is evident that the time constraints of which Plaintiff bemoans are

20    caused by his own inactions.

21    **VII.    CONCLUSION**

22        For the foregoing reasons, CCI respectfully requests that this Court deny Plaintiff's

23    request for a four month extension on Plaintiff's opposition deadline and the hearing date on

24    CCI's motion to dismiss for lack of personal jurisdiction.   CCI asks that this Court keep

25    Plaintiff's current March 7 opposition deadline and the current March 28 hearing date.

26    Alternatively, if the Court is inclined to grant Plaintiff an extension, CCI asks that the Court stay

27    all merit based discovery against CCI in the interim, and reset the hearing date and related

28    briefing schedule for a reasonable time after the personal jurisdiction motion is decided and that

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    Plaintiff's motion for preliminary injunction be heard after this Court has issued a ruling on CCI's

2    motion to dismiss.  Alternatively, CCI requests oral argument.

3    DATED:  February 29, 2008                    Respectfully submitted,
                                                   **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
4

5                                                  By:  ___/S/ Elizabeth D. Le_____
                                                        Martin R. Lueck
6                                                       Emmett J. McMahon
                                                        Elizabeth D. Le
7
                                                   *Attorneys for Defendant Carlson Companies, Inc.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA 60200642.2                          - 7 -

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**DECLARATION OF ELIZABETH D. LE**

I, Elizabeth D. Le, declare as follows:

1.     I am an attorney licensed to practice law in the State of California, and an associate at the law firm Robins, Kaplan, Miller & Ciresi L.L.P., counsel of record for Defendant Carlson Companies, Inc. in this action.  I have first hand knowledge of the following facts and if called upon to testify as a witness, I could and would competently testify thereto.

2.     On November 20, 2007, Plaintiff filed his Class Action Complaint against Bank of America Corporation, FIA Card Services, N.A., Carlson Companies, Inc., ("CCI"), Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc.   Plaintiff served his Summons and Complaint on CCI on

3.     On November 30, 2007, Plaintiff served his Summons and Complaint on CCI.

4.     Approximately two weeks after filing his Complaint, Plaintiff filed his Motion for Preliminary Injunction and Class Certification, and scheduled the motion for hearing on January 15, 2008.  Thereafter, the parties stipulated to the hearing to March 4, 2008.

5.     On January 8, 2008, Plaintiff propounded special interrogatories, requests for admissions and document demands, seeking information relating to the merits of the case. Attached hereto as Exhibits 1 through 3 are Plaintiff's first set of discovery requests.

6.     On January 22, 2008, CCI filed its Answer to Plaintiff's Class Action Complaint and asserted lack of personal jurisdiction as its Second Affirmative Defense.  Attached hereto as Exhibit 4 is a true and accurate copy of relevant excerpts from CCI's Answer.

7.     As a result of scheduling issues, the Court moved the March 4 hearing on Plaintiff's motion for preliminary injunction and class certification.  Consequently, on January 22, 2003, Plaintiff's counsel sought a stipulation from to extend the hearing date to April 2 and related briefing deadlines accordingly.  Plaintiff also proposed that Defendants stipulate to not notice or schedule any motion to dismiss to Plaintiff's complaint prior to the April 2 hearing on Plaintiff's preliminary injunction and class certification motion.  Attached hereto as Exhibit 5 is a true and accurate copy of an email from Plaintiff's counsel, Ethan Preston, to me, among others,

1    dated January 22, 2008, with the proposed stipulation attached.  The provision at issue is set forth

2    on page 3, lines 24 through 27 of the proposed stipulation.

3         8.    Attached hereto as Exhibit 6 is a true and accurate copy of my email to Mr.

4    Preston rejecting his proposal and refusing stipulate that CCI would not notice a motion to

5    dismiss prior to Plaintiff's April 2 hearing.

6         9.    Upon learning of CCI's objection to his proposal, Mr. Preston attempted to secure

7    a stipulation with the other defendants without CCI.  Attached hereto as Exhibit 7 is a true and

8    accurate copy of an email from Mr. Preston to Donald Gagliardi, counsel for Defendants Carlson

9    Travel Network Associates, Inc. and Carlson Travel Group, Inc., dated January 22, 2008, which

10   Mr. Gagliardi forwarded to me.  Mr. Preston wrote:  "I'd like know whether or not CTG and

11   CTNA will consent to the stipulation without CCI."

12        10.   CCI did not change its position.  On January 23, 2008, Mr. Preston circulated a

13   revised proposed stipulation, wherein he carved CCI out of the following provision:

14           IT IS HEREBY STIPULATED, by and between the undersigned
             parties, that Bank of America Corp., FIA Card Services, N.A.,
15           Carlson Travel Network Associates, Inc., and Carlson Travel
             Group, Inc. (that is, all Defendants besides Carlson Companies,
16           Inc.) will not notice or schedule the hearing for any motion to
             dismiss Plaintiff's complaint (or similar responsive motion *in lieu*
17           of an answer prior to April 2, 2008.

18   Attached hereto as Exhibit 8 and 9 are true and accurate copies of emails from Mr. Preston to me,

19   wherein he wrote:  "[P]lease take a look at the revised stipulation I circulated this morning.  I

20   believe it should satisfy CCI's prior objections."  (*See* Ex. 9.)

21        11.   CCI was agreeable with the revised stipulation.  Attached hereto as Exhibit 10 is a

22   true and accurate copy of the revised stipulation that was filed with the Court on January 23,

23   2008.

24        12.   On February 15, 2008, the Court reassigned this case from Judge Jenkins to Judge

25   Illston and vacated all hearings dates on previously noticed motions.

26        13.   CCI filed its Motion to Dismiss for Lack of Personal Jurisdiction on February 20,

27   2008.  Because CCI's jurisdictional challenge must be resolved first, CCI noticed its motion for

28   hearing on March 28.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

CCI'S OPPOSITION TO PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO FILE OPPOSITION TO
MOTION TO DISMISS, AND CONDITIONAL CROSS
MOTION [CV 07-05892 SI]

14.     In the late afternoon of February 22, 2008, Mr. Preston sent me a proposal to dismiss CCI from the case.  Thereafter, I spoke to Mr. Preston and told him that I needed to discuss the proposal with my client and other colleagues.  I suggested to him that we put off our Rule 26 Initial Disclosures and discovery responses to Plaintiff's merits based discovery until the jurisdictional challenge was resolved.  Mr. Preston refused and said that he "wanted to see what we had."

15.     On February 25, 2008, six days after CCI filed its motion to dismiss, I received an email from Mr. Preston requesting that CCI stipulate to continue the hearing date on its motion and related briefing schedule by 120 days.  Attached hereto as Exhibit 11 is a true and accurate copy of Mr. Preston's email to me, dated February 25, 2008.

16.     Attached hereto as Exhibit 12 is a true and accurate copy of my email response to Mr. Preston, wherein I informed informing him that I was working on promptly getting him an answer to this proposals.

17.     Attached hereto as Exhibit 13 is a true and accurate copy of Mr. Preston's email to me in the afternoon of February 25, 2008.

18.     Attached hereto as Exhibit 14 is a true and accurate copy of my email to Mr. Preston, notifying him that I was in the process of discussing his proposals with my client and would respond to him as soon as reasonably possible.  I also voluntarily disclosed to Mr. Preston that our responses to his merit based discovery requests would be limited in light of our jurisdictional objections and lack of involvement in the WorldPoints Travel Rewards Program.  I further informed Mr. Preston that we were waiting for a response from our client regarding our Rule 26 initial disclosures and "once it has been approved, we will serve it upon you promptly."

19.     CCI served its Rule 26 initial disclosures the very next day, February 26, 2008.

20.     The next day, Plaintiff filed his motion for an extension of time on CCI's motion to dismiss.  At no point prior to filing his motion did Mr. Preston present CCI with an explanation as to why he needs or is entitled to a four month extension.  Nor did Mr. Preston explain what kind of discovery he needed.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA 60200642.2                          - 10 -

CCI'S OPPOSITION TO PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO FILE OPPOSITION TO
MOTION TO DISMISS, AND CONDITIONAL CROSS
MOTION [CV 07-05892 SI]

21.    On February 28, 2008, Plaintiff renoticed his motion for preliminary injunction and class certification for hearing on April 4, 2008.  Meaning that if the Court grants Plaintiff an extension on his time to respond to CCI's motion, Plaintiff's motion will be heard first.

22.    As a result of Plaintiff's actions yesterday, I contacted Mr. Preston this morning and asked that he agree to continue the hearing and related briefing on his motion for preliminary injunction and class certification if the Court determines that an extension is warranted on CCI's motion to dismiss, because CCI's jurisdictional challenge must be resolved first.  Attached hereto as Exhibit 15 is a true and accurate copy of my email to Mr. Preston.

23.    Attached hereto as Exhibit 16 is a true and accurate copy of Mr. Preston's response to me and my subsequent reply to him.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United Sates of America and the State of California that the foregoing is true and correct.

Executed on February 26, 2008 at Los Angeles, California.

/s/ Elizabeth D. Le
ELIZABETH D. LE

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 1**

1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com

9  Scott Kamber
   KAMBEREDELSON LLC
10 11 Broadway, 22d Floor
   New York, NY 10004
11 Telephone: (212) 920-3072
   Fax: (212) 202-6364
12 skamber@kamberedelson.com

13 *Attorneys for John Lofton*

14         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                SAN FRANCISCO DIVISION

16 JOHN LOFTON, an individual, on his own behalf       No. 07-05892 (MJJ)
   and on behalf of all others similarly situated,
17                                                      Judge Martin J. Jenkins
18              Plaintiff
                                                        **PLAINTIFFS' FIRST SET OF**
19         v.                                           **INTERROGATORIES TO**
                                                        **CARLSON DEFENDANTS**
20 BANK OF AMERICA CORPORATION, FIA
   CARD SERVICES, N.A., a national banking
21 association, CARLSON COMPANIES, INC., a
   Minnesota corporation, CARLSON TRAVEL
22 NETWORK ASSOCIATES, INC., a Minnesota
   corporation, and CARLSON TRAVEL GROUP,
23 INC.  a California corporation, and DOES 1 to
   100,
24
              Defendants.
25

26

27

28

---

Plaintiffs' First Set of Interrogatories                          No. 07-05892 (MJJ)

**Instructions:**

The Carlson Defendants shall answer these Interrogatories in a manner that is consistent with their duties under Federal Rules 26 and 34. The following instructions do not limit the scope of the Carlson Defendants' obligations under the Rules, but are merely meant to remind or inform the Carlson Defendants of these duties and to provide examples of compliance those duties.

**A.    Definitions**

With respect to these Interrogatories,

1.  The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

2.  "Carlson Defendants" means Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc., their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Carlson Defendants" in these Interrogatories refer to the persons in the preceding sentence.

3.  The term "identify" means, with respect to any employee or agent of the Carlson Defendants, to state as much of the following information as is possible: their name, work address, home address, work telephone number, home telephone number, Social Security number, employer and title and/or department within that employer.

4.  The term "identify" means, with respect to any other person, to state as much of the following information as is possible: their name, address, and the last four digits of their credit card number, to the extent it is known or possible to learn it.

5.  The term "identify" means, with respect to any airline ticket, to state as much of the following information as is possible: the airline flight, the passenger and/or purchaser of the ticket, the date of the flight, the date of the ticket was purchased, the purchase price (individually listing any separate surcharges, charges, or fees) and as well as any other designation(s) that the Carlson Defendants use to uniquely identify any particular ticket.

6.  "WorldPoints" means the credits towards various benefits accrued under the *Program Details* attached as Exhibit 2 to Ethan Preston's Declaration in Support of a Motion for Preliminary Injunction and/or the webpage at FIA Card Services, *Program Details*, Travel Rewards, *at* https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B (2007).

**B.    Certification**

Each of these Interrogatories shall be answered separately, and every answer shall be

signed under oath to the extent there is no objection. Pursuant to Rule 26(g), those signing the answers to these Interrogatories must certify that, to the best of its knowledge, information, and belief, formed after a reasonable inquiry, Defendants' answers to these Interrogatories are complete and correct as of the time they are made. Plaintiffs' counsel believes that it will help to avoid, minimize and/or quickly resolve disputes over compliance with Rule 26(g) if Defendants' answers to these Interrogatories identify who answered each Interrogatory, and indicate what that person did to investigate their answer to the Interrogatory to ensure that the answer provided was complete and correct.

If any Interrogatory cannot be answered in full after exercising due diligence to secure the information with which to do so, the answer should response to as much of the Interrogatory as possible but then expressly indicate the extent to which the answer is incomplete. The answer should also state with specificity why Defendants are unable to provide a complete response, and state whatever knowledge or information presently is available concerning the unanswered portion of the answer.

**C.     Supplementation**

Under Rule 26(e), the Carlson Defendants have a duty to supplement and/or amend their answers to these Interrogatories within a reasonable period of time if it receives information from which one could reasonably claim that its prior answers were incomplete, incorrect, or were correct at the time of the answer but no longer correct.

**D.     Objections**

Any objections to these Interrogatories must conform to Rule 26(a)(5)(A) and Rule 33(b)(4). Any grounds for objection that is not stated in a timely objection will be waived. If Defendants refuse answer Interrogatories under a claim of privilege or protection as trial-preparation material, Defendants shall make the claim expressly in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection.

**<u>Plaintiff's First Set of Interrogatories</u>**

1.   Identify each ticket which a California resident purchased (in whole or in part) with

1    redeemed WorldPoints through any of the Carlson Defendants since November 20,
2    2003.

3    2.  For every ticket identified in the answer to Interrogatory No. 1, identify each ticket
     whose purchase price included any fee which was designated as fuel-related.

4    3.  For every ticket identified in the answer to Interrogatory No. 1, identify each ticket
5    whose purchase price included any fee that was not imposed by the airline.

6    4.  Identify each employee or agent of any of the Carlson Defendants who was involved in
     the purchase of the tickets identified in the answer to Interrogatories No. 2 and 3.

7    5.  Specifically describe every fact which the Carlson Defendants believe may support or
8    contradict their opposition to the Plaintiff's Motion for Preliminary Injunction.

9    6.  If the Carlson Defendants' answer to any of Plaintiff's Requests for Admission asserts
     a lack of information as a basis for failing to admit such Requests, indicate the efforts
10   to obtain the information with specificity, including what efforts were made, which
     persons were involved in the efforts, and when the efforts were made.

11   Dated: January 8, 2008

12                                          By: _____

13                                          Jay Edelson
                                            Ethan Preston
14                                          KAMBEREDELSON LLC
                                            53 West Jackson Ave., Suite 1530
15                                          Chicago, IL 60604
                                            312-589-6370
16                                          jedelson@kamberedelson.com
                                            epreston@kamberedelson.com
17
                                            *Attorneys for John Lofton*
18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' First Set of Interrogatories          4                        No. 07-05892 (MJJ)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C.§ 1746, I hereby certify that a copy of the foregoing Plaintiff's
First Set of Interrogatories, Requests for Admissions, and Requests for Production of
Documents was this date served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy
of the same to be placed in the United States Mail, postage prepaid, and sent to their last
known address as follows:

Abraham J. Colman
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

*Attorneys for Bank of America Corp., and
FIA Card Services, N.A.*

Elizabeth D. Le
Robins, Kaplan, Miller & Ciresi, LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208

*Attorneys for Carlson Companies, Inc.
Carlson Companies, Inc.. Carlson Travel
Network Associates, Inc., and Carlson Travel
Group, Inc.*

Date:          January 8, 2007

By:
ETHAN PRESTON

Certificate of Service                                    No. 07-05892 (MJJ)

**EXHIBIT 2**

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

Scott Kamber
KAMBEREDELSON LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kamberedelson.com

*Attorneys for John Lofton*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff<br><br>        v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100,<br><br>        Defendants. | No. 07-05892 (MJJ)<br><br>Judge Martin J. Jenkins<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO CARLSON DEFENDANTS** |

**Instructions:**

The Carlson Defendants shall answer these Requests for Admission in a manner that is consistent with their duties under Federal Rules 26 and 36. The following instructions do not limit the scope of the Carlson Defendants' obligations under the Rules, but are merely meant to remind or inform the Carlson Defendants of these duties and to provide examples of compliance those duties.

**A.    Definitions**

With respect to these Requests,

1.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

2.    "Carlson Defendants" means Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc., their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Carlson Defendants" in these Requests for Admission refer to the persons in the preceding sentence.

3.    The term "Lofton Tickets" refer to the tickets for Continental Airline flights 416 and 2629 on December 14 and Continental Airline flights 2143 and 378 on December 16.

4.    "WorldPoints" means the credits towards various benefits accrued under the *Program Details* attached as Exhibit 2 to Ethan Preston's Declaration in Support of a Motion for Preliminary Injunction and/or the webpage at FIA Card Services, *Program Details*, Travel Rewards, *at* https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B (2007).

**B.    Responses to These Requests**

Under Federal Rule 36(a)(4), if the Carlson Defendants do not admit any of these Requests, Federal Rule 36(a)(4) requires them to answer to such Requests by specifically denying the Requests or stating in detail why they cannot truthfully admit or deny the Requests. If good faith requires the Carlson Defendants to qualify an answer or deny only a part of a matter, their answer must specify the part admitted and qualify or deny the rest. The Carlson Defendants cannot assert a lack of information as a basis for a refusal to admit or deny any of these Requests, unless their answer states that they have made a reasonable inquiry and that the information known or readily obtainable by them is insufficient to enable

them to admit or deny.

**C.    Supplementation**

Under Rule 26(e), the Carlson Defendants have a duty to supplement and/or amend their answers to these Requests for Admission within a reasonable period of time if it receives information from which one could reasonably claim that its prior answers were incomplete, incorrect, or were correct at the time of the answer but no longer correct.

**D.    Objections**

Any objections to these Requests for Admission must conform to Rule 26(a)(5)(A) and Rule 36(a)(5).

**Plaintiff's First Set of Requests for Admission**

Please admit:

1.  The document attached to the Declaration of John Lofton in Support of Plaintiffs' Motion for Preliminary Injunction as Exhibit A is a true and accurate copy of the itinerary for the Tickets provided as a webpage at http://mytripandmore.com.

2.  Carlson Companies, Inc. operates or controls the content of itineraries provided through http://mytripandmore.com, including the assessment of the "fuel-related" fee on the purchase price of the Tickets.

3.  Carlson Travel Network Associates, Inc. operates or controls the content of itineraries provided through http://mytripandmore.com, including the assessment of the "fuel-related" fee on the purchase price of the Tickets.

4.  Carlson Travel Group, Inc. operates or controls the content of itineraries provided through http://mytripandmore.com, including the assessment of the "fuel-related" fee on the purchase price of the Tickets.

5.  One or more of the Carlson Defendants operate or control the content of itineraries provided through http://mytripandmore.com, including the assessment of the "fuel-related" fee on the purchase price of the Tickets.

6.  Continental Airlines did not impose the $45 "fuel-related" fee listed in Exhibit A to the Declaration of John Lofton in Support of Plaintiffs' Motion for Preliminary Injunction.

7.  The document attached to the Declaration of John Lofton in Support of Plaintiffs' Motion for Preliminary Injunction as Exhibit B is a genuine (albeit redacted) copy of John Lofton's credit card bill.

8.  Carlson Companies, Inc. charged the unredacted charges recorded in Exhibit B to the Declaration of John Lofton in Support of Plaintiffs' Motion for Preliminary Injunction.

9.  Carlson Travel Network Associates, Inc. charged the unredacted charges recorded in Exhibit B to the Declaration of John Lofton in Support of Plaintiffs' Motion for Preliminary Injunction.

10. Carlson Travel Group, Inc. charged the unredacted charges recorded in Exhibit B to the Declaration of John Lofton in Support of Plaintiffs' Motion for Preliminary Injunction.

11. One or more of the Carlson Defendants charged the unredacted charges recorded in Exhibit B to the Declaration of John Lofton in Support of Plaintiffs' Motion for Preliminary Injunction.

12. The document attached to the Declaration of John Lofton in Support of Plaintiffs' Motion for Preliminary Injunction as Exhibit C is a true and accurate copy of the itinerary for the Tickets available through Orbitz.com on or about October 22, 2007.

13. The document attached to the Declaration of John Lofton in Support of Plaintiffs' Motion for Preliminary Injunction as Exhibit D is a true and accurate copy of the itinerary for the Tickets available through Expedia.com on or about October 22, 2007.

14. The document attached to the Declaration of John Lofton in Support of Plaintiffs' Motion for Preliminary Injunction as Exhibit C is a true and accurate copy of the itinerary for the Tickets available through Travelocity on or about October 22, 2007.

15. The document attached to the Declaration of Ethan Preston in Support of Plaintiffs' Motion for Preliminary Injunction as Exhibit 1 is a true and accurate copy of the itinerary for the Tickets available through Continental Airlines' website on or about October 25, 2007.

16. On or about October 25, 2007, the Tickets were available to the general public through Continental Airlines' website for the price reflected in Exhibit 1 to the Declaration of Ethan Preston in Support of Plaintiffs' Motion for Preliminary Injunction.

17. The document attached to the Declaration of Ethan Preston in Support of Plaintiffs' Motion for Preliminary Injunction as Exhibit 2 is a true and accurate copy of the WorldPoints *Program Details*.

18. Carlson Travel Group, Inc. operates or controls the content of the webpage at http://www.tripcharges.com.

19. Carlson Companies, Inc. operates or controls the domain name "tripcharges.com."

20. The document attached to the Declaration of Ethan Preston in Support of Plaintiffs' Motion for Preliminary Injunction as Exhibit 4 is a true and accurate copy of the results of Ethan Preston's query of the website maintained by the Office of the California Attorney General at http://vcinweb.doj.ca.gov/SellerOfTravel/SotprodTest/sotInput.asp for the registration number 2036509.

21. Carlson Travel Group, Inc. has registered with the State of California as Seller of Travel.

22. Carlson Travel Group, Inc.'s California Seller of Travel registration number is 2036509.

23. Continental Airlines did not impose the $45 "fuel-related" fee included in the Ticket's purchase price.

24. The Tickets were available to the Carlson Defendants from Continental Airlines' website for the price reflected in Exhibit 1 to the Declaration of Ethan Preston in

1    Support of Plaintiffs' Motion for Preliminary Injunction.

2    25. The Carlson Defendants have a practice or policy of assessing or adding their own fees and surcharges to the purchase price of certain tickets that are purchased (in whole or in part) with redeemed WorldPoints.

3

4    26. The Carlson Defendants do not have any controls to prevent their employees and agents from assessing or adding fees and surcharges to the purchase price of certain tickets that are purchased (in whole or in part) with redeemed WorldPoints.

5

6    27. The Carlson Defendants do not have reasonable controls to prevent their employees and agents from assessing or adding fees and surcharges to the purchase price of certain tickets that are purchased (in whole or in part) with redeemed WorldPoints.

7

8 Dated: January 8, 2007

9                  By:_____

10                    Jay Edelson
                     Ethan Preston

11                    KAMBEREDELSON LLC
                     53 West Jackson Ave., Suite 1530

12                    Chicago, IL 60604
                     312-589-6370

13                    jedelson@kamberedelson.com
                     epreston@kamberedelson.com

14                    *Attorneys for John Lofton*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C.§ 1746, I hereby certify that a copy of the foregoing Plaintiff's

First Set of Interrogatories, Requests for Admissions, and Requests for Production of

Documents was this date served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy

of the same to be placed in the United States Mail, postage prepaid, and sent to their last

known address as follows:

| | |
|---|---|
| Abraham J. Colman | Elizabeth D. Le |
| Reed Smith LLP | Robins, Kaplan, Miller & Ciresi, LLP |
| 355 South Grand Avenue, Suite 2900 | 2049 Century Park East, Suite 3400 |
| Los Angeles, CA 90071-1514 | Los Angeles, CA 90067-3208 |

*Attorneys for Bank of America Corp., and*          *Attorneys for Carlson Companies, Inc.*
*FIA Card Services, N.A.*                                            *Carlson Companies, Inc.. Carlson Travel*
                                                                                       *Network Associates, Inc., and Carlson Travel*
                                                                                       *Group, Inc.*

Date:          January 8, 2007

By:
ETHAN PRESTON

Certificate of Service                                                                      No. 07-05892 (MJJ)

**EXHIBIT 3**

1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com

9  Scott Kamber
   KAMBEREDELSON LLC
10 11 Broadway, 22d Floor
   New York, NY 10004
11 Telephone: (212) 920-3072
   Fax: (212) 202-6364
12 skamber@kamberedelson.com

13 *Attorneys for John Lofton*

14         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
15              SAN FRANCISCO DIVISION

16 JOHN LOFTON, an individual, on his own behalf      No. 07-05892 (MJJ)
   and on behalf of all others similarly situated,
17                                                     Judge Martin J. Jenkins
18              Plaintiff
                                                       **PLAINTIFFS' FIRST SET OF
19         v.                                          REQUESTS FOR PRODUCTION
                                                       OF DOCUMENTS**
20 BANK OF AMERICA CORPORATION, FIA
   CARD SERVICES, N.A., a national banking
21 association, CARLSON COMPANIES, INC., a
   Minnesota corporation, CARLSON TRAVEL
22 NETWORK ASSOCIATES, INC., a Minnesota
   corporation, and CARLSON TRAVEL GROUP,
23 INC. a California corporation, and DOES 1 to
   100,
24
                Defendants.
25

26

27

28

Plaintiffs' First Set of Requests for Documents                    No. 07-05892 (MJJ)

**Instructions:**

Defendants shall produce documents in response to these Requests in a manner that is consistent with their duties under Federal Rules 26 and 34. The following instructions are meant to remind or inform Defendants of Plaintiffs' expectations regarding Defendants' compliance with these Rules and to provide examples of such compliance, and do not limit the scope of Defendants' obligations under the Rules.

**A.     Definitions**

With respect to these Requests,

1.  The term "document" includes any communication, data, information, or expression which can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, from any tangible medium now known or later developed.

2.  The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

3.  The term "all" means every document known or which can be discovered by diligent efforts.

4.  The terms "refer" or "relate" mean constituting, manifesting, containing, incorporating, reflecting, evidencing, pertaining, referring, indicating, showing, describing, discussing, mentioning, computing and/or concerning.

5.  The term "string" means a particular sequence of characters, including letters, numerals, symbols and punctuation marks.

6.  "Carlson Defendants" means Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc., their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Carlson Defendants" in these Interrogatories refer to the persons in the preceding sentence.

7.  "Fuel-related fee" means the "fuel-related" fee included in the purchase price of those tickets identified in the answer to Plaintiff's Interrogatory No. 2 to the Carlson Defendants.

**B.     Scope**

The Carlson Defendants' response to these Requests shall include all documents which the Carlson Defendants control or are otherwise available to them. For the sake of clarity, the Carlson Defendants are reminded that this means that their response to these Requests shall include all documents which are under the control or otherwise available to "Carlson

Plaintiffs' First Set of Requests for Documents          2                                    No. 07-05892 (MJJ)

Defendants" means Carlson Companies, Inc.. Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

**C.     Electronic Documents**

Pursuant to Federal Rule of Civil Procedure 34(a)(2), the Carlson Defendants shall produce in their response to these Requests each electronic or electronically stored document in a form that precisely replicates all the original documents' data and metadata (including both application-specific metadata, such as File Properties for Microsoft Word .doc files, and file system metadata, such as the date of creation, modification, access, file attributes, file permissions).

With respect to each such document produced, pursuant to Rule 34(a)(1), the Carlson Defendants shall translate or transform the document into reasonably usable form, provided that it also preserves or separately provides the documents' metadata to Plaintiffs' counsel. By way of example, text might be provided as plain text or Microsoft Word .doc files, databases should be produced in either Microsoft Assess format or Commodore Delimited ASCII, spreadsheets should be produced as Microsoft Excel, and presentations should be produced as Microsoft PowerPoint.

In the alternative, the Carlson Defendants may provide Plaintiffs' counsel access to the means by which the Carlson Defendants used to access, create, and/or review that document, unless the same is readily available to Plaintiffs' counsel. For instance, if a document is found in a proprietary database or an obscure file format, the Carlson Defendants would provide Plaintiffs' counsel access to that proprietary database program or the application which created the file.

**D.     Certification**

Pursuant to Rule 26(g), the Carlson Defendants' counsel must certify that, to the best of its knowledge, information, and belief, formed after a reasonable inquiry, the Carlson

Defendants' response to these Requests is complete and correct as of the time it is made. Plaintiffs' counsel believes that the protocol below will help to avoid, minimize and/or quickly resolve disputes over compliance with Rule 26(g). Consequently, Plaintiffs ask that the Carlson Defendants describe in their response these Requests:

1. the method(s) they used to identify and/or locate the document (including, by way of example, the search strings used in Windows Desktop Search to locate responsive electronic documents);

2. the street address of the property where the document was found;

3. the identity of the individual responsible for the maintenance, storage, security, and/or management of the document (including name, last known address, and job title/description);

4. for each electronic or electronically stored documents,

   a) the medium in which the document was stored (by way of example, desktop computer, email server, tape, Blackberry or other PDA, detached or external hard drive, CD, DVD, flash drive, floppy disk, the RAM of a printer or other peripheral device, etc.), as well as

   b) any identification for the storage device (by way of example, hostnames, domain names, network addresses, hard drive serial numbers, etc. for computers, and serial numbers or labels for tapes, PDAs, CDs, DVDs, flash drives, floppy disks);

   c) the file system used to store the electronic Document (by way of example, FAT, NTFS, ZFS, or ext3); and

   d) the method or protocol used to reproduce the document.

If any Request cannot be answered in full after exercising due diligence to secure the information with which to do so, the response should provide as many responsive documents as possible but then expressly indicate the extent to which the response is incomplete. The response should also state with specificity why the Carlson Defendants are unable to provide a complete response, and state whatever knowledge or information presently is available concerning the unanswered portion of the request.

E.     Supplementation

Under Rule 26(e), the Carlson Defendants have a duty to supplement and/or amend its responses to this Request within a reasonable period of time if they receive information from which one could reasonably claim that their prior responses were incomplete, incorrect, or were correct at the time of the response but no longer correct.

**F.    Objections**

Any objections to this Request must conform to Rule 26(a)(5)(A) and Rule 34(b). If documents are withheld under a claim of privilege or protection as trial-preparation material, the Carlson Defendants shall make the claim expressly and shall describe the nature of the withheld documents (and, if applicable, the external circumstances which ATI claims support the application of such privilege) in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection.

**Plaintiff's First Set of Requests for Production of Documents**

Please produce:

1. Every document which the Carlson Defendants believe may support or contradict each of their answers to Plaintiff's First Set of Requests for Admission that is not an unqualified admission.

2. Every document which the Carlson Defendants believe may support or contradict each of their answers to Plaintiff's First Set of Interrogatories.

3. Every document which the Carlson Defendants believe may support or contradict their opposition to the Plaintiff's Motion for Preliminary Injunction.

4. Every contract or agreement between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.

5. Every document relating to communications regarding the above-captioned litigation between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.

6. Every document which the Carlson Defendants contend is evidence that an airline was responsible for imposing, charging, or passing on the fuel-related fees specified in the Definitions above.

7. Every document which the Carlson Defendants contend is evidence that purchase price of the tickets identified in the answer to Interrogatory No. 1 was the lowest fare available at the time the ticket was purchased.

8. Every document related to changes or alterations made to webpage *Program Details*, at https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

9. For the sake of clarity, every document related to any communications about changes or alterations made to webpage *Program Details*, at https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

10. Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson Companies, Inc.'s control over Carlson Travel Group, Inc.

1       11. Documents sufficient to demonstrate the ownership, legal structure, and extent of
          Carlson Companies, Inc.'s control over Carlson Travel Network Associates, Inc.

2  Dated: January 8, 2008

3                               By: _____

4                                Jay Edelson

5                                Ethan Preston
                               KAMBEREDELSON LLC

6                                53 West Jackson Ave., Suite 1530
                               Chicago, IL 60604

7                                312-589-6370
                               jedelson@kamberedelson.com

8                                epreston@kamberedelson.com

9                                *Attorneys for John Lofton*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Plaintiffs' First Set of Requests for Documents      6                              No. 07-05892 (MJJ)

1

**CERTIFICATE OF SERVICE**

2
    Pursuant to 28 U.S.C.§ 1746, I hereby certify that a copy of the foregoing Plaintiff's

3
First Set of Interrogatories, Requests for Admissions, and Requests for Production of

4
Documents was this date served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy

5
of the same to be placed in the United States Mail, postage prepaid, and sent to their last

6
known address as follows:

7

8
Abraham J. Colman                 Elizabeth D. Le
Reed Smith LLP                    Robins, Kaplan, Miller & Ciresi, LLP

9
355 South Grand Avenue, Suite 2900    2049 Century Park East, Suite 3400
Los Angeles, CA 90071-1514        Los Angeles, CA 90067-3208

10

11
*Attorneys for Bank of America Corp., and*    *Attorneys for Carlson Companies, Inc.*
*FIA Card Services, N.A.*               *Carlson Companies, Inc.. Carlson Travel*

12
                                       *Network Associates, Inc., and Carlson Travel*
                                       *Group, Inc.*

13
Date:          January 8, 2007

14
                               By:
                                       ETHAN PRESTON

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certificate of Service                                              No. 07-05892 (MJJ)

**EXHIBIT 4**

1   Martin R. Lueck (MN Bar No.155548)
    Emmett J. McMahon (*pro hac* pending)
2   **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
    2800 LaSalle Plaza
3   800 LaSalle Avenue
    Minneapolis, MN 55402
4   Telephone:    612-349-8500
    Facsimile:    612-339-4181
5   E-mail:       mrlueck@rkmc.com
                  ejmcmahon@rkmc.com
6

7   Elizabeth D. Le (CA Bar No. 216182)
    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
8   2049 Century Park East, Suite 3400
    Los Angeles, CA  90067-3208
9   Telephone:    310-552-0130
    Facsimile:    310-229-5800
10  E-mail:       edle@rkmc.com

11  Attorneys for Defendant
    CARLSON COMPANIES, INC.
12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16

17  JOHN LOFTON, an individual, on his own      Case No.  CV 07-05892 MJJ
    behalf and on behalf of all others similarly
18  situated,                                   [Assigned to the Hon. Martin J. Jenkins]

19              Plaintiff,                       **ANSWER OF DEFENDANT CARLSON
                                                 COMPANIES, INC. TO CLASS ACTION
20  v.                                           COMPLAINT; DEMAND FOR JURY
                                                 TRIAL**
21
    BANK OF AMERICA CORPORATION,                 Complaint Filed:  November 20, 2007
22  FIA CARD SERVICES, N.A., a national
    banking association, CARLSON
23  COMPANIES, INC., a Minnesota
    corporation, CARLSON TRAVEL
24  NETWORK ASSOCIATES, INC., a
    Minnesota corporation, and CARLSON
25  TRAVEL GROUP, INC., a California
    corporation, and DOES 1 to 100,
26
                Defendants.
27

28

LA1 60153974.3

ANSWER OF DEFENDANT CARLSON
COMPANIES INC. TO COMPLAINT
CV 07-05892 MJJ

1    In response to the Complaint on file herein, Defendant CARLSON COMPANIES, INC.

2    ("CCI") hereby answers, avers and pleads as follows:

3                                **NATURE OF CLAIM**

4        1.    Answering Paragraph 1 of the Complaint, CCI denies Plaintiff's allegation that

5    "[t]his is [sic] case concerns Defendants' practice of charging fraudulent 'fuel-related' fees when

6    credit card holders seek to redeem points obtained under Bank of America's ("B of A")

7    WorldPoints Rewards credit card program."   As to Plaintiff's allegations regarding the

8    characteristic of the WorldPoints Rewards program contained in Paragraph 1 on page 2 at lines 4

9    through 8, CCI is without knowledge or information to form belief as to the truth of the

10   allegations, and on that basis denies them.

11       2.    Answering Paragraph 2 of the Complaint, CCI does not purchase airline tickets

12   under the WorldPoints Travel Rewards Program on behalf of WorldPoints card holders and

13   therefore is without sufficient knowledge or information to form belief as to the truth of the

14   allegations contained in said paragraph, and on that basis denies each and every allegation

15   contained therein.

16       3.    Answering Paragraph 3 of the Complaint, CCI denies each and every allegation

17   contained therein.

18       4.    Answering Paragraph 4 of the Complaint,  CCI does not purchase airline tickets

19   under the WorldPoints Travel  Rewards Program on behalf of WorldPoints card holders and

20   denies each and every allegation contained therein.

21       5.    Answering Paragraph 5, CCI admits that this case is brought by Plaintiff as a

22   purported class action seeking penalties, compensation, fees and costs under various statutes.

23   CCI denies that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal

24   Rules of Civil Procedure or under any applicable California laws.  Except as so admitted, CCI

25   denies each and every allegation contained in Paragraph 5 of the Complaint.

26       6.    Answering Paragraph 6 of the Complaint, CCI admits that this case is brought by

27   Plaintiff as a purported class action, seeking injunctive relief under California's Consumer Legal

28   Remedies Act, equitable relief under California's Unfair Competition Law, and equitable relief

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA1 60153974.3                         - 2 -                    ANSWER OF DEFENDANT CARLSON
                                                               COMPANIES INC. TO COMPLAINT
                                                               CV 07-05892 MJJ

1  for breach of fiduciary duty and for aiding and abetting breach of fiduciary duty.  CCI denies that

2  Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of Civil

3  Procedure or under any applicable California laws.  CCI further denies that Plaintiff is entitled to

4  the relief sought.

5                                                    **PARTIES**

6          7.      Answering Paragraph 7 of the Complaint, CCI is without sufficient without

7  knowledge or information to form belief as to the truth of the allegations regarding Plaintiff's

8  place of residency, and on that basis denies them.  CCI admits that Plaintiff holds a WorldPoints

9  credit card issued by Bank of America and that he purchased airline tickets through the

10  WorldPoints Reward program.  Except as so admitted, CCI denies each and every allegation

11  contained therein.

12         8.      Answering Paragraph 8 of the Complaint, CCI is without sufficient knowledge or

13  information to form belief as to the truth of the allegations contained in said paragraph, and on

14  that basis denies each and every allegation contained therein.

15         9.      Answering Paragraph 9 of the Complaint, CCI is without sufficient knowledge or

16  information to form belief as to the truth of the allegations contained in said paragraph, and on

17  that basis denies each and every allegation contained therein.

18         10.     Answering Paragraph 10 of the Complaint, CCI admits that it is a Minnesota

19  corporation with its headquarters in Minneapolis, Minnesota.  CCI admits that it was founded in

20  1938.  Except as so admitted, CCI is unaware of the source of remaining allegations in Paragraph

21  10 and the source of the quoted language contained therein and therefore, denies said allegations

22  on that basis.

23         11.     Answering Paragraph 11 of the Complaint, CCI admits all the allegations therein.

24         12.     Answering Paragraph 12 of the Complaint, CCI admits all the allegations therein.

25         13.     Answering Paragraph 13 of the Complaint, CCI denies each and every allegation

26  contained therein.

27         14.     Answering Paragraph 14 of the Complaint, CCI denies each and every allegation

28  contained therein.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA1 60153974.3                              - 3 -                    ANSWER OF DEFENDANT CARLSON
                                                                    COMPANIES INC. TO COMPLAINT
                                                                    CV 07-05892 MJJ

1    15.    Answering Paragraph 15 of the Complaint, CCI is without sufficient knowledge or

2    information to form belief as to the truth of the allegations contained in said paragraph, and on

3    that basis denies each and every allegation contained therein.

4    16.    Answering Paragraph 16 of the Complaint, CCI is without sufficient knowledge or

5    information to form belief as to the truth of the allegations contained in said paragraph, and on

6    that basis denies each and every allegation contained therein.

7    **JURISDICTION AND VENUE**

8    17.    Answering Paragraph 17 of the Complaint, CCI admits that it and CTNA are

9    incorporated and headquartered in Minnesota.    CCI also admits that CTG is a California

10    corporation with its headquarters in Minnesota.  Except as so admitted, CCI is without sufficient

11    knowledge or information to form belief as to the truth of the allegations contained in Paragraph

12    17, and on that basis denies each and every allegation contained therein.

13    18.    Answering Paragraph 18 of the Complaint, CCI denies each and every allegation

14    contained therein.

15    19.    Answering Paragraph 19 of the Complaint, CCI denies each and every allegation

16    contained therein.

17    **INTRADISTRICT ASSIGNMENT**

18    20.    Answering Paragraph 20 of the Complaint, CCI is without sufficient knowledge or

19    information to form belief as to the truth of the allegations contained in said paragraph, and on

20    that basis denies each and every allegation contained therein.

21    **TRAVEL REWARDS UNDER THE WORLDPOINTS REWARDS PROGRAM**

22    21.    Answering Paragraph 21 of the Complaint, CCI admits all the allegations therein.

23    22.    Answering Paragraph 22 of the Complaint, CCI admits all the allegations therein.

24    23.    Answering Paragraph 23 of the Complaint, CCI does not purchase airline tickets

25    under the WorldPoints Travel  Rewards Program on behalf of WorldPoints card holders and

26    therefore the allegations in Paragraph 23 are denied.

27    ///

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA1 60153974.3

- 4 -

ANSWER OF DEFENDANT CARLSON
COMPANIES INC. TO COMPLAINT
CV 07-05892 MJJ

1    84.    Answering Paragraph 84 of the Complaint, CCI denies that Plaintiff's allegations

2    are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure, and further

3    denies each and every allegation contained in Paragraph 84.

4    85.    Answering Paragraph 85 of the Complaint, CCI denies that Plaintiff's allegations

5    are suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure and denies

6    that Plaintiff is entitled to the relief sought.    CCI further denies each and every allegation

7    contained in Paragraph 85.

### PRAYER FOR RELIEF

9    86.    Answering Plaintiff's Prayer for Relief at page 18, lines 13 through 16, CCI denies

10    that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of

11    Civil Procedure and denies that Plaintiff is entitled to the relief requested or any relief.

12    87.    Answering Plaintiff's Prayer for Relief at page 18, lines 16 through 19, CCI denies

13    that Plaintiff's allegations are suitable for class treatment under Rule 23 of the Federal Rules of

14    Civil Procedure and denies that Plaintiff is entitled to the relief requested or any relief.

15    88.    Answering Plaintiff's Prayer for Relief at page 18, line 20, CCI denies that

16    Plaintiff is entitled to the relief requested or any relief.

17    89.    Answering Plaintiff's Prayer for Relief at page 18, lines 21 through 22, CCI denies

18    that Plaintiff is entitled to the relief requested or any relief.

19    90.    CCI denies each and every allegation that is not expressly admitted herein.

### AFFIRMATIVE DEFENSES

21    As separate and affirmative defenses, and without admitting any of Plaintiff's allegations

22    or conceding the burden of proof as to any issue found to be an element of any of Plaintiff's

23    causes of action rather than an element of an affirmative defense, CCI alleges the following

24    separate and independent affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

27    1.    The Complaint, and each purported cause of action therein, fails to set forth

28    sufficient facts to state a claim or cause of action upon which relief may be granted against CCI.

LA1 60153974.3    - 12 -    ANSWER OF DEFENDANT CARLSON
COMPANIES INC. TO COMPLAINT
CV 07-05892 MJJ

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

2.    This Court lacks personal jurisdiction over CCI.

## THIRD AFFIRMATIVE DEFENSE

### (Not a Proper Defendant)

3.    CCI is not a proper defendant to the claims asserted by Plaintiff on his own behalf and as a representative of the purported class.

## FOURTH AFFIRMATIVE DEFENE

### (Lack of Standing)

4.    The Complaint, in whole or in part, is barred because Plaintiff and/or purported members of the putative class lack standing in which to assert any claims against CCI.

## FIFTH AFFIRMATIVE DEFENSE

### (Causation)

5.    Plaintiff and/or purported members of the putative class have not sustained any injury by reason of any action alleged in the Complaint that proximately or legally caused by CCI.

## SIXTH AFFIRMATIVE DEFENSE

### (Alternative Source of Supply Doctrine)

6.    The Complaint, in whole or in part, is barred by the Alternative Source of Supply Doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Process)

7.    To the extent Plaintiff purports to seek relief on behalf of members of the general public who have not suffered any damages, the Complaint and each of its claims for relief therein violate CCI's right to due process under the California and United States Constitutions.

///

LAI 60153974.3

- 13 -

ANSWER OF DEFENDANT CARLSON
COMPANIES INC. TO COMPLAINT
CV 07-05892 MJJ

## DEMAND FOR JURY TRIAL

CCI hereby demands a trial by jury on all issues triable to a jury.

DATED: January 22, 2008          ROBINS, KAPLAN, MILLER & CIRESI L.L.P.


By:  ___/S/ Elizabeth D. Le_____
        Martin R. Lueck
        Emmett J. McMahon
        Elizabeth D. Le

*Attorneys for Defendant Carlson Companies, Inc.*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 5**

**Buck, Lori H.**

| | |
|---|---|
| **From:** | Le, Elizabeth D. |
| **Sent:** | Wednesday, January 23, 2008 6:19 PM |
| **To:** | Lee, Carol; Buck, Lori H. |
| **Subject:** | FW: Scheduling issue in Lofton v. Bank of America |
| **Attachments:** | 2dRenoticeMotion012208.pdf; PrestonDecl-2dRenoticeMotion012208.pdf |

---

**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Tuesday, January 22, 2008 9:34 AM
**To:** Le, Elizabeth D.; Donald P Gagliardi
**Cc:** Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.
**Subject:** Scheduling issue in Lofton v. Bank of America

Dear Elizabeth and Don,

There has been a snag with respect to the scheduling of the briefing on the Motion for Preliminary Injunction. As you'll remember, on January 11, all counsel signed off on a stipulated continuance which sought to continue the hearing date from February 5, 2008 to March 4 under Civil L.R. 7-7. However, Judge Jenkins' Standing Order reads:

> **Unless otherwise ordered by the Court, the rescheduling of the hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the *originally noticed* hearing date and any reply brief may be filed not less than 14 days prior to the *originally noticed* hearing date.**

(Para 8, emphasis in original.) I have been in contact with Judge Jenkin's clerks, who indicated that the January 11 continuance did not change the filing date for Defendants' Oppositions. (Please also refer to the Clerk's Notice dated January 17.)

Obviously, the Court's Standing Orders could pose an unanticipated problem for Defendants. To resolve the issue, we drafted the attached stipulation, which should extend Defendants' deadline for filing their Oppositions to March 12 under Civil LR 6-2. Please note that the attached declaration and stipulation are being circulated on a without-prejudice basis. Please send back an email concurring with the stipulation (with the stipulation attached), and I can add your e-signatures and get this filed today.

Thanks,

Ethan

--
Ethan Preston
KamberEdelson, LLC
53 West Jackson, Suite 1530
Chicago, IL 60604
(312) 589-6370

This communication may be confidential and proprietary. The only persons authorized to use this communication are the addressee(s), their agents and attorneys. Any other disclosure or use of this communication's

1/24/2008

existence, contents, substance, purport, effect, or meaning is
prohibited. This communication may be exempted and protected from
disclosure as attorney work product, attorney-client privilege, or under
other applicable rules and/or laws. If you have received this
communication in error, please notify me immediately by return e-mail
and destroy this communication and any copies or attachments.

1/24/2008

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

Scott Kamber
KAMBEREDELSON LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kamberedelson.com

*Attorneys for John Lofton*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff<br><br>     v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100,<br><br>        Defendants. | No. 07-05892 (MJJ)<br><br>Judge Martin J. Jenkins<br><br>**STIPULATED REQUEST FOR EXTENSION OF TIME, PLAINTIFF'S SECOND AMENDED NOTICE OF MOTION, AND [PROPOSED] ORDER**<br><br>Date: April 2, 2008<br>Time: 2:00 P.M.<br>Location: Courtroom 11, 19th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

This Stipulation between Plaintiff John Lofton and Defendants Bank of America Corporation, FIA Card Services, N.A., Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. (collectively, the "Defendants"), through their respective counsel, is made pursuant to Civil L.R. 6-1(b).

## RECITALS

A.     On November 20, 2007, Plaintiff filed a class action complaint against Defendants.

B.     On December 6, 2007, Plaintiff filed a Notice of Motion and Motion for Preliminary Injunction and Class Certification that was scheduled to be heard on January 15, 2007 before the Honorable Magistrate Elizabeth D. Laporte.

C.     On December 18, 2007, this case was reassigned to the Honorable Martin J. Jenkins.

D.     On December 20, 2007, Plaintiff and Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. (the "Carlson Defendants") entered into a stipulation extending the Carlson Defendants' time to respond to Plaintiff's Complaint until January 22, 2008.

E.     On December 26, 2007, Plaintiff and Bank of America Corp. and FIA Card Services, N.A. (the "Bank Defendants") entered into a stipulation extending the Bank Defendants' time to respond to Plaintiff's Complaint until February 4, 2008.

F.     On December 27, 2007, Plaintiff filed an Amended Notice of Motion, which re-noticed the Motion for Preliminary Injunction and Class Certification for February 5, 2008, before the Honorable Martin J. Jenkins.

G.     Pursuant to Civil L.R. 7-3(a), Defendants' Opposition briefs to Plaintiff's Motion were not due until January 15, 2008. As of January 11, 2008, Defendants had not filed their Oppositions to Plaintiff's Motion for Preliminary Injunction.

H.     Through the week of January 7, 2008, the parties negotiated to continue the hearing date for Plaintiff's Motion for Preliminary Injunction. It was the expectation and intent of the undersigned parties that the continuance of the hearing date would also extend the briefing schedule for the Motion for Preliminary Injunction and Class Certification.

I.      On January 11, 2008, Plaintiff filed the "Stipulated Continuance of His Motion for Preliminary Injunction and Class Certification." Earlier that day, Plaintiff circulated a draft "Stipulated Request for Order Changing Time and [Proposed] Order" pursuant to Civil L.R. 6-2 to Defendants. Defendants did not ultimately accept that draft request. Rather, at the request of one of the Defendants' counsel, most of the language from the January 11, 2008 "Stipulated Continuance" was taken from a draft stipulation prepared by that counsel.

J.      On January 17, 2008, the Court's chambers filed a Clerk's Notice which stated, in relevant part:

> Please refer to Judge Jenkins' Standing Order located at www.cand.uscourts.gov for additional information. Pursuant to the Standing Order, the rescheduling of a hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the date of the originally noticed hearing and any reply brief is due not less than 14 days prior to the originally noticed hearing date.

K.      On January 17, 2008, the Court's chambers contacted counsel and informed them that the first available dates for a hearing on Plaintiff's Motion for Preliminary Injunction and Class Certification were February 27, 2008 or April 2, 2008.

L.      During a recent telephone call between Plaintiff's counsel and the Court's chambers, the Court's clerk again alerted Plaintiff's counsel that the January 11, 2008 continuance would not automatically extend the briefing schedule. The clerk indicated that the parties should file an amended stipulation which clarified their intent to request a corresponding extension of the briefing schedule.

## STIPULATIONS

IT IS HEREBY STIPULATED, by and between the parties, that, pursuant to Civil L.R. 6-2, the hearing for the Plaintiffs' Motion for Preliminary Injunction shall be held on April 2, 2008 at 2:00 p.m. before the Honorable Martin J. Jenkins.

IT IS HEREBY STIPULATED, by and between the parties, that, pursuant to Civil L.R. 6-2, Defendants will not notice or schedule any motion to dismiss (or similar motion *in lieu* of an answer) to Plaintiff's complaint prior to April 2, 2008.

IT IS HEREBY STIPULATED, by and between the parties, that, pursuant to Civil L.R. 6-2, the time for Defendants to file any Opposition to Plaintiff's Motion for Preliminary Injunction

and Class Certification shall be extended to March 12, 2008, and the time for Plaintiff to file his reply brief shall be extended to March 19, 2008.

### AMENDED NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that John Lofton ("Lofton") will present his pending Motion for Preliminary Injunction and Class Certification in the above referenced proceedings to the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 11, on the 19th Floor, before the Honorable Martin J. Jenkins, on April 2, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard.

Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatories' concurrence in the filing of this document has been obtained.

Dated: January 22, 2007

By: s/Alan Himmelfarb

Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058

*Attorneys for John Lofton*

Dated: January 22, 2007

By: s/Jordan Yu

Jordan Yu
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

*Attorneys for Bank of America Corp., and FIA Card Services, N.A.*

Dated: January 22, 2007

By:_____

Elizabeth Le
Robins, Kaplan, Miller & Ciresi L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

*Attorneys for Carlson Companies, Inc.*

Dated: January 22, 2007

By:_____

Donald P Gagliardi

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bergeson, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712

*Attorneys for Carlson Travel Network
Associates, Inc., and Carlson Travel
Group, Inc.*

IT IS SO ORDERED.

Dated: _____, 2007

By:_____

Hon. Martin J. Jenkins
United States District Judge

1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com

9  Scott Kamber
   KAMBEREDELSON LLC
10 11 Broadway, 22d Floor
   New York, NY 10004
11 Telephone: (212) 920-3072
   Fax: (212) 202-6364
12 skamber@kamberedelson.com

13 *Attorneys for John Lofton*

14          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                 SAN FRANCISCO DIVISION

16 JOHN LOFTON, an individual, on his own behalf        No. 07-05892 (MJJ)
   and on behalf of all others similarly situated,
17                                                       Judge Martin J. Jenkins
                   Plaintiff
18                                                       **DECLARATION OF ETHAN
                                                         PRESTON IN SUPPORT OF
19          v.                                           STIPULATED  REQUEST FOR
                                                         EXTENSION OF TIME**
20 BANK OF AMERICA CORPORATION, FIA
   CARD SERVICES, N.A., a national banking
21 association, CARLSON COMPANIES, INC., a
   Minnesota corporation, CARLSON TRAVEL
22 NETWORK ASSOCIATES, INC., a Minnesota
   corporation, and CARLSON TRAVEL GROUP,
23 INC.  a California corporation, and DOES 1 to
   100,
24
                   Defendants.
25

26

27

28

---

Declaration of Ethan Preston in Support of                          No. 07-05892 (MJJ)
Stipulated Request for Extension of Time

Pursuant to 28 U.S.C. § 1746, I, Ethan Preston, hereby declare and state as follows:

1.     I am an attorney admitted to practice in the state of Illinois, and represent
       Plaintiff in the above-titled action. I am entering this declaration pursuant to
       Civil L.R. 6-2(a) in support of the parties' Stipulated Request for Extension of
       Time. This declaration is based upon my personal knowledge, except where
       expressly noted otherwise.

2.     Plaintiff and Defendants negotiated to continue the hearing date for Plaintiff's
       Motion for Preliminary Injunction through the week of January 7, 2008. I have
       personal knowledge of these negotiations as between Plaintiff and Carlson
       Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel
       Group, Inc. (the "Carlson Defendants.") This statement is made on information and
       belief with respect to the negotiations between Plaintiff and Bank of America Corp.
       and FIA Card Services, N.A. (the "Bank Defendants"), which information and
       belief is based on communications with members of my firm.

3.     In these negotiations, it was the expectation and intent of the parties that the
       proposed continuance would also extend the time for Defendants to file their
       Opposition to the Motion for Preliminary Injunction and Class Certification. The
       parties believed that continuing the Motion's hearing date would automatically
       accomplish that intended goal.

4.     On January 11, 2008, I distributed a draft "Stipulated Request for Order Changing
       Time and [Proposed] Order" pursuant to Civil L.R. 6-2 to Defendants via email at
       12:30 pm CST. At 3:03 pm CST, I received a draft stipulation prepared by one of
       Defendants' counsel. At approximately 5:00 pm CST, one of Defendants' counsel
       called me and requested that I file a document based largely on their draft stipulated
       request.

5.     I made a number of edits to their draft stipulated request and filed the resulting
       document (which is Document No. 19 on the docket for this case).

6.     I recently called the Court's chambers to inquire about scheduling issues with

---

Declaration of Ethan Preston in Support of                    2                    No. 07-05892 (MJJ)
Stipulated Request for Extension of Time

respect to Plaintiff's Motion. During this telephone conference, the clerk alerted me that the January 11, 2008 continuance of the hearing date for Plaintiff's Motion would not automatically extend the briefing schedule for said Motion. The clerk indicated that the parties should file an amended stipulation which clarified their intent to request a corresponding extension of the briefing schedule.

7.     I declare under penalty of perjury that the foregoing is true and correct.

Pursuant to Section X of the Northern District of California's General Order No. 45 on electronic case filing and 28 U.S.C.§ 1746, in lieu of Ethan Preston's signature on this declaration, Alan Himmelfarb attests that Ethan Preston is the signatory of this declaration, and that Ethan Preston concurred to this declaration on January 22, 2007.

DATE: January 22, 2007

_____
ALAN HIMMELFARB

**EXHIBIT 6**

## Buck, Lori H.

**From:** Le, Elizabeth D.
**Sent:** Tuesday, January 22, 2008 1:35 PM
**To:** epreston@kamberedelson.com; Donald P Gagliardi
**Cc:** Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.; Lueck, Martin R.; Angell, Jane A.; McMahon, Emmett J.; Buck, Lori H.; Lee, Carol
**Subject:** RE: Scheduling issue in Lofton v. Bank of America

Ethan:

Thanks for preparing a draft of the stip. As to the second stipulation, at page 3 lines 24-27, is unrelated to the Motion for Preliminary Injunction and should be deleted from the stip. The other 2 provision is agreeable to us. Please circulate a revised stip.

Thanks,
Liz

---

**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Tuesday, January 22, 2008 9:34 AM
**To:** Le, Elizabeth D.; Donald P Gagliardi
**Cc:** Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.
**Subject:** Scheduling issue in Lofton v. Bank of America

Dear Elizabeth and Don,

There has been a snag with respect to the scheduling of the briefing on the Motion for Preliminary Injunction. As you'll remember, on January 11, all counsel signed off on a stipulated continuance which sought to continue the hearing date from February 5, 2008 to March 4 under Civil L.R. 7-7. However, Judge Jenkins' Standing Order reads:

> **Unless otherwise ordered by the Court, the rescheduling of the hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the *originally noticed* hearing date and any reply brief may be filed not less than 14 days prior to the *originally noticed* hearing date.**

(Para 8, emphasis in original.) I have been in contact with Judge Jenkin's clerks, who indicated that the January 11 continuance did not change the filing date for Defendants' Oppositions. (Please also refer to the Clerk's Notice dated January 17.)

Obviously, the Court's Standing Orders could pose an unanticipated problem for Defendants. To resolve the issue, we drafted the attached stipulation, which should extend Defendants' deadline for filing their Oppositions to March 12 under Civil LR 6-2. Please note that the attached declaration and stipulation are being circulated on a without-prejudice basis. Please send back an email concurring with the stipulation (with the stipulation attached), and I can add your e-signatures and get this filed today.

Thanks,

Ethan

--
Ethan Preston

1/22/2008

KamberEdelson, LLC
53 West Jackson, Suite 1530
Chicago, IL 60604
(312) 589-6370

This communication may be confidential and proprietary. The only persons
authorized to use this communication are the addressee(s), their agents
and attorneys. Any other disclosure or use of this communication's
existence, contents, substance, purport, effect, or meaning is
prohibited. This communication may be exempted and protected from
disclosure as attorney work product, attorney-client privilege, or under
other applicable rules and/or laws. If you have received this
communication in error, please notify me immediately by return e-mail
and destroy this communication and any copies or attachments.

1/22/2008

**EXHIBIT 7**

## Buck, Lori H.

| | |
|---|---|
| **From:** | Le, Elizabeth D. |
| **Sent:** | Wednesday, January 23, 2008 5:51 PM |
| **To:** | Lee, Carol; Buck, Lori H. |
| **Subject:** | FW: [Fwd: RE: Scheduling issue in Lofton v. Bank of America] |

```
-----Original Message-----
From: Donald P Gagliardi [mailto:dgagliardi@be-law.com]
Sent: Tuesday, January 22, 2008 1:30 PM
To: Le, Elizabeth D.
Cc: Gail C. Simmons; Ina Stangenes
Subject: FW: [Fwd: RE: Scheduling issue in Lofton v. Bank of America]

  fyi

-----Original Message-----
From: Ethan Preston [mailto:epreston@kamberedelson.com]
Sent: Tuesday, January 22, 2008 12:43 PM
To: Donald P Gagliardi
Subject: [Fwd: RE: Scheduling issue in Lofton v. Bank of America]

Don,

I tried to call you, but you are in a meeting. I'm hoping you have a Blackberry handy.

We want the stipulation as we drafted it and intend to file this stip with BofA, even if
CCI doesn't agree to its terms. Please give me a call; I'd like to know whether or not CTG
and CTNA will consent to the stipulation without CCI.

Thanks,

Ethan


-------- Forwarded Message --------
From: Le, Elizabeth D. <EDLe@rkmc.com>
To: epreston@kamberedelson.com, Donald P Gagliardi <dgagliardi@be-law.com>
Cc: Yu, Jordan S. <JSYu@ReedSmith.com>, Scott A. Kamber, Esq.
<skamber@kamberedelson.com>, Jay Edelson, Esq.
<jedelson@kamberedelson.com>, Lueck, Martin R. <MRLueck@rkmc.com>, Angell, Jane A.
<JAAngell@rkmc.com>, McMahon, Emmett J.
<EJMcMahon@rkmc.com>, Buck, Lori H. <LHBuck@rkmc.com>, Lee, Carol <CLee@rkmc.com>
Subject: RE: Scheduling issue in Lofton v. Bank of America
Date: Tue, 22 Jan 2008 11:34:52 -0800

>>>> Please read the confidentiality statement below  <<<<
Ethan:

Thanks for preparing a draft of the stip.  As to the second stipulation, at page 3 lines
24-27, is unrelated to the Motion for Preliminary Injunction and should be deleted from
the stip.  The other 2 provision is agreeable to us.  Please circulate a revised stip.

Thanks,
Liz
```

1

**EXHIBIT 8**

**Buck, Lori H.**

| | |
|---|---|
| **From:** | Le, Elizabeth D. |
| **Sent:** | Wednesday, January 23, 2008 1:08 PM |
| **To:** | epreston@kamberedelson.com |
| **Cc:** | Donald P Gagliardi; Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.; Lueck, Martin R.; McMahon, Emmett J.; Angell, Jane A.; Buck, Lori H.; Lee, Carol |
| **Subject:** | RE: Scheduling issue in Lofton v. Bank of America |

**Attachments:**     2dRenoticeMotion012308.pdf



2dRenoticeMotion0
12308.pdf (87...

```
                  Ethan:

We concur with the attached stip.

Thanks,
Liz


Elizabeth D. Le
2049 Century Park East, Suite 3400
Los Angeles, California 90067
Tel:     (310) 552-0130
Fax:     (310) 229-5800
E-mail: edle@rkmc.com

-----Original Message-----
From: Ethan Preston [mailto:epreston@kamberedelson.com]
Sent: Wednesday, January 23, 2008 9:54 AM
To: Le, Elizabeth D.
Cc: Donald P Gagliardi; Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.; Lueck,
Martin R.; McMahon, Emmett J.
Subject: RE: Scheduling issue in Lofton v. Bank of America

Counsel,

The attached stipulation should satisfy everyone and includes the outstanding stipulation
wrt CTG and CTNA. Please send back an email concurring with the stipulation, with the
stipulation attached, and I can add your e-signatures and get this filed.

Thanks,

Ethan

On Tue, 2008-01-22 at 11:34 -0800, Le, Elizabeth D. wrote:
> >>>>  Please read the confidentiality statement below  <<<<
> Ethan:
>
> Thanks for preparing a draft of the stip.  As to the second
> stipulation, at page 3 lines 24-27, is unrelated to the Motion for
> Preliminary Injunction and should be deleted from the stip.  The other
> 2 provision is agreeable to us.  Please circulate a revised stip.
>
> Thanks,
> Liz
>
>
> _____
```

1

> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Tuesday, January 22, 2008 9:34 AM
> To: Le, Elizabeth D.; Donald P Gagliardi
> Cc: Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.
> Subject: Scheduling issue in Lofton v. Bank of America
>
>
>
> Dear Elizabeth and Don,
>
> There has been a snag with respect to the scheduling of the briefing
> on the Motion for Preliminary Injunction. As you'll remember, on
> January 11, all counsel signed off on a stipulated continuance which
> sought to continue the hearing date from February 5, 2008 to March 4
> under Civil L.R. 7-7. However, Judge Jenkins' Standing Order reads:
>          Unless otherwise ordered by the Court, the rescheduling of the
>          hearing date for a motion does not change the date on which an
>          opposition brief or reply brief is due; any opposition brief
>          remains due not less than 21 days prior to the originally
>          noticed hearing date and any reply brief may be filed not less
>          than 14 days prior to the originally noticed hearing date.
> (Para 8, emphasis in original.) I have been in contact with Judge
> Jenkin's clerks, who indicated that the January 11 continuance did not
> change the filing date for Defendants' Oppositions. (Please also refer
> to the Clerk's Notice dated January 17.)
>
> Obviously, the Court's Standing Orders could pose an unanticipated
> problem for Defendants. To resolve the issue, we drafted the attached
> stipulation, which should extend Defendants' deadline for filing their
> Oppositions to March 12 under Civil LR 6-2. Please note that the
> attached declaration and stipulation are being circulated on a
> without-prejudice basis. Please send back an email concurring with the
> stipulation (with the stipulation attached), and I can add your
> e-signatures and get this filed today.
>
> Thanks,
>
> Ethan
> --
> Ethan Preston
> KamberEdelson, LLC
> 53 West Jackson, Suite 1530
> Chicago, IL 60604
> (312) 589-6370
>
> This communication may be confidential and proprietary. The only
> persons authorized to use this communication are the addressee(s),
> their agents and attorneys. Any other disclosure or use of this
> communication's existence, contents, substance, purport, effect, or
> meaning is prohibited. This communication may be exempted and
> protected from disclosure as attorney work product, attorney-client
> privilege, or under other applicable rules and/or laws. If you have
> received this communication in error, please notify me immediately by
> return e-mail and destroy this communication and any copies or
> attachments.
>
> _____
>
> Information contained in this e-mail transmission may be privileged,
> confidential and covered by the Electronic Communications Privacy Act,
> 18 U.S.C. Sections 2510-2521.
>
> If you are not the intended recipient, do not read, distribute, or
> reproduce this transmission.
>
> If you have received this e-mail transmission in error, please notify

2

```
> us immediately of the error by return email and please delete the
> message from your system.
>
> Pursuant to requirements related to practice before the U. S. Internal
> Revenue Service, any tax advice contained in this communication
> (including any attachments) is not intended to be used, and cannot be
> used, for purposes of (i) avoiding penalties imposed under the U. S.
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another person any tax-related matter.
>
> Thank you in advance for your cooperation.
>
> Robins, Kaplan, Miller & Ciresi L.L.P.
> http://www.rkmc.com
> _____
>
```

3

**Buck, Lori H.**

| | |
|---|---|
| **From:** | Le, Elizabeth D. |
| **Sent:** | Wednesday, January 23, 2008 1:08 PM |
| **To:** | epreston@kamberedelson.com |
| **Cc:** | Donald P Gagliardi; Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.; Lueck, Martin R.; McMahon, Emmett J.; Angell, Jane A.; Buck, Lori H.; Lee, Carol |
| **Subject:** | RE: Scheduling issue in Lofton v. Bank of America |

**Attachments:**    2dRenoticeMotion012308.pdf



2dRenoticeMotion0
12308.pdf (87...

```
                Ethan:

We concur with the attached stip.

Thanks,
Liz


Elizabeth D. Le
2049 Century Park East, Suite 3400
Los Angeles, California 90067
Tel:       (310) 552-0130
Fax:       (310) 229-5800
E-mail: edle@rkmc.com

-----Original Message-----
From: Ethan Preston [mailto:epreston@kamberedelson.com]
Sent: Wednesday, January 23, 2008 9:54 AM
To: Le, Elizabeth D.
Cc: Donald P Gagliardi; Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.; Lueck,
Martin R.; McMahon, Emmett J.
Subject: RE: Scheduling issue in Lofton v. Bank of America

Counsel,

The attached stipulation should satisfy everyone and includes the outstanding stipulation
wrt CTG and CTNA. Please send back an email concurring with the stipulation, with the
stipulation attached, and I can add your e-signatures and get this filed.

Thanks,

Ethan

On Tue, 2008-01-22 at 11:34 -0800, Le, Elizabeth D. wrote:
> >>>>  Please read the confidentiality statement below  <<<<
> Ethan:
>
> Thanks for preparing a draft of the stip.  As to the second
> stipulation, at page 3 lines 24-27, is unrelated to the Motion for
> Preliminary Injunction and should be deleted from the stip.  The other
> 2 provision is agreeable to us.  Please circulate a revised stip.
>
> Thanks,
> Liz
>
>
> _____
```

1

> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Tuesday, January 22, 2008 9:34 AM
> To: Le, Elizabeth D.; Donald P Gagliardi
> Cc: Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.
> Subject: Scheduling issue in Lofton v. Bank of America
>
>
>
> Dear Elizabeth and Don,
>
> There has been a snag with respect to the scheduling of the briefing
> on the Motion for Preliminary Injunction. As you'll remember, on
> January 11, all counsel signed off on a stipulated continuance which
> sought to continue the hearing date from February 5, 2008 to March 4
> under Civil L.R. 7-7. However, Judge Jenkins' Standing Order reads:
>          Unless otherwise ordered by the Court, the rescheduling of the
>          hearing date for a motion does not change the date on which an
>          opposition brief or reply brief is due; any opposition brief
>          remains due not less than 21 days prior to the originally
>          noticed hearing date and any reply brief may be filed not less
>          than 14 days prior to the originally noticed hearing date.
> (Para 8, emphasis in original.) I have been in contact with Judge
> Jenkin's clerks, who indicated that the January 11 continuance did not
> change the filing date for Defendants' Oppositions. (Please also refer
> to the Clerk's Notice dated January 17.)
>
> Obviously, the Court's Standing Orders could pose an unanticipated
> problem for Defendants. To resolve the issue, we drafted the attached
> stipulation, which should extend Defendants' deadline for filing their
> Oppositions to March 12 under Civil LR 6-2. Please note that the
> attached declaration and stipulation are being circulated on a
> without-prejudice basis. Please send back an email concurring with the
> stipulation (with the stipulation attached), and I can add your
> e-signatures and get this filed today.
>
> Thanks,
>
> Ethan
> --
> Ethan Preston
> KamberEdelson, LLC
> 53 West Jackson, Suite 1530
> Chicago, IL 60604
> (312) 589-6370
>
> This communication may be confidential and proprietary. The only
> persons authorized to use this communication are the addressee(s),
> their agents and attorneys. Any other disclosure or use of this
> communication's existence, contents, substance, purport, effect, or
> meaning is prohibited. This communication may be exempted and
> protected from disclosure as attorney work product, attorney-client
> privilege, or under other applicable rules and/or laws. If you have
> received this communication in error, please notify me immediately by
> return e-mail and destroy this communication and any copies or
> attachments.
>
> _____
>
> Information contained in this e-mail transmission may be privileged,
> confidential and covered by the Electronic Communications Privacy Act,
> 18 U.S.C. Sections 2510-2521.
>
> If you are not the intended recipient, do not read, distribute, or
> reproduce this transmission.
>
> If you have received this e-mail transmission in error, please notify

2

```
> us immediately of the error by return email and please delete the
> message from your system.
>
> Pursuant to requirements related to practice before the U. S. Internal
> Revenue Service, any tax advice contained in this communication
> (including any attachments) is not intended to be used, and cannot be
> used, for purposes of (i) avoiding penalties imposed under the U. S.
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another person any tax-related matter.
>
> Thank you in advance for your cooperation.
>
> Robins, Kaplan, Miller & Ciresi L.L.P.
> http://www.rkmc.com
>  _____
>
```

3

**EXHIBIT 9**

## Buck, Lori H.

| | |
|---|---|
| **From:** | Le, Elizabeth D. |
| **Sent:** | Wednesday, January 23, 2008 6:03 PM |
| **To:** | Lee, Carol; Buck, Lori H. |
| **Subject:** | FW: Scheduling issue in Lofton v. Bank of America |

-----Original Message-----
From: Ethan Preston [mailto:epreston@kamberedelson.com]
Sent: Wednesday, January 23, 2008 10:10 AM
To: Le, Elizabeth D.
Subject: RE: Scheduling issue in Lofton v. Bank of America

Elizabeth,

I got your message from our voicemail-to-email system. I am in a meeting, and will be in
and out of meetings all today, and won't be able to call you until much later. Hopefully,
we can work this out over email.

Anyway, please take a look at the revised stipulation I circulated this morning. I believe
it should satisfy CCI's prior objections. Please send back an email with the stipulation
attached that concurs with the stipulation, and I can add your e-signature and have it
filed with the Court.

Thanks,

Ethan


On Tue, 2008-01-22 at 11:34 -0800, Le, Elizabeth D. wrote:
> >>>>  Please read the confidentiality statement below  <<<<
> Ethan:
>
> Thanks for preparing a draft of the stip.  As to the second
> stipulation, at page 3 lines 24-27, is unrelated to the Motion for
> Preliminary Injunction and should be deleted from the stip.  The other
> 2 provision is agreeable to us.  Please circulate a revised stip.
>
> Thanks,
> Liz
>
>
> _____
> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Tuesday, January 22, 2008 9:34 AM
> To: Le, Elizabeth D.; Donald P Gagliardi
> Cc: Yu, Jordan S.; Scott A. Kamber, Esq.; Jay Edelson, Esq.
> Subject: Scheduling issue in Lofton v. Bank of America
>
>
> Dear Elizabeth and Don,
>
> There has been a snag with respect to the scheduling of the briefing
> on the Motion for Preliminary Injunction. As you'll remember, on
> January 11, all counsel signed off on a stipulated continuance which
> sought to continue the hearing date from February 5, 2008 to March 4
> under Civil L.R. 7-7. However, Judge Jenkins' Standing Order reads:

1

>      Unless otherwise ordered by the Court, the rescheduling of the
>      hearing date for a motion does not change the date on which an
>      opposition brief or reply brief is due; any opposition brief
>      remains due not less than 21 days prior to the originally
>      noticed hearing date and any reply brief may be filed not less
>      than 14 days prior to the originally noticed hearing date.
> (Para 8, emphasis in original.) I have been in contact with Judge
> Jenkin's clerks, who indicated that the January 11 continuance did not
> change the filing date for Defendants' Oppositions. (Please also refer
> to the Clerk's Notice dated January 17.)
>
> Obviously, the Court's Standing Orders could pose an unanticipated
> problem for Defendants. To resolve the issue, we drafted the attached
> stipulation, which should extend Defendants' deadline for filing their
> Oppositions to March 12 under Civil LR 6-2. Please note that the
> attached declaration and stipulation are being circulated on a
> without-prejudice basis. Please send back an email concurring with the
> stipulation (with the stipulation attached), and I can add your
> e-signatures and get this filed today.
>
> Thanks,
>
> Ethan
> --
> Ethan Preston
> KamberEdelson, LLC
> 53 West Jackson, Suite 1530
> Chicago, IL 60604
> (312) 589-6370
>
> This communication may be confidential and proprietary. The only
> persons authorized to use this communication are the addressee(s),
> their agents and attorneys. Any other disclosure or use of this
> communication's existence, contents, substance, purport, effect, or
> meaning is prohibited. This communication may be exempted and
> protected from disclosure as attorney work product, attorney-client
> privilege, or under other applicable rules and/or laws. If you have
> received this communication in error, please notify me immediately by
> return e-mail and destroy this communication and any copies or
> attachments.
>
> _____
>
> Information contained in this e-mail transmission may be privileged,
> confidential and covered by the Electronic Communications Privacy Act,
> 18 U.S.C. Sections 2510-2521.
>
> If you are not the intended recipient, do not read, distribute, or
> reproduce this transmission.
>
> If you have received this e-mail transmission in error, please notify
> us immediately of the error by return email and please delete the
> message from your system.
>
> Pursuant to requirements related to practice before the U. S. Internal
> Revenue Service, any tax advice contained in this communication
> (including any attachments) is not intended to be used, and cannot be
> used, for purposes of (i) avoiding penalties imposed under the U. S.
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another person any tax-related matter.
>
> Thank you in advance for your cooperation.
>
> Robins, Kaplan, Miller & Ciresi L.L.P.
> http://www.rkmc.com
> _____

2

>

**EXHIBIT 10**

1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
5  Jay Edelson
   Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com
9
   Scott Kamber
   KAMBEREDELSON LLC
10 11 Broadway, 22d Floor
   New York, NY 10004
11 Telephone: (212) 920-3072
   Fax: (212) 202-6364
12 skamber@kamberedelson.com
13 *Attorneys for John Lofton*

14              IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                      SAN FRANCISCO DIVISION

16 JOHN LOFTON, an individual, on his own behalf        No. 07-05892 (MJJ)
   and on behalf of all others similarly situated,
17                                                       Judge Martin J. Jenkins
18              Plaintiff                                 **STIPULATED REQUEST FOR
                                                         EXTENSION OF TIME,
19      v.                                               PLAINTIFF'S SECOND
                                                         AMENDED NOTICE OF
20 BANK OF AMERICA CORPORATION, FIA                      MOTION, AND [PROPOSED]
   CARD SERVICES, N.A., a national banking               ORDER**
21 association, CARLSON COMPANIES, INC., a
   Minnesota corporation, CARLSON TRAVEL                 Date: April 2, 2008
22 NETWORK ASSOCIATES, INC., a Minnesota                 Time: 2:00 P.M.
   corporation, and CARLSON TRAVEL GROUP,                Location: Courtroom 11, 19th Floor
23 INC. a California corporation, and DOES 1 to          450 Golden Gate Ave.
   100,                                                  San Francisco, CA 94102
24              Defendants.
25
26
27
28

---

Stipulated Request for Extension of Time                              No. 07-05892 (MJJ)

This Stipulation between Plaintiff John Lofton and Defendants Bank of America Corporation, FIA Card Services, N.A., Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. (collectively, the "Defendants"), through their respective counsel, is made pursuant to Civil L.R. 6-1(b).

## RECITALS

A.    On November 20, 2007, Plaintiff filed his Complaint against the Defendants.

B.    On December 6, 2007, Plaintiff filed a Notice of Motion and Motion for Preliminary Injunction and Class Certification that was scheduled to be heard on January 15, 2007 before the Honorable Magistrate Elizabeth D. Laporte.

C.    On December 18, 2007, this case was reassigned to the Honorable Martin J. Jenkins.

D.    On December 20, 2007, Plaintiff and Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. entered into a stipulation extending the Carlson Defendants' time to respond to Plaintiff's Complaint until January 22, 2008.

E.    On December 26, 2007, Plaintiff and Bank of America Corp. and FIA Card Services, N.A. entered into a stipulation extending the Bank Defendants' time to respond to Plaintiff's Complaint until February 4, 2008.

F.    On December 27, 2007, Plaintiff filed an Amended Notice of Motion, which re-noticed the Motion for Preliminary Injunction and Class Certification for February 5, 2008, before the Honorable Martin J. Jenkins.

G.    Pursuant to Civil L.R. 7-3(a), Defendants' Opposition briefs for Plaintiff's Motion were not due until January 15, 2008. As of January 11, 2008, Defendants had not filed their Oppositions to Plaintiff's Motion for Preliminary Injunction.

H.    Through the week of January 7, 2008, the parties negotiated to continue the hearing date for Plaintiff's Motion for Preliminary Injunction. It was the expectation and intent of the undersigned parties that the continuance of the hearing date would also extend the briefing schedule for the Motion for Preliminary Injunction and Class Certification.

I.    On January 11, 2008, Plaintiff filed the "Stipulated Continuance of His Motion for

1   Preliminary Injunction and Class Certification." Earlier that day, Plaintiff circulated a draft
2   "Stipulated Request for Order Changing Time and [Proposed] Order" pursuant to Civil L.R. 6-2 to
3   Defendants. Defendants did not ultimately accept that draft request. Rather, at the request of one of
4   the Defendants' counsel, most of the language from the January 11, 2008 "Stipulated Continuance"
5   was taken from a draft stipulation prepared by that counsel.
6
7        J.      On January 17, 2008, the Court's chambers filed a Clerk's Notice which stated, in
     relevant part:
8
              Please refer to Judge Jenkins' Standing Order located at www.cand.uscourts.gov for
9             additional information. Pursuant to the Standing Order, the rescheduling of a
              hearing date for a motion does not change the date on which an opposition brief or
10            reply brief is due; any opposition brief remains due not less than 21 days prior to
              the date of the originally noticed hearing and any reply brief is due not less than 14
11            days prior to the originally noticed hearing date.

12       K.      On January 17, 2008, the Court's chambers contacted counsel and informed them
13   that the first available dates for a hearing on Plaintiff's Motion for Preliminary Injunction and
14   Class Certification were February 27, 2008 or April 2, 2008.

15       L.      Carlson Companies, Inc. filed its answer to Plaintiff's Complaint on January 22,
16   2008.

17                                          **STIPULATIONS**

18       IT IS HEREBY STIPULATED, by and between the undersigned parties, that, pursuant to
19   Civil L.R. 6-2, the hearing for the Plaintiffs' Motion for Preliminary Injunction shall be held on
20   April 2, 2008 at 2:00 p.m. before the Honorable Martin J. Jenkins.

21       IT IS HEREBY STIPULATED, by and between the undersigned parties, that Bank of
22   America Corp., FIA Card Services, N.A., Carlson Travel Network Associates, Inc., and Carlson
23   Travel Group, Inc. (that is, all Defendants besides Carlson Companies, Inc.) will not notice or
24   schedule the hearing for any motion to dismiss Plaintiff's complaint (or similar responsive motion
     *in lieu* of an answer) prior to April 2, 2008.
25
26       IT IS HEREBY STIPULATED, by and between the undersigned parties, that, pursuant to
27   Civil L.R. 6-2, the time for Defendants to file any Opposition to Plaintiff's Motion for Preliminary
28   Injunction and Class Certification shall be extended to March 12, 2008, and the time for Plaintiff to
     file his reply brief shall be extended to March 19, 2008.

---

Stipulated Request for Extension of Time        3                    No. 07-05892 (MJJ)

IT IS HEREBY STIPULATED, by and between the undersigned parties, that, pursuant to Civil L.R. 6-2, the time for Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc. to file an answer or responsive motion to Plaintiff's Complaint shall be extended to February 5, 2008.

## AMENDED NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that John Lofton ("Lofton") will present his pending Motion for Preliminary Injunction and Class Certification in the above referenced proceedings to the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 11, on the 19th Floor, before the Honorable Martin J. Jenkins, on April 2, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard.

Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatories' concurrence in the filing of this document has been obtained.

Dated: January 23, 2007

By: s/Alan Himmelfarb

Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058

*Attorneys for John Lofton*

Dated: January 23, 2007

By: s/Jordan Yu

Jordan Yu
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

*Attorneys for Bank of America Corp., and FIA Card Services, N.A.*

Dated: January 23, 2007

By: s/Elizabeth Le

Elizabeth Le
Robins, Kaplan, Miller & Ciresi L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

*Attorneys for Carlson Companies, Inc.*

Dated: January 23, 2007

By: s/Donald P Gagliardi

Donald P Gagliardi
Bergeson, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712

*Attorneys for Carlson Travel Network
Associates, Inc., and Carlson Travel
Group, Inc.*

IT IS SO ORDERED.

Dated: _____, 2007

By:_____

Hon. Martin J. Jenkins
United States District Judge

Stipulated Request for Extension of Time          5                    No. 07-05892 (MJJ)

# EXHIBIT 11

**Le, Elizabeth D.**

| | |
|---|---|
| **From:** | Ethan Preston [epreston@kamberedelson.com] |
| **Sent:** | Monday, February 25, 2008 8:11 AM |
| **To:** | Le, Elizabeth D. |
| **Subject:** | Scheduling issues for WorldPoints |

Liz,

I apologize that our phone call ended abruptly; I had called you from my car on my cell phone and was responding to some traffic.

I understand Emmett and Martin are reviewing our stipulated dismissal proposal. In light of the March 7 deadline to file an opposition to CCI's motion, it would be helpful to know whether they believe we can reach an agreement along the general conditions I outlined in my Friday email. Given that there is no guarantee the parties will be able to agree on a dismissal, I do have to start preparing for the March 7 deadline:

1. Will CCI stipulate to continuing the hearing date and briefing for its motion to dismiss for 120 days?

2. I had anticipated receiving CCI's Rule 26(a) disclosures on Friday night or over the weekend. Can you please confirm that I will receive the Rule 26(a) disclosure by the end of the day and that CCI will provide a complete response to the pending discovery on March 4?

Thanks,

Ethan

--
Ethan Preston
KamberEdelson, LLC
53 West Jackson, Suite 1530
Chicago, IL 60604
(312) 589-6370

This communication may be confidential and proprietary. The only persons authorized to use this communication are the addressee(s), their agents and attorneys. Any other disclosure or use of this communication's existence, contents, substance, purport, effect, or meaning is prohibited. This communication may be exempted and protected from disclosure as attorney work product, attorney-client privilege, or under other applicable rules and/or laws. If you have received this communication in error, please notify me immediately by return e-mail and destroy this communication and any copies or attachments.

**EXHIBIT 12**

**Le, Elizabeth D.**

| | |
|---|---|
| **From:** | Le, Elizabeth D. |
| **Sent:** | Monday, February 25, 2008 1:09 PM |
| **To:** | 'epreston@kamberedelson.com' |
| **Cc:** | Lueck, Martin R.; McMahon, Emmett J.; Lee, Carol; Buck, Lori H.; Angell, Jane A. |
| **Subject:** | RE: LOFTON |

Ethan:

I appreciate that you want to discuss these issues and I'm not trying to ignore you. I told you that I need to discuss your proposals with Marty and Emmett and we will get back to you as soon as reasonably possible. I didn't receive your first written proposal until late Friday afternoon and your other one just came in this morning. I am working on promptly responding to these proposals.

That said, I don't think that the stipulation for leave to file under seal has anything to do with the issues that you want to talk about. If you are agreeable to the stipulation, as you say you are, please sign off on it. Otherwise, we will file an ex parte application for leave to file under seal, pursuant to Judge Illston's rules, and will be forced to advise the Court as to the parties could not enter into a stipulation.

Liz

-----Original Message-----
From: Ethan Preston [mailto:epreston@kamberedelson.com]
Sent: Monday, February 25, 2008 12:16 PM
To: Le, Elizabeth D.
Subject: Re: LOFTON

Liz,

The stipulation looks fine, but before I sign off on it can we please talk regarding 1) the extension of time for the motion to dismiss, 2) the outstanding discovery, and 3) the stipulated dismissal?

Please give me a call or let me know what time today I can call you.

Thanks,

Ethan

On Mon, 2008-02-25 at 12:09 -0800, Le, Elizabeth D. wrote:
> >>>> Please read the confidentiality statement below <<<<
> Counsel:
>
> Exhibit 2 to the Declaration of Wanda Cahill in Support of CCI's
> Motion to Dismiss was inadvertently not filed under seal. We have
> since locked the document from public view. Attached is a Stipulation
> for leave to file this exhibit under seal, which per Judge Illston
> will be accepted in lieu of an administrative motion. Please let me
> know if you stipulation is agreeable to you and if you will consent.

1

> 
> Thanks,
> Liz
> 
> http://www.rkmc.com
> Elizabeth D. Le
> 2049 Century Park East, Suite 3400
> Los Angeles, California 90067
> Tel:    (310) 552-0130
> Fax:    (310) 229-5800
> E-mail: edle@rkmc.com
> 
> 
> _____
> 
> Information contained in this e-mail transmission may be privileged,
> confidential and covered by the Electronic Communications Privacy Act,
> 18 U.S.C. Sections 2510-2521.
> 
> If you are not the intended recipient, do not read, distribute, or
> reproduce this transmission.
> 
> If you have received this e-mail transmission in error, please notify
> us immediately of the error by return email and please delete the
> message from your system.
> 
> Pursuant to requirements related to practice before the U. S. Internal
> Revenue Service, any tax advice contained in this communication
> (including any attachments) is not intended to be used, and cannot be
> used, for purposes of (i) avoiding penalties imposed under the U. S.
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another person any tax-related matter.
> 
> Thank you in advance for your cooperation.
> 
> Robins, Kaplan, Miller & Ciresi L.L.P.
> http://www.rkmc.com
> _____
> 

2

# EXHIBIT 13

## Buck, Lori H.

| | |
|---|---|
| **From:** | Ethan Preston [epreston@kamberedelson.com] |
| **Sent:** | Monday, February 25, 2008 3:35 PM |
| **To:** | Le, Elizabeth D. |
| **Cc:** | Lueck, Martin R.; McMahon, Emmett J.; Lee, Carol; Buck, Lori H.; Angell, Jane A. |
| **Subject:** | RE: LOFTON |

Liz,

Thanks for getting back to me. I hope you understand my sense of
urgency: I do not have very much time to get done everything I need to get done before
March 7 as things stand now.

With respect to the stip for filing under seal, my previous email was clear that we are
fine with the stip. I was not conditioning our agreement to the stip on any of the issues
raised in my email; I simply wanted to conference with you before the stip was signed. It
is surprising that CCI isn't able to give a quick answer as to the extension, or to at
least arrange a phone conference to discuss those issues.

I certainly do not want to prejudice the parties' discussions, but I still need to press
forward in case those discussions fall through.
Until or unless I hear differently from you, I am going to have to proceed under the
assumption that CCI will not stipulate to the extension, will not produce discovery on the
agreed time frame, and will not agree to the stipulated dismissal I've proposed.


Ethan


On Mon, 2008-02-25 at 13:08 -0800, Le, Elizabeth D. wrote:
> >>>>  Please read the confidentiality statement below  <<<<
> Ethan:
>
> I appreciate that you want to discuss these issues and I'm not trying
> to ignore you.  I told you that I need to discuss your proposals  with
> Marty and Emmett and we will get back to you as soon as reasonably
> possible. I didn't receive your first written proposal until late
> Friday afternoon and your other one just came in this morning.  I am
> working on promptly responding to these proposals.
>
> That said, I don't think that the stipulation for leave to file under
> seal has anything to do with the issues that you want to talk about.
> If you are agreeable to the stipulation, as you say you are, please sign
> off on it.   Otherwise, we will file an ex parte application for leave
> to file under seal, pursuant to Judge Illston's rules, and will be
> forced to advise the Court as to the parties could not enter into a
> stipulation.
>
> Liz
>
> -----Original Message-----
> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Monday, February 25, 2008 12:16 PM
> To: Le, Elizabeth D.
> Subject: Re: LOFTON
>
> Liz,
>
> The stipulation looks fine, but before I sign off on it can we please
> talk regarding 1) the extension of time for the motion to dismiss, 2)
> the outstanding discovery, and 3) the stipulated dismissal?

1

```
, >
> Please give me a call or let me know what time today I can call you.
>
> Thanks,
>
> Ethan
>
>
>
> On Mon, 2008-02-25 at 12:09 -0800, Le, Elizabeth D. wrote:
> > >>>>  Please read the confidentiality statement below  <<<<
> > Counsel:
> >
> > Exhibit 2 to the Declaration of Wanda Cahill in Support of CCI's
> > Motion to Dismiss was inadvertently not filed under seal.  We have
> > since locked the document from public view.  Attached is a
> > Stipulation
> >
> > for leave to file this exhibit under seal, which per Judge Illston
> > will be accepted in lieu of an administrative motion.  Please let me
> > know if you stipulation is agreeable to you and if you will consent.
> >
> > Thanks,
> > Liz
> >
> > http://www.rkmc.com
> > Elizabeth D. Le
> > 2049 Century Park East, Suite 3400
> > Los Angeles, California 90067
> > Tel:     (310) 552-0130
> > Fax:     (310) 229-5800
> > E-mail: edle@rkmc.com
> >
> >
> > _____
> >
> > Information contained in this e-mail transmission may be privileged,
> > confidential and covered by the Electronic Communications Privacy
> > Act,
> > 18 U.S.C. Sections 2510-2521.
> >
> > If you are not the intended recipient, do not read, distribute, or
> > reproduce this transmission.
> >
> > If you have received this e-mail transmission in error, please
> > notify us immediately of the error by return email and please delete
> > the message from your system.
> >
> > Pursuant to requirements related to practice before the U. S.
> > Internal
> >
> > Revenue Service, any tax advice contained in this communication
> > (including any attachments) is not intended to be used, and cannot
> > be used, for purposes of (i) avoiding penalties imposed under the U. S.
> > Internal Revenue Code or (ii) promoting, marketing or recommending
> > to another person any tax-related matter.
> >
> > Thank you in advance for your cooperation.
> >
> > Robins, Kaplan, Miller & Ciresi L.L.P.
> > http://www.rkmc.com
> > _____
> >
>
```

2

**EXHIBIT 14**

**Le, Elizabeth D.**

| | |
|---|---|
| **From:** | Le, Elizabeth D. |
| **Sent:** | Monday, February 25, 2008 6:05 PM |
| **To:** | 'epreston@kamberedelson.com' |
| **Cc:** | Lueck, Martin R.; McMahon, Emmett J.; Lee, Carol; Buck, Lori H.; Angell, Jane A. |
| **Subject:** | RE: LOFTON |

Ethan:

We are conferring with our client regarding the proposals that you made and will get back to you as soon as reasonably possible.

With respect to pending discovery, we will respond to your discovery as authorized by the rules and consistent with our client's interests. You should know that in light of our objections to jurisdiction and the fact that we are not the administrator of the WorldPoints Travel Rewards Program, you should expect that our responses will most likely be limited. We are waiting for a response from our client as to the initial disclosures and once it has been approved, we will serve it upon you promptly.

We hope this clears it up and will get back to you shortly on your proposals.

Regards,
Liz

-----Original Message-----
From: Ethan Preston [mailto:epreston@kamberedelson.com]
Sent: Monday, February 25, 2008 1:35 PM
To: Le, Elizabeth D.
Cc: Lueck, Martin R.; McMahon, Emmett J.; Lee, Carol; Buck, Lori H.; Angell, Jane A.
Subject: RE: LOFTON

Liz,

Thanks for getting back to me. I hope you understand my sense of
urgency: I do not have very much time to get done everything I need to get done before March 7 as things stand now.

With respect to the stip for filing under seal, my previous email was clear that we are fine with the stip. I was not conditioning our agreement to the stip on any of the issues raised in my email; I simply wanted to conference with you before the stip was signed. It is surprising that CCI isn't able to give a quick answer as to the extension, or to at least arrange a phone conference to discuss those issues.

I certainly do not want to prejudice the parties' discussions, but I still need to press forward in case those discussions fall through.
Until or unless I hear differently from you, I am going to have to proceed under the assumption that CCI will not stipulate to the extension, will not produce discovery on the agreed time frame, and will not agree to the stipulated dismissal I've proposed.

Ethan

1

On Mon, 2008-02-25 at 13:08 -0800, Le, Elizabeth D. wrote:
> >>>> Please read the confidentiality statement below <<<<
> Ethan:
>
> I appreciate that you want to discuss these issues and I'm not trying
> to ignore you. I told you that I need to discuss your proposals with
> Marty and Emmett and we will get back to you as soon as reasonably
> possible. I didn't receive your first written proposal until late
> Friday afternoon and your other one just came in this morning. I am
> working on promptly responding to these proposals.
>
> That said, I don't think that the stipulation for leave to file under
> seal has anything to do with the issues that you want to talk about.
> If you are agreeable to the stipulation, as you say you are, please sign
> off on it. Otherwise, we will file an ex parte application for leave
> to file under seal, pursuant to Judge Illston's rules, and will be
> forced to advise the Court as to the parties could not enter into a
> stipulation.
>
> Liz
>
> -----Original Message-----
> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Monday, February 25, 2008 12:16 PM
> To: Le, Elizabeth D.
> Subject: Re: LOFTON
>
> Liz,
>
> The stipulation looks fine, but before I sign off on it can we please
> talk regarding 1) the extension of time for the motion to dismiss, 2)
> the outstanding discovery, and 3) the stipulated dismissal?
>
> Please give me a call or let me know what time today I can call you.
>
> Thanks,
>
> Ethan
>
>
>
> On Mon, 2008-02-25 at 12:09 -0800, Le, Elizabeth D. wrote:
> > >>>> Please read the confidentiality statement below <<<<
> > Counsel:
> >
> > Exhibit 2 to the Declaration of Wanda Cahill in Support of CCI's
> > Motion to Dismiss was inadvertently not filed under seal. We have
> > since locked the document from public view. Attached is a
> > Stipulation

2

>
> > for leave to file this exhibit under seal, which per Judge Illston
> > will be accepted in lieu of an administrative motion.  Please let me
> > know if you stipulation is agreeable to you and if you will consent.
> >
> > Thanks,
> > Liz
> >
> > http://www.rkmc.com
> > Elizabeth D. Le
> > 2049 Century Park East, Suite 3400
> > Los Angeles, California 90067
> > Tel:     (310) 552-0130
> > Fax:     (310) 229-5800
> > E-mail: edle@rkmc.com
> >
> >
> > _____
> >
> > Information contained in this e-mail transmission may be privileged,
> > confidential and covered by the Electronic Communications Privacy
> > Act,
> > 18 U.S.C. Sections 2510-2521.
> >
> > If you are not the intended recipient, do not read, distribute, or
> > reproduce this transmission.
> >
> > If you have received this e-mail transmission in error, please
> > notify us immediately of the error by return email and please delete
> > the message from your system.
> >
> > Pursuant to requirements related to practice before the U. S.
> > Internal
>
> > Revenue Service, any tax advice contained in this communication
> > (including any attachments) is not intended to be used, and cannot
> > be used, for purposes of (i) avoiding penalties imposed under the U. S.
> > Internal Revenue Code or (ii) promoting, marketing or recommending
> > to another person any tax-related matter.
> >
> > Thank you in advance for your cooperation.
> >
> > Robins, Kaplan, Miller & Ciresi L.L.P.
> > http://www.rkmc.com
> > _____
> >
>

3

**EXHIBIT 15**

**Le, Elizabeth D.**

| | |
|---|---|
| **From:** | Le, Elizabeth D. |
| **Sent:** | Friday, February 29, 2008 10:09 AM |
| **To:** | 'epreston@kamberedelson.com' |
| **Cc:** | Lueck, Martin R.; McMahon, Emmett J.; Angell, Jane A.; Buck, Lori H.; Lee, Carol |
| **Subject:** | Lofton |

Ethan:

We were surprised to receive your motion for extension of time on CCI's motion to dismiss and do not think that you adequately complied with rules in your efforts to seek reach an agreement with us without court intervention. You waited until six days after we filed our motion to ask for a 120 days extension and expected us to give you a response in a matter of hours. You never explained why you needed or are entitled to 120 days or the kind of jurisdictional discovery you are seeking. You certainly did not explain that you intended on filing a motion. When we were unable to give an immediate answer to your all or nothing proposal, you filed your motion.

That said, we intend to oppose your motion. We see that just yesterday you noticed your motion for preliminary injunction and class certification for hearing on April 4. It is our position that the preliminary injunction and class certification motion should be heard after our motion to dismiss. CCI's jurisdictional challenge must be resolved first.

Please let me know by 3 p.m. PST today whether you will agree to extend your preliminary injunction and class certification motion to be heard after our motion to dismiss if the court determines that an extension is warranted on CCI's motion. If we are unable to reach an agreement, we will file a counter motion with the court for an extension on your preliminary injunction and class certification hearing.

Regards,
Liz

**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

Elizabeth D. Le
2049 Century Park East, Suite 3400
Los Angeles, California 90067
Tel:    (310) 552-0130
Fax:   (310) 229-5800
E-mail: edle@rkmc.com

2/29/2008

**EXHIBIT 16**

## Le, Elizabeth D.

| | |
|---|---|
| **From:** | Le, Elizabeth D. |
| **Sent:** | Friday, February 29, 2008 4:47 PM |
| **To:** | 'epreston@kamberedelson.com' |
| **Cc:** | Yu, Felicia; Yu, Jordan S.; Donald P Gagliardi; Jay Edelson, Esq.; McMahon, Emmett J.; Lueck, Martin R.; 'Sarskas, S. Edward (12521)'; Buck, Lori H.; Lee, Carol |
| **Subject:** | RE: Lofton |

Ethan:

We will discuss your proposal #1 with our client and get back to you as promptly as possible. But, neither this proposal nor your proposal #2 addresses the fact that CCI's jurisdictional challenge would be heard first.  Nevertheless, while we would have liked to accommodate your request that we delay filing our request for an extension, it is our understanding that the Court would like a response from us immediately, and therefore, we will file our request to comply with the Court and preserve our rights.

Regards,
Liz

---

**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Friday, February 29, 2008 12:57 PM
**To:** Le, Elizabeth D.
**Cc:** Yu, Felicia; Yu, Jordan S.; Donald P Gagliardi; Jay Edelson, Esq.; McMahon, Emmett J.
**Subject:** Re: Lofton

Dear Liz,

Thank you for the email. I appreciate your forbearance in giving me several hours to respond; however, I understand the issue is quite time-sensitive and felt I should give you an immediate response, lest the delay prejudice your client's position.

I understand that CCI's position is that the motion to dismiss should be heard before the motion for preliminary injunction. Our issue is that we have sufficient evidence for the motion for preliminary injunction, and it is in our client's interests that it be heard shortly, but we have not been provided a meaningful opportunity to take discovery to oppose your motion. Moreover, the Court's injunction binds not only the parties but also "other persons who are in active concert or participation with" them, Fed. R. Civ. P. 65(d)(2)(C), and the "mandate of an injunction issued by a federal district court runs nationwide." Waffenschmidt v. MacKay, 763 F.2d 711, 716 (5th Cir. 1985). The outcome of CCI's motion is, therefore, irrelevant as to whether it would be bound by the constructive trust in the injunction Lofton seeks -- the practical effect will be the same. Hence, we do not agree that your motion must or should to be heard before our motion.

That said, I see a couple of ways of accommodating both parties:

    1. Our offer to stay the case for mediation is still pending. Frankly, we set the April 4 hearing date with the expectation that the parties would continue it once we had a better idea about the timing of mediation, and contacted BofA's counsel in this regard. If CCI is not inclined to mediate before its motion has been resolved, we would be willing to mediate with the other Defendants without CCI (provided, naturally, that the other Defendants are

2/29/2008

amenable to this solution).

2. We could have the motion for preliminary injunction and the motion to dismiss heard on the same day. A simultaneous decision would address CCI's concern about a preliminary injunction without personal jurisdiction. We would be willing to do this if CCI would provide discovery to us on a shortened time frame, but we would still need approximately 60 days to have a meaningful opportunity to conduct discovery.

Negotiating either of these solutions will probably take longer than the 3pm PST deadline which you have set. As there is plenty of time to renotice the motion for preliminary injunction, I would ask that you delay your filing of the motion for extension long enough for the other Defendants to consider these solutions. Obviously, we would renotice our motion for preliminary injunction if were needed to accomodate either solution.

With respect to our efforts to obtain your consent to Motion for Extension, I believe you are mistaken. Civil L.R. 6-3(a), not Civil L.R. 7-11(a), controls the declaration for Lofton's Motion. I alerted you that I had to proceed as though you would refuse the request for extension on Monday morning, and I filed the Motion for Extension shortly after noon, Tuesday. CCI had over 24 hours to ask for the information you've indicated below in order to make its decision. It is now obvious that CCI would have refused the extension even if it had received the requested information. Had we waited until receiving today's refusal, Lofton would have begun the Motion for Extension today and would have been greatly prejudiced thereby. Conversely, we do not see how CCI has been prejudiced by Lofton's Motion.

Regards,

Ethan


On Fri, 2008-02-29 at 10:09 -0800, Le, Elizabeth D. wrote:

>>>>  Please read the confidentiality statement below  <<<<

Ethan:

We were surprised to receive your motion for extension of time on CCI's motion to dismiss and do not think that you adequately complied with rules in your efforts to seek reach an agreement with us without court intervention.  You waited until six days after we filed our motion to ask for a 120 days extension and expected us to give you a response in a matter of hours.  You never explained why you needed or are entitled to120 days or the kind of jurisdictional discovery you are seeking.  You certainly did not explain that you intended on filing a motion. When we were unable to give an immediate answer to your all or nothing proposal, you filed your motion.

That said, we intend to oppose your motion.  We see that just yesterday you noticed your motion for preliminary injunction and class certification for hearing on April 4.  It is our position that the preliminary injunction and class certification motion should be heard after our motion to dismiss.  CCI's jurisdictional challenge must be resolved first.

Please let me know by 3 p.m. PST today whether you will agree to extend your preliminary injunction and class certification motion to be heard after our motion to dismiss if the court determines that an extension is warranted on CCI's motion.  If we are unable to reach an

agreement, we will file a counter motion with the court for an extension on your preliminary injunction and class certification hearing.

Regards,

Liz

**ROBINS, KAPLAN, MILLER & CIRESI** LLP

Elizabeth D. Le

2049 Century Park East, Suite 3400

Los Angeles, California 90067

Tel:     (310) 552-0130

Fax:     (310) 229-5800

E-mail:  edle@rkmc.com