Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Felicia Y. Yu (SBN 193316)
Email: fyu@reedsmith.com
Jordan Yu (SBN 227341)
Email: jsyu@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:     213.457.8000
Facsimile:      213.457.8080

Attorneys for Defendants
BANK OF AMERICA CORPORATION and
FIA CARD SERVICES, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association; CARLSON COMPANIES, INC., a Minnesota corporation; CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation; and CARLSON TRAVEL GROUP, INC., a California corporation; and DOES 1 to 100,<br><br>Defendants. | No.: C07-05892 SI<br><br>**DEFENDANTS BANK OF AMERICA CORPORATION AND FIA CARD SERVICES, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        May 2, 2008<br>Time:        9:00 a.m.<br>Court Room: 10<br><br>Honorable Susan Illston |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ......................................................................................................1

II.   MATERIAL ALLEGATIONS OF THE COMPLAINT ........................................3

III.  LEGAL STANDARD...............................................................................................4

    A.    PLAINTIFF'S CLRA CLAIM FAILS AS A MATTER OF LAW..............5

        1.    Plaintiff Has Failed to Allege That He Is A "Consumer" Under The CLRA........................................................................................5

        2.    The Alleged Misconduct Did Not Result In The "Sale or Lease" of a "Good or Service"....................................................................6

        3.    The Issuance Of Credit Is Outside The Scope Of The CLRA ..........7

    B.    BANK OF AMERICA AND FIA DO NOT OWE A FIDUCIARY DUTY TO PLAINTIFF ..................................................................................8

        1.    A Lender Is Not A Fiduciary Of Its Borrower..................................8

        2.    Bank of America And FIA Are Not "Sellers of Travel" ...................8

    C.    PLAINTIFF HAS FAILED TO PROPERLY PLEAD AIDING AND ABETTING LIABILITY ..........................................................................10

    D.    PLAINTIFF'S UCL ACTION IS FATALLY DEFECTIVE ......................12

        1.    PLAINTIFF FAILS TO ALLEGE A VIOLATION OF THE UCL.................14

        2.    PLAINTIFF CANNOT SEEK RESTITUTION .............................................12

IV.   CONCLUSION......................................................................................................15

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

-i-

1

## TABLE OF AUTHORITIES

2
Page

3
### CASES

4
Aguilar v. Atlantic Richfield Co.,
   25 Cal. 4th 826 (2001) ........................................................................... 14

5
Alch v. Superior Court,
   122 Cal. App. 4th 339 (2004). 13
6

7
Augustine v. FIA Card Servs., N.A.,
   485 F. Supp. 2d 1172 (E.D. Cal. 2007) ................................................. 7

8
Balistreri v. Pacific Police Dep't,
   901 F.2d 696 (9th Cir. 1988) .................................................................. 5
9

10
Bell Atl. Corp. v. Twombley,
   127 S. Ct. 1955 (2007) ...................................................................... 5, 12

11
Berry v. American Express Publishing, Inc.,
   147 Cal. App. 4th 224 (2007) ............................................................. 7, 8
12

13
Berryman v. Merit Property Mgmt., Inc.,
   152 Cal. App. 4th 1544 (2007) .................................................. 10, 11, 12

14
Breslin v. City and County of San Francisco,
   146 Cal. App. 4th 1064 (2007) ............................................................. 10
15

16
Cal. Grocers Assn. v. Bank of America,
   22 Cal. App. 4th 205 (1994) ................................................................... 6

17
Day v. AT&T Corp.,
   63 Cal. App. 4th 325 (1998) ................................................................. 13
18

19
Delaney v. Superior Court,
   50 Cal.3d 785 (1990) ............................................................................ 10

20
Emery v. Visa Int'l Serv. Assoc.,
   95 Cal. App. 4th 952 (2002) .................................................... 11, 14, 15
21

22
Fiol v. Doellstedt,
   50 Cal. App. 4th 1318 (1996) .......................................................... 11, 12

23
In re iPass Inc. Sec. Litig.,
   2006 U.S. Dist. LEXIS 63654 * 7 (N.D. Cal. 2006) .............................. 5
24

25
Jackson v. Roe,
   273 F. 3d 1192 (9th Cir. 2001) ............................................................. 14

26
Kim v. Sumitomo Bank of Cal.,
   17 Cal. App. 4th 974 (1993) ................................................................ 8, 9
27

28
Korea Supply Co. v. Lockheed Martin Corp.,
   29 Cal. 4th 1134 (2003) ................................................................... 12, 13

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lee v. General Nutrition Cos., Inc.,
   2001 U.S. Dist LEXIS 24739, *32 (C.D. Cal. 2001) ................................................ 6

Madrid v. Perot Systems Corp.,
   130 Cal. App. 4th 440 (2005) ................................................ 13

Niederreuther v. Schifter,
   1998 WL 409876 *1 (N.D. Cal. 1998) ................................................ 8, 9

Nymark v. Heart Federal Savings & Loan Association,
   231 Cal. App. 3d 1089 (1991) ................................................ 8, 9

People v. Toomey,
   157 Cal. App. 3d 1 (1984) ................................................ 14, 15

Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,
   494 F. 3d 788 (9th Cir. 2007) ................................................ 5

Price v. Wells Fargo Bank,
   213 Cal. App. 3d 465 (1989) ................................................ 8

Van Slyke v. Capital One Bank,
   503 F. Supp. 2d 1353 (N.D. Cal. 2007) ................................................ 7, 8

Viceroy Gold Corp. v. Aubry,
   75 F.3d 482 (9th Cir. 1996) ................................................ 10

## **STATUTES**

Business and Professions Code Section 17200 ................................................ 2

Business and Professions Code Section 17203 ................................................ 12

Business and Professions Code Section 17550 ................................................ 10

Business and Professions Code Section 17550.1 ................................................ 3, 9

Business and Professions Code Section 17550.15 ................................................ 3, 9, 10

Business and Professions Code Section 17550.19 ................................................ 14

Business and Professions Code Section 17550.20 ................................................ 14

Cal. Civ. Code § 1761 ................................................ 5, 6, 7

Cal. Civ. Code § 1770 ................................................ 2, 6

## **RULES**

Fed. R. Civ. P. 12(b)(6) ................................................ 5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE** that on May 2, 2008, at 9:00 a.m., in Courtroom 10 of the above

3  entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Susan

4  Illston presiding, defendants Bank of America Corporation ("Bank of America") and FIA Card

5  Services, N.A. ("FIA") will move to dismiss Plaintiff John Lofton's Complaint based on the

6  following grounds:

7

8  (1)  Plaintiff's First Cause of Action for violation of the Consumer Legal Remedies Act

9  ("CLRA"), codified at California Civil Code Section 1770 *et seq.*, fails to state a

10  claim upon which relief can be granted as required by Federal Rule of Civil Procedure

11  12(b)(6).

12  (2)  Plaintiff's Second Cause of Action for breach of fiduciary duty fails to state a claim

13  upon which relief can be granted as required by Federal Rule of Civil Procedure

14  12(b)(6).

15  (3)  Plaintiff's Third Cause of Action for aiding and abetting breach of fiduciary duty fails

16  to state a claim upon which relief can be granted as required by Federal Rule of Civil

17  Procedure 12(b)(6).

18  (4)  Plaintiff's Fourth Cause of Action for violation of the Unfair Competition Law

19  ("UCL") codified at Business and Professions Code Section 17200 *et seq.* fails to

20  state a claim upon which relief can be granted as required by Federal Rule of Civil

21  Procedure 12(b)(6).

22  This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

23  Points and Authorities in Support of the Motion, and any other papers or arguments the Court deems

24  proper.

25

26

27

28

1    DATED: March 3, 2008.

2                                                    REED SMITH LLP

3

4                                                    By    /s/ Jordan Yu

5                                                        Jordan Yu
                                                         Attorneys for Defendants BANK OF AMERICA
6                                                        CORPORATION and FIA CARD SERVICES,
                                                         N.A.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3

4        Although Plaintiff John Lofton's ("Plaintiff") purported Class Action Complaint

5    ("Complaint") alleges many things against many defendants, the gravamen of the Complaint is the

6    following: Plaintiff owns a WorldPoints credit card; the WorldPoints credit card accrues

7    WorldPoints that can be redeemed for travel benefits; Plaintiff redeemed his accrued WorldPoints

8    for an airline ticket; Plaintiff was charged a $45 "fuel related" fee for his airline ticket redemption;

9    Plaintiff later learned that this $45 "fuel related" fee was not fuel related at all, but a ruse by

10    defendants to charge Plaintiff an undisclosed service fee.

11        Based on these allegations, Plaintiff sues five defendants in this action, broadly segregated

12    into two groups.  In the first group, Plaintiff sues moving defendants Bank of America Corporation

13    ("Bank of America") and FIA Card Services, N.A. ("FIA").  According to Plaintiff, Bank of

14    America issues the WorldPoints credit card and FIA purportedly manages the various aspects of the

15    WorldPoints program.  However, Plaintiff concedes that FIA hires an independent third party travel

16    agency to manage and operate the WorldPoints travel program, the only WorldPoints program at

17    issue in this action.  Plaintiff also concedes that neither Bank of America nor FIA received any

18    money from Plaintiff for the redemption of his WorldPoints for the airline ticket at issue.

19        In the second group, Plaintiff sues Carlson Companies, Inc., Carlson Travel Network

20    Associates, Inc., and Carlson Travel Group, Inc.  Plaintiff admits that he does not know which (if

21    any) of the Carlson entities are responsible for the various alleged wrongs.  Instead, Plaintiff

22    generally avers that the collective "Carlson Defendants" were the independent third party travel

23    agency FIA hired to manage and operate the WorldPoints travel program.  According to Plaintiff, the

24    collective "Carlson Defendants" find and purchase the airline ticket on behalf of cardholders, and

25    then charge the cardholders any fee that is not covered by the WorldPoints redemption, including the

26    $45 "fuel related" fee at issue.

27

28

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    The Complaint is impermissibly vague and often resorts to an undifferentiated "Defendants"

2    approach to allege its claims. Even read liberally, however, Plaintiff fails to assert any legally

3    cognizable claim against moving defendants Bank of America and FIA.

4    Plaintiff asserts four claims against all defendants in this action: (1) violation of the

5    Consumer Legal Remedies Act ("CLRA") codified at California Civil Code Section 1770 *et seq.*, (2)

6    breach of fiduciary duty, (3) aiding and abetting breach of fiduciary duty, and (4) violation of the

7    Unfair Competition Law ("UCL") codified at Business and Professions Code Section 17200 *et seq.*

8    As to the CLRA claim, Plaintiff faces several threshold defects. First, despite the CLRA's

9    restriction that a "consumer" must be an "individual who seeks or acquires, by purchase or lease, any

10   goods or services *for personal, family, or household purposes*," the Complaint fails to allege that

11   Plaintiff redeemed his WorldPoints for an airline ticket used for personal, family, or household

12   purposes. This, without more, disposes of Plaintiff's CLRA claim.

13   Second, the CLRA proscribes certain unfair or deceptive practices that are intended to result,

14   or do result in, the "sale or lease" of "goods or services" to a "consumer." Plaintiff, however, cannot

15   allege any "sale or lease" of a "good or service" from either Bank of America or FIA. Specifically,

16   Plaintiff does not, and cannot, allege that he paid to Bank of America or FIA any consideration

17   either (1) for the issuance of the WorldPoints credit card, (2) to enroll in the WorldPoints program,

18   or (3) to redeem his WorldPoints credit for the airline ticket at issue. To the contrary, Plaintiff

19   concedes that the WorldPoints program was a complimentary cardholder benefit, and that an

20   independent travel agency – not Bank of America or FIA – allegedly charged Plaintiff a fee in

21   connection with the airline ticket redemption at issue.

22   Third, to the extent Plaintiff suggests that he was improperly induced to use his WorldPoints

23   credit card as a result of the alleged misrepresentation regarding the "fuel related" fee, it is well

24   established that the CLRA does not encompass the mere extension of credit. Therefore, Plaintiff's

25   CLRA claim as to moving defendants cannot survive this Motion.

26   Plaintiff's breach of fiduciary duty claim fares no better as to moving defendants. Plaintiff's

27   Complaint repeatedly acknowledges that Bank of America and FIA are banks that issue and manage

28   credit cards, respectively. The law is clear, however, that a lender is not a fiduciary of its borrower.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    Perhaps aware of this defect, Plaintiff tries to bolster his claim by alleging that Bank of America and

2    FIA are also "sellers of travel" within the meaning of Business & Professions Code ("B&P") Section

3    17550.1. The Complaint, however, is devoid of any factual allegation that either Bank of America

4    or FIA engage in any activity regulated under B&P Section 17550.1. Moreover, even if Bank of

5    America and FIA are deemed to be sellers of travel, a fiduciary responsibility under B&P Section

6    17550.15(g) is only triggered if Plaintiff paid money to them for travel related services. Here, no

7    such allegation exists and any such allegation would be contrary to the affirmative statements

8    asserted elsewhere in the Complaint.

9        Anticipating this challenge, Plaintiff asserts a secondary claim against Bank of America and

10    FIA for aiding and abetting the breach of another's fiduciary duty. This claim also fails. Other than

11    merely parroting the requisite elements with conclusory allegations, Plaintiff fails to allege any facts

12    sufficient to sustain his aiding and abetting claim as to Bank of America or FIA.

13        Finally, Plaintiff asserts a catch-all UCL claim and seeks restitution and injunction. Plaintiff,

14    however, does not and cannot allege a substantive violation of the UCL. Rather, Plaintiff asserts that

15    the purported wrongdoing of an independent third party travel agency somehow makes Bank of

16    America and FIA liable under the UCL. The UCL, however, does not recognize vicarious liability.

17    Moreover, as to Plaintiff's claim for restitution, Plaintiff does not and cannot allege that he paid

18    either Bank of America or FIA any money in the course of redeeming his WorldPoints for the airline

19    ticket at issue. A UCL defendant is required to give back only what it received, and necessarily,

20    cannot disgorge what it never had.

21        Accordingly, all claims asserted against Bank of America and FIA are legally defective and

22    the Complaint should be dismissed as to them as a matter of law without leave to amend.

23

24    **II.    MATERIAL ALLEGATIONS OF THE COMPLAINT**

25        Excising the conclusory allegations, the Complaint alleges the following. Plaintiff owns a

26    WorldPoints credit card. Complaint, ¶ 7. Bank of America is a national bank that issues and

27    markets the WorldPoints credit card. Complaint, ¶¶ 7, 8. FIA is a national banking association, a

28    subsidiary of Bank of America, a successor to MBNA America Bank, and the manager of the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    WorldPoints credit card program in general. *Id.* at ¶ 9. However, the travel portion of the

2    WorldPoints program, including airline ticket redemptions, is managed and administered by the

3    Carlson Defendants, "an independent third party travel agency."[1] *Id.* at ¶¶ 2, 13, 14. FIA discloses

4    to WorldPoints cardholders that "an independent third party travel agency" manages and operates

5    the WorldPoints travel program, the only WorldPoints program at issue in this action. *Id.* at ¶ 13.

6    According to Plaintiff, the Carlson Defendants first find the airline ticket requested by the

7    cardholder, and then purchase the airline ticket by redeeming the cardholders accrued WorldPoints

8    towards an airline ticket price. *Id.* at ¶¶ 2, 23. After applying the WorldPoints, any remaining costs

9    on the ticket are then charged by the Carlson Defendants to the cardholders' credit card. *Id.*

10         Plaintiff alleges that he redeemed his WorldPoints for a Continental airline ticket. *Id.* at ¶ 7,

11    25 The Carlson Defendants allegedly found the airline ticket, redeemed Plaintiff's WorldPoints for

12    the airline ticket, and then charged Plaintiff an excess fee of $107.10 for the redemption, which

13    included a $45 "fuel-related" fee. *Id.* at ¶¶ 24, 25, 26.

14         Plaintiff alleges that Continental Airlines does not charge a fee designated as "fuel related."

15    *Id.* at ¶ 4, 30. Hence, Plaintiff concludes that the undifferentiated "Defendants" engaged in a

16    deceptive business practice by charging a $45 service fee under the guise of a "fuel related" fee. *Id.*

17    at ¶ 35.

18         In short, Bank of America issued the WorldPoints credit card and FIA hired an independent

19    third party travel agency to manage and operate the WorldPoints travel program. Not much more is

20    alleged as to moving defendants.

### III.    LEGAL STANDARD

23         A motion to dismiss brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6)

24    tests the legal sufficiency of the complaint. *Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699

---

[1] Although Plaintiff sues three separate Carlson entities – Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. – Plaintiff alleges that he is yet unaware of the roles each of these Carlson entities, and hence refers to them collectively as the "Carlson Defendants." *Id.* at ¶ 13. For purposes of this Motion, Bank of America and FIA will use the same designation.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   (9th Cir. 1988); *In re iPass Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 63654 * 7 (N.D. Cal. 2006).   In

2   ruling on a Rule 12(b)(6) motion, the Court need not accept as true conclusory allegations or legal

3   conclusions merely because they are cast in the form of factual allegations.  *Perfect 10, Inc. v. Visa*

4   *Int'l Serv. Ass'n,* 494 F. 3d 788, 794 (9th Cir. 2007).

5          Moreover, the United States Supreme Court recently emphasized that to properly plead a

6   claim, a plaintiff must allege sufficient *facts* establishing that the plaintiff is entitled to the relief

7   sought.  *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1964-65 (2007).  While the complaint "does

8   not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

9   'entitle[ment] to relief' requires more than labels and conclusions . . ."  *Id.* (internal quotations

10  omitted).  Significantly, *Bell* makes clear that the "no set of facts" standard previously espoused by

11  the high court no longer applies: "[t]his famous observation has earned its retirement."  *Bell*, 127

12  S.Ct. at 1969.  Rather, it is now incumbent on plaintiff to provide adequate facts to support his

13  alleged claims and mere "conclusions, and a formulaic recitation of a cause of action's elements will

14  not do."  *Id.* at 1959.

15

16  **A.     PLAINTIFF'S CLRA CLAIM FAILS AS A MATTER OF LAW**

17          **1.     Plaintiff Has Failed to Allege That He Is A "Consumer" Under The CLRA**

18

19          Plaintiff's CLRA claim is defective at the threshold.  In order to come under the purview of

20  the CLRA, Plaintiff must meet the definition of a "consumer," which is limited to "an individual

21  who seeks or acquires, by purchase or lease, any goods or services *for personal, family, or*

22  *household purposes.*"  Cal. Civ. Code § 1761(d) (emphasis added).  Already then, a dispositive

23  defect is evident.

24          The Complaint is devoid of any allegation that the Continental Airline ticket Plaintiff

25  redeemed in exchange for his WorldPoints was for personal, family, or household purposes.  More

26  broadly, there is no allegation that Plaintiff's WorldPoints credit card in general was used by

27  Plaintiff for personal, family, or household purposes.  Cal. Civ. Code § 1761(d); *Cal. Grocers Assn.*

28  *v. Bank of America*, 22 Cal. App. 4th 205, 217 (1994) (plaintiff is not a "consumer," and hence,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   CLRA claim fails); *Lee v. General Nutrition Cos., Inc.*, 2001 U.S. Dist LEXIS 24739, *32 (C.D.

2   Cal. 2001) (dismissing CLRA claim because plaintiff is not "consumer"). This defect, without more,

3   disposes of Plaintiff's CLRA claim.

4        Moreover, Plaintiff's failure to properly allege that he is a "consumer" also negates two

5   additional elements of the CLRA. The statutory definition of "goods" ("tangible chattels bought or

6   leased for use *primarily for personal, family, or household purposes*") as well as "services" ("work,

7   labor, and services for *other than a commercial or business use*") under the CLRA expressly

8   confine liability only to goods or services purchased or leased for personal use. Cal. Civ. Code §

9   1761(a), (b) (emphasis added). Accordingly, Plaintiff's failure to allege that his airline ticket was for

10  personal, non-business purposes disposes of his CLRA claim.

11

12       **2.    The Alleged Misconduct Did Not Result In The "Sale or Lease of a Goods or Services"**

13

14       Further, the CLRA requires a "sale or lease of goods or services." Cal. Civ. Code § 1770(a).

15  Here, there cannot be any such allegation. Indeed, Plaintiff did not purchase or lease from Bank of

16  America or FIA (1) the WorldPoints credit card, (2) the membership enrollment for the WorldPoints

17  program, or (3) the Continental Airline ticket at issue. To the contrary, cardholders earn

18  WorldPoints just by using the WorldPoints credit card. Complaint, ¶ 1, 55 ("such benefits were

19  contingent on Class members earning WorldPoints after they signed up for a WorldPoints Reward-

20  branded credit card."). Further, Bank of America and FIA charged Plaintiff nothing to redeem his

21  WorldPoints for the Continental airline tickets at issue. Rather, Plaintiff alleges that an independent

22  third party travel agency charged him the fees not covered by the WorldPoints redemption, including

23  the $45 "fuel related" fee, not Bank of America or FIA. Complaint, ¶¶ 23, 25, 26.

24       Simply then, as to Bank of America and FIA, there is no "purchase or lease" to speak of and

25  no allegation that Bank of America or FIA "sold [Plaintiff] any goods under the credit card

26  agreement." *Van Slyke*, 503 F. Supp. 2d at 1359. *See also* Cal. Civ. Code § 1761(d); Cal. Civ. Code

27  § 1761(c). In the end, Plaintiff has not, and cannot, allege any "good" or "service" "purchased or

28  leased" from either Bank of America or FIA separate and apart from the mere issuance of credit and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  the complementary WorldPoints Plaintiff earned as a result of using the credit.  Accordingly,

2  Plaintiff's CLRA claim fails as a matter of law.

3
      **3.    The Issuance Of Credit Is Outside The Scope Of The CLRA**
4

5        To overcome this defect, Plaintiff asserts that the purported misrepresentation relating to the

6  $45 "fuel related" fee induced him to use his WorldPoints credit card.  Complaint, ¶¶ 34, 36.  This

7  theory too is futile.  It is now settled law that the mere issuance of credit cannot form the basis of a

8  CLRA violation.  *Berry v. American Express Publishing, Inc.*, 147 Cal. App. 4th 224, 229 (2007);

9  *Van Slyke*, 503 F. Supp. 2d at 1358-59; *Augustine v. FIA Card Servs., N.A.*, 485 F. Supp. 2d 1172,

10  1175 (E.D. Cal. 2007).

11       In *Berry*, the plaintiff alleged that American Express' arbitration provision in its credit card

12  agreements violated the CLRA.  After considering CLRA's text and legislative history, the

13  California Court of Appeal affirmed the trial court's dismissal of the CLRA claim, holding that "the

14  extension of credit, such as issuing a credit card, *separate and apart from the sale or lease of any*

15  *specific goods or services*, does not fall within the scope of the [CLRA]."  *Id.* at 227 (emphasis

16  added).  The Court reasoned that credit does not fall within the CLRA's definition of "goods" since

17  credit is not a "tangible chattel," and rejected plaintiff's claim that credit, separate and apart from

18  any sale or lease of goods or services, is "services."  *Id.*

19       More recently, the *Van Slyke* court, citing *Berry*, further clarified that a CLRA claim against

20  a credit card defendant cannot be sustained unless the "purchase or lease" of a "good" or "service" is

21  directly from the credit card defendant:

22

23        Of course, plaintiffs bought goods and services with their credit cards.  *But not*
         *from defendants.*  Plaintiffs do not allege that they were given or had purchased
24        special rights or options under their agreement.  They do not allege that
         defendants sold them any goods under the credit agreement (other than a plastic
25        card evidencing a line of credit).  And, they do not allege that defendants sold
         them any services.  In short, this case deals with the extension of credit, in
26        however unseemly a manner, not with the sale or lease of goods or services.

27  *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1359 (N.D. Cal. 2007) (emphasis added).

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Again, as to Bank of America and FIA, there is no "purchase or lease" to speak of.  Simply

2  being induced to use his WorldPoints credit card to purchase or lease goods or services from third

3  parties as a result of the purported misrepresentations is insufficient to sustain a CLRA claim.  *E.g.*,

4  *Van Slyke*, 503 F. Supp. 2d at 1359; *Berry,* 147 Cal. App. 4th at 229

**B.    BANK OF AMERICA AND FIA DO NOT OWE A FIDUCIARY DUTY TO PLAINTIFF**

**1.    A Lender Is Not A Fiduciary Of Its Borrower**

Plaintiff's complaint also asserts that each of the undifferentiated "Defendants" owe a fiduciary duty to Plaintiff.  As for Bank of America and FIA, this assertion is facially defective.  It is settled law that a lender is not a fiduciary of the borrower.  *E.g.*, *Niederreuther v. Schifter*, 1998 WL 409876 *1 (N.D. Cal. 1998); *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476-478 (1989); *Kim v. Sumitomo Bank of Cal.*, 17 Cal. App. 4th 974, 979-81 (1993); *Nymark v. Heart Federal Savings & Loan Association*, 231 Cal. App. 3d 1089, 1093, n. 1 (1991).

Here, the allegations are simple.  Bank of America is the issuer of the WorldPoints credit card, with 5,700 retail banking offices and 17,000 ATMs.  Complaint, ¶ 8.  FIA is a national banking association, Bank of America's subsidiary, and the successor to MBNA America Bank that manages the WorldPoints credit card program.  *Id.* at ¶ 9.  As for Plaintiff, he used his WorldPoints credit card which earned him WorldPoints.  In other words, the Complaint paints a simple credit transaction where Bank of America and FIA are commercial lenders, and Plaintiff is a borrower.  That is all.  *Id.* at ¶ 7.  A fiduciary relationship cannot arise under these circumstances.  *Kim v. Sumimoto Bank of Cal.*, 17 Cal. App. 4th at 979-981  (no fiduciary relationship between lender and borrower); *Niederreuther,* WL 409876, *1 (same); *Nymark*, 213 Cal. App. 3d. at 1096 (same).

**2.    Bank of America And FIA Are Not "Sellers of Travel"**

Perhaps aware that no fiduciary relationship exists between a lender and a borrower, Plaintiff attempts to manufacture a fiduciary relationship by baldy asserting that Bank of America, FIA, and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  each of the Carlson Defendants are all "sellers of travel" pursuant to Business & Professions Code

2  ("B&P") Section 17550.1, which is defined as "a person who sells, provides, furnishes, contracts for,

3  arranges, or advertises that he or she can or may arrange, or has arranged, wholesale or retail, air or

4  sea transportation of land or water vessel transportation." Complaint, ¶ 63. Hence, Plaintiff alleges

5  that each of the six defendants in this action is a fiduciary of Plaintiff pursuant to B&P Section

6  17550.15(g), which provides in its entirety: "Every seller of travel has a fiduciary responsibility *with*

7  *respect to all sums received for transportation or travel services*." B&P § 17550.15(g) (emphasis

8  added). Complaint, ¶ 65.

9      The Court need not go beyond the definition of "seller of travel" to dispose of Plaintiff's

10  assertion. According to the Complaint, Bank of America merely issues the WorldPoints credit card.

11  Beyond this, there is no nexus between Bank of America and the WorldPoints program and there is

12  certainly no allegation that Bank of America engages in any activity set forth in B&P Section

13  17550.1. *See generally* Complaint.

14      Moreover, and dispositively, Plaintiff does not and cannot allege that Bank of America

15  "received for transportation or travel services" any sum of money from Plaintiff. Rather, Plaintiff

16  alleges that the independent travel agency found the airline ticket at issue, purchased the airline

17  ticket, and charged Plaintiff the $45 "fuel related" fee. Complaint, ¶¶ 23, 25, 26. But B&P Section

18  17550.15(g) is clear. A "fiduciary responsibility" exists only if defendant received money from

19  plaintiff. Hence, by the unambiguous plain language of B&P Section 17550.15(g), there can be no

20  fiduciary relationship between Bank of America and Plaintiff. *Breslin v. City and County of San*

21  *Francisco*, 146 Cal. App. 4th 1064, 1079 (2007) ("If the words contained in the statute are

22  reasonably free from ambiguity and uncertainty, we look no further than those words to ascertain the

23  provision's meaning"); *Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 490 (9th Cir. 1996), *citing*

24  *Delaney v. Superior Court*, 50 Cal.3d 785, 800 (1990) ("When statutory language is thus clear and

25  unambiguous there is no need for construction, and courts should not indulge in it.") (citations

26  omitted).

27      The result is the same for FIA. The Complaint concedes that although FIA manages the

28  WorldPoints program generally, FIA hires an independent third party travel agency to manage and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    operate the WorldPoints travel program, the only program at issue in this action, and fully discloses

2    this fact to cardholders.  Complaint, ¶¶ 13, 14, 23.  It is this third party travel agency, according to

3    the Complaint, that finds the airline ticket, purchases the airline ticket by redeeming the cardholder's

4    WorldPoints, and then charges the cardholder any applicable fee, including the $45 "fuel related"

5    fee.  Complaint, ¶ 23, 25, 26.  Necessarily then, Plaintiff cannot allege that FIA "received for

6    transportation or travel services" any money from Plaintiff.  B&P § 17550(g) (fiduciary

7    responsibility only to the extent defendant received money from plaintiff for travel related services);

8    *Berryman*, 152 Cal. App. 4th at 1558-59 ("The mere allegation that [defendant] assumed fiduciary

9    duties to the [plaintiffs] is a legal conclusion, not a well-pled fact:" holding that the relationship

10   between plaintiff and defendant was simply commercial).

11        Accordingly, Plaintiff's breach of fiduciary claim against Bank of America and FIA fails as a

12   matter of law.

13

14   **C.    PLAINTIFF HAS FAILED TO PROPERLY PLEAD AIDING AND ABETTING**
     **       LIABILITY**

15

16        Conceding the weakness in his breach of fiduciary claim against Bank of America and FIA,

17   Plaintiff maintains that "to the extent that some of the Defendants do not owe Lofton and the other

18   Class members a fiduciary duty under B&P Section 17550.15(g), these Defendants ("Aiding

19   Defendants") aided and abetted the other Defendants' breach of fiduciary duty."  Complaint. ¶ 76.

20   This claim must also be dismissed.

21        Aiding and abetting liability may only be imposed if the person either "(a) knows the other's

22   conduct constitutes a breach of duty **and** gives substantial assistance or encouragement to the other

23   to so act, or (b) gives substantial assistance to the other in accomplishing a tortious result **and** the

24   person's own conduct, separately considered, constitutes a breach of duty to the third person.  Thus,

25   even the knowledge that a tort is being committed and failure to prevent it does not constitute aiding

26   and abetting."  *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1321-22 (1996) (internal citations omitted)

27   (emphasis added); *Berryman*, 152 Cal. App. 4th at 1559.

28

1

2

Here, the only allegation as to Bank of America and FIA are as follows:

3

4

5

B of A marketed, advertised, and/or offered Lofton a WorldPoints-branded credit card which offered various benefits . . . FIA managed the WorldPoints Program and, on information and belief, selected, managed, and supervised Carlson's operation of the Travel Rewards program for California WorldPoints credit card holders.  Carlson actually found and purchased airline tickets on Lofton's behalf.

6

Complaint, ¶ 77.

7

8

First, Plaintiff cannot sustain his aiding and abetting claim under prong (a) of the *Fiol* test.

9

Plaintiff concedes that he has no knowledge as to which of any of the Carlson Defendants is

10

responsible for charging the purportedly fraudulent "fuel related" fee.  Complaint, ¶ 13.  Then,

Plaintiff necessarily cannot allege who Bank of America or FIA "substantially assisted."  Rather, the

11

Complaint simply alleges that Bank of America issued the WorldPoints credit card, and FIA hired an

12

independent third party travel agency to manage and operate it.  That is all.  Such allegations are

13

insufficient to sustain an aiding and abetting claim.  *Emery v. Visa Int'l Serv. Asso*c., 95 Cal. App. 4th

14

952, 962 (2002) ("a person must have 'knowingly aided' a lottery venture with 'guilty knowledge'

15

of the scheme to set up a lottery [citations omitted].  Knowledge of, or failure to prevent, a crime is

16

not sufficient to establish aiding and abetting liability.").

17

Second, Plaintiff likewise cannot sustain his breach of fiduciary claim under prong (b) of the

18

*Fiol* test.  As examined above, Bank of America and FIA do not owe Plaintiff any fiduciary duty.

19

*Berryman v. Merit Property Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1559 (2007) ("There can be no

20

claim for aiding and abetting without allegations that the associations are also wrongdoers.").

21

Accordingly, although Plaintiff parrots the elements of aiding and abetting liability

22

(Complaint, ¶ 77), such conclusory allegations are no longer sufficient to survive a pleading

23

challenge.  *Bell Atl. Corp.*, 127 S. Ct. 1955, 1964-65 ("Rule 8(a)(2) requires a 'showing,' rather than

24

a blanket assertion of entitlement to relief," and that "a plaintiff's obligation to provide the 'grounds'

25

of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

26

the elements of a cause of action will not do.").

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**D.    PLAINTIFF'S UCL ACTION IS FATALLY DEFECTIVE**

    **1.    PLAINTIFF FAILS TO ALLEGE A VIOLATION OF THE UCL**

Plaintiff's UCL claim is also fatally flawed.  The Complaint's UCL allegations are limited to the following.  First, Bank of America and FIA allegedly violated the "unlawful" prong of the UCL by failing to register with the California Attorney General despite their legal status as "sellers of travel."  For the reasons stated above, neither Bank of America nor FIA is a seller of travel, and hence, neither comes under the mandate of Section 17550.19(c) or 17550.20(a).  Without a violation of the predicate law, in this case the laws pertaining to a "seller of travel," there can be no derivative violation of the "unlawful" prong of the UCL.  *Aguilar v. Atlantic Richfield Co.*, 25 Cal. 4th 826, 866-67 (2001) (derivative unfair competition claim properly dismissed where underlying allegation of wrongdoing lacked merit; courts look, not to unfair competition law in the abstract, but to the alleged underlying wrongful conduct); *Jackson v. Roe*, 273 F. 3d 1192, 1203 (9th Cir. 2001) (sweeping breadth of UCL statutes do not permit plaintiffs to "plead around" the absolute bars to relief contained in other possible causes of action by recasting those causes of action as one for unfair competition").

Second, the gravamen of the Complaint is that a $45 service fee was charged under the guise of a "fuel related" fee.  However, the Complaint does not allege that Bank of America or FIA charged Plaintiff this $45 "fuel related" fee.  Rather, according to the Complaint, this $45 fee was charged by the Carlson Defendants, the independent travel agency that operated the WorldPoints travel program.  Complaint, ¶¶ 23, 25, 26.  However, as the court in *Emery* noted, the UCL specifically prohibits the imposition of vicarious liability:

> We need to go no further than to remind plaintiff that his unfair practices claim
> under section 17200 cannot be predicated on vicarious liability.  The concept of
> vicarious liability has no application to actions brought under the unfair business
> practices act.  ***A defendant's liability must be based on his personal participation
> in the unlawful practices and unbridled control over the practices*** that are found
> to violate section 17200 or 17500.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   *Emery*, 95 Cal. App. 4th at 960 (emphasis added) (internal quotations omitted) *citing People v.*

2   *Toomey*, 157 Cal. App. 3d 1, 14 (1984) (liability of each defendant "must be predicated on his

3   personal participation in the unlawful practices.").

4          Here again, the dearth of allegations against both Bank of America and FIA are underscored.

5   As to Bank of America, Plaintiff does not allege that Bank of America charged Plaintiff any

6   inappropriate fee. Rather, Plaintiff seeks to impose liability on Bank of America based solely on the

7   purported wrongdoing of a fully disclosed independent third party travel agency that was managing

8   the WorldPoints travel program. Plaintiff, however, cannot provide any nexus between Bank of

9   America and the independent third party travel agency operating the WorldPoints travel program.

10  Rather, the only allegation as to Bank of America is that it issued Plaintiff the WorldPoints credit

11  card. That is all. Accordingly, Plaintiff's UCL claim against Bank of America cannot survive.

12         As to FIA, Plaintiff's UCL claim is equally unavailing. The allegation against FIA is that it

13  managed the WorldPoints program generally. But the Complaint readily admits that as to the

14  WorldPoints travel program, the only aspect of the WorldPoints program at issue, FIA hired an

15  independent third party travel agency to manage and operate the program. Further, FIA fully

16  disclosed to the cardholders that the WorldPoints travel program would be managed and operated by

17  an independent third party travel agency. Complaint, ¶ 13. According to the Complaint, it is this

18  independent third party travel agency that found and purchased the airline ticket at issue on

19  Plaintiff's behalf, and charged Plaintiff the $45 "fuel related" fee complained of. Complaint, ¶¶ 23,

20  25, 26. Accordingly, Plaintiff's UCL claim against FIA is based solely on a theory of secondary

21  liability, and hence, is defective as a matter of law. *Emery*, 95 Cal. App. 4th at 960; *Toomey*, 157

22  Cal. App. 3d 1, 14.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## 2.     PLAINTIFF CANNOT SEEK RESTITUTION

As to Plaintiff's claim for restitution under the UCL, this claim suffers an independently dispositive flaw. "While the scope of the conduct covered by the UCL is broad, its remedies are limited." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). "[U]nder the UCL, [p]revailing plaintiffs are generally limited to injunctive relief and restitution." *Id.*; Bus. & Prof. Code § 17203 ("The court may make such orders . . . as may be necessary to restore to any person in interest any money or property real or personal, which may have been acquired by means of such unfair competition."). Accordingly, "restitution is the only monetary remedy expressly authorized by Section 17203." *Korea Supply Co.*, 29 Cal. 4th at 1146. Neither damages nor disgorgement of profits is available under the UCL. *Id.* at 1148.[2]

Restitution under the UCL, however, is not disgorgement. *Id.* at 1145. Disgorgement compels a defendant "to surrender [] all profits earned as a result of an unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice." *Id.* Restitution, in contrast, compels a defendant to surrender only "profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest." *Id.* at 1148. Consequently, restitution is limited to the return of money or property that was once in the possession of the plaintiff. *Id.* Indeed, restitution "operates only to return to a person those measurable amounts which are wrongfully taken by means of an unfair business practice. *Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 339 (1998).[3]

Here, Plaintiff does not allege that either Bank of America or FIA charged Plaintiff any money related to the WorldPoints program. More specifically, there is no allegation that Plaintiff

---

2  The UCL "is not an all-purpose substitute for a tort or contract action." *Korea Supply Co.*, 29 Cal. 4th at 1150. It is a streamlined equitable procedure "to prevent unfair business practices and restore money or property to victims of these practices," with limited remedies. *Id.* A plaintiff may not utilize the relaxed liability standards of the UCL procedure to recover tort damages. *Id.* at 1151. Such a procedure would raise serious due process concerns.

3  The fact that this is a class action under the UCL does not change or expand the limited restitutionary remedy. The "use of the class action vehicle to litigate a UCL claim does not expand the substantive remedies available." *Madrid*, 130 Cal. App. 4th 440, 461 (2005). A trial court has no authority "to award nonrestitutionary [relief] under the UCL in the first instance," notwithstanding any remedies that otherwise might be available in a non-UCL class action. *Alch v. Superior Court*, 122 Cal. App. 4th 339, 408 (2004).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    had to pay either Bank of America or FIA to open the WorldPoints credit card, or that he had to pay

2    to enroll in the WorldPoints program, or to redeem his WorldPoints for the airline ticket at issue.

3    Moreover, the $45 "fuel related" fee was not charged by either Bank of America or FIA.  Complaint,

4    ¶ 23, 25, 26.  Rather, the Complaint asserts that the "independent third party" travel agency assessed

5    the "fuel related" fee on Plaintiff.  *Id.*  Stated differently, neither Bank of America nor FIA received

6    any money from Plaintiff in relation to the redemption of the airline ticket at issue, and hence, there

7    is simply nothing to "return" to Plaintiff.  Accordingly, Plaintiff's request for restitution under the

8    UCL fails on this additional ground.

9

10                               IV.    CONCLUSION

11        For the foregoing reasons, Bank of America and FIA respectfully requests that the Court

12    grant their Motion to Dismiss in its entirety without leave to amend.

13

14    DATED:  March 3, 2008                    REED SMITH LLP

15

16                                        By____/s/ Jordan Yu_____
                                             Jordan Yu
17                                           Attorneys for Defendants
                                             BANK OF AMERICA CORPORATION and FIA
18                                           CARD SERVICES, N.A.

19

20    DOCSLA-15625385.6

21

22

23

24

25

26

27

28

REED SMITH LLP<br>A limited liability partnership formed in the State of Delaware

1 | **PROOF OF SERVICE**

2 |     I, Griselda Munoz, declare:

3 |     I am employed in the County of Los Angeles, State of California. My business address is Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

    On March 3, 2008, I served the document(s) described as: ***DEFENDANTS BANK OF AMERICA CORPORATION AND FIA CARD SERVICES, N.A.'S NOTICE OF NOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.*** on the interested parties in this action by the methods listed below:

***SEE ATTACHED SERVICE LIST***

☒     BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cand.uscourts.gov.

☐     BY PERSONAL DELIVERY: I personally delivered the document(s) listed above to the person(s) at the address(es) set forth on the attached list.

☒     BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071

☐     BY ☐ UPS NEXT DAY AIR ☐ FEDERAL EXPRESS ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ UPS ☐ FEDERAL EXPRESS ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ UPS ☐ FEDERAL EXPRESS OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071 with delivery fees fully provided for.

☐     BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s): in accordance with the written confirmation of counsel in this action.

☐     BY EMAIL: I sent via electronic mail a copy of said document(s) to the following addressee(s):

☐     [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒     [Federal] I declare under penalty of perjury that the foregoing is true and correct.

    Executed on March 3, 2008, at Los Angeles, California.

*[signature]*

Griselda Munoz

---

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Service List**
*Lofton v. Bank of America Corporation, et al.*
Case No.:  C07-05892-MJJ

| | |
|---|---|
| Alan Himmelfarb, Esq.<br>KamberEdelson LLC<br>2757 Leonis Boulevard<br>Los Angeles, CA  90058<br>Tel:  (323) 585-8696<br>Email:  ahimmelfarb@kamberedelson.com | *Attorneys for Plaintiff John Lofton* |
| Jay Edelson, Esq.<br>Ethan Preston, Esq.<br>KamberEdelson LLC<br>53 West Jackson Avenue<br>Suite 1530<br>Chicago, IL  60604<br>Tel:  (312) 589-6370<br>Email:    jedelson@kamberedelson.com<br>        epreston@kamberedelson.com | *Attorneys for Plaintiff John Lofton* |
| Scott Kamber, Esq.<br>KamberEdelson LLC<br>11 Broadway, 22nd Floor<br>New York, NY  10004<br>Tel:  (212) 920-3072<br>Fax:  (212) 202-6364<br>Email:    skamber@kolaw.com | *Attorneys for Plaintiff John Lofton* |
| Daniel J. Bergeson, Esq.<br>Donald P. Gagliardi, Esq.<br>Bergeson, LLP<br>303 Almaden Boulevard<br>Suite 500<br>San Jose, CA  95110-2712<br>Tel:  (408) 291-6200<br>Fax:  (408) 297-6000<br>Email:    dbergeson@be-law.com<br>        dgagliardi@be-law.com | *Attorneys for Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc.* |
| S. Edward Sarskas, Esq.<br>Michael Best & Friedrich, LLP<br>100 E. Wisconsin Avenue<br>Suite 3300<br>Milwaukee, WI  53202-4108<br>Tel:  (414) 271-6560<br>Fax:<br>Email:    searskas@michaelbest.com | *Attorneys for Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc.* |

- 2 -

PROOF OF SERVICE

1

**Service List**
*Lofton v. Bank of America Corporation, et al.*
Case No.:  C07-05892-MJJ

2

| | |
|---|---|
| 3<br>4<br>5<br>6<br>7<br>8 | Martin R. Lueck, Esq.<br>Emmett J. McMahon, Esq.<br>Robins, Kaplan, Miller& Ciresi L.L.P.<br>2800 LaSalle Plaza<br>800 La Salle Avenue<br>Minneapolis, MN  55402<br>Tel:  (612) 349-8500<br>Fax:  (612) 339-4181<br>Email:    mrlueck@rkmc.com<br>            ejmcmahon@rkmc.com | *Attorneys for Defendant Carlson*<br>*Companies, Inc.* |
| 9<br>10<br>11<br>12 | Elizabeth D. Le, Esq.<br>Robins, Kaplan, Miller & Ciresi L.L.P.<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA  90067-3208<br>Tel:  (310) 552-0130<br>Fax:  (310) 229-5800<br>Email:    edle@rkmc.com | *Attorneys for Defendant Carlson*<br>*Companies, Inc.* |

DOCSLA-15618382.3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 3 -

PROOF OF SERVICE