Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 550
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Attorneys for John Lofton*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100,<br><br>Defendants. | No. 07-05892 (SI)<br><br>Judge Susan Illston<br><br>**PLAINTIFF JOHN LOFTON'S OPPOSITION TO DEFENDANT CARLSON COMPANIES, INC.'S CONDITIONAL MOTIONS TO EXTEND TIME AND STAY DISCOVERY** |

Carlson Companies, Inc. ("CCI") Opposition's to Lofton's Motion for Extension conditionally moved to stay discovery and continue Lofton's Motion for Preliminary Injunction. Local Rule 6-3 states that, "[u]nless otherwise ordered, a party who opposes a motion to enlarge or shorten time ***must*** file an opposition . . ." Civil L.R. 6-3(c) (emphasis supplied). Lofton hereby submits this Opposition to CCI's conditional motions. Lofton's counsel is acutely aware that the Court already has reviewed voluminous papers regarding the Motion for Extension of Time, and has endeavored to make this Opposition very concise.

## I.    CCI's Motion to Stay Discovery Is Improper

CCI's Opposition urges the Court to "stay all merit based discovery against CCI" until CCI's personal jurisdiction motion is decided. (CCI Opp. 6.) Procedurally, CCI's motion to stay is improper, as it seeks relief outside the scope of Local Rule 6-3 but was not "filed, served and noticed . . . for hearing not less than 35 days after service of the motion." Civil 7-2(a). *Cf.* Civil L.R. 6-3(a) (for "motion[s] to enlarge or shorten time"). Lofton anticipates that CCI will notice another motion to stay under to Local Rule 7-2. (*Cf.* CCI Opp. 6.) Lofton reserves his substantive arguments against CCI's motion to stay for his opposition to CCI's prospective motion.

## II.   Lofton's Motion for Preliminary Injunction Should Not Be Continued At CCI's Demand

Lofton bears the burden of proof on both CCI's Motion and his own Motion. However, while he has not yet had a meaningful opportunity to take discovery with respect to CCI's Motion, Lofton has enough facts to proceed on his own Motion – and no other party needs discovery to resist the Motion. Lofton should be free to set hearing dates for his Motion without undue interference from Defendants.

CCI's Opposition states Lofton "has been threatening a very quick hearing on an injunction and class certification," implying. (CCI Opp. 2). Any implication that Lofton has scheduled his Motion in a tactical or unreasonable manner is belied by the fact that he has voluntarily continued his Motion three times. (Preston Decl. i/s/o Mot. Extension ¶¶ 17, 18-19, 25.) CCI further complains that Lofton rescheduled the hearing on the Motion for

Preliminary Injunction for April 4. (CCI Opp. 2, 4.) Given that Lofton's Motion was set for April 2 prior to the Court's reassignment order, it is hard to see why this date should be improper. In any event, Lofton began negotiating a fourth extension (to April 25) to accommodate the other Defendants prior to the filing of CCI's Opposition.

CCI's efforts to sequence Lofton's Motion after its own Motion are tactical. Lofton offered to have his Motion and CCI's Motion to Dismiss heard on the same day.[1] (Ex. 16 to Le Decl.) The Court obviously would not reach inconsistent decisions with respect to jurisdiction over CCI and the propriety of making CCI a constructive trustee if those decisions were rendered at the same time. As Lofton's counsel explained to CCI's counsel, "[a] simultaneous decision would address CCI's concern about a preliminary injunction without personal jurisdiction." (*Id.*) CCI has not explained its rejection of this counteroffer: CCI's motivation for attempting to continue Lofton's Motion after its own Motion goes beyond the concern that the Court might enter a preliminary injunction against CCI without personal jurisdiction.

### A.     Lofton Should Control the Hearing Dates for His Own Motions

Lofton should control the hearing date for his Motion for Preliminary Injunction, absent undue prejudice to other parties or disruption of the Court's schedule. As further detailed in his Motion for Preliminary Injunction, California law entitles Lofton to a preliminary injunction in the form of a constructive trust over funds obtained through fraud:

> [U]nder a constructive trust upon money, the plaintiff is entitled to trace the fund to its ultimate product or profit. . . . By the time plaintiff obtains a final judgment, the original fund may have grown far greater than the legal rate of interest would recognize. To allow the defendant to pocket the difference would reward the defendant for his wrongdoing.

*Heckmann v. Ahmanson*, 168 Cal. App. 3d 119, 135, 214 Cal. Rptr. 177, 188 (Cal. Ct. App. 1985). As time goes on, it will become more and more difficult to trace these funds – the evidentiary trail to those funds will grow cold. For this simple reason, unnecessary delay on his Motion prejudices Lofton.

---

[1] CCI's claim that Lofton "insists on having an injunction and class certification hearing before CCI's legitimate personal jurisdiction motion can be resolved" is not accurate. (CCI Opp. 2.)

### B. Resolution of Lofton's Motion Before CCI's Own Motion Will Not Prejudice CCI

Conversely, the resolution of the Motion for Preliminary Injunction before CCI's Motion to Dismiss will not prejudice CCI. "Where the jurisdictional facts are intertwined with the merits, a decision on the jurisdictional issues is dependent on a decision of the merits," the preferred procedure is to resolve the decision on jurisdiction at trial. *Data Disc, Inc. v. Systems Tech. Associates, Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977). In its attempt to distinguish *Data Disc*, CCI mangles the basic distinction between issues of fact and issues of law. CCI claims the merits of Lofton's claims are restricted to "whether the travel charges to the WorldPoints card holders" violated California law. (CCI Opp. 5.) This is a legal issue, not an issue of fact. Conversely, the question of whether CCI was involved in the WorldPoints Travel Rewards Program and the fraudulent overcharges alleged in the Complaint is a question of fact that should be resolved at trial. (*Id*. 4-5.) If CCI was involved, Lofton will establish both liability and personal jurisdiction. If *Data Disc* does not apply here – if the merits of Lofton's claims are not intertwined with jurisdiction over CCI – one wonders when, exactly, would *Data Disc* apply? Cases have applied *Data Disc* and delayed resolving the jurisdictional issue until trial in analogous situations.[2] *Data Disc* should be applied here.

Second, the constructive trust remedy sought by Lofton would bind CCI, regardless of whether CCI's Motion succeeds or not. Under Federal Rule 65, injunctions bind not only the parties but also "other persons who are in active concert or participation with" them. Fed. R.

---

[2] Where a foreign subsidiary's involvement in its corporate parent's tortious acts could have been the basis for personal jurisdiction and liability, the extent of the subsidiary's involvement was an issue that intertwined merits and personal jurisdiction issues -- justifying deferral of the subsidiary's motion to dismiss. *See nMotion, Inc. v. Environmental Tectonics Corp.*, 196 F. Supp. 2d 1051, 1056-57 (D. Or. 2001). Here, CCI is the parent company challenging jurisdiction. Nonetheless, *Data Disc* has a broad application that extends to this case. *See RAE Systems, Inc. v. TSA Systems, Ltd.*, No. 04-2040, 2005 WL 1513124, at *4 (N.D. Cal. Jun. 24, 2005) (allegations regarding alter ego doctrine were sufficient to forestall motion to dismiss); *ADO Finance, AG v. McDonnell Douglas Corp.*, 931 F. Supp. 711, 719 (C.D. Cal. 1996) (where evidence supporting application of alter ego doctrine would tend to establish both liability and personal jurisdiction over foreign corporations, "question of personal jurisdiction will be best resolved at trial"). CCI's authority is not to the contrary; it merely held that the plaintiff's proposed discovery will not assist the court in determining whether specific personal jurisdiction exists (presumably in part because the plaintiff did not state a claim for an intentional tort). *See Penny Newman Grain Co. v. Midwest Paint Services, Inc.*, No. 06-1020, 2007 WL 4531700, *10, 14 n.1 (E.D. Cal. Dec. 18, 2007).

Civ. P. 65(d)(2)(C). Moreover, the "mandate of an injunction issued by a federal district court runs nationwide." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985).[3] If the Court imposes a constructive trust on the funds or property traceable to the overcharges alleged in Lofton's complaint, it will apply to any such funds held by CCI whether CCI is subject to personal jurisdiction in California or not. Hence, the resolution of CCI's Motion is, as a practical matter, irrelevant to the relief requested by Lofton's Motion.

### III. CCI Misstates the Parties' Interactions

CCI complains that Lofton did not attempt to reach a stipulation on the extension in good faith.[4] (CCI Opp. 6.) Judging by CCI's conduct, it would be hard to argue that Lofton's actions were unreasonable. Lofton provided CCI more than 24 hours to respond to his request for an extension on CCI's Motion before he filed his Motion for Extension, but CCI was unable to indicate it would refuse Lofton's request for an extension for four days. (Ex. 16 to Le Decl.) By contrast, Lofton took pains to respond to CCI's request for a extension on Lofton's Motion within the 5 hour deadline set by CCI. (*Id.*)

The Local Rules did not require Lofton to first try to obtain a stipulation with CCI, only that he describe his "efforts . . . to obtain a stipulation to the time change." Civil L.R. 6-3(a)(2). *Cf.* Civil L.R. 7-11(a) ("explain[] why a stipulation could not be obtained"). Hence, the Local Rules accommodate situations including, by way of example, one party's deliberate delay in refusing a stipulation for extension of time so that, by the time the refusal is provided,

---

[3] *Waffenschmidt* upheld the enforcement of a injunction prohibiting the defendant and "all persons acting in concert" with him from transferring property traceable to the plaintiffs' funds against third parties outside of the district court's ordinary personal jurisdiction. *Waffenschmidt v. MacKay*, 763 F.2d 711, 714 (5th Cir. 1985).

> Nonparties who reside outside the territorial jurisdiction of a district court may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order. This is so despite the absence of other contacts with the forum.

*Id*. at 714 (5th 1985). The Ninth Circuit has endorsed the result in *Waffenschmidt* as "sound, even necessary." *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1392 (9th Cir. 1995) (rejecting extension of *Waffenschmidt* to persons outside the United States).

[4] CCI notes that Lofton sent "a proposal to dismiss CCI from this lawsuit, conditioned upon a number of requirements." (CCI Opp. 5.) This proposal was labeled "CONFIDENTIAL, PRIVILEGED SETTLEMENT COMMUNICATION." As CCI has declined to treat this proposal as confidential, Lofton is free to summarize his conditions for dismissal which required written testimony to ensure, *inter alia*, that CCI did not know about, and did not receive any of the funds from, the fraudulent overcharges at issue in this case.

the other party cannot effectively seek an extension.

This case demonstrates that there is a good reason why the Local Rules do not require parties attempt to reach a stipulation for an extension. (*See* Ex. 16 to Le Decl.) Lofton sought the extension on February 25, but "CCI's counsel was unable to confer with their client" and could not provide its refusal until February 29. (CCI Opp. 6.) If the Local Rules obliged Lofton to wait to file his Motion for Extension until he received CCI's refusal, the Court could not have resolved the Motion until today – and Lofton would have thus been obliged to continue preparing his Opposition to CCI's Motion to Dismiss until he received the Court's resolution (lest the extension be refused). *Cf.* Civil L.R. 6-3(c) (three days for opposition).

Dated: March 5, 2008

By: s/Alan Himmelfarb

Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 550
Chicago, IL 60604

*Attorneys for John Lofton*