1   Alan Himmelfarb (Cal. Bar. No. 90480)
    KAMBEREDELSON LLC
2   2757 Leonis Blvd.
    Los Angeles, CA 90058
3   (323) 585-8696
    ahimmelfarb@kamberedelson.com
4
    Jay Edelson
5   Ethan Preston
    KAMBEREDELSON LLC
6   53 West Jackson Ave., Suite 550
    Chicago, IL 60604
7   312-589-6370
    jedelson@kamberedelson.com
8   epreston@kamberedelson.com

9   *Attorneys for John Lofton*

10            **IN THE UNITED STATES DISTRICT COURT**
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11                    **SAN FRANCISCO DIVISION**

12  JOHN LOFTON, an individual, on his own behalf        No. 07-05892 (SI)
    and on behalf of all others similarly situated,
13                                                        Judge Susan Illston
14                    Plaintiff
                                                         **PLAINTIFF JOHN LOFTON'S**
15            v.                                          **MOTION TO COMPEL**
                                                         **DISCOVERY RESPONSES FROM**
16  BANK OF AMERICA CORPORATION, FIA                      **CARLSON TRAVEL GROUP,**
    CARD SERVICES, N.A., a national banking               **INC.**
17  association, CARLSON COMPANIES, INC., a
    Minnesota corporation, CARLSON TRAVEL                Date: May 2, 2008
18  NETWORK ASSOCIATES, INC., a Minnesota                Time: 9:00 a.m.
    corporation, and CARLSON TRAVEL GROUP,               Location: Courtroom 10, 19th Floor
19  INC.  a California corporation, and DOES 1 to        450 Golden Gate Ave.
    100,                                                 San Francisco, CA 94102
20
                      Defendants.
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN that the Plaintiffs will move the Court, pursuant to Federal Rule of Civil Procedure 37, to compel Carlson Travel Group, Inc. to answer interrogatories and produce documents on May 2, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, in Courtroom 10, 19th Floor, before the Honorable Susan Illston.

This Motion is based on this Notice of Motion and Motion, the Brief in Support of the Motion and the authorities cited therein, oral argument of counsel, and any other matter that may be submitted at the hearing.

1

**Table of Contents**

2

Page

3

I.    CTG's Answers to Interrogatories Nos. 1 to 3 Are Incomplete ................................ 1

4

II.   CTG Does Not and Cannot Sustain Its Attempt to Shift the Burden of Answering

5     Lofton's Interrogatories Onto Lofton ........................................................................ 3

6

III.  Facts and Document Do Not Become Less Discoverable Simply Because CTG

7     Believes They Support CTG's Opposition to Lofton's Motion for Preliminary

      Injunction ................................................................................................................... 5

8

9

IV.   CCI and CTG Cannot Delay or Condition Document Production on a Stipulated

10    Protective Order ........................................................................................................ 6

11    V.    CTG's Remaining Objections Are Meritless ............................................................ 8

12

      A.    CTG's Fails To Sustain Its Boilerplate Objections ............................................ 9

13

14    B.    Absence of Privilege Log Dooms CTG's Attorney-Client and Work Product

            Objections ........................................................................................................ 12

15

16    VI.   Conclusion ............................................................................................................... 13

17

18

19

20

21

22

23

24

25

26

27

28

**Table of Authorities**

**Federal Cases**                                                          **Page**

*Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32 (3d Cir. 1979)..............................3-4

*Bathija v. Panoff Pub., Inc.*, No. 04-0011, 2005 WL 2323298 (D. Alaska Sept. 21, 2005)...............6

*Berry v. Baca*, No. 01-2069, 2002 WL 1777412, at *2 (C.D. Cal. July 29, 2002) ..........................7

*Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991).............................................7

*Bible v. Rio Properties, Inc.*, 246 F.R.D. 614 (C.D. Cal. 2007) .............................................9, 12

*Burlington N. & Santa Fe Ry. v. U.S. Dist. Court for Dist. of Mont.*,
    408 F.3d 1142 (9th Cir. 2005) ...................................................................................12

*Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646 (C.D. Cal. 1997)..................9

*Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616 (D. Kan. 2005) .....................................6

*Calderon v. Tower Associates Int'l, Inc. (USA)*,
    No. 88-1240, 1989 WL 29916 (D. Or. Mar. 28, 1989) ........................................2 n.2

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985).........................................8

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682 (M.D. Fla. 2005) ......................6

*Goodrich Corp. v. Emhart Indus.*,
    No. 04-00759, 2005 U.S. Dist. LEXIS 17190 (C.D. Cal. June 10, 2005)...........................9

*Heath v. F/V ZOLOTOI*, 221 F.R.D. 545 (W.D. Wash. 2004) .................................................13

*Hill v. Eddie Bauer*, 242 F.R.D. 556 (C.D. Cal. 2007) ....................................................9-10

*Lexington Ins. Co. v. Swanson*, No. 05-1614, 2007 WL 1287938 (W.D. Wash. May 1, 2007).........7

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990)...............9, 10

*Miller v. Int'l Business Machines*, No. 02-2218, 2006 WL 995160 (N.D. Cal. Apr. 14, 2006).........2

*Miller v. Int'l Business Machines*, No. 02-2218, 2006 WL 1141090 (N.D. Cal. May 1, 2006)...2 n.2

*Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543 (N.D. Cal. 1987) ........................11

*Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340 (1978) .................................................10

*Paulsen v. Case Corp.*, 168 F.R.D. 285 (C.D. Cal. 1996) .................................................10

*Qualcomm Inc. v. Broadcom Corp.*, No. 05-1958, 2008 WL 66932 (S.D. Cal. Jan. 7, 2008)....10-11

*Swain v. Encore Medical Corp.*, No. 04-173, 2006 WL 3308435 (W.D. Pa. Oct. 19, 2006)............4

*T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 F.R.D. 449 (W.D.N.C. 1991) ..............3, 4

*Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584 (C.D. Cal. 1999)................................9

1

**Table of Authorities**

2  **Federal Cases**                                                                 **Page**

3  *Wolk v. Green*, No. 06-5025, 2008 WL 298757 (N.D. Cal. Feb. 1, 2008)...................................2, 12

4  **Federal Rules**                                                                 **Page**

5  Fed. R. Civ. P. 26.....................................................................................................5, 8, 10, 11, 12

6  Fed. R. Civ. P. 33............................................................................................................3, 4

7  Fed. R. Civ. P. 37..............................................................................................................1

8  Fed. R. Evid. 501..............................................................................................................4

9  **California Cases**                                                                 **Page**

10 *Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 542 P.2d 977 (1975) ...................4-5

11 **Miscellaneous**                                                                 **Page**

12 8A Charles Alan Wright & Arthur R. Miller,
          Federal Practice and Procedure § 2177 (2d ed. 2007)....................................................2

13 Fed. R. Civ. P. 33 advisory committee note on 1970 amendment.......................................4

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

Pursuant to Federal Rule 37, Plaintiff John Lofton ("Lofton") hereby moves the Court to compel Defendant Carlson Travel Group, Inc.'s ("CTG") responses to Lofton's discovery.

3

4

5

6

7

8

9

10

Lofton first served CTG with its First Set of Interrogatories, Requests for Production of Documents ("RPDs"), and Requests for Admission ("RFAs") on January 8, 2008. (Preston Decl. ¶ 2; Exs. 1, 2 to Preston Decl.) CTG has delayed this discovery in a variety of ways, as described at length in Lofton's Motion to Compel with respect to Carlson Companies, Inc. ("CCI") which has been filed together with this Motion. CTG's current counsel took on CTG's representation from CCI's counsel on January 10. CTG's counsel sought and received a series of extensions which moved CCI's discovery deadlines from February 18 to March 10. (Preston Decl. ¶¶ 3-5.)

11

12

13

14

15

16

17

18

Lofton's counsel conducted a Rule 37 conference with CTG's counsel on March 18. (*Id*. ¶ 14.) As part of the conference's outcome, Lofton clarified Interrogatories Nos. 1 to 3, held in abeyance Interrogatories Nos. 4 and 6 (with respect to CTG only), and hereby narrows RPDs Nos. 4 and 10 and eliminates RPD No. 11.[1] (*Id*.) CTG refused to modify any of its positions, committing only to reconsider certain positions and to alert Lofton's counsel as to whether it would change its positions by March 25, 2008. (Id.) Ultimately, CTG did not abide by this even this limited commitment. (*Id*. ¶ 18.)

19

**I.    CTG's Answers to Interrogatories Nos. 1 to 3 Are Incomplete**

20

21

22

23

24

25

Interrogatory No. 1 asked CTG to identify "each ticket which a California resident purchased (in whole or in part) with redeemed WorldPoints through any of the Carlson Defendants since November 20, 2003." (Preston Decl. ¶ 2; Exs. 1, 2 to Preston Decl.) Interrogatories Nos. 2 and 3 asked CTG to identify subsets of tickets within its answer to Interrogatory No. 1 which included, respectively, any fees which were designated as fuel-related and any fees that were not imposed by the airline.

26

27

28

[1] RPD No. 11 concerns Carlson Travel Network Associates, Inc., which was dismissed from this case. RPD No. 4 sought "contract or agreement between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand. " RPD No. 10 sought documents demonstrating CCI's "ownership, legal structure, and extent of . . . control over" CTG. After reflection on the parties' March 18 conference, Lofton hereby limits RPD Nos. 4 and 10 to documents relating to events after November 20, 2003, as documents relating to events prior to this point will likely not be relevant his claims.

CTG answered evasively to Interrogatory No. 1 that it did not "maintain business records that will *necessarily* identify the residency of a Bank of America cardholder that has purchased airline tickets with redeemed WorldPoints." (Preston Decl. ¶ 6; Exs. 3, 4 to Preston Decl.) Since CTG claimed it could not answer Interrogatory No. 1, it logically claimed it could not answer Interrogatories Nos. 2 and 3. CTG's answer begged the question of what the information in its business records *might* indicate the residency of WorldPoints cardholders. CTG's failure to provide this information renders its answers incomplete. "If a party is unable to give a complete answer to an interrogatory, it should furnish any relevant information that is available." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2177 (2d ed. 2008).[2] "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Wolk v. Green*, No. 06-5025, 2008 WL 298757 (N.D. Cal. Feb. 1, 2008) (citation, punctuation omitted). Where a response to an interrogatory has logical gaps, this Court has found the response to be incomplete and fashioned sanctions accordingly. *Miller v. Int'l Business Machines*, No. 02-2218, 2006 WL 995160, at *4-5 (N.D. Cal. Apr. 14, 2006) (where answer sought documents and witnesses related to communications, and answer listed to interrogatory listed 92 entities which the responding party communicated with, but only 8 documents, court precluded use of any other documents as sanction for incomplete answer). When Lofton's counsel pressed CTG on this equivocal answer, CTG stated in letter dated March 12: "CTG does not keep records that enable it to determine who is a California resident and who is not. The fact that you or your client is unhappy with this response does not make it inadequate." (Preston Decl. ¶ 13; Ex. 5 to Preston Decl.)

In fact, CTG revealed in the March 18 conference that it maintains WorldPoints cardholders' mailing addresses. (Preston Decl. ¶ 14.) Lofton offered to clarify Interrogatories No. 1 to ask CTG to identify "each ticket sent to a California address," and to clarify

---

[2] "[A] party is required . . . to answer interrogatories as fully as the information available to him will allow." *Calderon v. Tower Associates Int'l, Inc. (USA)*, No. 88-1240, 1989 WL 29916, at *3 (D. Or. Mar. 28, 1989). "The party to whom interrogatories are propounded must 'furnish such information as is available to the party.'" *Miller v. Int'l Business Machines*, No. 02-2218, 2006 WL 1141090, at *4 (N.D. Cal. May 1, 2006) (quoting Fed. R. Civ. P. 33(b)(1)(B)).

1   Interrogatories Nos. 2 and 3 accordingly. CTG indicated it "would discuss the clarified

2   interrogator[ies] with their client and indicate whether [CTG] will answer the clarified

3   interrogator[ies] on or before Tuesday, March 25, 2008. " (Preston Decl. ¶ 15; Ex. 6 to

4   Preston Decl.) Lofton's counsel has not received any communication from CTG since the

5   March 18 conference. (Preston Decl. ¶ 18.)

6

7   **II.    CTG Does Not and Cannot Sustain Its Attempt to Shift the Burden of Answering
        Lofton's Interrogatories Onto Lofton**

8           CTG attempts to shift the burden of reviewing its own documents and producing its

9   own answer onto Lofton. CTG asserts that Interrogatories Nos. 1 to 3 can answered by

10  "examining Bank of America's business records . . . and [that] the burden of deriving or

11  ascertaining the answer will be substantially the same or less for [Lofton] as for CTG."

12          Rule 33(d) gives the party responding to an interrogatory the option of producing

13  business records where the interrogatory can be answered by reviewing the records – provided

14  "the burden of deriving or ascertaining the answer will be substantially the same for either

15  party." Fed. R. Civ. P. 33(d). CTG's answer only tracks the language of Rule 33(d) – it does

16  not provide any basis or evidence to support this conclusory statement. CTG bears the burden

17  of showing that its burden and Lofton's burden would be equivalent. *T.N. Taube Corp. v.*

18  *Marine Midland Mortg. Corp.*, 136 F.R.D. 449, 453 (W.D.N.C. 1991) (cited by, e.g.,

19  *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D. Cal. 1999)). The three factors to

20  be considering when weighing parties' relative burdens under Rule 33(d) are "[the] cost of the

21  necessary research, [the] nature of the relevant records, and Defendant's familiarity with its

22  own records." *Id*. at 454.

23          Indeed, the little information that CTG has provided Lofton belies this contention.

24  According to CTG's March 12 letter, one can answer Interrogatories Nos. 1 to 3 by reviewing

25  "CTG's files of weekly billings to Bank of America" and "Bank of America's individual

26  cardholder files." "An important – often key – factor in weighing the respective burdens on the

27  parties is the interrogated party's familiarity with its own documents." *T.N. Taube*, 136 F.R.D. at

28  454. Where an interrogated party is "more familiar with [its] bookkeeping methods and records

than" the requesting party, it "amply supports the finding that the burdens [are] not substantially

the same." *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3d Cir. 1979).

Where one may anticipate CTG's weekly billings to the Bank Defendants are voluminous,

CTG's "familiarity with its own records is ***the*** critical factor to be considered" with respect

whether a Rule 33(d) response is sufficient. *T.N. Taube*, 136 F.R.D. at 455 (rejecting party's

production under Rule 33(d)) (emphasis added). The comparative burden test in Rule 33(d) is

designed to protect litigants

> against abusive use of [Rule 33d(d)] through the requirement that the burden of
> ascertaining the answer be substantially the same for both sides. *A respondent
> may not impose on an interrogating party a mass of records as to which
> research is feasible only for one familiar with the records.*

Fed. R. Civ. P. 33 advisory committee note on 1970 amendment (emphasis added). CTG has

presented no evidence to rebut the intuitive proposition that it – as owner and creator of its billings

to Bank of America – is inevitably more familiar with those billings than Lofton.

> To the extent that the answer to a particular interrogatory lies in the
> respondent's own records or with respondent's own personnel, it is the
> respondent's obligation to cull that information from its source and provide it to
> the requesting party; simply making the sources available is no substitute.

*Swain v. Encore Medical Corp.*, No. 04-173, 2006 WL 3308435, at *1 (W.D. Pa. Oct. 19, 2006).

With respect to the individual cardholder files maintained by the Bank Defendants,

CTG "it has access to Bank of America's database, [but its position is that Lofton should] first

seek to obtain such documents from Bank of America or another defendant." (Preston Decl. ¶

15; Ex. 6 to Preston Decl.) During a March 27 conference with Lofton's counsel regarding

pending discovery, the Bank Defendant's counsel indicated that their position was that

customers' financial records are privileged under California law, that it would not provide

such records absent an order from the Court compelling it to do so, and that it did not expect

the Court would grant any such order. (Preston Decl. ¶ 10.) Without prejudice to any adverse

argument Lofton may bring against this position in the future, Lofton notes that 1) California

law controls evidentiary privileges under Federal Rule of Evidence 501, and 2) the Supreme

Court of California has held that

> before confidential customer information may be disclosed in the course of civil

1
2
3

> discovery proceedings, the bank must take reasonable steps to notify its customer of the pendency and nature of the proceedings and to afford the customer a fair opportunity to assert his interests by objecting to disclosure, by seeking an appropriate protective order, or by instituting other legal proceedings to limit the scope or nature of the matters sought to be discovered.

4  *Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 658, 542 P.2d 977, 980 (1975). CTG

5  already has access to the Bank Defendants' records. To the extent that Lofton's access to the

6  Bank Defendants' records would trigger the *Valley Bank* procedure (which Lofton does not

7  concede), it is plain that Lofton's burden in even obtaining "Bank of America's individual

8  cardholder files" is much higher than CTG's. CTG has not and cannot sustain its attempt to

9  shift its burden of discovery onto Lofton.

10  **III.    Facts and Document Do Not Become Less Discoverable Simply Because CTG
11  Believes They Support CTG's Opposition to Lofton's Motion for Preliminary
     Injunction**

12      Lofton's RPD No. 3 and Interrogatory No. 5 request documents and facts, respectively,

13  which CCI "believe[s] may support or contradict [its] opposition to the Plaintiff's Motion for

14  Preliminary Injunction." (Preston Decl. ¶ 2; Exs. 1, 2 to Preston Decl.) CTG's responses

15  objected to these requests as "premature since CTG has not yet submitted its opposition to the

16  motion for preliminary injunction and the time for doing so has not yet elapsed." (Preston

17  Decl. ¶ 6; Exs. 3, 4 to Preston Decl.)

18      The only restriction on the timing of discovery is Rule 26(d)(1) which prohibits

19  discovery "before the parties have conferred as required by Rule 26(f)." Lofton's Rule 26(f)

20  conference with CCI is long past. These facts and documents are discoverable now. The fact

21  that CTG has identified facts and documents it plans to use in its Opposition to the Motion for

22  Preliminary Injunction does not make these facts and documents somehow less discoverable.

23  Parties routinely make discovery requests for facts and documents which the opposing party

24  may contend supports various contentions at trial; it is not acceptable for an opposing party to

25  withhold these facts and documents on the grounds that their disclosure was "premature" until

26  trial. Lofton and CTG are likewise preparing for an analogous evidentiary hearing on Lofton's

27  Motion for Preliminary Injunction. Lofton is entitled to take discovery to fully test the factual

28  assertions on which CTG's Opposition relies.

---

1

2          CTG's March 12 letter states "CTG has endeavored to respond to the interrogatory to

3  the best of its ability in light of the fact that discovery is continuing and CTG's response to the

4  pending motion for a preliminary injunction is not due" for months. (Preston Decl. ¶ 13; Ex. 5

5  to Preston Decl.) While CTG's March 12 letter reflects the "concern[] that [its] answer to

6  [Lofton's discovery] might change during the course of discovery, [CTG] can, and in fact,

7  may have a duty to, supplement [its] answer." *Cardenas v. Dorel Juvenile Group, Inc.*, 231

8  F.R.D. 616, 620 (D. Kan. 2005) (citing Fed. R. Civ. P. 26(e)). The "preferred course of

9  action" with respect to discovery like RPD No. 3 and Interrogatory No. 5 is an immediate

10  "response with later supplementation": CTG "must provide the factual detail that it currently

11  possesses underlying its allegations." *Bathija v. Panoff Pub., Inc.*, No. 04-0011, 2005 WL

12  2323298, at *1-2  (D. Alaska Sept. 21, 2005). *See also Essex Builders Group, Inc. v.*

13  *Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (response to interrogatory that

14  answer was "subject of expert testimony, which is not yet due under the Case Management

15  and Scheduling Order" was deficient; party required to "supplement its answers with whatever

16  information it possesses").

17  **IV.    CCI and CTG Cannot Delay or Condition Document Production on a Stipulated
         Protective Order**

18          In its responses to RPDs Nos. 1 to 5, and 7 to 10, CTG states that it "will produce any

19  responsive, non-privileged documents within its possession, custody or control after the entry

20  of an appropriate protective order." CCI's March 12 letter asserts that it is "an ordinary and

21  usual objection in civil litigation in this district" to delay discovery until a protective order is

22  in place. (Preston Decl. ¶ 13; Ex. 5 to Preston Decl.) Likewise, *CCI* claims it cannot produce

23  certain responsive documents which CTG possesses because "CTG will not produce any

24  documents until there is a protective order in place." (Preston Decl. ¶ 16; Ex. 7 to Preston

25  Decl.) CCI and CTG have manufactured this self-imposed roadblock to document production.

26  It is the practice of Lofton's counsel to offer to treat all documents as confidential until an

27  appropriate protective order is entered. (Preston Decl. ¶ 11.) Lofton drafted a protective order

28  based on the Northern District's standard draft protective order, and circulated to CTG's

counsel on February 5, and again to all Defendants on March 11. (*Id*. ¶¶ 7-8.) On March 19, CTG circulated an edited version of Lofton's draft protective order which eliminated certain confidentiality provisions. (*Id*. ¶ 9.) In a conference on March 27, the Bank Defendants' counsel informed Lofton's counsel that the Bank Defendants would, in all likelihood, not be able to accept CTG's version because it removed those provisions. (*Id*. ¶ 10.)

In any event, the Defendants' putative need for a protective order is not an excuse to delay discovery: rather, it was incumbent on them to obtain the protective order before their discovery deadlines expired.

> [A]lthough Rule 26(c) is silent as to the time within which a protective order must be made, the courts have imposed the requirement that the motion be timely or seasonable. . . . [A] motion for a protective order is timely if made prior to the date set for producing the discovery. . . . Absent extraordinary circumstances, the outside limit within which a motion for a protective order for written discovery may be made is the time set for the response to a motion to compel written discovery.

*Lexington Ins. Co. v. Swanson*, No. 05-1614, 2007 WL 1287938, at *2 (W.D. Wash. May 1, 2007) (citation, punctuation omitted, citing, e.g., *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991)). *See also Berry v. Baca*, No. 01-2069, 2002 WL 1777412, at *2 (C.D. Cal. July 29, 2002) (citing *Seminara v. City of Long Beach*, 68 F.3d 481, 1995 WL 598097, at *4 (9th Cir.)). In rejecting the argument that it is sufficient for a producing party to note its desire for a protective order in its objections, the *Brittain* court found that

> [this] procedure turns the normal state of obligations on its head. The party seeking the protective order, who has the burden of requesting and supporting it, should also be responsible for initiating the process. Permitting that party to merely note its objections and then sit back and wait for a motion to compel can only serve to prolong and exacerbate discovery disputes.

*Brittain*, 136 F.R.D. at 413. This logic applies with full force here: none of the Defendants should be able to hold discovery hostage to the outcome of negotiations over a stipulated protective order.

Lofton anticipates that ordinary litigants negotiating in good faith will reach a stipulated protective order sooner rather than later. Precisely because negotiations over the stipulated protective order have taken so much time in this case, Lofton has concern that CTG and CCI's failure to produce documents absent a protective order is another gambit for delay.

While these documents could be produced in reasonably short order, Lofton must account for the possibility that they will not in a timely fashion. Lofton's need for discovery is time sensitive: his Opposition to CCI's Motion to Dismiss is due July 11, and his Reply in support of his Motion for Preliminary Injunction is due August 22. Given the current pace of discovery, prudence requires Lofton file this Motion now. Lofton's January 8 discovery may provide only enough information to enable him to formulate discovery requests that will produce evidence directly relevant to those filings. *Cf.* Fed. R. Civ. P. 26(b)(1) ("discovery . . . reasonably calculated to lead to the discovery of admissible evidence"). Indeed, the January 8 discovery requests are most likely only the first stage of the discovery Lofton will ultimately need. Lofton cannot indefinitely delay this Motion without hazarding prejudice to his claims. Likewise, Lofton and his counsel would risk being labeled inadequate class representatives if they delayed this Motion too long.

It is understood this Court imputes counsel with "an acute sense of responsibility about how [to] handle discovery matters," and that counsel should therefore "turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests." *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). If responsive documents are produced prior to the Court's intervention, Lofton can withdraw the relevant portions of this Motion without hesitation. On the other hand, document production may be delayed by the issues briefed herein. By filing this Motion now, Lofton can ensure the possibility that document production does not occur will not prejudice him.

**V.    CTG's Remaining Objections Are Meritless**

While Lofton's primary concern is the defects in CTG's substantive answers, CTG may still seek to stand on its remaining objections to defend against this Motion. CTG relied on two boilerplate objections made in virtually every response to Lofton's first set of Interrogatories and RPDs. CTG objected 1) some version of the phrase "vague and ambiguous, overbroad and unduly burdensome, not relevant nor likely to lead to the discovery of admissible evidence," and 2) "insofar as [the discovery request] calls for [documents or information] protected from disclosure by the attorney-client privilege or work product

doctrine." CTG utterly failed to sustain either of these objections.

### A.   CTG's Fails To Sustain Its Boilerplate Objections

CTG's variation on the familiar litany of vague, overbroad, ambiguous, and unduly burdensome is a non-starter. As the party resisting discovery, CCI bears "the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 618 (C.D. Cal. 2007) (citing, e.g., *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)). *See also Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). CTG's objections fail because they do not provide any specific detail as to how the request at issue are improper. "[T]he party resisting discovery *must show specifically . . . how each question is overly broad, burdensome or oppressive*." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (cited by *Bible*, 246 F.R.D. at 619) (emphasis added). Indeed, courts have rejected the specific language used by CTG – "there is no merit to defendant's general or boilerplate objections such as 'overly broad' [or] 'vague and ambiguous.'" *Bible*, 246 F.R.D. at 619 (citing, e.g., *A. Farber*, 234 F.R.D. at 188 ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections")). *See also Goodrich Corp. v. Emhart Indus.*, No. 04-00759, 2005 U.S. Dist. LEXIS 17190 (C.D. Cal. June 10, 2005) (rejecting objection to definition in request as "compound, overly broad, unduly burdensome, vague, ambiguous and us[ing] undefined or uncertain terms"). Conversely, "[b]oilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 586-87 (C.D. Cal. 1999) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection"). CTG's objections to vagueness, ambiguity, and burdensomeness fall completely unsupported by any explanation whatsoever.

CTG's relevancy objections likewise fail, where CTG "has not provided any

explanation at all why these requests are not relevant . . ." *Hill v. Eddie Bauer*, 242 F.R.D.
556, 561 (C.D. Cal. 2007) (citing *McLeod, Alexander*, 894 F.2d at 1485). The burden is on
CTG to "show specifically how each [discovery request] is not relevant . . ." *McLeod,
Alexander*, 894 F.2d at 1485. Federal Rule 26 dictates that "[p]arties may obtain discovery
regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ."
Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), relevancy is broadly construed to "encompass
any matter that bears on, or that reasonably could lead to other matters that could bear on, any
issue that is or may be in the case." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351
(1978).

> A request for discovery should be considered relevant if there is any possibility that the
> information sought may be relevant to the subject matter of this action. Discovery
> should ordinarily be allowed under the concept of relevancy unless it is clear that the
> information sought can have no possible bearing upon the subject matter of this action.

*Paulsen v. Case Corp.*, 168 F.R.D. 285, 288 (C.D. Cal. 1996) (citation, punctuation omitted).
CTG has not specified how any particular discovery request is irrelevant, let alone shown that
there is no possibility that the information sought may be relevant. By contrast, the Appendix
attached under Local Rule 37-2 identifies, for each discovery request, which particular aspect
of this case responsive evidence is relevant to (merits, jurisdiction, class certification, etc.).

CTG attempts to provide a specific rationale for its burdensome requests in RPDs Nos.
2 and 3. CTG argues that "virtually every document in the possession, custody or control of
each Carlson Defendant establishes that the Carlson Defendants did not violate any laws
related to Lofton or anyone else on the grounds described in Lofton's complaint and therefore
[is] arguably" responsive. This rationale is neither plausible nor is it consistent with CTG's
obligations under Rule 26. CTG signed its responses to RPDs Nos. 2 and 3 under Rule 26(g):
its counsel had a duty to make a reasonable inquiry into CTG's discovery responses under
Rule 26(g). Fed. R. Civ. P. 26(g)(1) (certification "to the best of the person's knowledge,
information, and belief formed after a reasonable inquiry"). The obligation of "reasonable
inquiry" under Rule 26(g) is not toothless – it requires some substantive investigation into the
party's response. Counsel which "suspect[s] . . . additional evidence or information but

[chooses] to ignore the evidence and warning signs and accept [their client's] incredible assertions regarding the adequacy of the document search" does not fulfill their "reasonable inquiry" obligation under Rule 26(g). *Qualcomm Inc. v. Broadcom Corp.*, No. 05-1958, 2008 WL 66932, at *12 (S.D. Cal. Jan. 7, 2008). *See also Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 554 (N.D. Cal. 1987) (sanctions where party's responses to request for production "did not reflect a reasonable inquiry on the part of defendant and its counsel," party was sanctioned under Rule 26(g)).

CTG's duty to make a reasonable inquiry applies as much to overinclusive objections (on which CTG now relies to feign an undue burden) as it does to underinclusive productions. Just as the counsel *Qualcomm* certified that their client's production was complete, CTG's counsel certified under Rule 26(g) that the specific burdensome objections were "not interposed for any improper purpose, such as to . . . cause unnecessary delay, or needlessly increase the cost of litigation" Fed. R. Civ. P. 26(g)(1)(B)(ii). CTG's counsel has certified that "virtually every document" in CTG's possession, custody or control is responsive and relates to this case. It is simply not believable that CTG reviewed "virtually every document" in its possession or control and decided that it is relevant to this lawsuit: the massive scope of the investigation that this would require alone should have been a warning sign to CTG's counsel that these objections were not well-founded. *Cf. Qualcomm*, 2008 WL 66932, at *12 (proposition that counsel "did not know or suspect that [their client] had not conducted an adequate search for documents" was "unbelievable" where over 46,000 critical documents were withheld). Further, there is a fundamental logical contradiction in CTG's objection that was not present in *Qualcomm*. If CTG objects to merely *producing* all of its documents, it would be nonsensical to suppose CTG actually *reviewed* these documents to determine that they were responsive. This contradiction could be discerned with momentary consideration. At its minimum, the "reasonable inquiry" obligation of CTG's counsel required it "to pause and consider the reasonableness of his request, response, or objection." Fed. R. Civ. P. 34 advisory committee note on 1983 Amendment. Here, the patent contradiction between CTG's need to investigate the factual basis for its objection under Rule 26(g) and its rationale for

objection demonstrate that CTG's counsel did meet its obligations under Rule 26(g).

## B. Absence of Privilege Log Dooms CTG's Attorney-Client and Work Product Objections

Rule 26 requires a party withholding information under a claim of privilege to "describe the nature of the documents . . . not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). This requirement applies to both attorney-client privilege and work product doctrine objections. *Cf. Wolk*, 2007 WL 3203050, *1-2. CTG, as the party resisting discovery, bears the burden of demonstrating either protection under Rule 26(b)(5). *Bible*, 246 F.R.D. at 620. "[A] proper assertion of privilege must be more specific than a generalized, boiler-plate objection. . . . [B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147, 1149 (9th Cir. 2005). "[But here CTG] has not met its burden of demonstrating any particular document falls within the attorney-client privilege or work product protection. Indeed, [CTG] has not even identified any documents as privileged!" *Bible*, 246 F.R.D. at 620 (overruling attorney-client and work product objections). In the Ninth Circuit, a district court has discretion to waive any privilege claims which are not adequately substantiated. *Burlington N.*, 408 F.3d at 1149 (relevant factors are magnitude of the document production, the overall difficulty of responding to discovery).

In its March 12 letter, CTG states that it "has not yet produced a privilege log because [it] have not yet had the opportunity to review the potentially responsive documentation and cull privileged documents." (Preston Decl. ¶ 13; Ex. 5 to Preston Decl.). However, the rule that failure to provide a privilege log can lead to waiver applies even in "discovery-intensive litigation [where] compiling a privilege log within 30 days may be exceedingly difficult." *Id.* at 1149 n.3.

> [L]itigants are not without recourse [in such situations.] Rather, at the outset of discovery or, *at the latest, before Rule 34's 30-day time limit has expired, they may either secure an appropriate agreement or stipulation from the relevant litigants or, failing that, apply for a discovery or protective order.*

*Id.* (emphasis added). *See also Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 552-53 (W.D. Wash.

2004) (rejecting argument that "the practice in this community" does not require creation of privilege log "if an attorney subjectively believes" a document is privileged – "[t]his is not the standard of practice"). CTG should be compelled to provide a privilege log within a defined period of time or waive its attorney-client and work product objections.

**VI.     Conclusion**

      CTG's responses are not adequate, and its objections are not meritorious. It should be compelled to provide adequate responses to Interrogatories Nos. 1 to 3, and 5, and to produce all responsive documents to Lofton's RPDs Nos. 1 to 10 (as modified), within 15 days of the Court's order.

Dated: March 28, 2008

<div style="margin-left:40%">

By: s/Alan Himmelfarb
_____

Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 550
Chicago, IL 60604

*Attorneys for John Lofton*

</div>

# APPENDIX PURSUANT TO LOCAL RULE 37-2

**<u>Interrogatory No. 1 and Basis Therefore</u>**

**CTG's Response**

*Identify each ticket which a California resident purchased (in whole or in part) with redeemed WorldPoints through any of the Carlson Defendants since November 20, 2003.*

Interrogatory No. 1 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to class certification, and whether the practices alleged in the Complaint were routine. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

CTG incorporates the General Objections set forth above. CTG objects to this interrogatory on the grounds that overbroad, unduly burdensome and oppressive. CTG further objects insofar as this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, CTG responds that the answer to this interrogatory, to the extent determinable, may be determined by examining Bank of America's business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same or less for plaintiff John Lofton as for CTG. CTG does not maintain business records that will necessarily identify the residency of a Bank of America cardholder that has purchased airline tickets with redeemed WorldPoints.

**<u>Interrogatory No. 2 and Basis Therefore</u>**

**CTG's Response**

*For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose purchase price included any fee which was designated as fuel-related.*

Interrogatory No. 2 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to class certification, and whether the practices alleged in the Complaint were routine. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

CTG incorporates the General Objections set forth above. CTG objects to this interrogatory on the grounds that overbroad, unduly burdensome and oppressive. CTG further objects insofar as this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, CTG responds that the answer to this interrogatory to the extent determinable, may be determined by examining Bank of America's business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same or less for plaintiff John Lofton as for CTG. The pertinent records would include Bank of America's individual cardholder files and CTG's files of weekly billings to Bank of America.

1

2 **Interrogatory No. 3 and Basis Therefore**   **CTG's Response**

3 *For every ticket identified in the answer to Interrogatory*      CTG incorporates the General Objections set forth

4 *No. 1, identify each ticket whose purchase price* above. CTG objects to this interrogatory on the grounds that overbroad, unduly burdensome and oppressive and not likely to

5 *included any fee that was not imposed by the airline.* lead to the discovery of relevant information. CTG further objects insofar as this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

6
Interrogatory No. 3      Subject to and without waiving the foregoing

7 is consistent with Fed. R. Civ. objections, CTG responds that the answer to this interrogatory P. 26(b)(2) because it to the extent determinable, may be determined by examining

8 reasonably should provide Bank of America's business records (including electronically evidence or lead to evidence stored information), and the burden of deriving or ascertaining

9 relevant to class the answer will be substantially the same or less for plaintiff certification, and whether the John Lofton as for CTG. The pertinent records would include

10 practices alleged in the Bank of America's individual cardholder files and CTG's files Complaint were routine. To of weekly billings to Bank of America.

11 the best of Lofton's knowledge, the value and

12 importance of this evidence outweighs any burden or

13 expense which CCI bears in producing this discovery.

14

15 **Interrogatory No. 4 and Basis Therefore**   **CTG's Response**

16 *Identify each employee or agent of any of the Carlson*      CTG incorporates the General Objections set forth

17 *Defendants who was involved in the purchase of* above. CTG objects to this interrogatory on the grounds that overbroad, unduly burdensome and oppressive, and not likely

18 *the tickets identified in the answer to Interrogatories* to lead to the discovery of relevant information. CTG further objects insofar as this interrogatory seeks information protected

19 *No. 2 and 3.* by the attorney-client privilege and/or work product doctrine.
     Subject to and without waiving the foregoing

20 Interrogatory No. 4 is objections, CTG responds that the answer to this interrogatory consistent with Fed. R. Civ. to the extent determinable, may be determined by examining

21 P. 26(b)(2) because it Bank of America's business records (including electronically reasonably should lead to stored information), and the burden of deriving or ascertaining

22 testimony relevant to, *inter* the answer will be substantially the same or less for plaintiff *alia*, liability on Lofton's John Lofton as for CTG. CTG does not maintain business

23 individual claims, records addressed to the question posed by this interrogatory. class certification, and Nonethless, it is probable that any agent assigned to the Bank

24 whether the practices alleged of America WorldPoints Rewards program would have booked in the Complaint were a basic air award at some point in time. Because the turnover in

25 routine. To the best of a call center environment is very high, many such agents have Lofton's knowledge, the likely have left the employ of CTG, and CTG lacks information

26 value and importance of this concerning their current whereabouts. evidence outweighs any

27 burden or expense which CCI bears in producing this

28 discovery.

**Interrogatory No. 5 and Basis Therefore**

*Specifically describe every fact which the Carlson Defendants believe may support or contradict their opposition to the Plaintiffs Motion for Preliminary Injunction.*

Interrogatory No. 5 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to Lofton's Motion for Preliminary Injunction. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

**CTG's Response**

CTG incorporates the General Objections set forth above. CTG objects to this interrogatory on the grounds that overbroad, unduly burdensome and oppressive. CTG further objects that this interrogatory is premature since CTG has not yet submitted its opposition to the motion for preliminary injunction and the time for doing so has not yet elapsed. CTG further objects insofar as this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, and without prejudice to supplementing this response, CTG has, and at all times has had, nothing whatsoever to do with Bank of America's WorldPoints travel rewards program. Further, the claims asserted against CTG are without basis in law or fact, and accordingly plaintiff John Lofton is not entitled to the provisional or permanent relief he seeks, either generally, or specifically as it relates to CTG.

**Interrogatory No. 6 and Basis Therefore**

*If the Carlson Defendants' answer to any of Plaintiff s Requests for Admission asserts a lack of information as a basis for failing to admit such Requests, indicate the efforts to obtain the information with specificity, including what efforts were made, which persons were involved in the efforts, and when the efforts were made.*

Interrogatory No. 6 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to whether or not CCI complied with its obligations under Rule 36. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

**CTG's Response**

CTG incorporates the General Objections set forth above. CTG objects to this interrogatory on the grounds that overbroad, unduly burdensome and oppressive. CTG further objects that this interrogatory is premature since CTG has not yet had the opportunity to take discovery or to complete its investigation into all of the facts behind the allegations made by plaintiff John Lofton. CTG further objects insofar as this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. CTG further objects that this interrogatory improperly contains subparts.

Subject to and without waiving the foregoing objections, and without prejudice to supplementing this response, counsel of record for CTG, along with CTG employees Eric Burdon, Norman Knowles and Maryann Korlath, performed a reasonable investigation into the matters for which plaintiff John Lofton sought admission but for which CTG lacked sufficient information to admit or deny.

1

**RPD No. 1 and Basis Therefore**

**CTG's Response**

2

3   *Every document which the Carlson Defendants believe*
4   *may support or contradict each of their answers to*
5   *Plaintiffs First Set of Requests for Admission that*
6   *is not an unqualified admission.*

7   RPD No. 1 is consistent with Fed. R. Civ. P. 26(b)(2)
8   because it reasonably should provide evidence or lead to
9   evidence relevant to, *inter alia*, the identity of the
10  person charging Lofton, and various facts supporting
11  Lofton's claims and his Motion for Preliminary
12  Injunction. To the best of Lofton's knowledge, the
13  value and importance of this evidence outweighs any
14  burden or expense which CCI bears in producing this
15  discovery.

CTG incorporates by reference its general objections stated above. CTG further specifically objects that this request for production is vague and ambiguous, overbroad and unduly burdensome in that it requests CTG further specifically objects to this request for production insofar as it calls for the production of documents protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, CTG responds as follows: CTG will produce any responsive, non-privileged documents within its possession, custody or control after the entry of an appropriate protective order. CTG is not aware of any documents contradicting its answer to the first set of admissions propounded by plaintiff John Lofton.

16

**RPD No. 2 and Basis Therefore**

**CTG's Response**

17

18  *Every document which the Carlson Defendants believe*
19  *may support or contradict each of their answers to*
20  *Plaintiff s First Set of Interrogatories.*

21  RPD No. 2 is consistent with Fed. R. Civ. P. 26(b)(2)
22  because it reasonably should provide evidence or lead to
23  evidence relevant to, inter alia, whether or not CCI
24  complied with its obligations under Rules 33 and 36, class
25  certification, whether the practices alleged in the
26  Complaint were routine, the identity of the person
27  charging Lofton, and facts supporting Lofton's claims
28  and his Motion for Preliminary Injunction. To

CTG incorporates by reference its general objections stated above. CTG further specifically objects that this request for production is vague and ambiguous, overbroad and unduly burdensome in that it requests every document the Carlson Defendants "believe may support or contradict their answers to Plaintiffs First Set of Interrogatories" and is overbroad and burdensome because virtually every document in the possession, custody or control of each Carlson Defendant establishes that the Carlson Defendants did not violate any laws related to Lofton or anyone else on the grounds described in Lofton's Complaint and therefore arguably "may support" the answers to Plaintiffs First Set of Interrogatories. CTG further specifically objects to this request for production insofar as it calls for the production of documents protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, CTG responds as follows: CTG will produce any responsive, non-privileged documents within its possession, custody or control after the entry of an appropriate protective order. CTG is not aware of any documents contradicting its answer to the first set of interrogatories propounded by plaintiff John Lofton.

1  the best of Lofton's
knowledge, the value and
2  importance of this evidence
outweighs any burden or
3  expense which CCI bears in
producing this discovery.
4

5  **RPD No. 3 and Basis Therefore**                    **CTG's Response**

6  *Every document which the*                              CTG incorporates by reference their general objections
   *Carlson Defendants believe*                        stated above. CTG further specifically objects that this request
7  *may support or contradict*                          for production is vague and ambiguous, overbroad and unduly
   *their opposition to the*                            burdensome in that it requests every document the Carlson
8  *Plaintiffs Motion for*                              Defendants "believe may support or contradict their opposition
   *Preliminary Injunction.*                            to the Plaintiffs Motion for Preliminary Injunction" and is
9                                                       overbroad and burdensome because virtually every document
   RPD No. 3 is consistent with                         in the possession, custody or control of each Carlson Defendant
10 Fed. R. Civ. P. 26(b)(2)                             establishes that the Carlson Defendants did not violate any
   because it reasonably should                         laws related to Lofton or anyone else on the grounds described
11 provide evidence or lead to                          in Lofton's complaint and therefore arguably "may support" the
   evidence relevant to Lofton's                        Carlson Defendants opposition to Lofton's motion for a
12 Motion for Preliminary                               preliminary injunction. CTG further specifically objects to this
   Injunction. To the best of                           request for production insofar as it calls for the production of
13 Lofton's knowledge, the                              documents protected from disclosure by the attorney-client
   value and importance of this                         privilege or work product doctrine. CTG further specifically
14 evidence outweighs any                               objects to this request for production as premature since CTG
   burden or expense which                              has not yet submitted its opposition to the motion for
15 CCI bears in producing this                          preliminary injunction and the time for doing so has not yet
   discovery.                                           elapsed.
16                                                              Subject to and without waiving the foregoing
17                                                      objections, CTG responds as follows: CTG will produce any
                                                        responsive, non-privileged documents within its possession,
18                                                      custody or control after the entry of an appropriate protective
                                                        order. CTG is not aware of any documents contradicting its
19                                                      anticipated opposition to the pending motion for preliminary
                                                        injunction brought by plaintiff John Lofton.
20 **RPD No. 4 and Basis Therefore**                    **CTG's Response**

21
22 *Every contract or agreement*                          CTG incorporates by reference its general objections
   *between any of the Carlson*                        stated above. CTG further specifically objects that this request
23 *Defendants, on the one*                             for production is vague and ambiguous, overbroad and unduly
   *hand, and FIA Card*                                 burdensome, not relevant nor likely to lead to the discovery of
   *Services, N.A. and/or Bank*                         admissible evidence in that the request makes no effort to limit
24 *of America Corp., on the*                           the information sought to that which has any relationship to the
   *other hand.*                                        Plaintiff or any bearing on his claims. CTG further specifically
25                                                      objects to this request for production insofar as it calls for the
   RPD No. 4 is consistent with                         production of documents protected from disclosure by the
26 Fed. R. Civ. P. 26(b)(2)                             attorney-client privilege or work product doctrine.
   because it reasonably should                               Subject to and without waiving the foregoing
27 provide evidence or lead to                          objections, CTG responds as follows: CTG will produce any
   evidence relevant to, *inter*                        responsive, non-privileged documents within its possession,
28 *alia*, Defendants' liability on                     custody or control after the entry of an appropriate protective
   Lofton's claims. To the best                         order.

1 | of Lofton's knowledge, the value and importance of this
2 | evidence outweighs any burden or expense which
3 | CCI bears in producing this discovery.

4 | **RPD No. 5 and Basis Therefore**                    **CTG's Response**

5 |

6 | *Every document relating to communications regarding the above-captioned*

7 | *litigation between any of the Carlson Defendants, on the*

8 | *one hand, and FIA Card Services, N.A. and/or Bank*

9 | *of America Corp., on the other hand.*

10 |

11 | RPD No. 5 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should

12 | provide evidence or lead to evidence relevant to, *inter*

13 | *alia,* Defendants' liability on Lofton's claims. To the best

14 | of Lofton's knowledge, the value and importance of this

15 | evidence outweighs any burden or expense which

16 | CCI bears in producing this discovery.

17 |

18 | **RPD No. 6 and Basis Therefore**                    **CTG's Response**

19 | *Every document which the Carlson Defendants contend*

20 | *is evidence that an airline was responsible for*

21 | *imposing, charging, or passing on the fuel-related*

22 | *fees specified in the Definitions above.*

23 |

24 | RPD No. 6 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should

25 | provide evidence relevant or lead to evidence relevant to

26 | Defendants' liability on Lofton's claims. To the best

27 | of Lofton's knowledge, the value and importance of this

28 | evidence outweighs any burden or expense which

CTG's Response for RPD No. 5:

CTG incorporates by reference its general objections stated above. CTG further specifically objects that this request for production is vague and ambiguous, overbroad and unduly burdensome, not relevant nor likely to lead to the discovery of admissible evidence. CTG further specifically objects to this request for production insofar as it calls for the production of documents protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, CTG responds as follows: CTG will produce any responsive, non-privileged documents within its possession, custody or control after the entry of an appropriate protective order.

CTG's Response for RPD No. 6:

CTG incorporates by reference its general objections stated above. CTG further specifically objects that this request for production is vague and ambiguous, overbroad and unduly burdensome, not relevant nor likely to lead to the discovery of admissible evidence. CTG further specifically objects to this request for production insofar as it calls for the production of documents protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, CTG responds as follows: Not applicable because CTG has not made such a contention.

1  CCI bears in producing this discovery.

2

**RPD No. 7 and Basis**
3  **Therefore**                          **CTG's Response**

4  *Every document which the*          CTG incorporates by reference its general objections
   *Carlson Defendants contend*      stated above. CTG further specifically objects that this request
5  *is evidence that purchase*       for production is vague and ambiguous, overbroad and unduly
   *price of the tickets identified*  burdensome, not relevant nor likely to lead to the discovery of
6  *in the answer to*                admissible evidence. CTG further specifically objects to this
   *Interrogatory No. 1 was the*     request for production insofar as it calls for the production of
7  *lowest fare available at the*    documents protected from disclosure by the attorney-client
   *time the ticket was*             privilege or work product doctrine.
8  *purchased.*                              Subject to and without waiving the foregoing
                                      objections, CTG responds as follows: CTG will produce any
9  RPD No. 7 is consistent with      responsive, non-privileged documents within its possession,
   Fed. R. Civ. P. 26(b)(2)          custody or control after the entry of an appropriate protective
10 because it reasonably should      order.
   provide evidence relevant or
11 lead to evidence relevant to
   Defendants' liability on
12 Lofton's claims. To the best
   of Lofton's knowledge, the
13 value and importance of this
   evidence outweighs any
14 burden or expense which
   CCI bears in producing this
15 discovery.

16 **RPD No. 8 and Basis**
   **Therefore**                          **CTG's Response**
17
   *Every document related to*           CTG incorporates by reference its general objections
18 *changes or alterations made*    stated above. CTG further specifically objects that this request
   *to webpage* Program Details,     for production is vague and ambiguous, overbroad and unduly
19 at                               burdensome, not relevant nor likely to lead to the discovery of
   *https://wwwa.managereward*       admissible evidence. CTG further specifically objects to this
20 *sonline.com/RMSapp/Ctl/lin*     request for production insofar as it calls for the production of
   *k?eid=F61D305B.*                 documents protected from disclosure by the attorney-client
21                                   privilege or work product doctrine.
   RPD No. 8 is consistent with           Subject to and without waiving the foregoing
22 Fed. R. Civ. P. 26(b)(2)         objections, CTG responds as follows: CTG will produce any
   because it reasonably should     responsive, non-privileged documents within its possession,
23 provide evidence relevant or     custody or control after the entry of an appropriate protective
   lead to evidence relevant to,    order.
24 *inter alia*, Defendants'
   liability on Lofton's claims,
25 and particularly Defendants'
   knowledge or understanding
26 that the content of the
   Program Details tended to
27 render them liable to
   Lofton's claims. To the best
28 of Lofton's knowledge, the
   value and importance of this

1  evidence outweighs any
   burden or expense which
2  CCI bears in producing this
   discovery.
3

4  **RPD No. 9 and Basis**              **CTG's Response**
   **Therefore**
5
        *For the sake of clarity, every*          CTG incorporates by reference its general objections
6  *document related to any*        stated above. CTG further specifically objects that this request
   *communications about*           for production is vague and ambiguous, overbroad and unduly
7  *changes or alterations made*    burdensome, not relevant nor likely to lead to the discovery of
   *to webpage Program*             admissible evidence. CTG further specifically objects to this
8  *Details, at*                    request for production insofar as it calls for the production of
   *http://wwwa.managerewards*      documents protected from disclosure by the attorney-client
9  *online.com/RMSapp/Ctl/link*     privilege or work product doctrine.
   *?eid=F61D305B.*                        Subject to and without waiving the foregoing
10                                  objections, CTG responds as follows: CTG will produce any
   RPD No. 9 is consistent with     responsive, non-privileged documents within its possession,
11 Fed. R. Civ. P. 26(b)(2)         custody or control after the entry of an appropriate protective
   because it reasonably should     order.
12 provide evidence relevant or
   lead to evidence relevant to,
13 *inter alia*, Defendants'
   liability on Lofton's claims,
14 and particularly Defendants'
   knowledge or understanding
15 that the content of the
   Program Details tended to
16 render them liable to
   Lofton's claims. To the best
17 of Lofton's knowledge, the
   value and importance of this
18 evidence outweighs any
   burden or expense which
19 CCI bears in producing this
   discovery.
20

21 **RPD No. 10 and Basis**             **CTG's Response**
   **Therefore**
22
   *Documents sufficient to*                CTG incorporates by reference its general objections
23 *demonstrate the ownership,*     stated above. CTG further specifically objects that this request
   *legal structure, and extent of* for production is vague and ambiguous, overbroad and unduly
24 *Carlson Companies, Inc.'s*      burdensome, not relevant nor likely to lead to the discovery of
   *control over Carlson Travel*    admissible evidence. CTG further specifically objects to this
25 *Group, Inc.*                    request for production insofar as it calls for the production of
                                    documents protected from disclosure by the attorney-client
26 RPD No. 10 is consistent         privilege or work product doctrine.
   with Fed. R. Civ. P. 26(b)(2)          Subject to and without waiving the foregoing
27 because it reasonably should     objections, CTG responds as follows: CTG will produce
   provide evidence relevant or     sufficient responsive, non-privileged documentation within its
28 lead to evidence relevant to,    possession, custody or control showing that CTG was, at the
   *inter alia*, CCI's              time of the events plaintiff John Lofton complains of, a wholly-
   involvement in and control       owned subsidiary of Carlson Companies, Inc. after the entry of

1   over the events alleged in the    an appropriate protective order.
    Complaint and its potential
2   liability arising from such
    involvement and control. To
3   the best of Lofton's
    knowledge, the value and
4   importance of this evidence
    outweighs any burden or
5   expense which CCI bears in
    producing this discovery.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28