1  Alan Himmelfarb
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com

9  *Counsel for Plaintiff*

10            **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11                    **SAN FRANCISCO DIVISION**

12  JOHN LOFTON, an individual, on his own behalf        No. 07-05892 (SI)
    and on behalf of all others similarly situated,
13                                                        Judge Susan Illston
14                    Plaintiff
                                                          **DECLARATION OF ETHAN**
15          v.                                            **PRESTON IN SUPPORT OF**
                                                          **PLAINTIFF JOHN LOFTON'S**
16  BANK OF AMERICA CORPORATION, FIA                      **MOTION TO COMPEL**
    CARD SERVICES, N.A., a national banking               **DISCOVERY RESPONSES FROM**
17  association, CARLSON COMPANIES, INC., a               **CARLSON TRAVEL GROUP,**
    Minnesota corporation, CARLSON TRAVEL                 **INC.**
18  NETWORK ASSOCIATES, INC., a Minnesota
    corporation, and CARLSON TRAVEL GROUP,                Date: May 2, 2008
19  INC.  a California corporation, and DOES 1 to         Time: 9:00 a.m.
    100,                                                  Location: Courtroom 10, 19th Floor
20                                                        450 Golden Gate Ave.
                      Defendants.                         San Francisco, CA 94102

21

22

23

24

25

26

27

28

---

Declaration of Ethan Preston in support of                              No. 07-05892 (SI)
Motion to Compel CTG

Pursuant to 28 U.S.C.§ 1746, I, Ethan Preston, hereby declare and state as follows:

1. I am an attorney admitted to practice in the state of Illinois, and represent Plaintiff in the above-titled action. I am entering this declaration pursuant to Federal Rule 37(a)(1) in support of the attached Motion to Compel. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

**CTG's Prior Delays of Discovery**

2. On January 8, Lofton served his first set of interrogatories, first set requests for admission, and first set of requests for production of documents on Carlson Companies, Inc. ("CCI") and Carlson Travel Group, Inc. ("CTG"). True and correct copies of Lofton's first set of interrogatories and requests for production of documents are attached as Exhibits 1 and 2.

3. Assuming that service of Lofton's discovery was not effective until January 18, CTG's discovery responses were due on February 18. On February 19, CTG's counsel requested an extension on the deadline for Lofton's January 8 discovery requests until March 4. Lofton's counsel granted that request via email which stated Lofton was granting the extension "under the assumption that CTG and CTNA are using the additional time to work on their discovery responses diligently and in good faith."

4. On March 4, CTG's counsel sought a new extension until March 7 from Lofton's counsel. Lofton granted the extension via email on the condition that "CTG . . . us[e] the time to diligently produce more discovery in good faith and won't use the extension to bring a motion against my client."

5. On March 7, CTG's counsel sought and received a new extension until March 10 from Lofton's counsel.

6. Lofton received CTG's discovery requests on March 10. True and correct copies of CTG's responses to Lofton's first set of interrogatories and requests for

production of documents are attached as Exhibits 3 and 4.

**The Parties Negotiations Regarding a Stipulated Protective Order**

7.    On February 5, Lofton's counsel provided a draft stipulated protective order to CTG's counsel. Lofton's draft protective order was based on Northern District of California's standard protective order.

8.    On March 11, Lofton's counsel circulated a draft stipulated protective order to all Defendants' counsel. Lofton's draft protective order was based on Northern District of California's standard protective order.

9.    On March 19, CTG's counsel circulated an edited version of Lofton's draft stipulated protective order. CTG summarized the changes in an email: "CTG believes that there is no need for a two-tier protective order including an attorneys' eyes only designation. We suggest that a single-tier protective order protecting 'Confidential' information is appropriate for this matter."

10.    On March 27, Lofton's counsel held a conference with the Bank Defendants' counsel. During the course of that conference, the Bank Defendants' counsel indicated that the Bank Defendants would not, in all likelihood, be able to accept CTG's draft protective agreement because of CTG's edits. The the Bank Defendant's counsel indicated that their position was that customers' financial records are privileged under California law, that it would not provide such records absent an order from the Court compelling it to do so, and that it did not expect the Court would grant any such order. The Bank Defendants' counsel indicated that it would contact CTG's counsel about possible compromises.

11.    It is the routine practice of Lofton's counsel to offer to treat produced documents as confidential prior to the entry of a stipulated protective order. To the best of my recollection, Lofton's counsel made this offer during a telephone conference with CCI's counsel at some date prior to the March 12 conference discussed below. Other than the events which are attested to in the above Paragraphs, Lofton's counsel is not aware of any other action by any Defendant to advance a stipulated

protective order.

**Federal Rule 37(a)(1) – Attempt to Conference Regarding Discovery**

12.     On March 11, Lofton's counsel emailed CTG's counsel to identify the defect in CTG's discovery responses and to set up a Rule 37 conference.

13.     On March 12, CTG's counsel sent a letter responding to Lofton's email. A true and correct copy of CTG's March 12 email is attached to this Declaration as Exhibit 5.

14.     Counsel for CCI and Lofton ultimately held a Rule 37 conference on March 18. Lofton offered to clarify interrogatories Nos. 1 to 3, and to hold interrogatories Nos. 4 and 6 in abeyance. I am informed, and on that basis, believe that during the March 18 conference:

    (a)     Lofton's counsel offered to CTG's counsel to treat produced documents as confidential prior to the entry of a stipulated protective order during the March 18 conference;

    (b)     CTG did not offer to change any of its positions, but only committed to reconsider certain positions and to alert Lofton's counsel as to whether it would change its positions by March 25, 2008;

    (c)     CTG explained that it had the addresses of WorldPoints credit cardholders' who purchased airline tickets by redeeming WorldPoints, but that its objection that it could not determine the residency of the WorldPoints credit cardholders stemmed from the fact that the address CTG has may not always determine a cardholder's residency.

    (d)     CTG has access to Bank of America's database, but its position is that Lofton should first seek to obtain such documents from Bank of America or another defendant.

15.     On March 19, Lofton's counsel emailed a summary of the parties' March 18 conference to CTG's counsel. A true and correct copy of Lofton's March 19 summary is attached to this Declaration as Exhibit 6. I am informed, and on that basis, believe that this email accurately represents the content March 18 conference.

16.     On March 25, CCI emailed Lofton. A true and correct copy of CCI's March 25 email is attached to this Declaration as Exhibit 7. In relevant part, this email stated that CCI cannot produce the documents belonging to CTG without CTG's involvement.

1

2          While [CCI is] working with CTG's counsel . . . to produce the
           documents in the most expeditious manner possible . . . CTG will not
3          produce any documents until there is a protective order in place.  CCI
           has produced all documents in its possession that are responsive to
4          Plaintiff's first set of discovery.

5    17.   Lofton has received no documents from CTG.

6    18.   Despite CTG's commitment to information Lofton of any changes to its

7          position by March 25, Lofton's counsel has not received any communication

8          from CTG's counsel since March 18.

9    19.   I declare under penalty of perjury, that the foregoing is true and correct.

10   Pursuant to Section X of the Northern District of California's General Order No. 45 on
     electronic case filing and 28 U.S.C.§ 1746, in lieu of Ethan Preston's signature on this
11   declaration, Alan Himmelfarb attests that Ethan Preston is the signatory of this declaration,
     and that Ethan Preston concurred to this declaration on March 28, 2008.

12   DATE:  March 28, 2008

13                                              s/Alan Himmelfarb
                                                ALAN HIMMELFARB

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 1

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

Scott Kamber
KAMBEREDELSON LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kamberedelson.com

*Attorneys for John Lofton*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100,<br><br>Defendants. | No. 07-05892 (MJJ)<br><br>Judge Martin J. Jenkins<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO CARLSON DEFENDANTS** |

**Instructions:**

The Carlson Defendants shall answer these Interrogatories in a manner that is consistent with their duties under Federal Rules 26 and 34. The following instructions do not limit the scope of the Carlson Defendants' obligations under the Rules, but are merely meant to remind or inform the Carlson Defendants of these duties and to provide examples of compliance those duties.

**A.      Definitions**

With respect to these Interrogatories,

1.   The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

2.   "Carlson Defendants" means Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc., their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Carlson Defendants" in these Interrogatories refer to the persons in the preceding sentence.

3.   The term "identify" means, with respect to any employee or agent of the Carlson Defendants, to state as much of the following information as is possible: their name, work address, home address, work telephone number, home telephone number, Social Security number, employer and title and/or department within that employer.

4.   The term "identify" means, with respect to any other person, to state as much of the following information as is possible: their name, address, and the last four digits of their credit card number, to the extent it is known or possible to learn it.

5.   The term "identify" means, with respect to any airline ticket, to state as much of the following information as is possible: the airline flight, the passenger and/or purchaser of the ticket, the date of the flight, the date of the ticket was purchased, the purchase price (individually listing any separate surcharges, charges, or fees) and as well as any other designation(s) that the Carlson Defendants use to uniquely identify any particular ticket.

6.   "WorldPoints" means the credits towards various benefits accrued under the *Program Details* attached as Exhibit 2 to Ethan Preston's Declaration in Support of a Motion for Preliminary Injunction and/or the webpage at FIA Card Services, *Program Details*, Travel Rewards, *at* https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B (2007).

**B.      Certification**

Each of these Interrogatories shall be answered separately, and every answer shall be

signed under oath to the extent there is no objection. Pursuant to Rule 26(g), those signing the answers to these Interrogatories must certify that, to the best of its knowledge, information, and belief, formed after a reasonable inquiry, Defendants' answers to these Interrogatories are complete and correct as of the time they are made. Plaintiffs' counsel believes that it will help to avoid, minimize and/or quickly resolve disputes over compliance with Rule 26(g) if Defendants' answers to these Interrogatories identify who answered each Interrogatory, and indicate what that person did to investigate their answer to the Interrogatory to ensure that the answer provided was complete and correct.

If any Interrogatory cannot be answered in full after exercising due diligence to secure the information with which to do so, the answer should response to as much of the Interrogatory as possible but then expressly indicate the extent to which the answer is incomplete. The answer should also state with specificity why Defendants are unable to provide a complete response, and state whatever knowledge or information presently is available concerning the unanswered portion of the answer.

**C.   Supplementation**

Under Rule 26(e), the Carlson Defendants have a duty to supplement and/or amend their answers to these Interrogatories within a reasonable period of time if it receives information from which one could reasonably claim that its prior answers were incomplete, incorrect, or were correct at the time of the answer but no longer correct.

**D.   Objections**

Any objections to these Interrogatories must conform to Rule 26(a)(5)(A) and Rule 33(b)(4). Any grounds for objection that is not stated in a timely objection will be waived. If Defendants refuse answer Interrogatories under a claim of privilege or protection as trial-preparation material, Defendants shall make the claim expressly in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection.

**Plaintiff's First Set of Interrogatories**

1.   Identify each ticket which a California resident purchased (in whole or in part) with

1   redeemed WorldPoints through any of the Carlson Defendants since November 20, 2003.

2.  For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose purchase price included any fee which was designated as fuel-related.

3.  For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose purchase price included any fee that was not imposed by the airline.

4.  Identify each employee or agent of any of the Carlson Defendants who was involved in the purchase of the tickets identified in the answer to Interrogatories No. 2 and 3.

5.  Specifically describe every fact which the Carlson Defendants believe may support or contradict their opposition to the Plaintiff's Motion for Preliminary Injunction.

6.  If the Carlson Defendants' answer to any of Plaintiff's Requests for Admission asserts a lack of information as a basis for failing to admit such Requests, indicate the efforts to obtain the information with specificity, including what efforts were made, which persons were involved in the efforts, and when the efforts were made.

Dated: January 8, 2008

By:_____

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Attorneys for John Lofton*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 2

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

Scott Kamber
KAMBEREDELSON LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kamberedelson.com

*Attorneys for John Lofton*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100,<br><br>Defendants. | No. 07-05892 (MJJ)<br><br>Judge Martin J. Jenkins<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**Instructions:**

Defendants shall produce documents in response to these Requests in a manner that is consistent with their duties under Federal Rules 26 and 34. The following instructions are meant to remind or inform Defendants of Plaintiffs' expectations regarding Defendants' compliance with these Rules and to provide examples of such compliance, and do not limit the scope of Defendants' obligations under the Rules.

**A.    Definitions**

With respect to these Requests,

1. The term "document" includes any communication, data, information, or expression which can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, from any tangible medium now known or later developed.

2. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

3. The term "all" means every document known or which can be discovered by diligent efforts.

4. The terms "refer" or "relate" mean constituting, manifesting, containing, incorporating, reflecting, evidencing, pertaining, referring, indicating, showing, describing, discussing, mentioning, computing and/or concerning.

5. The term "string" means a particular sequence of characters, including letters, numerals, symbols and punctuation marks.

6. "Carlson Defendants" means Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc., their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Carlson Defendants" in these Interrogatories refer to the persons in the preceding sentence.

7. "Fuel-related fee" means the "fuel-related" fee included in the purchase price of those tickets identified in the answer to Plaintiff's Interrogatory No. 2 to the Carlson Defendants.

**B.    Scope**

The Carlson Defendants' response to these Requests shall include all documents which the Carlson Defendants control or are otherwise available to them. For the sake of clarity, the Carlson Defendants are reminded that this means that their response to these Requests shall include all documents which are under the control or otherwise available to "Carlson

Defendants" means Carlson Companies, Inc.. Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

**C.      Electronic Documents**

Pursuant to Federal Rule of Civil Procedure 34(a)(2), the Carlson Defendants shall produce in their response to these Requests each electronic or electronically stored document in a form that precisely replicates all the original documents' data and metadata (including both application-specific metadata, such as File Properties for Microsoft Word .doc files, and file system metadata, such as the date of creation, modification, access, file attributes, file permissions).

With respect to each such document produced, pursuant to Rule 34(a)(1), the Carlson Defendants shall translate or transform the document into reasonably usable form, provided that it also preserves or separately provides the documents' metadata to Plaintiffs' counsel. By way of example, text might be provided as plain text or Microsoft Word .doc files, databases should be produced in either Microsoft Assess format or Commodore Delimited ASCII, spreadsheets should be produced as Microsoft Excel, and presentations should be produced as Microsoft PowerPoint.

In the alternative, the Carlson Defendants may provide Plaintiffs' counsel access to the means by which the Carlson Defendants used to access, create, and/or review that document, unless the same is readily available to Plaintiffs' counsel. For instance, if a document is found in a proprietary database or an obscure file format, the Carlson Defendants would provide Plaintiffs' counsel access to that proprietary database program or the application which created the file.

**D.      Certification**

Pursuant to Rule 26(g), the Carlson Defendants' counsel must certify that, to the best of its knowledge, information, and belief, formed after a reasonable inquiry, the Carlson

Defendants' response to these Requests is complete and correct as of the time it is made. Plaintiffs' counsel believes that the protocol below will help to avoid, minimize and/or quickly resolve disputes over compliance with Rule 26(g). Consequently, Plaintiffs ask that the Carlson Defendants describe in their response these Requests:

1. the method(s) they used to identify and/or locate the document (including, by way of example, the search strings used in Windows Desktop Search to locate responsive electronic documents);

2. the street address of the property where the document was found;

3. the identity of the individual responsible for the maintenance, storage, security, and/or management of the document (including name, last known address, and job title/description);

4. for each electronic or electronically stored documents,

    a) the medium in which the document was stored (by way of example, desktop computer, email server, tape, Blackberry or other PDA, detached or external hard drive, CD, DVD, flash drive, floppy disk, the RAM of a printer or other peripheral device, etc.), as well as

    b) any identification for the storage device (by way of example, hostnames, domain names, network addresses, hard drive serial numbers, etc. for computers, and serial numbers or labels for tapes, PDAs, CDs, DVDs, flash drives, floppy disks);

    c) the file system used to store the electronic Document (by way of example, FAT, NTFS, ZFS, or ext3); and

    d) the method or protocol used to reproduce the document.

If any Request cannot be answered in full after exercising due diligence to secure the information with which to do so, the response should provide as many responsive documents as possible but then expressly indicate the extent to which the response is incomplete. The response should also state with specificity why the Carlson Defendants are unable to provide a complete response, and state whatever knowledge or information presently is available concerning the unanswered portion of the request.

**E.      Supplementation**

Under Rule 26(e), the Carlson Defendants have a duty to supplement and/or amend its responses to this Request within a reasonable period of time if they receive information from which one could reasonably claim that their prior responses were incomplete, incorrect, or were correct at the time of the response but no longer correct.

**F.     Objections**

Any objections to this Request must conform to Rule 26(a)(5)(A) and Rule 34(b). If documents are withheld under a claim of privilege or protection as trial-preparation material, the Carlson Defendants shall make the claim expressly and shall describe the nature of the withheld documents (and, if applicable, the external circumstances which ATI claims support the application of such privilege) in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection.

## **Plaintiff's First Set of Requests for Production of Documents**

Please produce:

1. Every document which the Carlson Defendants believe may support or contradict each of their answers to Plaintiff's First Set of Requests for Admission that is not an unqualified admission.

2. Every document which the Carlson Defendants believe may support or contradict each of their answers to Plaintiff's First Set of Interrogatories.

3. Every document which the Carlson Defendants believe may support or contradict their opposition to the Plaintiff's Motion for Preliminary Injunction.

4. Every contract or agreement between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.

5. Every document relating to communications regarding the above-captioned litigation between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.

6. Every document which the Carlson Defendants contend is evidence that an airline was responsible for imposing, charging, or passing on the fuel-related fees specified in the Definitions above.

7. Every document which the Carlson Defendants contend is evidence that purchase price of the tickets identified in the answer to Interrogatory No. 1 was the lowest fare available at the time the ticket was purchased.

8. Every document related to changes or alterations made to webpage *Program Details*, at https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

9. For the sake of clarity, every document related to any communications about changes or alterations made to webpage *Program Details*, at https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

10. Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson Companies, Inc.'s control over Carlson Travel Group, Inc.

11. Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson Companies, Inc.'s control over Carlson Travel Network Associates, Inc.

Dated: January 8, 2008

By:

        Jay Edelson
        Ethan Preston
        KAMBEREDELSON LLC
        53 West Jackson Ave., Suite 1530
        Chicago, IL 60604
        312-589-6370
        jedelson@kamberedelson.com
        epreston@kamberedelson.com

        *Attorneys for John Lofton*

# CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C.§ 1746, I hereby certify that a copy of the foregoing Plaintiff's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents was this date served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of the same to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

Abraham J. Colman
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

*Attorneys for Bank of America Corp., and FIA Card Services, N.A.*

Elizabeth D. Le
Robins, Kaplan, Miller & Ciresi, LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208

*Attorneys for Carlson Companies, Inc. Carlson Companies, Inc.. Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc.*

Date:          January 8, 2007

By: _____
    ETHAN PRESTON

---

Certificate of Service                                                      No. 07-05892 (MJJ)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 3

1   Daniel J. Bergeson, Bar No. 105439
    dbergeson@be-law.com
2   Donald P. Gagliardi, Bar No. 138979
    dgagliardi@be-law.com
3   Ina Stangenes, Bar No. 156559
    istangenes@be-law.com
4   BERGESON, LLP
    303 Almaden Boulevard, Suite 500
5   San Jose, CA 95110-2712
    Telephone: (408) 291-6200
6   Facsimile: (408) 297-6000

7   Edward Sarskas, Esq. *Pro Hac Vice*
    searskas@michaelbest.com
8   Michael Best & Friedrich, LLP
    100 E. Wisconsin Ave., Ste. 3300
9   Milwaukee, WI 53202-4108
    Ph:    414.271.6560
10  Fax:   414.277.0656

11  Attorneys for Defendant
    CARLSON TRAVEL GROUP, INC.

12

13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16

17  JOHN LOFTON, an individual, on his own behalf    Case No. C07-05892 SI
    and on behalf of all others similarly situated,

18                                                    **CARLSON TRAVEL GROUP, INC.'S**
                                       Plaintiff,     **RESPONSES AND OBJECTIONS TO**
19                                                    **PLAINTIFF'S FIRST SET OF**
              vs.                                     **INTERROGATORIES**
20
    BANK OF AMERICA CORPORATION, FIA
21  CARD SERVICES, N.A., a national banking
    association, CARLSON COMPANIES, INC., a
22  Minnesota corporation, CARLSON TRAVEL
    NETWORK ASSOCIATES, INC., a Minnesota
23  corporation, and CARLSON TRAVEL GROUP,
    INC., a California corporation,
24
                                      Defendants.
25

26

27

28

---

1  PROPOUNDING PARTY:   Plaintiff John Lofton

2  RESPONDING PARTY:   Defendant CTG

3  SET NO:   ONE

4

5      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Carlson Travel

6  Group, Inc. ("CTNA") hereby responds to the First Set of Interrogatories propounded by plaintiff

7  John Lofton ("Plaintiff").

8      CTG has not fully completed its investigation of the facts relating to this case, has not

9  completed its discovery in this action, and has not completed its preparation for trial. All of the

10  responses contained herein are based only upon the information and documents which presently

11  are available to and specifically known by CTG. It is anticipated that further discovery,

12  investigation, legal research, and analysis will supply additional facts and new meaning to the

13  known facts, as well as establish entirely new factual conclusions and legal contentions, all of

14  which may lead to the discovery of additional documents, further information, and additional

15  witnesses, thereby resulting in additions to, changes in, and variances from the following

16  responses.

17      The following responses are given without prejudice to CTG's right to produce evidence of

18  any subsequently discovered information which they may later locate or discover. Accordingly,

19  CTG reserves the right to change all of the responses in this document as additional facts are

20  ascertained, analyses are made, legal research is completed, contentions are established, and

21  documents are located. Moreover, any responses contained in this pleading are disclosed for the

22  purpose of this litigation only.

23                    **GENERAL OBJECTIONS**

24      1.      To the extent that any interrogatory may be construed as calling for information

25  which is subject to a claim of privilege, including, without limitation, the attorney-client privilege

26  and attorney work-product doctrine, CTG hereby claims such privilege and objects to the

27  disclosure of the information. Such information as may hereafter be provided in response to the

28  interrogatories should not include any information subject to such privileges and doctrines and the

                                    1

1  inadvertent disclosure of privileged information shall not constitute a waiver of any applicable
2  privilege.

3    2.    The responses set forth herein are made on the basis of a reasonably diligent search
4  under the circumstances for information reasonably available to CTG at the present time.  CTG
5  reserves the right, however, to make use of, at trial or otherwise, any information not specified
6  herein, whether omitted because unknown, not yet discovered, or because the significance or
7  relevance of the information was not recognized or understood at the time of these responses.

8    3.    CTG's partial responses to any interrogatory is not a waiver of its objection or right
9  to object to the interrogatory, or any part thereof, or to any additional, supplemental or further
10  interrogatory or part thereof, but is instead offered in an effort to resolve a potential discovery
11  dispute.

12    4.    CTG objects to the Definitions contained in the First Set of Interrogatories to the
13  extent that they are inconsistent with and/or seek to impose obligations beyond those imposed by
14  the Federal Rules of Civil Procedure and the Local Civil Rules.  In particular, CTG objects to the
15  definition of "Carlson Defendants," which conflates and confuses separate legal entities separately
16  situated with respect to the allegations in this action.

17    5.    CTG objects to the First Set of Interrogatories in its entirety, and to each individual
18  interrogatory therein, to the extent that each calls for the production of confidential business,
19  financial, proprietary, or sensitive information in which individuals and/or third parties have an
20  expectation of privacy.  CTG further objects to each and every interrogatory to the extent it seeks
21  information protected by the privacy protection of the California Constitution, or any other law,
22  statute, or doctrine.

23    6.    CTG objects to the First Set of Interrogatories in its entirety, and to each individual
24  interrogatory therein, to the extent that it seeks information that is not relevant and does not appear
25  reasonably calculated to lead to the discovery of admissible evidence.

26    7.    CTG objects to the First Set of Interrogatories in its entirety, and to each individual
27  interrogatory therein, to the extent that it is vague, ambiguous, and/or overbroad and subjects CTG
28  to unreasonable and undue annoyance, oppression, embarrassment, burden, and expense.

2

1    8.    CTG objects to the First Set of Interrogatories in its entirety, and to each individual

2    interrogatory therein, on the grounds that it is unduly burdensome.

3    9.    CTG objects to the First Set of Interrogatories in its entirety, and to each individual

4    interrogatory therein, to the extent that the First Set of Interrogatories seek identification of

5    documents contained in sources that are not reasonably accessible because of undue burden or cost

6    pursuant to Fed.R.Civ.P. 26(b)(2)(B). CTG hereby identifies these sources as: any information

7    contained on CTG's backup tapes, which are kept for disaster recovery purposes.

8    10.    CTG objects to the First Set of Interrogatories in its entirety, and to each individual

9    interrogatory therein, to the extent that it purports to require CTG to identify documents that

10   contain trade secrets or other confidential, business, financial, proprietary, or sensitive commercial

11   information of third parties with whom CTG have a nondisclosure agreement.

12   11.    CTG objects to the First Set of Interrogatories in its entirety, and to each individual

13   interrogatory therein, to the extent that it purports to require CTG to identify documents that are

14   not within the possession, custody, or control of CTG.

15   12.    CTG objects to the First Set of Interrogatories in its entirety, and to each individual

16   interrogatory therein, to the extent that it seeks information not related to the Motion for

17   Preliminary Injunction, as discovery has not yet formally started and only discovery related to the

18   Motion for Preliminary Injunction is proper at this time on this accelerated schedule.

19   13.    CTG objects to the definition of DOCUMENTS on the grounds that it is overbroad,

20   unduly burdensome, oppressive and harassing, and imposes burdens not permitted by Fed.R.Civ.

21   P. Rules 33 and 34. CTG will construe the term "IDENTIFY" wherever used in the

22   interrogatories in relation to a DOCUMENT to call for the location of such DOCUMENTS and/or

23   the Bates numbers of such DOCUMENTS.

24   14.    CTG objects to definition of "RELATING TO" on the grounds that it is vague,

25   ambiguous, over broad, unduly burdensome, oppressive, and harassing. CTG will construe the

26   phrase "RELATING TO" wherever used in the Requests to call for documents or other

27   information that directly discuss or concern a particular topic.

28   15.    CTG objects to the definition of "DOCUMENT" to the extent that it calls for

3

1 information not required by the Federal Rules of Civil Procedure, and CTG will construe the term

2 "DOCUMENT" in accordance with the Federal Rules of Civil Procedure.

3       16.     The foregoing General Objections are, and shall be deemed to be, incorporated in

4 full into each specific interrogatory response set forth below.

5 **INTERROGATORIES**

6 **INTERROGATORY NO. 1**

7       Identify each ticket which a California resident purchased (in whole or in part) with

8 redeemed WorldPoints through any of the Carlson Defendants since November 20, 2003.

9 **RESPONSE TO INTERROGATORY NO. 1**

10       CTG incorporates the General Objections set forth above. CTG objects to this

11 interrogatory on the grounds that overbroad, unduly burdensome and oppressive. CTG further

12 objects insofar as this interrogatory seeks information protected by the attorney-client privilege

13 and/or work product doctrine.

14       Subject to and without waiving the foregoing objections, CTG responds that the answer to

15 this interrogatory, to the extent determinable, may be determined by examining Bank of America's

16 business records (including electronically stored information), and the burden of deriving or

17 ascertaining the answer will be substantially the same or less for plaintiff John Lofton as for CTG.

18 CTG does not maintain business records that will necessarily identify the residency of a Bank of

19 America cardholder that has purchased airline tickets with redeemed WorldPoints.

20 **INTERROGATORY NO. 2**

21       For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose

22 purchase price included any fee which was designated as fuel-related.

23 **RESPONSE TO INTERROGATORY NO. 2**

24       CTG incorporates the General Objections set forth above. CTG objects to this

25 interrogatory on the grounds that overbroad, unduly burdensome and oppressive. CTG further

26 objects insofar as this interrogatory seeks information protected by the attorney-client privilege

27 and/or work product doctrine.

28       Subject to and without waiving the foregoing objections, CTG responds that the answer to

4

1 | this interrogatory to the extent determinable, may be determined by examining Bank of America's

2 | business records (including electronically stored information), and the burden of deriving or

3 | ascertaining the answer will be substantially the same or less for plaintiff John Lofton as for CTG.

4 | The pertinent records would include Bank of America's individual cardholder files and CTG's

5 | files of weekly billings to Bank of America.

6 | **INTERROGATORY NO. 3**

7 | For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose

8 | purchase price included any fee that was not imposed by the airline.

9 | **RESPONSE TO INTERROGATORY NO. 3**

10 | CTG incorporates the General Objections set forth above. CTG objects to this

11 | interrogatory on the grounds that overbroad, unduly burdensome and oppressive and not likely to

12 | lead to the discovery of relevant information. CTG further objects insofar as this interrogatory

13 | seeks information protected by the attorney-client privilege and/or work product doctrine.

14 | Subject to and without waiving the foregoing objections, CTG responds that the answer to

15 | this interrogatory to the extent determinable, may be determined by examining Bank of America's

16 | business records (including electronically stored information), and the burden of deriving or

17 | ascertaining the answer will be substantially the same or less for plaintiff John Lofton as for CTG.

18 | The pertinent records would include Bank of America's individual cardholder files and CTG's

19 | files of weekly billings to Bank of America.

20 | **INTERROGATORY NO. 4**

21 | Identify each employee or agent of any of the Carlson Defendants who was involved in the

22 | purchase of the tickets identified in the answer to Interrogatories No. 2 and 3.

23 | **RESPONSE TO INTERROGATORY NO. 4**

24 | CTG incorporates the General Objections set forth above. CTG objects to this

25 | interrogatory on the grounds that overbroad, unduly burdensome and oppressive, and not likely to

26 | lead to the discovery of relevant information. CTG further objects insofar as this interrogatory

27 | seeks information protected by the attorney-client privilege and/or work product doctrine.

28 | Subject to and without waiving the foregoing objections, CTG responds that the answer to

5

1  this interrogatory to the extent determinable, may be determined by examining Bank of America's
2  business records (including electronically stored information), and the burden of deriving or
3  ascertaining the answer will be substantially the same or less for plaintiff John Lofton as for CTG.
4  CTG does not maintain business records addressed to the question posed by this interrogatory.
5  Nonetheless, it is probable that any agent assigned to the Bank of America WorldPoints Rewards
6  program would have booked a basic air award at some point in time. Because the turnover in a
7  call center environment is very high, many such agents have likely left the employ of CTG, and
8  CTG lacks information concerning their current whereabouts.

9  **INTERROGATORY NO. 5**

10  Specifically describe every fact which the Carlson Defendants believe may support or
11  contradict their opposition to the Plaintiffs Motion for Preliminary Injunction.

12  **RESPONSE TO INTERROGATORY NO. 5**

13  CTG incorporates the General Objections set forth above. CTG objects to this
14  interrogatory on the grounds that overbroad, unduly burdensome and oppressive. CTG further
15  objects that this interrogatory is premature since CTG has not yet submitted its opposition to the
16  motion for preliminary injunction and the time for doing so has not yet elapsed. CTG further
17  objects insofar as this interrogatory seeks information protected by the attorney-client privilege
18  and/or work product doctrine.

19  Subject to and without waiving the foregoing objections, and without prejudice to
20  supplementing this response, CTG has, and at all times has had, nothing whatsoever to do with
21  Bank of America's WorldPoints travel rewards program. Further, the claims asserted against CTG
22  are without basis in law or fact, and accordingly plaintiff John Lofton is not entitled to the
23  provisional or permanent relief he seeks, either generally, or specifically as it relates to CTG.

24  **INTERROGATORY NO. 6**

25  If the Carlson Defendants' answer to any of Plaintiff's Requests for Admission asserts a
26  lack of information as a basis for failing to admit such Requests, indicate the efforts to obtain the
27  information with specificity, including what efforts were made, which persons were involved in
28  the efforts, and when the efforts were made.

6

1  **RESPONSE TO INTERROGATORY NO. 6**

2    CTG incorporates the General Objections set forth above.  CTG objects to this

3  interrogatory on the grounds that overbroad, unduly burdensome and oppressive.  CTG further

4  objects that this interrogatory is premature since CTG has not yet had the opportunity to take

5  discovery or to complete its investigation into all of the facts behind the allegations made by

6  plaintiff John Lofton.  CTG further objects insofar as this interrogatory seeks information

7  protected by the attorney-client privilege and/or work product doctrine.  CTG further objects that

8  this interrogatory improperly contains subparts.

9    Subject to and without waiving the foregoing objections, and without prejudice to

10  supplementing this response, counsel of record for CTG, along with CTG employees Eric Burdon,

11  Norman Knowles and Maryann Korlath, performed a reasonable investigation into the matters for

12  which plaintiff John Lofton sought admission but for which CTG lacked sufficient information to

13  admit or deny.

14  Dated:  March 10, 2008                     BERGESON, LLP

15

16                                         By:_____
                                                Donald P. Gagliardi
17

18                                         Attorneys for Defendant
                                           CARLSON TRAVEL GROUP, INC.

19

20

21

22

23

24

25

26

27

28

CTG'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES            Case No. C07-05892 SI

## VERIFICATION

I, Eric Burdon, declare under penalty of perjury under the laws of the United States that I am the President of Connexions Loyalty Travel Solutions, formerly known as Carlson Leisure Travel Services, a division of Carlson Travel Group, Inc. ("CTG"), that I have read the foregoing Defendants' Responses To Plaintiffs' First Set Of Interrogatories To Carlson Defendants, that the statements of facts contained therein, are within my personal knowledge or based upon information provided by other persons at CTG or business records of CTG, that the foregoing Responses are true and correct, and that I am authorized to sign this verification on behalf of CTG. Executed on March _10_, 2008, at Minneapolis, Minnesota.

_____
Eric Burdon

---

CTG'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES          Case No. C07-05892 SI

1                              <u>CERTIFICATE OF SERVICE</u>

2       I declare as follows:

3           I am an employee in Santa Clara County, the county in which the service described below

4 occurs. My business address is 303 Almaden Boulevard, Suite 500, San Jose, California 95110. I

5 am over the age of eighteen (18) years and am not a party to the cause for which I am serving the

6 document(s) named below.

7           On March 10, 2008, I served the within:

8 **CARLSON TRAVEL GROUP, INC.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
9

10 on the parties below by placing a true copy thereof in a sealed envelope and served same as

11 follows:

12   <u>X</u>           BY MAIL: I caused such envelope to be deposited in the mail at San
                  Jose, California. I am readily familiar with Bergeson, LLP's practice
13                   for collection and processing of correspondence for mailing with the
                  United States Postal Service. In the ordinary course of business,
14                   correspondence would be deposited with the United States Postal
                  Service on this day. FRCP Title II, §5(b)(2)(B).
15

16   <u>X</u>           BY ELECTRONIC MAIL: I caused said documents to be sent via
                  electronic mail to the interested party at the following email listed
17                   below. FRCP Title II, §5(b)(2)(D).

| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |
| **JOHN LOFTON** | **CARLSON COMPANIES, INC.** |
| Alan Himmelfarb, Esq. | Elizabeth D. Le, Esq. |
| KamberEdleson, LLC | Robins, Kaplan, Miller & Ciresi LLP |
| 2757 Leonis Blvd. | 2049 Century Park East, Suite 3400 |
| Los Angeles, CA 90058 | Los Angeles, CA 90067 |
| Tel: 323.585.8696 | Ph: 310.552.0130 Main/Fax: 310.229.5800 |
| ahimmelfarb@kamberedelson.com | edle@rkmc.com |
| | |
| Jay Edelson, Esq. | Martin R. Lueck, Esq. (*pro hac* pending) |
| Ethan M. Preston, Esq. | Emmett J. McMahon, Esq. (*pro hac* pending) |
| KamberEdleson, LLC | Robins Kaplan, Miller & Ciresi, LLP |
| 53 West Jackson Ave., Suite 550 | 2800 LaSalle Plaza |
| Chicago, IL 60604 | 800 LaSalle Avenue |
| Tel: 312.589.6370/Fax: 212.202.6364 | Minneapolis, MN 55402 |
| jedelson@kamberedelson.com | Ph: 612.349.8500 Main/Fax: 612.339.4181 |
| epreston@kamberedelson.com | **mrlueck@rkmc.com** |
| | ejmcmahon@rkmc.com |
| Scott Kamber, Esq. | |
| KamberEdelson, LLC | |
| 11 Broadway, 22d Floor | |

CTG'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES      Case No. C07-05892 SI

1  New York, NY 10004
   Tel:    212.920.3072/Fax:212.202.6364
2  skamber@kolaw.com

3  **ATTORNEYS FOR DEFENDANTS**
   **BANK OF AMERICA CORPORATION**
4  **AND FIA CARD SERVICES, N.A.**
   Felicia Yangru Yu, Esq.
5  Jordan S. Yu, Esq.
   Reed Smith LLP
6  355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90071-1514
7  Ph:  213-457-8000/Fax: 213-457-8080
   fyu@reedsmith.com

8

9       I declare under penalty of perjury that the foregoing is true and correct, and that this

10  declaration was executed on March 10, 2008, at San Jose, California.

11

12                                        _____

13                                              Emma Tofelogo-Fernandez

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CTG'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES          Case No. C07-05892 SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 4

1  Daniel J. Bergeson, Bar No. 105439
   dbergeson@be-law.com
2  Donald P. Gagliardi, Bar No. 138979
   dgagliardi@be-law.com
3  Ina Stangenes, Bar No. 156559
   istangenes@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Edward Sarskas, Esq. *Pro Hac Vice*
   searskas@michaelbest.com
8  Michael Best & Friedrich, LLP
   100 E. Wisconsin Ave., Ste. 3300
9  Milwaukee, WI 53202-4108
   Ph:    414.271.6560
10 Fax:   414.277.0656

11 Attorneys for Defendant
   CARLSON TRAVEL GROUP, INC.
12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

17 JOHN LOFTON, an individual, on his own behalf    Case No. C07-05892 SI
   and on behalf of all others similarly situated,
18                                                   **CARLSON TRAVEL GROUP, INC.'S**
                                Plaintiff,            **RESPONSES AND OBJECTIONS TO**
19                                                   **PLAINTIFF'S FIRST SET OF REQUESTS**
                                                     **FOR PRODUCTION OF DOCUMENTS**
20          vs.

21 BANK OF AMERICA CORPORATION, FIA
   CARD SERVICES, N.A., a national banking
22 association, CARLSON COMPANIES, INC., a
   Minnesota corporation, CARLSON TRAVEL
23 NETWORK ASSOCIATES, INC., a Minnesota
   corporation, and CARLSON TRAVEL GROUP,
24 INC., a California corporation,

25                               Defendants.

26

27

28

CTG'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS                                                      Case No. C07-05892 SI

1 | PROPOUNDING PARTY: Plaintiff John Lofton

2 | RESPONDING PARTY: Defendants CTG

3 | SET NO: ONE

4

5 |     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Carlson Travel

6 | Group, Inc. ("CTG") hereby responds to the First Set of Requests for Production of Documents

7 | propounded by plaintiff John Lofton ("Plaintiff").

8 |     CTG has not fully completed its investigation of the facts relating to this case, has not

9 | completed its discovery in this action, and has not completed its preparation for trial. All of the

10 | responses contained herein are based only upon the information and documents which presently

11 | are available to and specifically known by CTG. It is anticipated that further discovery,

12 | investigation, legal research, and analysis will supply additional facts and new meaning to the

13 | known facts, as well as establish entirely new factual conclusions and legal contentions, all of

14 | which may lead to the discovery of additional documents, further information, and additional

15 | witnesses, thereby resulting in additions to, changes in, and variances from the following

16 | responses.

17 |     The following responses are given without prejudice to CTG's right to produce evidence of

18 | any subsequently discovered information which it may later locate or discover. Accordingly, CTG

19 | reserves the right to change all of the responses in this document as additional facts are

20 | ascertained, analyses are made, legal research is completed, contentions are established, and

21 | documents are located. Moreover, any responses contained in this pleading are disclosed for the

22 | purpose of this litigation only.

23 | **GENERAL OBJECTIONS**

24 |     1.   To the extent that any requests for production of documents may be construed as

25 | calling for information which is subject to a claim of privilege, including, without limitation, the

26 | attorney-client privilege and attorney work-product doctrine, CTG hereby claims such privilege

27 | and objects to the disclosure of the information. Such information as may hereafter be provided in

28 | response to the requests for production of documents should not include any information subject

1  to such privileges and doctrines and the inadvertent disclosure of privileged information shall not

2  constitute a waiver of any applicable privilege.

3    2.    The responses set forth herein are made on the basis of a reasonably diligent search

4  under the circumstances for information reasonably available to CTG at the present time.  CTG

5  reserves the right, however, to make use of, at trial or otherwise, any information not specified

6  herein, whether omitted because unknown, not yet discovered, or because the significance or

7  relevance of the information was not recognized or understood at the time of these responses.

8    3.    CTG's partial responses to any requests for production of documents is not a

9  waiver of their objection or right to object to the requests for production of documents, or any part

10 thereof, or to any additional, supplemental or further production of documents or part thereof, but

11 is instead offered in an effort to resolve a potential discovery dispute.

12    4.    CTG objects to the "Definitions" contained in the First Set of Requests for

13 Production of Documents to the extent that they are inconsistent with and/or seek to impose

14 obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil

15 Rules. .  In particular, CTG objects to the definition of "Carlson Defendants," which conflates and

16 confuses separate legal entities separately situated with respect to the allegations in this action.

17    5.    CTG objects to the First Set of Requests for Production of Documents in its

18 entirety, and to each individual requests for production of documents therein, to the extent that

19 each calls for the production of confidential business, financial, proprietary, or sensitive

20 information in which individuals and/or third parties have an expectation of privacy.  CTG further

21 objects to each and every requests for production of documents to the extent it seeks information

22 protected by the privacy protection of the California Constitution, or any other law, statute, or

23 doctrine.  CTG will require entry of an appropriate confidentiality order prior to any production of

24 such information.

25    6.    CTG objects to the First Set of Requests for Production of Documents in its

26 entirety, and to each individual requests for production of documents therein, to the extent that it

27 seeks information that is not relevant and does not appear reasonably calculated to lead to the

28 discovery of admissible evidence.

2

1    7.    CTG objects to the First Set of Requests for Production of Documents in its

2  entirety, and to each individual requests for production of documents therein, to the extent that it is

3  vague, ambiguous, and/or overbroad and subjects CTG to unreasonable and undue annoyance,

4  oppression, embarrassment, burden, and expense.

5    8.    CTG objects to the First Set of Requests for Production of Documents in its

6  entirety, and to each individual requests for production of documents therein, on the grounds that

7  it is unduly burdensome.

8    9.    CTG objects to the First Set of Requests for Production of Documents in its

9  entirety, and to each individual requests for production of documents therein, to the extent that the

10 First Set of Requests for Production of Documents seek identification of documents contained in

11 sources that are not reasonably accessible because of undue burden or cost pursuant to

12 Fed.R.Civ.P. 26(b)(2)(B).  CTG hereby identifies these sources as: any information contained on

13 CTG's backup tapes, which are kept for disaster recovery purposes.

14    10.    CTG objects to the First Set of Requests for Production of Documents in its

15 entirety, and to each individual requests for production of documents therein, to the extent that it

16 purports to require CTG to identify documents that contain trade secrets or other confidential,

17 business, financial, proprietary, or sensitive commercial information of third parties with whom

18 CTG have a nondisclosure agreement.

19    11.    CTG objects to the Requests for Production of Documents in its entirety, and to

20 each individual requests for production of documents therein, to the extent that it purports to

21 require CTG to identify documents that are not within their possession, custody, or control.

22    12.    The foregoing General Objections are, and shall be deemed to be, incorporated in

23 full into each specific interrogatory response set forth below.

24                 **REQUESTS FOR PRODUCTION OF DOCUMENTS**

25 **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 1**

26    Every document which the Carlson Defendants believe may support or contradict each of

27 their answers to Plaintiff's First Set of Requests for Admission that is not an unqualified

28 admission.

                                         3

1 **RESPONSE TO REQUESTS PRODUCTION OF DOCUMENTS NO. 1**

2       CTG incorporates by reference its general objections stated above. CTG further

3 specifically objects that this request for production is vague and ambiguous, overbroad and unduly

4 burdensome in that it requests CTG further specifically objects to this request for production

5 insofar as it calls for the production of documents protected from disclosure by the attorney-client

6 privilege or work product doctrine.

7       Subject to and without waiving the foregoing objections, CTG responds as follows: CTG

8 will produce any responsive, non-privileged documents within its possession, custody or control

9 after the entry of an appropriate protective order. CTG is not aware of any documents

10 contradicting its answer to the first set of admissions propounded by plaintiff John Lofton.

11 **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 2**

12       Every document which the Carlson Defendants believe may support or contradict each of

13 their answers to Plaintiff's First Set of Interrogatories.

14 **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 2**

15       CTG incorporates by reference its general objections stated above. CTG further

16 specifically objects that this request for production is vague and ambiguous, overbroad and unduly

17 burdensome in that it requests every document the Carlson Defendants "believe may support or

18 contradict their answers to Plaintiff's First Set of Interrogatories" and is overbroad and

19 burdensome because virtually every document in the possession, custody or control of each

20 Carlson Defendant establishes that the Carlson Defendants did not violate any laws related to

21 Lofton or anyone else on the grounds described in Lofton's Complaint and therefore arguably

22 "may support" the answers to Plaintiff's First Set of Interrogatories. CTG further specifically

23 objects to this request for production insofar as it calls for the production of documents protected

24 from disclosure by the attorney-client privilege or work product doctrine.

25       Subject to and without waiving the foregoing objections, CTG responds as follows: CTG

26 will produce any responsive, non-privileged documents within its possession, custody or control

27 after the entry of an appropriate protective order. CTG is not aware of any documents

28 contradicting its answer to the first set of interrogatories propounded by plaintiff John Lofton.

1  **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 3**

2      Every document which the Carlson Defendants believe may support or contradict their

3  opposition to the Plaintiff's Motion for Preliminary Injunction.

4  **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 3**

5      CTG incorporates by reference their general objections stated above. CTG further

6  specifically objects that this request for production is vague and ambiguous, overbroad and unduly

7  burdensome in that it requests every document the Carlson Defendants "believe may support or

8  contradict their opposition to the Plaintiff's Motion for Preliminary Injunction" and is overbroad

9  and burdensome because virtually every document in the possession, custody or control of each

10 Carlson Defendant establishes that the Carlson Defendants did not violate any laws related to

11 Lofton or anyone else on the grounds described in Lofton's complaint and therefore arguably

12 "may support" the Carlson Defendants opposition to Lofton's motion for a preliminary injunction.

13 CTG further specifically objects to this request for production insofar as it calls for the production

14 of documents protected from disclosure by the attorney-client privilege or work product doctrine.

15 CTG further specifically objects to this request for production as premature since CTG has not yet

16 submitted its opposition to the motion for preliminary injunction and the time for doing so has not

17 yet elapsed.

18      Subject to and without waiving the foregoing objections, CTG responds as follows: CTG

19 will produce any responsive, non-privileged documents within its possession, custody or control

20 after the entry of an appropriate protective order. CTG is not aware of any documents

21 contradicting its anticipated opposition to the pending motion for preliminary injunction brought

22 by plaintiff John Lofton.

23 **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 4**

24      Every contract or agreement between any of the Carlson Defendants, on the one hand, and

25 FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.

26 **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 4**

27      CTG incorporates by reference its general objections stated above. CTG further

28 specifically objects that this request for production is vague and ambiguous, overbroad and unduly

5

1  burdensome, not relevant nor likely to lead to the discovery of admissible evidence in that the

2  request makes no effort to limit the information sought to that which has any relationship to the

3  Plaintiff or any bearing on his claims.  CTG further specifically objects to this request for

4  production insofar as it calls for the production of documents protected from disclosure by the

5  attorney-client privilege or work product doctrine.

6  　　　　Subject to and without waiving the foregoing objections, CTG responds as follows:  CTG

7  will produce any responsive, non-privileged documents within its possession, custody or control

8  after the entry of an appropriate protective order.

9  **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 5**

10  　　　　Every document relating to communications regarding the above-captioned litigation

11  between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or

12  Bank of America Corp., on the other hand.

13  **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 5**

14  　　　　CTG incorporates by reference its general objections stated above.  CTG further

15  specifically objects that this request for production is vague and ambiguous, overbroad and unduly

16  burdensome, not relevant nor likely to lead to the discovery of admissible evidence.  CTG further

17  specifically objects to this request for production insofar as it calls for the production of

18  documents protected from disclosure by the attorney-client privilege or work product doctrine.

19  　　　　Subject to and without waiving the foregoing objections, CTG responds as follows:  CTG

20  will produce any responsive, non-privileged documents within its possession, custody or control

21  after the entry of an appropriate protective order.

22  **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 6**

23  　　　　Every document which the Carlson Defendants contend is evidence that an airline was

24  responsible for imposing, charging, or passing on the fuel-related fees specified in the Definitions

25  above.

26  **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 6**

27  　　　　CTG incorporates by reference its general objections stated above.  CTG further

28  specifically objects that this request for production is vague and ambiguous, overbroad and unduly

6

1  burdensome, not relevant nor likely to lead to the discovery of admissible evidence. CTG further

2  specifically objects to this request for production insofar as it calls for the production of

3  documents protected from disclosure by the attorney-client privilege or work product doctrine.

4      Subject to and without waiving the foregoing objections, CTG responds as follows: Not

5  applicable because CTG has not made such a contention.

6  **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 7**

7      Every document which the Carlson Defendants contend is evidence that purchase price of

8  the tickets identified in the answer to Interrogatory No. 1 was the lowest fare available at the time

9  the ticket was purchased.

10  **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 7**

11      CTG incorporates by reference its general objections stated above. CTG further

12  specifically objects that this request for production is vague and ambiguous, overbroad and unduly

13  burdensome, not relevant nor likely to lead to the discovery of admissible evidence. CTG further

14  specifically objects to this request for production insofar as it calls for the production of

15  documents protected from disclosure by the attorney-client privilege or work product doctrine.

16      Subject to and without waiving the foregoing objections, CTG responds as follows: CTG

17  will produce any responsive, non-privileged documents within its possession, custody or control

18  after the entry of an appropriate protective order.

19  **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 8**

20      Every document related to changes or alterations made to webpage *Program Details*, at

21  https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

22  **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 8**

23      CTG incorporates by reference its general objections stated above. CTG further

24  specifically objects that this request for production is vague and ambiguous, overbroad and unduly

25  burdensome, not relevant nor likely to lead to the discovery of admissible evidence. CTG further

26  specifically objects to this request for production insofar as it calls for the production of

27  documents protected from disclosure by the attorney-client privilege or work product doctrine.

28

CTG'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS                                                                Case No. C07-05892 SI

1    Subject to and without waiving the foregoing objections, CTG responds as follows:  CTG

2  will produce any responsive, non-privileged documents within its possession, custody or control

3  after the entry of an appropriate protective order.

4  **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 9**

5    For the sake of clarity, every document related to any communications about changes or

6  alterations made to webpage *Program Details*, at

7  https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

8  **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 9**

9    CTG incorporates by reference its general objections stated above.  CTG further

10  specifically objects that this request for production is vague and ambiguous, overbroad and unduly

11  burdensome, not relevant nor likely to lead to the discovery of admissible evidence.  CTG further

12  specifically objects to this request for production insofar as it calls for the production of

13  documents protected from disclosure by the attorney-client privilege or work product doctrine.

14    Subject to and without waiving the foregoing objections, CTG responds as follows:  CTG

15  will produce any responsive, non-privileged documents within its possession, custody or control

16  after the entry of an appropriate protective order.

17  **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 10**

18    Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson

19  Companies, Inc.'s control over Carlson Travel Group, Inc.

20  **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 10**

21    CTG incorporates by reference its general objections stated above.  CTG further

22  specifically objects that this request for production is vague and ambiguous, overbroad and unduly

23  burdensome, not relevant nor likely to lead to the discovery of admissible evidence.  CTG further

24  specifically objects to this request for production insofar as it calls for the production of

25  documents protected from disclosure by the attorney-client privilege or work product doctrine.

26    Subject to and without waiving the foregoing objections, CTG responds as follows:  CTG

27  will produce sufficient responsive, non-privileged documentation within its possession, custody or

28  control showing that CTG was, at the time of the events plaintiff John Lofton complains of, a

8

1  wholly-owned subsidiary of Carlson Companies, Inc. after the entry of an appropriate protective

2  order.

3  **REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 11**

4      Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson

5  Companies, Inc.'s control over Carlson Travel Network Associates, Inc.

6  **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 11**

7      CTG incorporates by reference its general objections stated above. CTG further

8  specifically objects that this request for production is vague and ambiguous, overbroad and unduly

9  burdensome, not relevant nor likely to lead to the discovery of admissible evidence. CTG further

10  specifically objects to this request for production insofar as it calls for the production of

11  documents protected from disclosure by the attorney-client privilege or work product doctrine.

12      Subject to and without waiving the foregoing objections, CTG responds as follows:

13  CTNA has, and at all relevant times has had, nothing whatsoever to do with the Bank of

14  America's WorldPoints travel rewards program. Accordingly, no CTG documents will be

15  produced.

16  Dated: March 10, 2008                   BERGESON, LLP

17

18                               By:_____

19                                  Donald P. Gagliardi

20                    Attorneys for Defendant
                  CARLSON TRAVEL GROUP, INC.

21

22

23

24

25

26

27

28

CTG'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS                                   Case No. C07-05892 SI

1    **VERIFICATION**

2    I, Eric Burdon, declare under penalty of perjury under the laws of the United States that I

3    am the President of Connexions Loyalty Travel Solutions, formerly known as Carlson Leisure

4    Travel Services, a division of Carlson Travel Group, Inc. ("CTG"), that I have read the foregoing

5    Defendants' Responses To Plaintiffs' First Set Of Requests For Production Of Documents To

6    Carlson Defendants, that the statements of facts contained therein, are within my personal

7    knowledge or based upon information provided by other persons at CTG or business records of

8    CTG, that the foregoing Responses are true and correct, and that I am authorized to sign this

9    verification on behalf of CTG.

10   Executed on March _/0_ , 2008, at Minneapolis, Minnesota.

11

12                                                              _____
                                                                Eric Burdon
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              10
     CTG'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF

1    CERTIFICATE OF SERVICE

2        I declare as follows:

3        I am an employee in Santa Clara County, the county in which the service described below

4    occurs. My business address is 303 Almaden Boulevard, Suite 500, San Jose, California 95110. I

5    am over the age of eighteen (18) years and am not a party to the cause for which I am serving the

6    document(s) named below.

7        On March 10, 2008, I served the within:

8    **CARLSON TRAVEL GROUP, INC.'S RESPONSES AND OBJECTIONS TO
     PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

9

10   on the parties below by placing a true copy thereof in a sealed envelope and served same as

11   follows:

12   __X__       BY MAIL: I caused such envelope to be deposited in the mail at San
                 Jose, California. I am readily familiar with Bergeson, LLP's practice
13               for collection and processing of correspondence for mailing with the
                 United States Postal Service. In the ordinary course of business,
14               correspondence would be deposited with the United States Postal
                 Service on this day. FRCP Title II, §5(b)(2)(B).
15

16   __X__       BY ELECTRONIC MAIL: I caused said documents to be sent via
                 electronic mail to the interested party at the following email listed
17               below. FRCP Title II, §5(b)(2)(D).

| **ATTORNEYS FOR PLAINTIFF JOHN LOFTON** | **ATTORNEYS FOR DEFENDANT CARLSON COMPANIES, INC.** |
|---|---|
| Alan Himmelfarb, Esq. | Elizabeth D. Le, Esq. |
| KamberEdelson, LLC | Robins, Kaplan, Miller & Ciresi LLP |
| 2757 Leonis Blvd. | 2049 Century Park East, Suite 3400 |
| Los Angeles, CA 90058 | Los Angeles, CA 90067 |
| Tel:   323.585.8696 | Ph:  310.552.0130 Main/Fax:  310.229.5800 |
| ahimmelfarb@kamberedelson.com | edle@rkmc.com |
| | |
| Jay Edelson, Esq. | Martin R. Lueck, Esq. (*pro hac* pending) |
| Ethan M. Preston, Esq. | Emmett J. McMahon, Esq. (*pro hac* pending) |
| KamberEdelson, LLC | Robins Kaplan, Miller & Ciresi, LLP |
| 53 West Jackson Ave., Suite 550 | 2800 LaSalle Plaza |
| Chicago, IL 60604 | 800 LaSalle Avenue |
| Tel: 312.589.6370/Fax: 212.202.6364 | Minneapolis, MN 55402 |
| jedelson@kamberedelson.com | Ph:  612.349.8500 Main/Fax: 612.339.4181 |
| epreston@kamberedelson.com | **mrlueck@rkmc.com** |
| | ejmcmahon@rkmc.com |
| Scott Kamber, Esq. | |
| KamberEdelson, LLC | |
| 11 Broadway, 22d Floor | |

11

| | |
|---|---|
| 11 Broadway, 22d Floor<br>New York, NY 10004<br>Tel:     212.920.3072/Fax:212.202.6364<br>skamber@kolaw.com | |
| **ATTORNEYS FOR DEFENDANTS**<br>**BANK OF AMERICA CORPORATION**<br>**AND FIA CARD SERVICES, N.A.**<br>Felicia Yangru Yu, Esq.<br>Jordan S. Yu, Esq.<br>Reed Smith LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071-1514<br>Ph:  213-457-8000/Fax: 213-457-8080<br>fyu@reedsmith.com | |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on March 10, 2008, at San Jose, California.

Emma Tofelogo-Fernandez

CTG'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Case No. C07-05892 SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 5

**BERGESON, LLP**
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

March 12, 2008

*By Email and U.S. Mail*

Ethan Preston, Esq.
KamberEdleson, LLC
53 West Jackson Ave., Suite 550
Chicago, IL 60604

Re:   ***Lofton v. Bank of America, et al.***
Case No. C07-05892 MJJ (USDC/N.D.Cal.)

Dear Ethan:

This responds to your emails of Tuesday, March 11, 2008 at about 2:25 pm and 8:54 pm seeking to meet-and-confer regarding the responses of defendant Carlson Travel Group, Inc. ("CTG") to plaintiff John Lofton's first sets of requests for production of documents and interrogatories, which responses were timely served on Monday, March 10.  By failing to mention them, you tacitly concede the sufficiency of CTG's responses to plaintiff's first set of requests for admissions.

Notwithstanding your insistence on an immediate telephonic meet-and-confer session, made within 24 hours of receiving CTG's responses and reiterated six hours later, there is no particular urgency to this process.  This lawsuit is newly underway.  The initial case management conference has not yet occurred, nor have the parties finalized a discovery plan.  Your (misguided) pending motion for a preliminary injunction is not set to be heard until May 30, 2008, more than two months from now.  And, needless to say, there is no trial date or discovery deadline set.  Under the circumstances, the shrill tone of your meet-and-confer correspondence and insistence on an immediate reply is uncivil, vexatious and harassing, especially considering that CTG has been incredibly cooperative and forthcoming in providing information.

Ed Sarskas and I can be available for a telephone conference meet-and-confer session next Tuesday, March 18.  In the meantime, let me address some of the points raised in your initial email of March 11.

**Request for Production of Documents**.  CTG stands on its objection that no responsive documents will be produced until the entry of an appropriate protective order.  This is an ordinary and usual objection in civil litigation in this district and all parties should be involved in a meet-and-confer to arrive at an appropriate protective order.  The proposed protective order you sent me by email on February 5 was, on its face, not circulated to all counsel.  We will re-visit your proposal but I urge you to circulate the proposal to all counsel so that we can arrive at a single protective order that works for the entire dispute.

Bergeson, LLP

Ethan Preston, Esq.
March 12, 2008
Page 2

CTG has not yet produced a privilege log because we have not yet had an opportunity to review the potentially responsive documentation and cull privileged documents. Be assured that CTG will comply with its obligations to log any otherwise responsive documents withheld on the basis of privilege.

Regarding the response to Request for Production No. 3, as stated in the formal response, "CTG is not aware of any documents contradicting its anticipated opposition to the pending motion for preliminary injunction brought by plaintiff John Lofton." Accordingly, an academic discussion as to the sufficiency *vel non* of our objections is moot.

**Interrogatories**.

*Interrogatory No. 1.* This interrogatory seeks the identity of each ticket purchased by a California resident through the WorldPoints rewards program since November 20, 2003. As CTG's response points out, CTG does not keep records that enable it to determine who is a California resident and who is not. The fact that you or your client is unhappy with this response does not make it inadequate.

*Interrogatories Nos. 2 and 3.* These interrogatories seek, for every ticket identified in answer to Interrogatory No. 1, whether it included, respectively, a fuel-related fee and whether or not such fee was imposed by the airline in question. However, because CTG lacks records to answer Interrogatory No. 1, necessarily it cannot answer the derivative Interrogatories Nos. 2 and 3. We have pointed out that the pertinent records to determine what airline tickets involving WorldPoints Rewards -- whether or not to a California resident -- can be derived from Bank of America's individual cardholder files and CTG's files of weekly billings to Bank of America. But the particular question posed cannot be answered because the predicate question of who is a California resident cannot be answered. The fact that you or your client is unhappy with this response does not make it inadequate.

*Interrogatory No. 4.* This interrogatory seeks the identity of CTG ticket agents involved in the purchase of tickets identified in preceding responses to Interrogatories Nos. 2 and 3. However, insofar as CTG is unable to answer those rogs from its records, likewise it cannot answer Interrogatory No. 4. Also, as CTG does not maintain business records addressed to this question but "it is probable that any agent assigned to the Bank of America WorldPoints Rewards program would have booked a basic air reward at some point in time," and such information can be derived from Bank of America's records equally by plaintiff as by CTG. Also, "[b]ecause the turnover in a call center environment is very high, many such agents have likely left the employ of CTG, and CTG lacks information concerning their whereabouts." The upshot is that Bank of America's records of on the booking of basic air rewards under the WorldPoints rewards program are the best source of this information, and those records are

BERGESON, LLP

Ethan Preston, Esq.
March 12, 2008
Page 3

equally available to you as to us. Again, the fact that you or your client is unhappy with this response does not make it inadequate.

*Interrogatory No. 5.* This interrogatory seeks a description of "every fact which the Carlson Defendants believe may support or contradict their opposition to the Plaintiffs Motion for Preliminary Injunction." CTG has endeavored to respond to the interrogatory to the best of its ability in light of the fact that discovery is continuing and CTG's response to the pending motion for a preliminary injunction is not due until May 9, 2008, nearly two months from now.

We will, however, be amending the response to strike the language "CTG has, and at all times has had, nothing whatsoever to do with Bank of America's WorldPoints travel rewards program." That language was inadvertently retained from an earlier joint draft response for CTG and Carlson Travel Network Associates, Inc. ("CTNA"). It relates to CTNA, which we understand you are in the process of dismissing from the suit for precisely the reason that CTNA had nothing to do with Bank of America's WorldPoints travel rewards program.

*Interrogatory No. 6.* This interrogatory seeks the efforts made to obtain information, and by who, and when, with regard to any response to a request for admission for which CTG lacks sufficient information to admit or deny. As CTG points out in its objections, this interrogatory improperly contains subparts. Indeed, federal case law makes clear that framing an interrogatory to require elaboration upon a series of responses to requests for admissions is improper. *See, Safeco of America v. Rawstron*, 181 F.R.D. 441, 446 (C.D.Cal. 1998) ("an interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request admission contained in the set."). Nonetheless, CTG endeavored to answer it, noting that three of its employees, identified by name, performed a reasonable investigation. As such, CTG provided more than you or your client were legally entitled to.

As mentioned, we are available next Tuesday to further meet-and-confer by telephone.

Regards,

Donald P. Gagliardi

DPG:et

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 6

# KamberEdelson, LLC

**ATTORNEYS AT LAW**                                    **TEL: (312) 589-6370**
**The Monadnock Building • 53 West Jackson Boulevard**      **FAX: (312) 873-4610**
**Suite 550 • Chicago, Illinois 60604**

---

March 19, 2008

***Via electronic and regular mail to***:
Donald P. Gagliardi, Esq.
Daniel J. Bergeson, Esq.
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
dgagliardi@be-law.com

Edward Sarkas, Esq.
Michael Best & Friedrich, LLP
100 E. Wisconsin Ave., Suite 3300
Milwaukee, WI 53202-4108
searskas@michaelbest.com

Dear Counsel:

This letter memorializes our telephone conversation held yesterday pursuant to Rule 37. If there are any discrepancies, please let us know.

• <u>A protective order</u>:  The parties are at issue with respect to whether CGI must produce documents prior to the entry of a protective order.  Counsel for CGI stated that the language of the draft protective order sent previously by Plaintiff's counsel to CGI's counsel requires alteration prior to CGI being willing to tender documents responsive to Request for Documents Nos. 1, 4, and 5.  CGI is willing to make proposed changes to the language of the protective order and circulate a copy to Plaintiff's counsel.  Plaintiff's counsel is willing to review a protective order once a proposed copy is tendered by CGI, however, Plaintiff's counsel made clear that CGI had the initial burden to provide/seek a protective order and that CGI's production burden is independent of a protective order actually being entered.  Plaintiff's counsel stated that it would hold all documents tendered by CGI as if CGI had produced those documents for attorney's eyes only until an agreeable protective order could be entered by the Court.  CGI indicated that it would not produce the documents until a protective order was actually entered.

1

- <u>Request for Documents No. 3 and interrogatory No. 5</u>:  CGI counsel indicated that it objected to answering this interrogatory or tendering these documents as those papers constitute work product.  Plaintiff's counsel reiterated its position that CGI should tender the documents and answer the interrogatory.  The parties are at issue with respect to this request and interrogatory.

- <u>Request for Documents No. 7</u>:  The Parties did not directly discuss Request No. 7. However, in light of Plaintiff's clarification of Interrogatory 1 (which is referred to in Request No. 7), we ask that you reconsider your response to this Request.

- <u>Request for Documents No. 10</u>:  CGI's counsel indicated that "extent of control" was vague and asked for examples of documents that might bear on this issue.  Plaintiff's counsel replied that without limiting the request in any way, CGI should be able to produce relevant meeting minutes, names of shared board members and directors, and agreements between the companies that reveal the level of control.  CGI's counsel indicated it would provide the legal structure of the companies and discuss answering this interrogatory more fully with its client.

- <u>Interrogatory No. 1</u>:  Plaintiff's counsel offered to clarify that interrogatory No. 1 asks CGI to "Identify each ticket sent to a California address that was purchased (in whole or in part) with redeemed WorldPoints through any of the Carlson Defendants since November 20, 2003."  CGI's counsel indicated it would discuss the clarified interrogatory with their client and indicate whether CGI will answer the clarified interrogatory on or before Tuesday, March 25, 2008.

- <u>Interrogatory Nos. 2 & 3</u>:  Plaintiff's counsel offered to clarify that interrogatory Nos. 2 & 3 seek a policy as opposed to a list of each and every ticket.  The clarified interrogatories ask CGI to:

  "explain the circumstances under which the tickets identified in Interrogatory No. 1 would, according to any policies in place, have a fee that was designated as fuel-related included in its purchase price."

  By way of further explanation, we would expect that CGI could, for example, answer the interrogatory by stating that starting mm/yyyy and ending mm/yyyy it was a policy to place the fuel related fees/charges on tickets purchased between mm/yyyy and mm/yyyy, on tickets priced between $xxx.xx and $yyy.yyy—along with any other relevant parameter.  CGI's counsel indicated it would discuss the clarified interrogatory with their client and indicate whether CGI will answer the clarified interrogatory by Tuesday, March 25, 2008.

- <u>Interrogatory No. 4</u>:  This interrogatory is being held in abeyance.  Counsel briefly discussed the potential for CGI to produce informed witnesses for depositions at some future point in the lawsuit without any agreement being reached.

- Interrogatory No. 6:  This interrogatory is being held in abeyance.

2

CGI's counsel further stated that although it has access to Bank of America's database, it was CGI's position that Plaintiff first seek to obtain such documents from Bank of America or another defendant.  Plaintiff's counsel stated that CGI's duty to produce documents was independent of that of other defendants.  The parties are at issue with respect to CGI's objection that Plaintiff should seek documents from other defendants prior to seeking the same from CGI.

We look forward to hearing from you by Tuesday.

Very truly yours,

/s/ Steven L. Lezell

Steven L. Lezell

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 7

**From:** Le, Elizabeth D. <EDLe@rkmc.com>
**To:** epreston@kamberedelson.com
**Cc:** Jay Edelson, Esq. <jedelson@kamberedelson.com>, Lueck, Martin R. <MRLueck@rkmc.com>, McMahon, Emmett J. <EJMcMahon@rkmc.com>, Buck, Lori H. <LHBuck@rkmc.com>, Lee, Carol <CLee@rkmc.com>, ...
**Subject:** RE: March 12 letter
**Date:** Tue, 25 Mar 2008 09:05:04 -0700 *(11:05 CDT)*

>>>>  Please read the confidentiality statement below  <<<<

Ethan:

With respect to mediation, you should certainly proceed and get the other parties involved if you want schedule a mediation.  Our position has not changed.  As previously indicated, we are in favor of your proposal to stay the case pending mediation and mediating before Infante.  Additionally, if the mediation is not successful, CCI would gain priority on its motion to dismiss as ordered by the court.  Have you confered with the other parties as to where they stand regarding the stay and choice of mediator?

As to CCI's responses to Plaintiff's first set of discovery, we have provided Plaintiff with substantive responses despite our jurisdictional objections and are diligently working with CTG, the custodian of the documents responsive to Plaintiff's document demands, to produce the responsive documents.  As CCI has and continues to advise Plaintiff, it had no involvement in the WorldPoints Program and therefore, it does not have any documents regarding the Program other than what it has produced.  CCI cannot produce the documents belonging to CTG without CTG's involvement. While I am working with CTG's counsel, Don and Ed (who are copied on this email) to produce the documents in the most expeditious manner possible, it is my understanding that CTG will not produce any documents until there is a protective order in place.  CCI has produced all documents in its possession that are responsive to Plaintiff's first set of discovery.  Indeed, as promised during our meet and confer, I served documents responsive to Plaintiff's request no. 10 yesterday (in addition to the previously produced documents).  Yet Plaintiff remains unsatisfied and continues to threaten a motion.  In fact, Plaintif has been intent on filing a motion since this meet and confer process began when he indicated that he would first file a motion and then withdraw it before the hearing notwithstanding CCI's efforts.  CCI has taken extraordinary efforts to provide responsive documents to Plaintiff's merit discovery and cooperatively work with Plaintiff to resolve this dispute, notwithstanding CCI's jurisdictional challenge.  If Plaintiff is inclined to file this premature motion, we are confident that the Court will agree that CCI is certainly going above and beyond to satisfy its discovery obligations.

On a related note, all parties need to prepare a Joint CMC Statement before the 4/25 CMC.  It would seem beneficial to all parties that a discovey plan, including electronic discovery protocols, be ironed out, particularly given the impending document productions.

Liz

-----Original Message-----
From: Ethan Preston [mailto:epreston@kamberedelson.com]
Sent: Saturday, March 22, 2008 11:50 AM
To: Le, Elizabeth D.I t
Cc: Jay Edelson, Esq.
Subject: RE: March 12 letter

Liz,
I hti I
With all due respect, we do not agree that the Court's order "obviates your concerns regarding Plaintiff's available time to conduct discovery prior to his Opposition to CCI's Motion to Dismiss." Discovery has been pending since January 8, and we have yet to receive any responsive documents other than the agreement attached to CCI's motion to dismiss.

CCI's past delay with respect to discovery indicates that Lofton's opposition deadline will be just as problematic in July as it is in March, unless Lofton promptly presses for the discovery to which he is entitled.

You write that "CCI has the right to demand the responsive documents from CTG, [but] it cannot produce them without involving CTG in the process." This is not what I had in mind in my last email; I was discussing an unconditional right to demand documents, and your answer appears to indicate that CCI does not have an unconditional right. To the extent that CTG's participation was necessary for CCI to timely respond to Lofton's discovery, it was CCI's responsibility to obtain CTG's participation. More importantly, I have been left with the distinct impression that neither CTG nor CCI has provided a straightforward explanation of their arrangement with respect to the responsive records, and do not intend to provide a straightforward explanation absent motions practice. Lofton's forebearance in filing his Motion to Compel was, in part, an opportunity for CCI and Lofton to demonstrate some good faith cooperation and begin to build some trust. I encourage CCI to promptly, clearly, and fully explain any limitations on its ability to produce responsive documents, and to provide any documents which support this explanation.

Finally, given the Court's most recent order, CCI's Motion to Dismiss will be heard before Lofton's Motion for Preliminary Injunction. CCI had previously indicated it was amenable to mediation under such circumstances. Is this still the case, and can we go about getting the other parties involved in such mediation?

Sincerely,


Ethan



On Fri, 2008-03-21 at 15:24 -0700, Le, Elizabeth D. wrote:
> >>>>  Please read the confidentiality statement below  <<<<
> Ethan:
>
> It appears that the Court's March 18 Order Clarifying Schedule for
> Pending Motions obviates your concerns regarding Plaintiff's available
> time to conduct discovery prior to his Opposition to CCI's Motion to
> Dismiss.  Toward that end, the Court's Order also resolved the
> conditions that you propose for delaying your motion to compel.  By
> virtue of the Court's Order, Lofton now has been granted the time that
> he seeks to conduct discovery before his Opposition.  There is no need
> to shorten the time frame in which CCI will produce its discovery or
> to shorten the time frame for a motion to compel on pending discovery.
> As I indicated to you during our meet and confer last Wednesday and in
> my letter of March 13, a motion to compel would be premature at this
> juncture, especially given CCI's good faith attempt to resolve the
> pending discovery disputes.  As a matter of fact, while we do not
> agree with your position on Request No. 10 that documents dating back
> to November 2003 are relevant, we will nevertheless agree to produce
> responsive documents to this request back to that date as a gesture of
> good faith.  With respect your point regarding documents belonging
> CTG, while CCI has the right to demand the responsive documents from
> CTG, it cannot produce them without involving CTG in the process.  As
> you know, CTG is independently represented by counsel and therefore we
> have no control over CTG's time frame. We are however diligently
> working with CTG to produce the documents as expeditiously as
> possible.
>

> Regards,
> Liz
>
>
>
> _____
> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Friday, March 14, 2008 1:01 PM
> To: Le, Elizabeth D.
> Cc: Jay Edelson, Esq.
> Subject: March 12 letter
>
>
>
> Dear Liz,
>
> This email is following up on your letter from yesterday. I am still
> hoping to speak to you today about some questions I have about
> mediation; this email responds to the discovery-related portion of
> your letter.
>
> Your letter urges that a motion to compel would be premature where
> "CCI is, in good faith, attempting to resolve these issues with
> Plaintiff informally." While the parties did narrow their disputes,
> several disputes remain. Moreover, we do not share your sanguine view
> of the timing of discovery: it is CCI's position that the hearing date
> on its Motion to Dismiss will soon be moved to April or May, which
> means that Lofton's Opposition to CCI's Motion will fall due in March
> or April.
>
> Nonetheless, we would prefer to resolve any discovery dispute outside
> of court while there is a reasonable possibility that an opposing
> party attempting to resolve the dispute informally in good faith. We
> have decided to temporarily forebear filing a motion to dismiss at the
> present time, in reliance on CCI's assurances that it is working to
> produce additional discovery in good faith. Lofton's forebearance will
> greatly depend on CCI's actions and on the time frame Lofton has to
> prepare his Opposition to CCI's Motion to Dismiss. We have discussed
> Lofton's concerns about CCI's commitment to participate in discovery
> in good faith, which stem from the positions CCI adopted regarding the
> parties' Rule 26(f) conference and the deadline for Rule 26(a)
> disclosures, and CCI's use of the extension of discovery deadlines.
> CCI's voluntary cooperation in discovery would help address these
> concerns. CCI could delay any motion to compel further it if were to
> commit to 1) providing Lofton m! ore time to conduct discovery for his
> Opposition, 2) shorten the time frame in which CCI will produce
> discovery, and/or 3) shorten the time frame for a motion to compel on
> pending discovery.
>
> Towards this end, I am asking for your informal cooperation on a
> particular issue. Your letter states that "responsive documents
> relating to the Program belongs to CTG, not CCI," that "CCI does not
> have sole control over the documents belonging to CTG, especially
> since CCI divested its interest it CTG in January," and that CCI does
> not possess documents responsive to Requests Nos. 1-2 and 6-8. CCI's

> discovery obligations extend to documents in your possession, custody,
> or control." Fed. R. Civ. P. 34(a)(1). "Federal courts have
> consistently held that documents are deemed to be within a party's
> possession, custody or control for purposes of Rule 34 if the party
> has actual possession, custody, or control, or has the legal right to
> obtain the documents on demand." A. Farber & Ptnrs., Inc. v. Garber,
> 234 F.R.D. 186, 189-190 (C.D. Cal. 2006) (citation, punctuation
> omitted). See also United States v. Int'l Union of Petroleum an! d
> Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control
> is defined as the legal right to obtain documents upon demand"). There
> are two issues here which could easily dealt with informally. First,
> can you please clarify whether CCI's position is that it has no legal
> right to demand these documents, or not? Second, if CCI assets it does
> not have a legal right to demand these documents, we would appreciate
> if you would informally provide any document which it contends
> supports this assertion.
>
> With respect to Request No. 10, we appreciate your cooperative spirit
> but believe that we are entitled to responsive documents relating to
> events since November 2003. Lofton's class UCL claim has a four year
> statute of limitations. Cal. Bus. & Prof. Code § 17208. Lofton is
> entitled to discovery with respect to the claims of all of the class
> members he has pled. Long v. Hewlett-Packard Co., No. 06-2816, 2006
> U.S. Dist. LEXIS 94013, at *8 (N.D. Cal. Dec. 19, 2006). Would CCI
> please reconsider its November 2005 limitation?
>
> Finally, your letter states that "we agreed" that any confidential
> responsive documents "should be protected by a protective order." For
> the record, this is not quite right; while we are amenable to a
> reasonable stipulated protective order, CCI cannot delay discovery
> while it negotiates such order. If CCI wanted a protective order
> before producing documents, it was responsible for obtaining one
> before its discovery deadlines fell due. While we continue to dispute
> CCI's other objections, our hope is that at the present time we will
> not have to resolve such disputes.
>
> Regards,
>
> Ethan
>
> _____
>
> Information contained in this e-mail transmission may be privileged,
> confidential and covered by the Electronic Communications Privacy Act,
> 18 U.S.C. Sections 2510-2521.
>
> If you are not the intended recipient, do not read, distribute, or
> reproduce this transmission.
>
> If you have received this e-mail transmission in error, please notify
> us immediately of the error by return email and please delete the
> message from your system.
>
> Pursuant to requirements related to practice before the U. S. Internal
> Revenue Service, any tax advice contained in this communication

> (including any attachments) is not intended to be used, and cannot be
> used, for purposes of (i) avoiding penalties imposed under the U. S.
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another person any tax-related matter.
>
> Thank you in advance for your cooperation.
>
> Robins, Kaplan, Miller & Ciresi L.L.P.
> http://www.rkmc.com
> _____
>