Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 550
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Attorneys for John Lofton*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100,<br><br>Defendants. | No. 07-05892 (SI)<br><br>Judge Susan Illston<br><br>**PLAINTIFF JOHN LOFTON'S MOTION TO COMPEL DISCOVERY RESPONSES FROM CARLSON COMPANIES, INC.**<br><br>Date: May 2, 2008<br>Time: 9:00 a.m.<br>Location: Courtroom 10, 19th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN that the Plaintiffs will move the Court, pursuant to Federal Rule of Civil Procedure 37, to compel Carlson Companies, Inc. to answer interrogatories and produce documents on May 2, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, in Courtroom 10, 19th Floor, before the Honorable Susan Illston.

This Motion is based on this Notice of Motion and Motion, the Brief in Support of the Motion and the authorities cited therein, oral argument of counsel, and any other matter that may be submitted at the hearing.

# Table of Contents

Page

I.    Lofton Seeks Relief From CCI's Substantive Discovery Responses ........................1

    A.    Federal Rule 34 Requires CCI To Produce Documents It Controls....................4

    B.    CCI and CTG Cannot Delay or Condition Document Production on a Stipulated
Protective Order.............................................................................................6

    C.    Federal Rule 33 Likewise Require CCI To Produce Information It Controls......7

    D.    Facts and Document Do Not Become Less Discoverable Simply Because CCI
Has Identified Them As Supporting Its Opposition to Lofton's Motion for
Preliminary Injunction...................................................................................8

    E.    CCI's Response to Interrogatory No. 6 Is Inadequate .......................................10

        1.    Neither the Attorney-Client Privilege or Work Product Doctrine
Apply..................................................................................................11

        2.    CCI's "Subparts" Objection Was Waived And Inapplicable ................12

II.    CCI's Remaining Objections Are Groundless..........................................................13

    A.    CCI's Jurisdiction Objection Is Meritless.........................................................14

    B.    Where CCI Has Control Over Discovery, the Federal Rules Require CCI to
Produce It .....................................................................................................16

    C.    CCI's Boilerplate Vagueness, Overbroad, and Relevance Objections Are Not
Sustained ......................................................................................................16

    D.    CCI's Duplicative Objection Is Meritless.........................................................18

    E.    CCI's Compound Objections Do Not Apply .....................................................19

III.    Conclusion..............................................................................................................19

**Table of Authorities**

**Federal Cases**                                                                                           **Page**

*A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006)...........................................4, 11

*In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542 (N.D. Cal. 2005)....................................................4, 8

*Bathija v. Panoff Pub., Inc.*, No. 04-0011, 2005 WL 2323298 (D. Alaska Sept. 21, 2005)...............9

*Berry v. Baca*, No. 01-2069, 2002 WL 1777412 (C.D. Cal. July 29, 2002) ....................................7

*Bible v. Rio Properties, Inc.*, 246 F.R.D. 614 (C.D. Cal. 2007) ...........................................16, 17, 18

*Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408 (M.D.N.C.1991) ..............................................7, 15

*Burlington N. & Santa Fe Ry. v. U.S. Dist. Court for Dist. of Mont.*,
         408 F.3d 1142 (9th Cir. 2005) .................................................................................10

*Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646 (C.D. Cal. 1997)................16

*Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616 (D. Kan. 2005) ......................................9

*Dickson v. Chicago Allied Warehouses, Inc.*,
         No. 90-6161, 1993 WL 362450 (N.D. Ill. Sept. 15, 1993) ....................................................15

*Coleman v. Schwarzenegger*, No. 90-520, 2007 WL 4328476 (N.D. Cal. Dec. 6, 2007) .........10 n. 4

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ....................................3, 10, 12

*eMag Solutions, LLC v. Toda Kogyo Corp.*,
         No. 02-1611, 2006 WL 3783548 (N.D. Cal. Dec. 21, 2006)................................................16

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682 (M.D. Fla. 2005) .....................9

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)...................................15, 16

*Goodrich Corp. v. Emhart Indus.*,
         No. 04-00759, 2005 U.S. Dist. LEXIS 17190 (C.D. Cal. June 10, 2005)...........................17

*In re Grand Jury Subpoena*, 357 F.3d 900 (9th Cir. 2004) .........................................................9-10

*In re Grand Jury Subpoena*, 350 F.3d 1010 (9th Cir. 2003)......................................................10 n.4

*Heath v. F/V ZOLOTOI*, 221 F.R.D. 545 (W.D. Wash. 2004) .......................................................10

*Hickman v. Taylor*, 329 U.S. 495 (1947)..................................................................................10 n.4

*Hill v. Eddie Bauer*, 242 F.R.D. 556 (C.D. Cal. 2007) ...............................................................18

*Lexington Ins. Co. v. Swanson*, No. 05-1614, 2007 WL 1287938 (W.D. Wash. May 1, 2007).........7

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990) ........16-17, 18

**Table of Authorities**

**Federal Cases**                                                                                    **Page**

*National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543 (N.D. Cal. 1987)......................6

*Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340 (1978) ................................................................19

*Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670 (S.D. Cal. 2001) ........................16

*Paulsen v. Case Corp.*, 168 F.R.D. 285 (C.D. Cal. 1996) ................................................................18

*Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257 (9th Cir. 1964) .............................................15

*Phillips v. Netblue, Inc.*, No. 05-4401, 2007 WL 174459 (N.D. Cal. Jan. 22, 2007) ......................6

*Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998) ......................................12-13, 14

*St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*,
    198 F.R.D. 508 (N.D. Iowa 2000).............................................................................................18-19

*Skellerup Industries Ltd. v. City of Los Angeles,* 163 F.R.D. 598 (C.D. Cal. 1995) ........................15

*Syngenta Seeds, Inc. v. BTA Branded, Inc.*,
    No. 05-6673, 2007 WL 3256848 (N.D. Ill. Nov. 1, 2007) ...............................................14-15

*United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*,
    870 F.2d 1450 (9th Cir. 1989)...................................................................................................4

*Trevino v. ABC Am., Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006)............................................................13

*Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584 (C.D. Cal. 1999)................................17

*White v. E-Loan, Inc.*, No. 05-2080, 2006 WL 2850041 (N.D. Cal. Oct. 5, 2006)..........................16

*In re WRT Energy Sec. Litig.*, 246 F.R.D. 185 (S.D.N.Y. 2007) ......................................................6

**Federal Rules**                                                                                    **Page**

Fed. R. Civ. P. 26 ...........................................................2, 8, 9, 10 n.4, 11, 13, 16, 19, 20

Fed. R. Civ. P. 33 ................................................................................................................12

Fed. R. Civ. P. 34.................................................................................................................4

Fed. R. Civ. P. 36................................................................................................................11, 12

Fed. R. Civ. P. 37................................................................................................................1, 3

Fed. R. Evid. 501 ................................................................................................................10

**California Cases**                                                                                  **Page**

*Martin v. Workers' Comp. Appeals Bd.*,
    59 Cal. App. 4th 333, 69 Cal. Rptr. 2d 138 (Cal. Ct. App. 1997)................................10

## Table of Authorities

**California Statutes**                                                    Page

Cal. Evid. Code § 952 (2008) ...................................................................10, 12

**Miscellaneous**                                                          Page

8 Charles Alan Wright, Arthur R. Miller,
    Federal Practice & Procedure § 2014 (2d ed. 2008) ...................................18

Civil L.R. 33-2 ...........................................................................................13

Civil L.R. 37-1 ...........................................................................................3

Fed. R. Civ. P. 26 advisory committee notes on 1970 amendments .......................11

Pursuant to Federal Rule 37, Plaintiff John Lofton ("Lofton") hereby moves the Court to compel Defendant Carlson Companies, Inc.'s ("CCI") responses to Lofton's discovery.

Lofton first served CCI with its First Set of Interrogatories, Requests for Production of Documents ("RPDs"), and Requests for Admission ("RFAs") on January 8, 2008. (Preston Decl. ¶ 8; Exs. 1, 2 to Preston Decl.) CCI has already delayed this discovery several times:

- Lofton and CCI held their Rule 26(f) conference on January 7, 2008. During this conference, CCI disclosed (for the first time) its position that the conference was not valid because the other Defendants did not participate. (Preston Decl. ¶¶ 5, 7.) Counsel CCI and Carlson Travel Group, Inc. ("CTG") knew by December 26, 2007 that the Bank of America Defendants would have a different a Rule 26(f) conference.

- CCI declined Lofton's subsequent request to participate in another Rule 26(f) conference, despite Lofton's explicit invitation to the the Bank of America Defendants to participate. The second Rule 26(f) conference was not held until January 18. (*Id.* ¶ 9.) CCI communicated that it would presume the service of Lofton's discovery to effective as of January 18. (*Id.*)

- CCI delayed its initial disclosures by taking the position that the Court's November 20, 2007 order independently set the deadline for the disclosures rather than Rule 26(1)(1)(C). (*Id.* ¶¶ 3, 11-12.) CCI's strained interpretation of the Court's order supposedly delayed CCI's disclosures until February 19. Under Rule 26(a)(1)(C), CCI's disclosures were due 14 days after the Rule 26(f) conference – either January 22 or February 1. (*Id.* ¶ 11.)

- On February 18, CCI's counsel requested and received a two week extension (until March 4) subject to the condition that it was "working diligently towards a good-faith response to [Lofton's] discovery requests." (*Id.* ¶ 15.) Two days after CCI received this extension, it filed its Motion to Dismiss for lack of personal jurisdiction. (*Id.* ¶ 16.)

Lofton received CCI's discovery responses on March 7. (Preston Decl. ¶ 19; Exs. 3, 4 to Preston Decl.) CCI made Lofton wait eight weeks (including two weeks obtained under the representation that it was working diligently towards good-faith responses) for virtually nothing besides its voluminous objections:. In fact, CCI has produced a total of three pages of documentation in response to Lofton's discovery. (*Id.* ¶ 33.)

## I.  Lofton Seeks Relief From CCI's Substantive Discovery Responses

Counsel for Lofton and CCI held a cordial and productive Rule 37 conference on March 12, 2008. (Preston Decl. ¶¶ 26-27; Ex. 5 to Preston Decl.) As a result of the conference and subsequent communications, Lofton has narrowed RPD No. 10[1] and has dropped RPD

---

[1] RPD No. 10 sought documents demonstrating CCI's "ownership, legal structure, and extent

No. 11 (which is now moot).[2] Conversely, CCI conceded its attorney-client privilege, joint defense privilege, and work product doctrine objections were not adequately made, and that it would provide a privilege log by March 22 to the extent it was going to stand on those objections.[3] (Preston Decl. ¶ 27; Ex. 5 to Preston Decl.)

CCI's discovery responses are rife with objections. Lofton addresses these objections in Section II, because CCI has not withdrawn these objections and may attempt to rely on them. Nonetheless, CCI has provided a number of substantive responses to Lofton's discovery requests. It is apparent that CCI's substantive responses have a number of defects under the Federal Rules. With respect to several of Lofton's discovery requests, the parties have clarified their positions in the March 12 conference and their subsequent communications, and the disputes are ready for resolution by the Court.

However, many of Lofton's first set of discovery falls into a third category – documents which have not been produced, but which CCI promises *will* be produced in the indefinite future. While CCI may produce this discovery on its own, Lofton must account for the possibility that CCI will not – and prepare for that possibility in a timely fashion. Lofton's need for discovery is time sensitive: his Opposition to CCI's Motion to Dismiss is due July 11, and his Reply in support of his Motion for Preliminary Injunction is due August 22. Given the current pace of discovery, prudence requires Lofton file this Motion now. Lofton's January 8 discovery may provide only enough information to enable him to formulate discovery requests that will produce evidence directly relevant to those filings. *Cf.* Fed. R. Civ. P. 26(b)(1) ("discovery . . . reasonably calculated to lead to the discovery of admissible evidence"). Indeed, the January 8 discovery requests are most likely only the first stage of the discovery Lofton will ultimately need. Lofton cannot indefinitely delay this Motion without hazarding prejudice to his claims. Likewise, Lofton

---

of . . . control over Carlson Travel Group, Inc." ("CTG"). Lofton limited RPD No. 10 to documents relating to events after November 20, 2003, as he does not need documents relating to events prior to the statute of limitations on his claims. (Preston Decl. ¶ 27; Ex. 5 to Preston Decl.)

[2] RPD No. 11 is now moot. RPD No. 11 dealt with CCI's control over Carlson Travel Network Associates, Inc. ("CTNA"). The Court recently approved the stipulated dismissal of CTNA.

[3] CCI has not produced any privilege log.

and his counsel would risk being labeled inadequate class representatives if they delayed this Motion too long.

It is understood this Court imputes counsel with "an acute sense of responsibility about how [to] handle discovery matters," and that counsel should therefore "turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests." *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). If responsive documents are produced prior to the Court's intervention, Lofton can withdraw the relevant portions of this Motion without hesitation. On the other hand, document production may be delayed by the issues briefed herein. By filing this Motion now, Lofton can ensure the possibility that document production does not occur will not prejudice him.

CCI has repeatedly asked Lofton to delay this Motion, under the assurance that it is working to produce discovery "in the most expeditious manner possible." (Preston Decl. ¶¶ 28, 32; Exs. 6, 10 to Preston Decl.) As demonstrated below, CCI does not have a valid excuse for failing to provide the responsive documents under the deadlines provided by the Rules. Given the present pace of discovery and Lofton's limited time, prudence demands that Lofton file this Motion sooner rather than later. Rule 37(a) does not compel a litigant to exhaust every possibility that the other parties might resolve a discovery dispute without a Court order. *Cf.* Fed. R. Civ. P. 37(a)(1) (movant on motion to compel must certify "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). *See also* Civil L.R. 37-1(a). Rather, the alternate "attempt to confer" certification in Rule 37(a) contemplates litigants who might otherwise seek to prevent a motion to compel by simply avoiding the meet-and-confer. CCI's assurances that it is working on Lofton's discovery are unsubstantiated and vague. Given the history of this case, Lofton would be foolhardy to take CCI's assurances at face value. (One of CCI's more troubling positions was that it "would participate in mediation (and stay the case in the interim) [on] the . . . condition [that Lofton] would stipulate that CCI gets priority on its motion to dismiss" over Lofton's Motion for Preliminary Injunction. (Preston Decl. ¶ 28; Ex. 6 to Preston Decl.) The good faith element of Rule 37(a) also contemplates cynical litigants who might otherwise

attempt to delay motions to compel by stringing along movants with illusory promises to provide discovery in the perpetual near future. Lofton cannot ignore the possibility that CCI has adopted such tactics.

### A.    Federal Rule 34 Requires CCI To Produce Documents It Controls

Initially, CCI denied having "any non-privileged information or documents responsive" to RPDs Nos. 6 to 9. Likewise, CCI answered RPD No. 4 by stating it "already reproduced the responsive contract between CCI and Bank of America Corporation." When the issue was addressed in the parties' March 12 conference, however, CCI indicated in that it has some unspecified control over responsive documents in the possession of Carlson Travel Group, Inc. ("CTG").

This response was not adequate because CCI's discovery obligations extend to documents in its "possession, custody, or *control.*" Fed. R. Civ. P. 34(a)(1) (emphasis added). The Ninth Circuit has defined control in this context "as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F. 2d 1450, 1452 (9th Cir. 1989). *See also A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 189-190 (C.D. Cal. 2006). Hence, a "corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls." *Int'l Union of Petroleum & Indus. Workers,* 870 F.2d at 1452. *See also In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 544-45 (N.D. Cal. 2005). CCI is obliged to produce any documents which CTG possesses.

CCI now states that CTG possesses relevant documents, and CCI is working with CTG to produce responsive documents. In several subsequent communications to the March 12 conference, CCI has variously explained that:

1.    "[A]ny responsive documents relating to the Program belongs to CTG, not CCI [and] CCI does not have sole control over the documents belonging to CTG, especially since CCI divested its interest it CTG in January." (Preston Decl. ¶ 28; Ex. 6 to Preston Decl.)

2.    "CCI has the right to demand the responsive documents from CTG, [but] it cannot produce them without involving CTG in the process." (Preston Decl. ¶ 30; Ex. 8 to Preston Decl.)

3.    "CCI does not have information responsive to Plaintiff's requests regarding the [WorldPoints] Program" (other than the contract which was attached as an

1   exhibit to CCI's Motion to Dismiss). (Preston Decl. ¶ 32; Ex. 10 to Preston
2   Decl.)

3   4.   "CCI cannot produce the documents belonging to CTG without CTG's
    involvement. [CCI is] working with CTG's counsel . . . to produce the
    documents in the most expeditious manner possible, [but] CTG will not
4   produce any documents until there is a protective order in place." (*Id.*)

5   After the conference, Lofton indicated he would "temporarily forebear filing a motion to

6   [compel] at the present time, in reliance on CCI's assurances that it is working to produce

7   additional discovery in good faith" but requested that CCI explain whether CCI had a legal

8   right to demand these documents from CTG and any document which supported that position

9   (Preston Decl. ¶ 29; Ex. 7 to Preston Decl.) Despite Lofton's repeated requests, CCI has not

10  clearly explained the limitations on its ability to produce responsive documents, or provided

11  any documents that supported its explanation. CCI provided three pages of documents to

12  response to RPD No. 10, but these pages merely reflect CCI's past ownership of CTG – prior

13  to CCI's purported January 28, 2008 sale of its interest in CTG. (Preston Decl. ¶ 33.) CCI has

14  not provided any information sufficient to allow Lofton to discern the extent of CCI's *current*

15  control over CTG. (Hence, CCI's production for RPD No. 10 is hopelessly inadequate.) If

16  CCI indeed has the legal right to demand these documents, it should have produced them

17  without CTG's interference. Without CCI's cooperation, Lofton cannot tell 1) whether CCI

18  has a legal right to compel CTG to produce the responsive documents, 2) whether CCI has in

19  fact demanded the documents, or 3) whether CTG has simply refused to provide these

20  documents despite CCI's demand.

21      CCI's explanation that it cannot produce the documents because "CCI divested its

22  interest it CTG in January" does not excuse the failure to produce these documents. (Preston

23  Decl. ¶ 28; Ex. 6 to Preston Decl.) CCI itself has indicated it still has "the right to demand the

24  responsive documents from CTG." (Preston Decl. ¶ 30; Ex. 8 to Preston Decl.) Regardless of

25  the particulars of CCI's sale of CTG, CCI – by its own admission – has control sufficient for

26  the obligation to produce responsive documents to attach under Rule 34. To the extent that

27  CCI lost control over responsive documents through its sale of CTG, it breached its duty to

28  preserve documents. Lofton's first set of RPDs were served on January 8, 2008 – CCI

purportedly sold its interest in CTG on January 28, 2008. (*Cf.* Cahill Decl. ¶ 22.) "While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know . . . is the subject of a pending discovery request." *Phillips v. Netblue, Inc.*, No. 05-4401, 2007 WL 174459, at *2 (N.D. Cal. Jan. 22, 2007). *See also National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556-57 (N.D. Cal. 1987). CCI can breach its duty to preserve evidence by selling the evidence just as much by directly destroying it. *Cf. In re WRT Energy Sec. Litig.*, 246 F.R.D. 185, 195 (S.D.N.Y. 2007) (discussing cases). While CTG still can provide the relevant evidence, a breach by CCI would still be problematic. First, CCI's employees may be able to locate and produce a different set of documents than CTG. To the extent that CCI locates documents that CTG does not, Lofton is entitled to those documents. Second, and more importantly, CTG and CCI's positions have effectively whipsawed Lofton: CCI and CTG both point at each other as the appropriate person to produce the discovery Lofton seeks, and CCI cannot produce documents it controls because CTG "will not produce any documents until there is a protective order in place." Lofton's discovery should not depend on the resolution of CCI and CTG's internecine conflict resolves.

### B. CCI and CTG Cannot Delay or Condition Document Production on a Stipulated Protective Order

Not only has CCI indicated that it cannot produce responsive documents because of CTG's position on a protective order, its initial responses to RPDs Nos. 1 to 3, 5, and 10 state that CCI will produce responsive documents "subject to entry of a Stipulated Protective Order." (Preston Decl. ¶ 19; Ex. 4 to Preston Decl.) CCI and CTG have manufactured this self-imposed roadblock to document production. It is the practice of Lofton's counsel to offer to treat all documents as confidential until an appropriate protective order is entered. (Preston Decl. ¶ 24.) Moreover, Lofton drafted a protective order based on the Northern District's standard draft protective order, and circulated to CTG's counsel on February 5, and again to all Defendants on March 11. (Preston Decl. ¶¶ 20-21.) On March 19, CTG circulated an edited version of Lofton's draft protective order which eliminated certain confidentiality provisions.

1
2    (*Id.* ¶ 22.) In a conference on March 27, the Bank Defendants' counsel informed Lofton's

3    counsel that the Bank Defendants would, in all likelihood, not be able to accept CTG's

4    version because it removed those provisions. (*Id.* ¶ 23.)

5          In any event, the Defendants' putative need for a protective order is not an excuse to

6    delay discovery: rather, it was incumbent on them to obtain the protective order before their

7    discovery deadlines expired.

8                  [A]lthough Rule 26(c) is silent as to the time within which a protective order
9                  must be made, the courts have imposed the requirement that the motion be
                   timely or seasonable. . . . [A] motion for a protective order is timely if made
10                 prior to the date set for producing the discovery. . . . Absent extraordinary
                   circumstances, the outside limit within which a motion for a protective order
11                 for written discovery may be made is the time set for the response to a motion
                   to compel written discovery.

12   *Lexington Ins. Co. v. Swanson*, No. 05-1614, 2007 WL 1287938, at *2 (W.D. Wash. May 1,

13   2007) (citation, punctuation omitted, citing, e.g., *Brittain v. Stroh Brewery Co.*, 136 F.R.D.

14   408, 413 (M.D.N.C.1991)). *See also Berry v. Baca*, No. 01-2069, 2002 WL 1777412, at *2

15   (C.D. Cal. July 29, 2002) (citing *Seminara v. City of Long Beach*, 68 F.3d 481, 1995 WL

16   598097, at *4 (9th Cir.)). In rejecting the argument that it is sufficient for a producing party to

17   note its desire for a protective order in its objections, the *Brittain* court found that

18                 [this] procedure turns the normal state of obligations on its head. The party
19                 seeking the protective order, who has the burden of requesting and supporting
                   it, should also be responsible for initiating the process. Permitting that party to
20                 merely note its objections and then sit back and wait for a motion to compel
                   can only serve to prolong and exacerbate discovery disputes.

21   *Brittain*, 136 F.R.D. at 413. This logic applies with full force here: none of the Defendants

22   should be able to hold discovery hostage to the outcome of negotiations over a stipulated

23   protective order.

24       **C.    Federal Rule 33 Likewise Require CCI To Produce Information It
                 Controls**

25          CCI's original response to Lofton's Interrogatories Nos. 1 to 3 stated that it did not

26   have responsive information, because it not did not manage travel arrangements, purchase

27   tickets for, or impose fees on WorldPoints cardholders. (Preston Decl. ¶ 19; Ex. 3 to Preston

28   Decl.) Likewise, CCI answered Interrogatory No. 4 by stating that "no individual at CCI

---

Motion to Compel                          7                          No. 07-05892 (SI)

involved in obtaining or purchasing airline tickets on behalf of airline tickets any WorldPoints credit card holder." (*Id.*) CCI's amended response is that its "answers to these four interrogatories are sufficient." (Preston Decl. ¶ 28; Ex. 6 to Preston Decl.)

These answers are also non-responsive: CCI answers are not limited to what it or its employees did but what it knows or could reasonably learn. "Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from sources under its control." *In re ATM Fee Antitrust Litig.*, 233 F.R.D. at 545. In turn, this means that Rule 33 "requires that a parent respond to an interrogatory . . . with information from a subsidiary if it has access to that information . . . Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from sources under its control." *Id.* (followed by *Miller v. Int'l Business Machines*, No. 02-2218, 2006 WL 1141090, at *4 (N.D. Cal. May 1, 2006)). To the extent that CCI can answer Lofton's Interrogatories by consulting CTG's documents or employees, it is obliged to do so just as it is obliged to produce documents for Lofton's RPDs.

### D.    Facts and Document Do Not Become Less Discoverable Simply Because CCI Has Identified Them As Supporting Its Opposition to Lofton's Motion for Preliminary Injunction

Lofton's RPD No. 3 and Interrogatory No. 5 request documents and facts, respectively, which CCI "believe[s] may support or contradict [its] opposition to the Plaintiff's Motion for Preliminary Injunction." (Preston Decl. ¶ 8; Exs. 1, 2 to Preston Decl.) CCI's responses objected that these discovery requests "improperly seek[] premature disclosure of information" prior to the deadline for CCI's Opposition to Lofton's Motion. (Preston Decl. ¶ 19; Exs. 3, 4 to Preston Decl.) CCI's position in its amended response did not change. (Preston Decl. ¶ 28; Ex. 6 to Preston Decl.)

The only restriction on the timing of discovery is Rule 26(d)(1) which prohibits discovery "before the parties have conferred as required by Rule 26(f)." Lofton's Rule 26(f) conference with CCI is long past. These facts and documents are discoverable now. The fact that CCI has identified facts and documents it plans to use in its Opposition to the Motion for Preliminary Injunction does not make these facts and documents somehow less discoverable.

Parties routinely make discovery requests for facts and documents which the opposing party may contend supports various contentions at trial; it is not acceptable for an opposing party to withhold these facts and documents on the grounds that their disclosure was "premature" until trial. Lofton and CCI are likewise preparing for an analogous evidentiary hearing on Lofton's Motion for Preliminary Injunction. Lofton is entitled to take discovery to fully test the factual assertions on which CCI's Opposition relies.

"To the extent [CCI is] concerned that [its] answer to [Lofton's discovery] might change during the course of discovery, [CCI] can, and in fact, may have a duty to, supplement [its] answer." *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 620 (D. Kan. 2005) (citing Fed. R. Civ. P. 26(e)). *See, e.g., Bathija v. Panoff Pub., Inc.*, No. 04-0011, 2005 WL 2323298, at *1-2 (D. Alaska Sept. 21, 2005) ("response with later supplementation is the preferred course of action"; responding party "must provide the factual detail that it currently possesses underlying its allegations"); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (response to interrogatory that answer was "subject of expert testimony, which is not yet due under the Case Management and Scheduling Order" was deficient; party required to "supplement its answers with whatever information it possesses").

Lofton understood CCI to suggest during the March 12 that the attorney-client privilege and work product doctrine objections applied here. (*See* Preston Decl. ¶ 26.) To the extent CCI seeks to raises attorney-client privilege and work product doctrine objections here, it has already waived them. Even it had not waived them, they do not apply here.

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). While documents prepared by CCI or its counsel in anticipation of this litigation might fall under the work product doctrine, CCI has declined to offer any evidence supporting that point. The work product doctrine is limited to documents "prepared

in anticipation of litigation . . .  by or for another party or by or for that other party's

representative." *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004).

> The burden is on the party asserting a work-product privilege to show that the withheld information was prepared in anticipation of litigation. . . . It is well established that documents prepared in the ordinary course of business are not protected by the work-product doctrine because they would have been created regardless of the litigation.

*Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 549-550 (W.D. Wash. 2004). Similarly, there is no

evidence that the attorney-client privilege might apply. *Cf.* Cal. Evid. Code § 952 (2008)

(attorney-client privilege limited to "information transmitted between a client and his or her

lawyer in the course of that relationship"). *See also* Fed. R. Evid. 501 (California law controls

evidentiary privileges, where California law "supplies the rule of decision" on Lofton's

claims); *Burlington N. & Santa Fe Ry. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142,

1147 (9th Cir. 2005) (district court has discretion to waive any privilege claims which are not

adequately substantiated). Further, there appears to be no possibility that these privileges

would protect underlying facts. The attorney client privilege "does not protect disclosure of

the underlying facts which were communicated." *Martin v. Workers' Comp. Appeals Bd.*, 59

Cal. App. 4th 333, 345, 69 Cal. Rptr. 2d 138, 146 (Cal. Ct. App. 1997) (citing, e.g., *Upjohn

Co. v. United States*, 449 U.S. 383, 395-396 (1981); Cal. Evid. Code § 952). Likewise, "the

work product doctrine, as embodied in Rule 26(b)(3), protects against disclosure, by its own

terms, only 'documents and tangible things.'" *In re Convergent Tech. Sec. Litig.*, 108 F.R.D.

at 335 n.20.[4] Under the 1970 amendments to Rule 33, "a party and his attorney or other

representative may be required to disclose, to some extent, mental impressions, opinions, or

conclusions." Fed. R. Civ. P. 26 advisory committee notes on 1970 amendments (noting that

the work product doctrine under Rule 26(b)(3) still protects documents).

### E.    CCI's Response to Interrogatory No. 6 Is Inadequate

Lofton's Interrogatory No. 6 requests:

---

[4] Federal Rule 26(b)(3) "substantially codifies" the work product doctrine articulated under *Hickman v. Taylor*, 329 U.S. 495 (1947). *Coleman v. Schwarzenegger*, No. 90-520, 2007 WL 4328476, at *9 (N.D. Cal. Dec. 6, 2007). *See also In re Grand Jury Subpoena*, 350 F.3d 1010, 1015 (9th Cir. 2003).

1  
2  

      If the Carlson Defendants' answer to any of Plaintiff's Requests for Admission asserts a lack of information as a basis for failing to admit such Requests, indicate the efforts to obtain the information with specificity, including what efforts were made, which persons were involved in the efforts, and when the efforts were made.

3  

4  (Lofton Interrog. No. 6.) CCI's initial response stated that CCI "made a reasonable inquiry

5  into the matters requested in Plaintiff's Requests for Admissions." (CCI Resp. Interrog. No.

6  6.) Interrogatory No. 6 is concerned with testing whether CCI undertook the "reasonable

7  inquiry" into its responses to Lofton's RFAs required under Rule 36. Fed. R. Civ. P. 36(a)(4).

8  
9  
10  
11  

      Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.

12  *A. Farber*, 237 F.R.D. at 254 (citation, punctuation omitted). CCI's response to Interrogatory

13  No. 6 does no more than inform Lofton that CCI's position is that it complied with Rule

14  36(a)(4). There is strong reason to suppose CCI has not made the "reasonable inquiry"

15  required by Rule 36. CCI has consistently adopted the position that it has nothing to do with

16  the WorldPoints program, and it derives its information about this case entirely from CTG.

17  CTG's response to RFA No. 23 admits that "Continental Airlines did not impose the $45

18  'fuel-related' fee included" in purchase price of Lofton's ticket." However, CCI's response

19  denies RFA No. 23. If CCI's information derives entirely from CTG, there is no explanation

20  for CCI's denial of RFA No. 23.

21          **1.**     **Neither The Attorney-Client Privilege or Work Product Doctrine Apply**

22        In its amended response to Interrogatory No. 6, CCI asserts that "the details of CCI's

23  investigation . . . [are] protected by the attorney-client and work product privileges. . . .

24  Plaintiff . . . bears the burden of proving why he is entitled to protected information." (Preston

25  Decl. ¶ 28; Ex. 6 to Preston Decl.) This assertion of the work product and attorney-client

26  privilege contradicts CCI's waiver in the March 12 conference, as CCI has not provided the

27  privilege log to assert such required under Rule 26(b)(5)(A). (Preston Decl. ¶ 27; Ex. 5 to

28  Preston Decl.) Further, neither protection applies. The work product doctrine can only protect

documents and tangible things. *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. at 335 n.20.

Likewise, the applicable attorney-client privilege protects only "information **transmitted**

between a client and his or her lawyer." Cal. Evid. Code § 952 (2008) (emphasis added).

Interrogatory No. 6 seeks to determine who counsel spoke with and what counsel did to

confirm that CCI's answers to Lofton's RFAs were complete and accurate, not what was said.

### 2.    CCI's "Subparts" Objection Was Waived And Is Inapplicable

For the first time in its amended response, CCI raises the objection that Interrogatory

No. 6 "improperly contains subparts, to which CCI is not obligated to respond." (Preston

Decl. ¶ 28; Ex. 6 to Preston Decl.) CCI waived this objection under Rule 33 when it did not

make it in its initial response to Interrogatory No. 6, and has provided no good cause to

excuses its failure to raise it in its initial set of objections. (*Cf.* Preston Decl. ¶ 19; Ex. 4 to

Preston Decl.) "Any ground not stated in a timely objection is waived unless the court, for

good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Regardless, CCI's objection is wrong. CCI cites to *Safeco of America v. Rawstron*, 181

F.R.D. 441, 445 (C.D. Cal. 1998) for the proposition that Interrogatory No. 6 is

impermissible. In fact, *Safeco* applies to a different sort of interrogatory than the one at issue

here. "[A]n interrogatory that asks the responding party to *state facts . . . supporting the*

*denial* of each request for admission [in a set]. . . usually should be construed as containing a

subpart for each request for admission contained in the set." *Id*. at 446 (emphasis denied). The

rationale behind *Safeco* is straightforward. Where an interrogatory incorporates the

investigation into each of a set of requests for admission, it effectively "transforms each

request for admission into an interrogatory" would allow the proponent to "circumvent the

numerical limit contained in Rule 33(a)." *Id*. at 445. *Cf.* Civil L.R. 33-2 (interrogatory

requesting "basis for a denial of an admission requested . . . will be treated as a separate . . .

interrogatory").

Interrogatory No. 6, however, it not concerned with the basis of CCI's denials. It is

concerned with testing whether CCI undertook the "reasonable inquiry" into its responses to

Lofton's RFAs required under Rule 36(a)(4). *Safeco* itself states that "an interrogatory

containing subparts directed at eliciting details concerning [a] common theme should be considered a single question." *Id*. at 444 (citation, punctuation omitted). Whether or not CCI's inquiry into its answers to Lofton's RFAs was reasonable is a single common question, and Interrogatory No. 6 should be counted as a single interrogatory. *Trevino v. ABC Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) ("discrete subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question") (citation, punctuation omitted). *Safeco* should be carefully limited to its rationale to ensure it does "not unduly restrict access to needed information during discovery." *Safeco*, 181 F.R.D. at 446. Application of *Safeco* was appropriate where "the basis for the denial of a request for admission is [often] unimportant." *Id*. Conversely, it would never be "unimportant" whether a party complied with its obligations under Rule 36 to make a reasonable inquiry into its answers to requests for admission. Unless Interrogatory No. 6 falls outside of *Safeco*, it is difficult to see how a party can effectively test whether other litigants are complying with Rule 36 without exhausting the party's alloted interrogatories.

## II.    CCI's Remaining Objections Are Groundless

While Lofton's primary concern is the defects in CCI's substantive answers, CCI may still seek to stand on its remaining objections to defend against this Motion. In order to systematically address CCI's remaining objections, Lofton categorizes them in the table below. The task of addressing CCI's objections is simplified by the fact that CCI's discovery responses make heavy use of small set of objections.

| **CCI's Objection** | **Lofton's Corresponding Discovery Requests** |
|---|---|
| **Jurisdiction Objection:**<br>CCI objects to Lofton's discovery requests on "the basis that the Court lacks personal jurisdiction over CCI." | Lofton's RPDs Nos. 1 to 10,<br>Lofton's Interrogatories Nos. 1 to 6. |
| **Non-Involvement Objection:**<br>CCI "never directed, managed, or handled any travel arrangements" or "purchase[d] or obtain[ed] airline tickets" on behalf of WorldPoints credit cardholders, and "does not impose, process, assess or charge any fees on WorldPoints card holders," nor has it directed any entity or person to perform such tasks. | Lofton's RPDs Nos. 6 to 10,<br>Lofton's Interrogatories Nos. 1 to 6. |

| CCI's Objection | Lofton's Corresponding Discovery Requests |
|---|---|
| **Distinct Entity Objection:** Lofton defined the "Carlson Defendants" to include CTNA and CTG. CCI does not represent and cannot respond on behalf of CTNA and CTG, and "does [not] know the state of mind of these Defendants or any other third party." | Lofton's RPDs Nos. 1, 2, 4, 6, and 7 Lofton's Interrogatories Nos. 1 to 6. |
| **Vagueness Objection:** Various terms in Lofton's complaint are some combination of "vague," "ambiguous," "undefined," or "undefined and therefore vague." | Lofton's RPDs Nos. 4, 5, and 7 to 10, Lofton's Interrogatories Nos. 1 to 4. |
| **Over Broad Objection:** Lofton's discovery requests are "overly broad" and "unduly burdensome." | Lofton's RPDs Nos. 4, 5, and 7 to 10, Lofton's Interrogatories Nos. 1 to 3, and 6. |
| **Relevance Objection:** Lofton's discovery requests are overly broad and/or unduly burdensome to the extent that they seek information that is not relevant. | Lofton's RPDs Nos. 4, 5, 8 and 9. |
| **Duplicative Objection:** Lofton's discovery requests seek "information that is duplicative or cumulative of information that has been produced or will be produced." | Lofton's RPDs Nos. 1 to 3, 6, 7, and 10. |
| **Compound Objections:** Lofton's discovery requests are compound. | Lofton's RPDs No. 4 and 5, Lofton's Interrogatory No. 6. |

These objections are addressed *ad seratim* below.

## A.    CCI's Jurisdiction Objection Is Meritless

With respect to each of Lofton's discovery requests, CCI objects that "the Court lacks personal jurisdiction over CCI." CCI has nonetheless agreed to provide substantive responses to Lofton's discovery requests notwithstanding its position that it stands by this objection. (Preston Decl. ¶.) Were CCI to reassert this objection at any point, however, Lofton would be obliged to address it.

CCI cannot excuse itself from its discovery obligations by simply asserting it is not subject to the Court's jurisdiction. CCI's Motion to Dismiss did not stop discovery. The "mere filing of [a motion to dismiss] does not automatically stay discovery, nor does it mean

that a court will automatically grant a stay simply because the defendant asks for one." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05-6673, 2007 WL 3256848, *2 (N.D. Ill. Nov. 1, 2007). To the extent CCI believes its Motion to Dismiss should stay or restrict discovery, it should have filed a motion for a protective order under Federal Rule 26(c). "Where, as here, a party does not even move for a stay, the pendency of a motion to dismiss is not a reason for noncompliance with discovery." *Dickson v. Chicago Allied Warehouses, Inc.*, No. 90-6161, 1993 WL 362450, *11 (N.D. Ill. Sept. 15, 1993) (citing, e.g., *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). As CCI's deadline for the discovery at issue has run, any such motion would be untimely in any event. *Brittain*, 136 F.R.D. at 413.

Even if CCI had filed a motion for protective order, that still would not excuse it from discovery unless and until the Court granted the Motion. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (predecessor to Rule 26(c) "places the burden on the [party producing discovery] to get an order, not just to make a motion"). Any protective order must identify and discuss the factors constituting the "good cause" required under Rule 26(c). *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); Fed. R. Civ. P. 26(c). A movant "must meet a heavy burden of making a strong showing why discovery should be denied by showing a particular or specific need for the stay, as opposed to making stereotyped or conclusory statements." *White v. E-Loan, Inc.*, No. 05-2080, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006) (citing *Skellerup Industries Ltd. v. City of Los Angeles,* 163 F.R.D. 598, 600 (C.D. Cal. 1995), punctuation omitted). CCI cannot sustain this heavy burden by "merely urg[ing] that compliance with [Lofton's] discovery request[s] should be stayed pending the . . . ruling on its motion to dismiss." *Skellerup,* 163 F.R.D. at 600.

> This idle speculation does not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation. If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions. . . . Had the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.

*Id.* (quoting *Gray*, 133 F.R.D. at 40, punctuation omitted). CCI bears the burden of showing

the "specific prejudice or harm will result if no protective order is granted" with respect to "each particular document it seeks to protect." *Foltz*, 331 F.3d at 1130. Even if CCI has seasonably sought a protective order, it would not be entitled to it: the bare assertion that CCI is not subject to the Court's personal jurisdiction does not carry the heavy burden of establishing good cause of a protective order.

In any event, Lofton is certainly entitled to take jurisdictional discovery to challenge CCI's Motion to Dismiss. Discovery should be allowed on a motion to dismiss for lack of personal jurisdiction unless a defendant "meet[s] the relatively high burden of establishing that it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction" *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) (cited by CCI Mot. Dismiss 18). This Court has adopted *Orchid*. *See eMag Solutions, LLC v. Toda Kogyo Corp.*, No. 02-1611, 2006 WL 3783548, *2 (N.D. Cal. Dec. 21, 2006).

**B.      Where CCI Has Control Over Discovery, the Federal Rules Require CCI to Produce It**

Subsections I.A and I.B, above, address why CCI's Non-Involvement and Distinct Entity Objections are invalid. To the extent CCI has control over information or documents through its relationship with CTG, it is obliged to produce the same in discovery.

**C.      CCI's Boilerplate Vagueness, Overbroad, and Relevance Objections Are Not Sustained**

CCI's Vagueness, Overbroad, and Relevance Objections have no legal basis. As the party resisting discovery, CCI bears "the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 618 (C.D. Cal. 2007) (citing, e.g., *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)). *See also Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). CCI's Overbroad and Vagueness Objections fail because they do not provide any specific detail as to how the request at issue are improper. "[T]he party resisting discovery *must show specifically . . . how each question is overly broad, burdensome or oppressive*." *McLeod, Alexander, Powel & Appfel, P.C. v.*

*Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (cited by *Bible*, 246 F.R.D. at 619) (emphasis added). Indeed, courts have rejected the specific language used by CCI – "there is no merit to defendant's general or boilerplate objections such as 'overly broad' [or] 'vague and ambiguous.'" *Bible*, 246 F.R.D. at 619 (citing, e.g., *A. Farber*, 234 F.R.D. at 188 ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections")). *See also Goodrich Corp. v. Emhart Indus.*, No. 04-00759, 2005 U.S. Dist. LEXIS 17190 (C.D. Cal. June 10, 2005) (rejecting objection to definition in request as "compound, overly broad, unduly burdensome, vague, ambiguous and us[ing] undefined or uncertain terms"). Conversely, "[b]oilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 586-87 (C.D. Cal. 1999) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection"). Where CCI's Overbroad Objections give no hint as to what burden Lofton's discovery imposes, they cannot stand.

The most CCI does to justify its Vagueness Objections is to identify certain language in Lofton's discovery as vague, ambiguous, and/or undefined. A quick review of the relevant words demonstrates that they are everyday terms with reasonably understandable meanings. (*Cf.* CCI Resp. RTA No. 19 ("operates" and "controls"), CCI Resp. RPD No. 4 ("one the one hand" and "on the other"), CCI Resp. RPD No. 5 ("communications"), CCI Resp. RPD No. 7 ("purchase price," "tickets," "lowest face available," "purchased"), CCI Resp. RPD No. 8 ("changes" and "alterations"), CCI Resp. RPD No. 9 ("communications," "for the sake of clarity," "changes" and "alterations"); CCI Resp. RPD No. 10 ("ownership," "legal structure," and "control"), CCI Resp. Interrogatories Nos. 1 to 3 ("ticket," "resident," and "purchased"), CCI Resp. Interrogatory No. 4 ("agent," "employee," "involved," and "purchase").) Again, it is CCI bears "the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Bible*, 246 F.R.D. at 618. CCI does not even hint at how the meanings of the above terms are uncertain.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CCI's Relevancy Objections are boilerplate: CCI "has not provided any explanation at all why these requests are not relevant . . ." *Hill v. Eddie Bauer*, 242 F.R.D. 556, 561 (C.D. Cal. 2007) (citing *McLeod, Alexander*, 894 F.2d at 1485). The burden is on CCI to "show specifically how each [discovery request] is not relevant . . ." *McLeod, Alexander*, 894 F.2d at 1485. Federal Rule 26 dictates that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), relevancy is broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

> A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action.

*Paulsen v. Case Corp.*, 168 F.R.D. 285, 288 (C.D. Cal. 1996) (citation, punctuation omitted). CCI has not specified how any particular discovery request is irrelevant, let alone shown that there is no possibility that the information sought may be relevant. By contrast, the Appendix attached under Local Rule 37-2 identifies, for each discovery request, which particular aspect of this case responsive evidence is relevant to (merits, jurisdiction, class certification, etc.).

### D.   CCI's Duplicative Objection Is Meritless

CCI's Duplicative Objection states that Lofton's RPDs Nos. 1 to 3, 6, 7, and 10 seek "duplicative or cumulative of information that has been produced or will be produced." Lofton infers from this objection that CCI's position is that, because CTG might produce responsive discovery, CCI is excused from doing so. CCI does not expressly make this argument, and does not sustain the burden of explaining this objection. *Cf. Bible*, 246 F.R.D. at 618. Discovery is used "not only to elicit unknown facts, but also to narrow and define the issues. . . . [Hence,] it is not usually ground for objection that the information is equally available to the interrogator." 8 Charles Alan Wright, Arthur R. Miller, Federal Practice & Procedure § 2014 (2d ed. 2008). The objection that the documents sought by Lofton are equally available to him through CTG has been repeatedly found to be "insufficient to resist a

discovery request." *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (citing cases, cited and followed by, e.g., *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, No. 01-20418, 2005 WL 1459555, at *6 (N.D.Cal. June 21, 2005).

### E.    CCI's Compound Objections Do Not Apply

CCI objects that Lofton's RPDs No. 4 and 5 are "compound." This objection is frivolous. Outside of the good faith restrictions under Rule 26(g), there are no limits on the number of requests for production of documents and so the underlying objection that Lofton is attempting to fit multiple requests into a single request makes no sense.

## III.    Conclusion

CCI's continued delay of discovery, renewed attempts to delay even the resolution of discovery disputes, along with its voluminous, repetitive, and groundless boilerplate objections to Lofton's discovery appears to be a concerted effort to strip Lofton of the ability to take discovery.

CCI should be compelled to produce all documents responsive to Lofton's RPDs Nos. 1 to 10 (as modified) which are within its control – including those documents within CTG's possession, and to answer each of Lofton's Interrogatories, within 15 days of the Court's order.

Dated: March 28, 2008

By: s/Alan Himmelfarb

Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 550
Chicago, IL 60604

*Attorneys for John Lofton*

# APPENDIX PURSUANT TO LOCAL RULE 37-2

**Interrogatory No. 1 and Basis Therefore**

*Identify each ticket which a California resident purchased (in whole or in part) with redeemed WorldPoints through any of the Carlson Defendants since November 20, 2003.*

Interrogatory No. 1 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to personal jurisdiction, class certification, and whether the practices alleged in the Complaint were routine. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

**CCI's Response**

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

CCI further objects to this Interrogatory as overly broad, unduly burdensome, and asking for information that is not relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence. CCI objects to the use of the terms "ticket," "resident," and "purchased" as vague and undefined. CCI further objects to the extent this request seeks personal contact information, which is protected by California's right of privacy.

In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, Carlson Travel Network Associates, Inc. (CTNA) and Carlson Travel Group, Inc. (CTG). CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

Subject to and without waiving the foregoing objections, as CCI understands this Interrogatory, CCI responds that it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so. CCI has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so. In addition, CCI does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so. (See February 20, 2008 Declarations of Wanda K. Cahill (Docket No. 35) and Scott Grinde (Docket No. 34) in Support of CCI's Motion to Dismiss Class Action Complaint for Lack of Personal Jurisdiction.) CCI, therefore, does not have information responsive to this request.

**Interrogatory No. 2 and Basis Therefore**

*For every ticket identified in*

**CCI's Response**

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by

*the answer to Interrogatory No. 1, identify each ticket whose purchase price included any fee which was designated as fuel-related.*

Interrogatory No. 2 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to personal jurisdiction, class certification, and whether the practices alleged in the Complaint were routine. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

CCI further objects to this Interrogatory as overly broad, unduly burdensome, and asking for information that is not relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence. CCI objects to the use of the terms "ticket," "purchase price," and "fee" as undefined and therefore vague.

In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

Subject to and without waiving the foregoing objections, as CCI understands this Interrogatory, CCI responds that it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so. CCI has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so. In addition, CCI does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so. (See February 20, 2008 Declarations of Wanda K. Cahill (Docket No. 35) and Scott Grinde (Docket No. 34) in Support of CCI's Motion to Dismiss Class Action Complaint for Lack of Personal Jurisdiction.) CCI, therefore, does not have information responsive to this request.

**Interrogatory No. 3 and Basis Therefore**

*For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose purchase price included any fee that was not imposed by the airline.*

Interrogatory No. 3 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to personal jurisdiction, class

**CCI's Response**

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

CCI further objects to this Interrogatory as overly broad, unduly burdensome, and asking for information that is not relevant to any party's claim or defense, nor reasonably

certification, and whether the practices alleged in the Complaint were routine. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

calculated to lead to the discovery of admissible evidence. CCI objects to the use of the terms "ticket," "fee," "purchase price," and "imposed" undefined and therefore vague.

In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

Subject to and without waiving the foregoing objections, as CCI understands this Interrogatory, CCI responds that it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so. CCI has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so. In addition, CCI does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so. (See February 20, 2008 Declarations of Wanda K. Cahill (Docket No. 35) and Scott Grinde (Docket No. 34) in Support of CCI's Motion to Dismiss Class Action Complaint for Lack of Personal Jurisdiction.) CCI, therefore, does not have information responsive to this request.

**Interrogatory No. 4 and Basis Therefore**

*Identify each employee or agent of any of the Carlson Defendants who was involved in the purchase of the tickets identified in the answer to Interrogatories No. 2 and 3.*

Interrogatory No. 4 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should lead to testimony relevant to, *inter alia*, personal jurisdiction, liability on Lofton's individual claims, class certification, and whether the practices alleged in the Complaint were routine. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

**CCI's Response**

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

CCI further objects to this Interrogatory as overly broad, unduly burdensome, and asking for information that is not relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence. CCI objects to the use of the terms "tickets," "agent," "employee," "involved," and "purchase" as undefined and therefore vague.

In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

Subject to and without waiving the foregoing objections, as CCI understands this interrogatory, CCI

1

2

3

4

5

6

7

8

responds that it does not purchase airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so. CCI has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so. In addition, CCI does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so. (See February 20, 2008 Declarations of Wanda K. Cahill (Docket No. 35) and Scott Grinde (Docket No. 34) in Support of CCI's Motion to Dismiss Class Action Complaint for Lack of Personal Jurisdiction.) Accordingly, there is no individual at CCI involved in obtaining or purchasing airline tickets on behalf of any WorldPoints credit card holder.

9

**Interrogatory No. 5 and Basis Therefore**

**CCI's Response**

10

11

12

13

*Specifically describe every fact which the Carlson Defendants believe may support or contradict their opposition to the Plaintiffs Motion for Preliminary Injunction.*

14

15

16

17

18

19

20

21

Interrogatory No. 5 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to personal jurisdiction and to Lofton's Motion for Preliminary Injunction. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

22

23

CCI further objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

Moreover, CCI objects to the extent this request seeks information protected by the attorney work-product doctrine, attorney-client and/or joint defense privileges and to the extent that the request improperly seeks premature disclosure of information. The current deadline to file CCI's Opposition to Plaintiffs Motion for Preliminary Injunction is March 13, 2008. At that time, CCI will set forth non-privileged, responsive information supporting its Opposition to Plaintiffs Motion for a Preliminary Injunction.

24

25

**Interrogatory No. 6 and Basis Therefore**

**CCI's Response**

26

27

28

*If the Carlson Defendants' answer to any of Plaintiff s Requests for Admission asserts a lack of information as a basis for failing to admit such Requests, indicate the*

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints

1  *efforts to obtain the information with specificity, including what efforts were*
2  *made, which persons were involved in the efforts, and*
3  *when the efforts were made.*

4

5  Interrogatory No. 6 is consistent with Fed. R. Civ. P. 26(b)(2) because it
6  reasonably should provide evidence or lead to evidence
7  relevant to whether or not CCI complied with its
8  obligations under Rule 36. To the best of Lofton's
9  knowledge, the value and importance of this evidence
10  outweighs any burden or expense which CCI bears in
11  producing this discovery.

12

13

14

15

16  **RPD No. 1 and Basis Therefore**

17  *Every document which the Carlson Defendants believe*
18  *may support or contradict each of their answers to*
19  *Plaintiffs First Set of Requests for Admission that*
20  *is not an unqualified admission.*

21

22  RPD No. 1 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should
23  provide evidence or lead to evidence relevant to, *inter*
24  *alia*, personal jurisdiction, the identity of the person
25  charging Lofton, and various facts supporting Lofton's
26  claims and his Motion for Preliminary Injunction. To
27  the best of Lofton's knowledge, the value and
28  importance of this evidence outweighs any burden or

credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

CCI furthermore objects to this request to the extent it is overly broad and asking for information not relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

Moreover, CCI objects to the extent this request seeks information protected by the attorney work-product doctrine, attorney-client and/or joint defense privileges. Subject to and without waiving the foregoing objections, CCI states that consistent with the Federal Rules of Civil Procedure, it has made a reasonable inquiry into the matters requested in Plaintiffs Requests for Admission. If Plaintiff can demonstrate why the information requested in this Interrogatory is relevant and not subject to the attorney-client privilege, work-product doctrine and/or joint defense privilege, CCI will reconsider its response.

**CCI's Response**

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the basis that it is overly broad and unduly burdensome. CCI also objects to this request to the extent that it seeks information that is cumulative and/or duplicative of information that has been or will be produced. CCI further objects to the extent this request seeks information protected by the attorney work-product doctrine, attorney-client and/or joint defense privileges. CCI also objects that the term "unqualified admission" is not defined and therefore is vague.

In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

Subject to and without waiving the foregoing objections, as CCI understands this request, it responds that it will produce responsive, non-privileged, non-cumulative documents, if any, located after a reasonable search at an agreed upon time and place subject to entry of a Stipulated

expense which CCI bears in producing this discovery.

**RPD No. 2 and Basis Therefore**

*Every document which the Carlson Defendants believe may support or contradict each of their answers to Plaintiff's First Set of Interrogatories.*

RPD No. 2 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to, *inter alia*, whether or not CCI complied with its obligations under Rules 33 and 36, class certification, whether the practices alleged in the Complaint were routine, the identity of the person charging Lofton, and facts supporting Lofton's claims and his Motion for Preliminary Injunction. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

**RPD No. 3 and Basis Therefore**

*Every document which the Carlson Defendants believe may support or contradict their opposition to the Plaintiffs Motion for Preliminary Injunction.*

RPD No. 3 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to Lofton's Motion for Preliminary Injunction. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any

Protective Order.

**CCI's Response**

       Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI also objects to this request to the extent that it seeks information that is cumulative and/or duplicative of information that has been or will be produced. CCI further objects to the extent this request seeks information protected by the attorney work-product doctrine, attorney-client and/or joint defense privileges.

       In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

       Subject to and without waiving the foregoing objections, as CCI understands this request, CCI states that it will produce responsive, non-privileged, non-cumulative documents, if any, located after a reasonable search at an agreed upon time and place subject to entry of a Stipulated Protective Order.

**CCI's Response**

       Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the basis that it is over broad, unduly burdensome and to the extent it seeks information that is duplicative or cumulative of information that has been produced or will be produced. CCI further objects to the extent this request seeks information protected by the attorney work-product doctrine, attorney-client and/or joint defense privileges.

       In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

burden or expense which CCI bears in producing this discovery.

CCI further objects that this request improperly seeks premature disclosure of information. The current deadline to file CCFs Opposition to Plaintiffs Motion for Preliminary Injunction is March 13, 2008. CCI will set forth facts and evidence sufficient to support its Opposition at that time, and CCI reserves the right to supplement pursuant to the Federal Rules of Civil Procedure.

**RPD No. 4 and Basis Therefore**

**CCI's Response**

*Every contract or agreement between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.*

RPD No. 4 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to, *inter alia*, personal jurisdiction and Defendants' liability on Lofton's claims. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the basis that it is compound, overly broad and to the extent it seeks the discovery of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. CCI also objects to this request to the extent that it seeks information that is cumulative and duplicative of information that has been or will be produced. CCI further objects to the phrases "on the one hand" and "on the other hand" as vague, ambiguous, and undefined.

In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG and therefore CCI cannot respond on their behalf.

Subject to and without waiving the foregoing objections, as CCI understands this request, it responds that it has already produced the responsive contract between CCI and Bank of America Corporation relating to the WorldPoints Travel Rewards Program along with its Motion to Dismiss for Lack of Personal Jurisdiction.

**RPD No. 5 and Basis Therefore**

**CCI's Response**

*Every document relating to communications regarding the above-captioned litigation between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.*

RPD No. 5 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence or lead to evidence relevant to, *inter alia*, Defendants' liability on Lofton's claims. To the best

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the basis that it is compound, overly broad and to the extent it seeks the discovery of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. CCI also objects to the term "communications" as undefined and vague.

Moreover, CCI objects to the extent this request seeks information protected by the attorney work-product doctrine, attorney-client and/or joint-defense privileges and to the extent this request seeks information cumulative or duplicative of information that has been or will be produced.

In addition, CCI objects to this request on the basis that

of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

Subject to and without waiving the foregoing objections as CCI understands this request, it responds that it will produce responsive, non-privileged, non-cumulative documents, if any, located after a reasonable search at an agreed upon time and place subject to entry of a Stipulated Protective Order.

**RPD No. 6 and Basis Therefore**

**CCI's Response**

*Every document which the Carlson Defendants contend is evidence that an airline was responsible for imposing, charging, or passing on the fuel-related fees specified in the Definitions above.*

RPD No. 6 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence relevant or lead to evidence relevant to Defendants' liability on Lofton's claims. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the basis that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

CCI objects to this request on the basis that it is overly broad, and to the extent it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. CCI also objects to this request to the extent that it seeks information that is duplicative or cumulative of information that has been produced or will be produced.

In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party. Furthermore, this request is duplicative and unnecessary as Plaintiff has propounded this request on CTNA and CTG.

Subject to and without waiving the foregoing objections, as CCI understands this request, CCI responds that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so. Therefore CCI does not have any non-privileged information or documents responsive to the request.

| **RPD No. 7 and Basis Therefore** | **CCI's Response** |
|---|---|
| *Every document which the Carlson Defendants contend is evidence that purchase price of the tickets identified in the answer to Interrogatory No. 1 was the lowest fare available at the time the ticket was purchased.*<br><br>RPD No. 7 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence relevant or lead to evidence relevant to Defendants' liability on Lofton's claims. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery. | Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.<br><br>CCI objects to this request on the basis that it is overly broad, and to the extent it seeks the discovery of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. CCI also objects to this request to the extent that it seeks information that is cumulative or duplicative of information that has been or will be produced. CCI objects to the terms "purchase price," "tickets", "lowest fare available" and "purchased" as undefined.<br><br>In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG. CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.<br><br>Subject to and without waiving the foregoing objections, as CCI understands this request, CCI responds that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so. Therefore CCI does not have any non-privileged information or documents responsive to the request. |
| **RPD No. 8 and Basis Therefore** | **CCI's Response** |
| *Every document related to changes or alterations made to webpage* Program Details, *at https://wwwa.managereward sonline.com/RMSapp/Ctl/lin k?eid=F61D305B.*<br><br>RPD No. 8 is consistent with | Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity |

Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence relevant or lead to evidence relevant to, *inter alia*, personal jurisdiction, Defendants' liability on Lofton's claims, and particularly Defendants' knowledge or understanding that the content of the Program Details tended to render them liable to Lofton's claims. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

**RPD No. 9 and Basis Therefore**

*For the sake of clarity, every document related to any communications about changes or alterations made to webpage Program Details, at http://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.*

RPD No. 9 is consistent with Fed. R. Civ. P. 26(b)(2) because it reasonably should provide evidence relevant or lead to evidence relevant to, *inter alia*, personal jurisdiction, Defendants' liability on Lofton's claims, and particularly Defendants' knowledge or understanding that the content of the Program Details tended to render them liable to Lofton's claims. To the best of Lofton's knowledge, the value and importance of this evidence outweighs any burden or expense which CCI bears in producing this discovery.

or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

CCI objects to this request on the basis that it is overly broad, unduly burdensome, and to the extent it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. CCI further objects that the terms "changes" or "alterations" are undefined and vague.

Subject to and without waiving its objections, as CCI understands this request, it states that it does not own, administer or manage the above-listed web page, and therefore CCI does not have any non-privileged information or documents responsive to the request.

**CCI's Response**

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

CCI objects to this request as overly broad, unduly burdensome and to the extent it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. CCI also objects to the terms "communications," "for the sake of clarity," "changes" and "alterations" as vague, ambiguous, and undefined.

Subject to and without waiving its objections, as CCI understands this request, it states that CCI does not own, administer or manage the above-listed web page, and therefore CCI does not have any non-privileged, responsive information or documents.

1

2    **RPD No. 10 and Basis          CCI's Response**
     **Therefore**

3

4    *Documents sufficient to               Subject to the foregoing Preliminary Statement and
     demonstrate the ownership,      General Objections, which are incorporated herein by
5    legal structure, and extent of  reference, CCI objects to this request on the basis that the
     Carlson Companies, Inc.'s       Court lacks personal jurisdiction over CCI. CCI objects to this
6    control over Carlson Travel     request as not relevant on the bases that: 1) it has never
     Group, Inc.*                    directed, managed, or handled any travel arrangements on
7                                     behalf of WorldPoints credit card holders, nor has it directed
     RPD No. 10 is consistent        any entity or person to do so; 2) it does not purchase or obtain
8    with Fed. R. Civ. P. 26(b)(2)   airline tickets on behalf WorldPoints credit card holders, nor
     because it reasonably should    has it directed any entity or person to do so; and 3) it does not
9    provide evidence relevant or    impose, process, assess or charge any fuel related fees or any
     lead to evidence relevant to,   other fees on WorldPoints card holders, nor has it directed any
10   *inter alia*, personal          entity or person to do so.
     jurisdiction, CCI's                   CCI objects to this request on the basis that it is overly
11   involvement in and control      broad as to time. CCI also objects to this request to the extent
     over the events alleged in the  that it seeks information duplicative or cumulative of
12   Complaint and its potential     information that has been or will be produced. CCI also objects
     liability arising from such     to the terms "ownership," "legal structure," and "control" as
13   involvement and control. To     vague and undefined.
     the best of Lofton's                  Subject to and without waiving the foregoing
14   knowledge, the value and        objections, as CCI understands this request, it states that it does
     importance of this evidence     not currently have an ownership interest or control over CTG.
15   outweighs any burden or         CCI will produce responsive, non-privileged, non cumulative
     expense which CCI bears in      documents for the relevant period of time during which CCI
16   producing this discovery.       had an ownership interest in CTG, if any, located after a
                                      reasonable search at an agreed upon time and place subject to
17                                    entry of a Stipulated Protective Order.

18

19

20

21

22

23

24

25

26

27

28