1
2
3
4
5
6
7
8

Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

9   *Counsel for Plaintiff*

10
11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

12
13

JOHN LOFTON, an individual, on his own behalf
and on behalf of all others similarly situated,

14          Plaintiff

15          v.

16
17
18
19

BANK OF AMERICA CORPORATION, FIA
CARD SERVICES, N.A., a national banking
association, CARLSON COMPANIES, INC., a
Minnesota corporation, CARLSON TRAVEL
NETWORK ASSOCIATES, INC., a Minnesota
corporation, and CARLSON TRAVEL GROUP,
INC. a California corporation, and DOES 1 to
100,

20          Defendants.

No. 07-05892 (SI)

Judge Susan Illston

**DECLARATION OF ETHAN
PRESTON IN SUPPORT OF
PLAINTIFF JOHN LOFTON'S
MOTION TO COMPEL
DISCOVERY RESPONSES FROM
CARLSON COMPANIES, INC.**

Date: May 2, 2008
Time: 9:00 a.m.
Location: Courtroom 10, 19th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

21
22
23
24
25
26
27
28

Pursuant to 28 U.S.C.§ 1746, I, Ethan Preston, hereby declare and state as follows:

1.    I am an attorney admitted to practice in the state of Illinois, and represent Plaintiff in the above-titled action. I am entering this declaration pursuant to Federal Rule 37(a)(1) in support of the attached Motion to Compel. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

**CCI's Prior Delays of Discovery**

2.    On November 20, 2007, Lofton filed his Complaint against the Defendants.

3.    The case was initially assigned to the Honorable Magistrate Elizabeth D. Laporte. The same day, the Court entered an Order setting initial case management conference date for February 26, 2008, and set the last day to "complete initial disclosures" as February 19, 2008 under the "[g]overning Rule" 26(a)(1).

4.    On December 20, 2007, Carlson Companies, Inc. ("CCI") and Carlson Travel Group, Inc. ("CTG") stipulated to completing "a conference pursuant to Rule 26(f) by January 7, 2008."

5.    On December 26, 2007, FIA Card Services, N.A. and Bank of America Corp. (collectively, the "Bank Defendants") stipulated to completing a Rule 26(f) conference by January 18, 2008." This stipulation was served on CCI and CTG via ECF that same day.

6.    On January 5, 2008, Lofton's counsel sent an email with detailed agenda for the January 7 Rule 26(f) conference to CCI's counsel.

7.    Lofton's counsel and CCI's counsel held a Rule 26(f) conference on January 7, 2008. At the conference, CCI's counsel adopted the position that the January 7 conference was not a valid Rule 26(f) conference, because the Bank Defendants did not participate. CCI's counsel disclosed this position for the first time during the January 7 conference – although it knew that the Bank Defendants

were not attending the conference on December 26, 2007.

8.    On January 8, Lofton served his first set of interrogatories, first set requests for admission, and first set of requests for production of documents on CCI and CTG. True and correct copies of Lofton's first set of interrogatories and requests for production of documents are attached as Exhibits 1 and 2.

9.    On January 9, Lofton proposed setting another Rule 26(f) conference on January 10 and invited the Bank Defendants to participate. CCI's counsel ultimately declined to participate in a January 10 conference.

10.    Lofton held another Rule 26(f) conference with CCI, CTG, and the Bank Defendants on January 18. CCI communicated to Lofton that it would consider the service of Lofton's discovery effective as of January 18.

11.    Under Rule 26(a)(1)(C), the parties were required to make their Rule 26(a) disclosures within 14 days of their Rule 26(f) conference. Even assuming that Lofton's Rule 26(f) conference was not held until January 18, CCI's Rule 26(a) disclosures were due on February 1 under Rule 26(a)(1)(C).

12.    On January 31, 2008, CCI's counsel sent correspondence which indicated its position that the default 14 day deadline under Rule 26(a)(1)(C) did not apply, because the Court's November 20, 2007 order (*see* Paragraph 3, *supra*) independently set the deadline for initial disclosures on February 19.

13.    On February 18, CCI's counsel requested a two week extension for its Rule 26(a) disclosures. Lofton's counsel granted CCI until February 22 to produce its disclosures. CCI did not serve its Rule 26(a) disclosures until February 26.

14.    Assuming that service of Lofton's discovery was not effective until January 18, CCI's discovery responses were due on February 18. On February 18, CCI's counsel requested a two week extension on Lofton's January 8 discovery requests – until March 3. Lofton's counsel granted that request on the condition that CCI represent that it was "working diligently towards a good-faith response to our discovery requests." CCI's counsel indicated that it was

"diligently working towards responding to your discovery requests," and gave no indication that it would be filing a Motion to Dismiss shortly.

15.     On February 20, 2008, CCI filed its Motion to Dismiss.

16.     On February 25, CCI's counsel sent an email which stated that, "in light of our objections to jurisdiction and the fact that we are not the administrator of the WorldPoints Travel Rewards Program," Lofton's counsel should anticipate that CCI's responses "will most likely be limited."

17.     Lofton's counsel filed a notice change of address for its Chicago office with the Court in this case on February 29.

18.     On March 7, Lofton's counsel emailed CCI's counsel to remind it of the change of address and to inquire about the status of CCI's responses to Lofton's discovery.

19.     The same day, CCI's counsel email CCI's responses to Lofton's counsel. CCI's responses indicate that they were served on the old address for Lofton's counsel's Chicago office on March 4. True and correct copies of CCI's responses to Lofton's first set of interrogatories and requests for production of documents are attached as Exhibits 3 and 4.

**The Parties Negotiations Regarding a Stipulated Protective Order**

20.     On February 5, Lofton's counsel provided a draft stipulated protective order to CTG's counsel. Lofton's draft protective order was based on Northern District of California's standard protective order.

21.     On March 11, Lofton's counsel circulated a draft stipulated protective order to all Defendants' counsel. Lofton's draft protective order was based on Northern District of California's standard protective order.

22.     On March 19, CTG's counsel circulated an edited version of Lofton's draft stipulated protective order. CTG summarized the changes in an email: "CTG believes that there is no need for a two-tier protective order including an attorneys' eyes only designation. We suggest that a single-tier protective order

protecting 'Confidential' information is appropriate for this matter."

23.  On March 27, Lofton's counsel held a conference with the Bank Defendants' counsel. During the course of that conference, the Bank Defendants' counsel indicated that the Bank Defendants would not, in all likelihood, be able to accept CTG's draft protective agreement because of CTG's edits. The Bank Defendants' counsel indicated that it would contact CTG's counsel about possible compromises.

24.  It is the routine practice of Lofton's counsel to offer to treat produced documents as confidential prior to the entry of a stipulated protective order. To the best of my recollection, Lofton's counsel made this offer during a telephone conference with CCI's counsel at some date prior to the March 12 conference discussed below. I am informed, and on that basis, believe that Lofton's counsel made this offer to CTG's counsel during a March 18 conference. Other than the events which are attested to in the above Paragraphs, Lofton's counsel is not aware of any other action by any Defendant to advance a stipulated protective order.

**Federal Rule 37(a)(1) – Attempt to Conference Regarding Discovery**

25.  The same day, Lofton's counsel emailed CCI's counsel to identify the defect in CCI's discovery responses and to set up a Rule 37 conference on March 10.

26.  Counsel for CCI and Lofton ultimately held a Rule 37 conference on March 12.

27.  Lofton's counsel emailed a summary of the parties' March 12 conference to CCI's counsel that same day. A true and correct copy of Lofton's March 12 email is attached to this Declaration as Exhibit 5. This email accurately represents my recollection of that March 12 conference. The March 12 email reflects that CCI and Lofton eliminated certain discovery disputes, and clarifies Lofton's position on the parties' remaining disputes.

28.  On March 13, CCI responded to Lofton by email. A true and correct copy of CCI's March 13 email is attached to this Declaration as Exhibit 6. CCI's March 13 email clarified CCI's position on the parties' remaining discovery disputes, and also provided an amended response to Lofton's requests for production of documents

and interrogatories.

29. On March 14, Lofton replied to CCI by email. A true and correct copy of Lofton's March 14 email is attached to this Declaration as Exhibit 7. Lofton indicated that he would "temporarily forebear filing a motion to [compel] at the present time, in reliance on CCI's assurances that it is working to produce additional discovery in good faith." Lofton further sought CCI's voluntary cooperation in clarifying CCI's position on whether it had a legal right to obtain documents from CTG and providing any documentation that supported its position.

30. On March 21, CCI responded to Lofton by email. A true and correct copy of CCI's March 21 email is attached to this Declaration as Exhibit 8. In relevant part, this email indicated that CCI had "the right to demand the responsive documents from CTG, [but] cannot produce them without involving CTG in the process."

31. On March 22, Lofton replied to CCI by email. A true and correct copy of Lofton's March 22 email is attached to this Declaration as Exhibit 9. In relevant part, this email stated Lofton's counsel had been

> left with the distinct impression that neither CTG nor CCI has provided a straightforward explanation of their arrangement with respect to the responsive records, and do not intend to provide a straightforward explanation absent motions practice. Lofton's forebearance in filing his Motion to Compel was, in part, an opportunity for CCI and Lofton to demonstrate some good faith cooperation and begin to build some trust. I encourage CCI to promptly, clearly, and fully explain any limitations on its ability to produce responsive documents, and to provide any documents which support this explanation.

32. On March 25, CCI responded to Lofton by email. A true and correct copy of CCI's March 25 email is attached to this Declaration as Exhibit 10. In relevant part, this email stated that CCI cannot produce the documents belonging to CTG without CTG's involvement.

> While [CCI is] working with CTG's counsel . . . to produce the documents in the most expeditious manner possible . . . CTG will not produce any documents until there is a protective order in place. CCI has produced all documents in its possession that are responsive to Plaintiff's first set of discovery.

33. Lofton received three pages of documents from CCI on March 27 which

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

purport to be responsive to Lofton's request for production of documents No.

10. The documents consist of a stock certificate for CTG, CCI's 1989 purchase

agreement for CTG, and an organizational chart which reflects CCI's

ownership of CTG. These documents do not provide sufficient information to

identify form, nature, or extent of CCI's control over CTG at the present time.

34.    I declare under penalty of perjury, that the foregoing is true and correct.

Pursuant to Section X of the Northern District of California's General Order No. 45 on electronic case filing and 28 U.S.C.§ 1746, in lieu of Ethan Preston's signature on this declaration, Alan Himmelfarb attests that Ethan Preston is the signatory of this declaration, and that Ethan Preston concurred to this declaration on March 28, 2008.

DATE:  March 28, 2008

s/Alan Himmelfarb_____
ALAN HIMMELFARB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 1

1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com

9  Scott Kamber
   KAMBEREDELSON LLC
10 11 Broadway, 22d Floor
   New York, NY 10004
11 Telephone: (212) 920-3072
   Fax: (212) 202-6364
12 skamber@kamberedelson.com

13 *Attorneys for John Lofton*

14          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                SAN FRANCISCO DIVISION

16 JOHN LOFTON, an individual, on his own behalf     No. 07-05892 (MJJ)
   and on behalf of all others similarly situated,
17                                                   Judge Martin J. Jenkins
18              Plaintiff
                                                     **PLAINTIFFS' FIRST SET OF**
19        v.                                         **INTERROGATORIES TO**
                                                     **CARLSON DEFENDANTS**
20 BANK OF AMERICA CORPORATION, FIA
   CARD SERVICES, N.A., a national banking
21 association, CARLSON COMPANIES, INC., a
   Minnesota corporation, CARLSON TRAVEL
22 NETWORK ASSOCIATES, INC., a Minnesota
   corporation, and CARLSON TRAVEL GROUP,
23 INC. a California corporation, and DOES 1 to
   100,
24
                Defendants.
25

26

27

28

Plaintiffs' First Set of Interrogatories                          No. 07-05892 (MJJ)

**Instructions:**

The Carlson Defendants shall answer these Interrogatories in a manner that is consistent with their duties under Federal Rules 26 and 34. The following instructions do not limit the scope of the Carlson Defendants' obligations under the Rules, but are merely meant to remind or inform the Carlson Defendants of these duties and to provide examples of compliance those duties.

**A.    Definitions**

With respect to these Interrogatories,

1.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

2.    "Carlson Defendants" means Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc., their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Carlson Defendants" in these Interrogatories refer to the persons in the preceding sentence.

3.    The term "identify" means, with respect to any employee or agent of the Carlson Defendants, to state as much of the following information as is possible: their name, work address, home address, work telephone number, home telephone number, Social Security number, employer and title and/or department within that employer.

4.    The term "identify" means, with respect to any other person, to state as much of the following information as is possible: their name, address, and the last four digits of their credit card number, to the extent it is known or possible to learn it.

5.    The term "identify" means, with respect to any airline ticket, to state as much of the following information as is possible: the airline flight, the passenger and/or purchaser of the ticket, the date of the flight, the date of the ticket was purchased, the purchase price (individually listing any separate surcharges, charges, or fees) and as well as any other designation(s) that the Carlson Defendants use to uniquely identify any particular ticket.

6.    "WorldPoints" means the credits towards various benefits accrued under the *Program Details* attached as Exhibit 2 to Ethan Preston's Declaration in Support of a Motion for Preliminary Injunction and/or the webpage at FIA Card Services, *Program Details*, Travel Rewards, *at* https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B (2007).

**B.    Certification**

Each of these Interrogatories shall be answered separately, and every answer shall be

signed under oath to the extent there is no objection. Pursuant to Rule 26(g), those signing the answers to these Interrogatories must certify that, to the best of its knowledge, information, and belief, formed after a reasonable inquiry, Defendants' answers to these Interrogatories are complete and correct as of the time they are made. Plaintiffs' counsel believes that it will help to avoid, minimize and/or quickly resolve disputes over compliance with Rule 26(g) if Defendants' answers to these Interrogatories identify who answered each Interrogatory, and indicate what that person did to investigate their answer to the Interrogatory to ensure that the answer provided was complete and correct.

If any Interrogatory cannot be answered in full after exercising due diligence to secure the information with which to do so, the answer should response to as much of the Interrogatory as possible but then expressly indicate the extent to which the answer is incomplete. The answer should also state with specificity why Defendants are unable to provide a complete response, and state whatever knowledge or information presently is available concerning the unanswered portion of the answer.

## C.    Supplementation

Under Rule 26(e), the Carlson Defendants have a duty to supplement and/or amend their answers to these Interrogatories within a reasonable period of time if it receives information from which one could reasonably claim that its prior answers were incomplete, incorrect, or were correct at the time of the answer but no longer correct.

## D.    Objections

Any objections to these Interrogatories must conform to Rule 26(a)(5)(A) and Rule 33(b)(4). Any grounds for objection that is not stated in a timely objection will be waived. If Defendants refuse answer Interrogatories under a claim of privilege or protection as trial-preparation material, Defendants shall make the claim expressly in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection.

### **Plaintiff's First Set of Interrogatories**

1. Identify each ticket which a California resident purchased (in whole or in part) with

redeemed WorldPoints through any of the Carlson Defendants since November 20, 2003.

2. For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose purchase price included any fee which was designated as fuel-related.

3. For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose purchase price included any fee that was not imposed by the airline.

4. Identify each employee or agent of any of the Carlson Defendants who was involved in the purchase of the tickets identified in the answer to Interrogatories No. 2 and 3.

5. Specifically describe every fact which the Carlson Defendants believe may support or contradict their opposition to the Plaintiff's Motion for Preliminary Injunction.

6. If the Carlson Defendants' answer to any of Plaintiff's Requests for Admission asserts a lack of information as a basis for failing to admit such Requests, indicate the efforts to obtain the information with specificity, including what efforts were made, which persons were involved in the efforts, and when the efforts were made.

Dated: January 8, 2008

By:_____

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Attorneys for John Lofton*



Exhibit 2

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

Scott Kamber
KAMBEREDELSON LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kamberedelson.com

*Attorneys for John Lofton*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100,<br><br>Defendants. | No. 07-05892 (MJJ)<br><br>Judge Martin J. Jenkins<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**Instructions:**

Defendants shall produce documents in response to these Requests in a manner that is consistent with their duties under Federal Rules 26 and 34. The following instructions are meant to remind or inform Defendants of Plaintiffs' expectations regarding Defendants' compliance with these Rules and to provide examples of such compliance, and do not limit the scope of Defendants' obligations under the Rules.

A.      **Definitions**

With respect to these Requests,

1.  The term "document" includes any communication, data, information, or expression which can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, from any tangible medium now known or later developed.

2.  The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

3.  The term "all" means every document known or which can be discovered by diligent efforts.

4.  The terms "refer" or "relate" mean constituting, manifesting, containing, incorporating, reflecting, evidencing, pertaining, referring, indicating, showing, describing, discussing, mentioning, computing and/or concerning.

5.  The term "string" means a particular sequence of characters, including letters, numerals, symbols and punctuation marks.

6.  "Carlson Defendants" means Carlson Companies, Inc., Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc., their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Carlson Defendants" in these Interrogatories refer to the persons in the preceding sentence.

7.  "Fuel-related fee" means the "fuel-related" fee included in the purchase price of those tickets identified in the answer to Plaintiff's Interrogatory No. 2 to the Carlson Defendants.

B.      **Scope**

The Carlson Defendants' response to these Requests shall include all documents which the Carlson Defendants control or are otherwise available to them. For the sake of clarity, the Carlson Defendants are reminded that this means that their response to these Requests shall include all documents which are under the control or otherwise available to "Carlson

Defendants" means Carlson Companies, Inc.. Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc. their respective agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of them, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

**C.  Electronic Documents**

Pursuant to Federal Rule of Civil Procedure 34(a)(2), the Carlson Defendants shall produce in their response to these Requests each electronic or electronically stored document in a form that precisely replicates all the original documents' data and metadata (including both application-specific metadata, such as File Properties for Microsoft Word .doc files, and file system metadata, such as the date of creation, modification, access, file attributes, file permissions).

With respect to each such document produced, pursuant to Rule 34(a)(1), the Carlson Defendants shall translate or transform the document into reasonably usable form, provided that it also preserves or separately provides the documents' metadata to Plaintiffs' counsel. By way of example, text might be provided as plain text or Microsoft Word .doc files, databases should be produced in either Microsoft Assess format or Commodore Delimited ASCII, spreadsheets should be produced as Microsoft Excel, and presentations should be produced as Microsoft PowerPoint.

In the alternative, the Carlson Defendants may provide Plaintiffs' counsel access to the means by which the Carlson Defendants used to access, create, and/or review that document, unless the same is readily available to Plaintiffs' counsel. For instance, if a document is found in a proprietary database or an obscure file format, the Carlson Defendants would provide Plaintiffs' counsel access to that proprietary database program or the application which created the file.

**D.  Certification**

Pursuant to Rule 26(g), the Carlson Defendants' counsel must certify that, to the best of its knowledge, information, and belief, formed after a reasonable inquiry, the Carlson

Defendants' response to these Requests is complete and correct as of the time it is made.

Plaintiffs' counsel believes that the protocol below will help to avoid, minimize and/or quickly resolve disputes over compliance with Rule 26(g). Consequently, Plaintiffs ask that the Carlson Defendants describe in their response these Requests:

1. the method(s) they used to identify and/or locate the document (including, by way of example, the search strings used in Windows Desktop Search to locate responsive electronic documents);

2. the street address of the property where the document was found;

3. the identity of the individual responsible for the maintenance, storage, security, and/or management of the document (including name, last known address, and job title/description);

4. for each electronic or electronically stored documents,

   a) the medium in which the document was stored (by way of example, desktop computer, email server, tape, Blackberry or other PDA, detached or external hard drive, CD, DVD, flash drive, floppy disk, the RAM of a printer or other peripheral device, etc.), as well as

   b) any identification for the storage device (by way of example, hostnames, domain names, network addresses, hard drive serial numbers, etc. for computers, and serial numbers or labels for tapes, PDAs, CDs, DVDs, flash drives, floppy disks);

   c) the file system used to store the electronic Document (by way of example, FAT, NTFS, ZFS, or ext3); and

   d) the method or protocol used to reproduce the document.

If any Request cannot be answered in full after exercising due diligence to secure the information with which to do so, the response should provide as many responsive documents as possible but then expressly indicate the extent to which the response is incomplete. The response should also state with specificity why the Carlson Defendants are unable to provide a complete response, and state whatever knowledge or information presently is available concerning the unanswered portion of the request.

**E.    Supplementation**

Under Rule 26(e), the Carlson Defendants have a duty to supplement and/or amend its responses to this Request within a reasonable period of time if they receive information from which one could reasonably claim that their prior responses were incomplete, incorrect, or were correct at the time of the response but no longer correct.

**F.    Objections**

Any objections to this Request must conform to Rule 26(a)(5)(A) and Rule 34(b). If documents are withheld under a claim of privilege or protection as trial-preparation material, the Carlson Defendants shall make the claim expressly and shall describe the nature of the withheld documents (and, if applicable, the external circumstances which ATI claims support the application of such privilege) in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection.

## **Plaintiff's First Set of Requests for Production of Documents**

Please produce:

1. Every document which the Carlson Defendants believe may support or contradict each of their answers to Plaintiff's First Set of Requests for Admission that is not an unqualified admission.

2. Every document which the Carlson Defendants believe may support or contradict each of their answers to Plaintiff's First Set of Interrogatories.

3. Every document which the Carlson Defendants believe may support or contradict their opposition to the Plaintiff's Motion for Preliminary Injunction.

4. Every contract or agreement between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.

5. Every document relating to communications regarding the above-captioned litigation between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.

6. Every document which the Carlson Defendants contend is evidence that an airline was responsible for imposing, charging, or passing on the fuel-related fees specified in the Definitions above.

7. Every document which the Carlson Defendants contend is evidence that purchase price of the tickets identified in the answer to Interrogatory No. 1 was the lowest fare available at the time the ticket was purchased.

8. Every document related to changes or alterations made to webpage *Program Details*, at https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

9. For the sake of clarity, every document related to any communications about changes or alterations made to webpage *Program Details*, at https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

10. Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson Companies, Inc.'s control over Carlson Travel Group, Inc.

11. Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson Companies, Inc.'s control over Carlson Travel Network Associates, Inc.

Dated: January 8, 2008

By:

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Attorneys for John Lofton*

**CERTIFICATE OF SERVICE**

Pursuant to 28 U.S.C.§ 1746, I hereby certify that a copy of the foregoing Plaintiff's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents was this date served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of the same to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

Abraham J. Colman
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

*Attorneys for Bank of America Corp., and FIA Card Services, N.A.*

Elizabeth D. Le
Robins, Kaplan, Miller & Ciresi, LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208

*Attorneys for Carlson Companies, Inc. Carlson Companies, Inc.. Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc.*

Date:          January 8, 2007

By:
ETHAN PRESTON

Certificate of Service                                           No. 07-05892 (MJJ)



Exhibit 3

1  Martin R. Lueck (MN Bar No.155548)
   Emmett J. McMahon (Admitted *pro hac vice*)
2  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
   2800 LaSalle Plaza
3  800 LaSalle Avenue
   Minneapolis, MN 55402
4  Telephone:    612-349-8500
   Facsimile:     612-339-4181
5  E-mail:        mrlueck@rkmc.com
                  ejmcmahon@rkmc.com
6

7  Elizabeth D. Le (CA Bar No. 216182)
   **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
8  2049 Century Park East, Suite 3400
   Los Angeles, CA  90067-3208
9  Telephone:    310-552-0130
   Facsimile:     310-229-5800
10 E-mail:        edle@rkmc.com

11 Attorneys for Defendant
   CARLSON COMPANIES, INC.
12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16

17 JOHN LOFTON, an individual, on his own        Case No.  CV 07-05892 SI
   behalf and on behalf of all others similarly
18 situated,                                     [Assigned to the Hon. Susan Illston]

19                 Plaintiff,                    **DEFENDANT CARLSON COMPANIES,**
                                                 **INC.'S RESPONSES TO PLAINTIFF'S**
20 v.                                            **FIRST SET OF INTERROGATORIES TO**
                                                 **CARLSON DEFENDANTS**
21 BANK OF AMERICA CORPORATION,
   FIA CARD SERVICES, N.A., a national
22 banking association, CARLSON
   COMPANIES, INC., a Minnesota
23 corporation, CARLSON TRAVEL
   NETWORK ASSOCIATES, INC., a
24 Minnesota corporation, and CARLSON
   TRAVEL GROUP, INC., a California
25 corporation, and DOES 1 to 100,

26                 Defendants.

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Defendant Carlson Companies, Inc. ("CCI") hereby responds to Plaintiff John Lofton's First Set of Special Interrogatories as follows:

**PRELIMINARY STATEMENT**

Discovery has not yet been completed in this case. CCI reserves the right to amend or supplement its responses herein if necessary at a later date and to use subsequently discovered information and/or documents known but whose specific relevancy, significance or applicability has not yet been ascertained. The fact that CCI has answered or objected to any Interrogatory is not an admission that CCI accepts or admits the existence of any "facts" or statements set forth or assumed in the Interrogatory. CCI's responses are made without in any way intending to waive or relinquish objections that could be asserted prior to, during, or after trial, including but not limited to, its right to:

1. Raise all questions regarding authenticity, foundation, relevancy, materiality, privilege, and admissibility of evidence for any purpose as to any information and/or documents provided or referred to in response to Plaintiff's First Set of Interrogatories, which may arise in any subsequent proceeding in, or the trial of, this or any other actions;

2. Object on any grounds to the use of said information and/or documents provided or referred to in response to Plaintiff's First Set of Interrogatories in any subsequent proceeding in or at the trial of this or any other action;

3. Object on any grounds to the introduction into evidence of said information and/or documents provided or referred to in response to Plaintiff's First Set of Interrogatories; and

4. Object on any grounds at any time to other document requests, other discovery or the subject matter thereof.

Furthermore, CCI's responses herein shall not be construed as admissions of liability, or of any contention asserted by Plaintiff, either express or implied.

**GENERAL OBJECTIONS**

These General Objections and Objections to Definitions and Instructions are referred to as "General Objections" and are incorporated by reference into each of CCI's Objections and Answers as if set forth in full. CCI makes the following General Objections to each and every

- 2 -

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES [CV 07-05892 SI]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    one of Plaintiff's Interrogatories that apply as appropriate to the definitions, instructions, and/or

2    interrogatories found therein:

3        1.    CCI objects to all of Plaintiff's definitions and instructions to the extent that they

4    exceed or attempt to impose upon CCI a burden greater than that required by the Federal Rules of

5    Civil Procedure, the Local Rules of the Northern District of California, and/or any other order or

6    ruling by the Court in this action.  CCI will comply with the Federal Rules of Civil Procedure, the

7    Local Rules of the Northern District of California, the Pretrial Scheduling Order, and any other

8    order or ruling by the Court in this action.

9        2.    CCI objects the Plaintiff's definitions of "identify" in section A of its Instructions

10   as overly broad and unduly burdensome.

11       3.    CCI objections to Plaintiff's definition of "WorldPoints" in section A of its

12   instructions as vague and further states that providing answers related to this definition does not

13   constitute an admission that the Plaintiff's definition is accurate or intelligible.

14       4.    CCI objects to the definition of "Carlson Defendants" in section A of its

15   instructions to the extent it implies any knowledge, control or involvement on behalf of CCI of

16   the daily business operations of Carlson Travel Network Associates, Inc. (CTNA) and Carlson

17   Travel Group, Inc. (CTG) or any knowledge, control or involvement regarding any actions taken

18   on behalf of CTNA and CTG by those respective entities and persons listed in paragraph 2 of

19   Plaintiff's definitions.  CCI cannot answer on behalf of CTG or CTNA.

20       5.    CCI objects to Plaintiff's Instruction, and in particular section B regarding

21   certification. CCI will comply with its obligations under the Federal Rule of Civil Procedure

22   26(g), which requires that an attorney or party certify that "with respect to a disclosure, it is

23   complete and correct as of the time it is made." CCI objects to Plaintiff's additional request that

24   CCI also identify the person answering each interrogatory and further indicate "what that person

25   did to investigate their answer to the Interrogatory to ensure that the answer provided was

26   complete and correct." Such a request is unduly burdensome, not reasonably calculated to lead to

27   the discovery of admissible evidence, and the expense of which outweighs any purported benefit

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES [CV 07-05892 SI]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    or need. In addition, this request is an attempt to circumvent the limit on the numbers of

2    interrogatories as set forth in the Federal Rules of Civil Procedure or by future order of this Court.

3          6.     CCI objects to each Interrogatory that is vague, ambiguous, indefinite, over broad,

4    unduly burdensome, and/or harassing to the extent that the burden on CCI to search for, gather,

5    and produce such information or documents outweighs the relevancy of such information or

6    documents and to the extent that such information or documents are not likely to lead to the

7    discovery of admissible evidence.

8          7.     CCI objects to each Interrogatory to the extent it seeks information that is not

9    relevant to the claim or defense of any party to the action or is not reasonably calculated to lead to

10    the discovery of admissible evidence.

11          8.     CCI objects to each Interrogatory that seeks discovery or information or

12    production of documents or things that are in the public domain and therefore of no greater

13    burden to Plaintiff to obtain than for CCI.

14          9.     CCI objects to Plaintiff's Interrogatories, and to each Interrogatory therein, to the

15    extent that they are compound and are actually multiple discrete Interrogatories on the ground

16    that such Interrogatories are an impermissible effort to circumvent the limit on the number of

17    Interrogatories set by the Court in this action.

18          10.    CCI objects to each Interrogatory to the extent that it seeks to inquire into matters

19    that are protected by the attorney-client privilege, the work product doctrine, the common interest

20    privilege, and/or any other applicable privilege.  The responses to the interrogatories contained

21    herein shall not be construed to include any waiver by CCI of the attorney-client privilege, the

22    work product doctrine, common interest privilege and/or any other applicable privilege or

23    protection.

24                    **RESPONSES TO INTERROGATORIES**

25    **INTERROGATORY NO. 1:**

26         Identify each ticket which a California resident purchased (in whole or in part) with

27    redeemed WorldPoints through any of the Carlson Defendants since November 20, 2003.

28    / / /

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI.  CCI objects to this request on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3)  it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

CCI further objects to this Interrogatory as overly broad, unduly burdensome, and asking for information that is not relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence. CCI objects to the use of the terms "ticket," "resident," and "purchased" as vague and undefined.  CCI further objects to the extent this request seeks personal contact information, which is protected by California's right of privacy.

In addition, CCI objects to this request on the basis that it improperly requests CCI to respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI,  Carlson Travel Network Associates, Inc. (CTNA) and Carlson Travel Group, Inc. (CTG).  CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or on the behalf of any other third party.

Subject to and without waiving the foregoing objections, as CCI understands this Interrogatory, CCI responds that it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so. CCI has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so.  In addition, CCI does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so. (*See* February 20, 2008 Declarations of Wanda K. Cahill (Docket No. 35) and Scott Grinde (Docket No. 34) in Support of CCI's Motion to Dismiss

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  Class Action Complaint for Lack of Personal Jurisdiction.)    CCI, therefore, does not have

2  information responsive to this request.

3  **INTERROGATORY NO. 2:**

4        For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose

5  purchase price included any fee which was designated as fuel-related.

6  **RESPONSE TO INTERROGATORY NO. 2:**

7        Subject to the foregoing Preliminary Statement and General Objections, which are

8  incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

9  personal jurisdiction over CCI.  CCI objects to this request on the bases that: 1) it has never

10  directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

11  holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline

12  tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so;

13  and 3)  it does not impose, process, assess or charge any fuel related fees or any other fees on

14  WorldPoints card holders, nor has it directed any entity or person to do so.

15        CCI further objects to this Interrogatory as overly broad, unduly burdensome, and asking

16  for information that is not relevant to any party's claim or defense, nor reasonably calculated to

17  lead to the discovery of admissible evidence. CCI objects to the use of the terms "ticket,"

18  "purchase price," and "fee" as undefined and therefore vague.

19        In addition, CCI objects to this request on the basis that it improperly requests CCI to

20  respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI,  CTNA and CTG.

21  CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of

22  mind of these Defendants or any other third party, and therefore CCI cannot respond on their

23  behalf or on the behalf of any other third party.

24        Subject to and without waiving the foregoing objections, as CCI understands this

25  Interrogatory, CCI responds that it does not purchase or obtain airline tickets on behalf

26  WorldPoints credit card holders, nor has it directed any entity or person to do so. CCI has never

27  directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

28  holders, nor has it directed any entity or person to do so.  In addition, CCI does not impose,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES [CV 07-05892 SI]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor

2  has it directed any entity or person to do so. (*See* February 20, 2008 Declarations of Wanda K.

3  Cahill (Docket No. 35) and Scott Grinde (Docket No. 34) in Support of CCI's Motion to Dismiss

4  Class Action Complaint for Lack of Personal Jurisdiction.) CCI, therefore, does not have

5  information responsive to this request.

6  **INTERROGATORY NO. 3:**

7  For every ticket identified in the answer to Interrogatory No. 1, identify each ticket whose

8  purchase price included any fee that was not imposed by the airline.

9  **RESPONSE TO INTERROGATORY NO. 3:**

10  Subject to the foregoing Preliminary Statement and General Objections, which are

11  incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

12  personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never

13  directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

14  holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline

15  tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so;

16  and 3)  it does not impose, process, assess or charge any fuel related fees or any other fees on

17  WorldPoints card holders, nor has it directed any entity or person to do so.

18  CCI further objects to this Interrogatory as overly broad, unduly burdensome, and asking

19  for information that is not relevant to any party's claim or defense, nor reasonably calculated to

20  lead to the discovery of admissible evidence. CCI objects to the use of the terms "ticket," "fee,"

21  "purchase price," and "imposed" undefined and therefore vague.

22  In addition, CCI objects to this request on the basis that it improperly requests CCI to

23  respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI,  CTNA and CTG.

24  CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of

25  mind of these Defendants or any other third party, and therefore CCI cannot respond on their

26  behalf or on the behalf of any other third party.

27  Subject to and without waiving the foregoing objections, as CCI understands this

28  Interrogatory, CCI responds that it does not purchase or obtain airline tickets on behalf

- 7 -

1    WorldPoints credit card holders, nor has it directed any entity or person to do so. CCI has never

2    directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

3    holders, nor has it directed any entity or person to do so.  In addition, CCI does not impose,

4    process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor

5    has it directed any entity or person to do so. (*See* February 20, 2008 Declarations of Wanda K.

6    Cahill (Docket No. 35) and Scott Grinde (Docket No. 34) in Support of CCI's Motion to Dismiss

7    Class Action Complaint for Lack of Personal Jurisdiction.) CCI, therefore, does not have

8    information responsive to this request.

9    **INTERROGATORY NO. 4:**

10           Identify each employee or agent of any of the Carlson Defendants who was involved in

11   the purchase of the tickets identified in the answer to Interrogatories No. 2 and 3.

12   **RESPONSE TO INTERROGATORY NO. 4:**

13           Subject to the foregoing Preliminary Statement and General Objections, which are

14   incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

15   personal jurisdiction over CCI.  CCI objects to this request on the bases that: 1) it has never

16   directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

17   holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline

18   tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so;

19   and 3)  it does not impose, process, assess or charge any fuel related fees or any other fees on

20   WorldPoints card holders, nor has it directed any entity or person to do so.

21           CCI further objects to this Interrogatory as overly broad, unduly burdensome, and asking

22   for information that is not relevant to any party's claim or defense, nor reasonably calculated to

23   lead to the discovery of admissible evidence. CCI objects to the use of the terms "tickets,"

24   "agent," "employee," "involved," and "purchase" as undefined and therefore vague.

25           In addition, CCI objects to this request on the basis that it improperly requests CCI to

26   respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI,  CTNA and CTG.

27   CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA1 60154402.1

- 8 -

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES [CV 07-05892 SI]

1  mind of these Defendants or any other third party, and therefore CCI cannot respond on their

2  behalf or on the behalf of any other third party.

3       Subject to and without waiving the foregoing objections, as CCI understands this

4  interrogatory, CCI responds that it does not purchase airline tickets on behalf WorldPoints credit

5  card holders, nor has it directed any entity or person to do so. CCI has never directed, managed,

6  or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it

7  directed any entity or person to do so.  In addition, CCI does not impose, process, assess or

8  charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any

9  entity or person to do so. (*See* February 20, 2008 Declarations of Wanda K. Cahill (Docket No.

10  35) and Scott Grinde (Docket No. 34) in Support of CCI's Motion to Dismiss Class Action

11  Complaint for Lack of Personal Jurisdiction.) Accordingly, there is no individual at CCI involved

12  in obtaining or purchasing airline tickets on behalf of any WorldPoints credit card holder.

13  **INTERROGATORY NO. 5:**

14       Specifically describe every fact which the Carlson Defendants believe may support or

15  contradict their opposition to the Plaintiff's Motion for Preliminary Injunction.

16  **RESPONSE TO INTERROGATORY NO. 5:**

17       Subject to the foregoing Preliminary Statement and General Objections, which are

18  incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

19  personal jurisdiction over CCI.  CCI objects to this request on the bases that: 1) it has never

20  directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

21  holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline

22  tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so;

23  and 3)  it does not impose, process, assess or charge any fuel related fees or any other fees on

24  WorldPoints card holders, nor has it directed any entity or person to do so.

25       CCI further objects to this request on the basis that it improperly requests CCI to respond

26  on behalf of the "Carlson Defendants," which Plaintiff defines as CCI,  CTNA and CTG.  CCI

27  does not represent the interests of Defendants CTNA or CTG, nor does it know the state of mind

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    of these Defendants or any other third party, and therefore CCI cannot respond on their behalf or

2    on the behalf of any other third party.

3          Moreover, CCI objects to the extent this request seeks information protected by the

4    attorney work-product doctrine, attorney-client and/or joint defense privileges and to the extent

5    that the request improperly seeks premature disclosure of information.  The current deadline to

6    file CCI's Opposition to Plaintiff's Motion for Preliminary Injunction is March 13, 2008.  At that

7    time, CCI will set forth non-privileged, responsive information supporting its Opposition to

8    Plaintiff's Motion for a Preliminary Injunction.

9    **INTERROGATORY NO. 6:**

10          If the Carlson Defendants' answer to any of Plaintiff's Requests for Admission asserts a

11    lack of information as a basis for failing to admit such Requests, indicate the efforts to obtain the

12    information with specificity, including what efforts were made, which persons were involved in

13    the efforts, and when the efforts were made.

14    **RESPONSE TO INTERROGATORY NO. 6:**

15          Subject to the foregoing Preliminary Statement and General Objections, which are

16    incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

17    personal jurisdiction over CCI.  CCI objects to this request on the bases that: 1) it has never

18    directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

19    holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline

20    tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so;

21    and 3)  it does not impose, process, assess or charge any fuel related fees or any other fees on

22    WorldPoints card holders, nor has it directed any entity or person to do so.

23          CCI furthermore objects to this request to the extent it is overly broad and asking for

24    information not relevant to any party's claim or defense, nor reasonably calculated to lead to the

25    discovery of admissible evidence.

26          In addition, CCI objects to this request on the basis that it improperly requests CCI to

27    respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI,  CTNA and CTG.

28    CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES [CV 07-05892 SI]

1    mind of these Defendants or any other third party, and therefore CCI cannot respond on their

2    behalf or on the behalf of any other third party.

3         Moreover, CCI objects to the extent this request seeks information protected by the

4    attorney work-product doctrine, attorney-client and/or joint defense privileges.  Subject to and

5    without waiving the foregoing objections, CCI states that consistent with the Federal Rules of

6    Civil Procedure, it has made a reasonable inquiry into the matters requested in Plaintiff's

7    Requests for Admission. If Plaintiff can demonstrate why the information requested in this

8    Interrogatory is relevant and not subject to the attorney-client privilege, work-product doctrine

9    and/or joint defense privilege, CCI will reconsider its response.

10   DATED:  March 4, 2008            **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

11

12                                   By:   /S/ Elizabeth D. Le
                                          Martin R. Lueck
13                                        Emmett J. McMahon
                                          Elizabeth D. Le

14                                   *Attorneys for Defendant Carlson Companies, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES [CV 07-05892 SI]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, Wanda K. Cahill, declare under penalty of perjury under the laws of the United States that I am the Vice President and Associate General Counsel for Carlson Companies, Inc., that I have read the foregoing Defendant Carlson Companies Inc.'s Responses to Plaintiff's First Set of Interrogatories to Carlson Defendants, that statements of facts contained therein, are within my personal knowledge or based upon information provided by other persons at Carlson Companies, Inc. or business records of Carlson Companies, Inc. , that the foregoing Responses are true and correct, and that I am authorized to sign this verification on behalf of Carlson Companies, Inc.

Executed on this 4th day of March, 2008, at Minnetonka, Minnesota.

_Wanda K Cahill_
Wanda K. Cahill

LA 60200807.1

VERIFICATION

**CERTIFICATE OF SERVICE**

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of **DEFENDANT CARLSON COMPANIES, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO CARLSON DEFENDANTS** was served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of the same to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

Alan Himmelfarb, Esq.
KamberEdelson LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
*Attorneys for Plaintiff John Lofton*

Jay Edelson, Esq.
Ethan Preston, Esq.
KamberEdelson LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
*Attorneys for Plaintiff John Lofton*

Scott Kamber, Esq.
KamberEdelson LLC
11 Broadway, 22nd Floor
New York, NY 10004
*Attorneys for Plaintiff John Lofton*

Daniel J. Bergeson, Esq.
Donald P. Gagliardi, Esq.
Bergeson, LLP
303 Almaden Blvd., Suite 500
San Jose, CA 95110
*Attorneys for Defendant Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc.*

S. Edward Sarskas
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
*Attorneys for Defendant Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc.*

Abraham J. Colman, Esq.
Felicia Y. Yu, Esq.
Jordan Yu, Esq.
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
*Attorneys for Defendant Bank of America Corporation and FIA Card Services, N.A.*

Date:   March 4, 2008          By: ___/S/ Elizabeth D. Le_____
                                     ELIZABETH D. LE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 4

1  Martin R. Lueck (MN Bar No.155548)
   Emmett J. McMahon (Admitted *pro hac vice*)
2  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
   2800 LaSalle Plaza
3  800 LaSalle Avenue
   Minneapolis, MN 55402
4  Telephone:    612-349-8500
   Facsimile:    612-339-4181
5  E-mail:       mrlueck@rkmc.com
                 ejmcmahon@rkmc.com
6

7  Elizabeth D. Le (CA Bar No. 216182)
   **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
8  2049 Century Park East, Suite 3400
   Los Angeles, CA 90067-3208
9  Telephone:    310-552-0130
   Facsimile:    310-229-5800
10 E-mail:       edle@rkmc.com

11 Attorneys for Defendant
   CARLSON COMPANIES, INC.
12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16

17 JOHN LOFTON, an individual, on his own    Case No.  CV 07-05892 SI
18 behalf and on behalf of all others similarly
   situated,                                 [Assigned to the Hon. Susan Illston]
19
                   Plaintiff,                **DEFENDANT CARLSON COMPANIES,**
20                                           **INC.'S RESPONSES TO PLAINTIFFS'**
   v.                                        **FIRST SET OF REQUESTS FOR**
21                                           **PRODUCTION OF DOCUMENTS**
   BANK OF AMERICA CORPORATION,
22 FIA CARD SERVICES, N.A., a national
   banking association, CARLSON
23 COMPANIES, INC., a Minnesota
   corporation, CARLSON TRAVEL
24 NETWORK ASSOCIATES, INC., a
   Minnesota corporation, and CARLSON
25 TRAVEL GROUP, INC., a California
   corporation, and DOES 1 to 100,
26
                   Defendants.
27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Defendant Carlson Companies, Inc. ("CCI") hereby responds to Plaintiff John Lofton's First Set of Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

Discovery has not yet been completed in this case. CCI reserves the right to amend or supplement its responses herein if necessary at a later date and to use subsequently discovered information and/or documents known but whose specific relevancy, significance or applicability has not yet been ascertained. The fact that CCI has answered or objected to any Document Request is not an admission that CCI accepts or admits the existence of any "facts" or statements set forth or assumed in the Request. CCI's responses are made without in any way intending to waive or relinquish objections that could be asserted prior to, during, or after trial, including but not limited to, its right to:

1.     Raise all questions regarding authenticity, foundation, relevancy, materiality, privilege, and admissibility of evidence for any purpose as to any information and/or documents provided or referred to in response to Plaintiff's First Set of Request for Production of Documents, which may arise in any subsequent proceeding in, or the trial of, this or any other actions;

2.     Object on any grounds to the use of said information and/or documents provided or referred to in response to Plaintiff's First Set of Request for Production of Documents in any subsequent proceeding in–or at the trial of–this or any other action;

3.     Object on any grounds to the introduction into evidence of said information and/or documents provided or referred to in response to Plaintiff's First Set of Request for Production of Documents; and

4.     Object on any grounds at any time to other document requests, other discovery or the subject matter thereof.

Furthermore, CCI's responses herein shall not be construed as admissions of liability, or of any contention asserted by Plaintiff, either express or implied. Moreover, the production of any documents shall not be construed as an admission of liability, or of any contention asserted by Plaintiff, either express or implied.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA1 60154411.1

- 2 -

CARLSON COMPANIES, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION [CV 07-05892 SI]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## GENERAL OBJECTIONS

These General Objections and Objections to Definitions and Instructions are referred to as "General Objections" and are incorporated by reference into each of CCI's Objections and Answers as if set forth in full. CCI makes the following General Objections to each and every one of Plaintiff's requests that apply as appropriate to the definitions, instructions, and/or requests found therein.

1.    CCI objects to Plaintiff's document requests to the extent that they seek to impose duties or obligations exceeding the requirements and scope of the Federal Rules of Civil Procedures or the Local Rules of this Court.

2.    CCI objects to Plaintiff's document requests to the extent that they seek information protected by the attorney-client privilege, work-product doctrine, or other discovery privilege or immunity.

3.    CCI objects to Plaintiff's document requests to the extent that they seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

4.    CCI objects to Plaintiff's document requests to the extent that they seek confidential and/or proprietary information. Notwithstanding this objection, CCI will produce responsive documents subject to the terms of an acceptable Protective Order entered in this case.

5.    CCI objects to Plaintiff's document requests insofar as they seek documents that are already in the possession of Plaintiff or are readily accessible to Plaintiff, or that purport to impose upon CCI an obligation to search publicly available material when such materials are not otherwise contained in files maintained by CCI. Such an obligation is unreasonable and unduly burdensome.

6.    CCI objects to Plaintiff's document requests to the extent they seek materials that require extensive and unreasonable investigatory work on the part of CCI. Such requests are unduly broad and unreasonably burdensome.

///

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

7.    CCI objects to Plaintiff's document requests to the extent that seek the production of voluminous files of immaterial or marginally relevant documents and information. Such requests are overly broad and unduly burdensome.

8.    CCI objects to the definition of "Carlson Defendants" as set forth in Plaintiff's Instructions, section A, paragraph 6 to the extent the definition implies any knowledge, control or involvement on behalf of CCI of the daily business operations of Carlson Travel Network Associates, Inc. (CTNA) and Carlson Travel Group, Inc. (CTG) or any knowledge, control or involvement regarding any actions taken on behalf of CTNA and CTG by those respective entities and persons listed in paragraph 6 of Plaintiff's definitions. CCI does not represent the interests of CTG or CTNA and cannot answer on their behalf.

9.    CCI objects to Plaintiff's Instructions, and in particular, section B regarding the scope of production. CCI will comply with its obligations under the Federal Rules of Civil Procedure and produce documents that are in its "possession, custody or control." CCI objects to Plaintiff's definition of "otherwise available to them" as overly broad, unduly burdensome and beyond the requirements imposed by the Federal Rules of Civil Procedure.

10.    CCI objects to Plaintiff's Instructions, and in particular, section C regarding the production of electronic documents to the extent the request is overly broad, unduly burdensome, unduly costly or not likely to lead to the discovery of admissible evidence. CCI will comply with its obligations under Federal Rule of Civil Procedure 34(a), which provides for production or inspection of information within the scope of Rule 26(b). Pursuant to Rule 34(a), production of electronic documents within the scope of Rule 26(b) can be "in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." In the alternative the producing party can "permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control." Under the Federal Rules of Civil Procedure, "a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonable accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B) (2008).

11.    CCI objects to Plaintiff's Instruction, and in particular section D regarding certification. CCI will comply with its obligations under the Federal Rule of Civil Procedure 26(g), which requires that an attorney or party certify that "with respect to a disclosure, it is complete and correct as of the time it is made." CCI objects to the "protocol" set forth in section D as abusive, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and the expense of which outweighs any purported benefit or need. In addition, the "protocol" as set forth in paragraph D is an attempt to improperly characterize multiple requests as a document request when in fact these requests are interrogatories. CCI therefore objects to Plaintiff's proposed "protocol" as an improper attempt to circumvent the limit on the numbers of interrogatories as set forth in the Federal Rules of Civil Procedure or by future order of this Court.

12.    CCI objects to Plaintiff's Instruction, and in particular section F. CCI will comply with the obligations under the Federal Rules of Civil Procedure. CCI will provide for the mutual exchange of a log of privileged documents, if any, at a mutual agreed upon time and place. Further, CCI objects to Plaintiff's instruction that it set forth "if applicable, the *external circumstances* which ATI [sic] claims support the application of application of such privilege" as vague, unintelligible and ambiguous.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Every document which the Carlson Defendants believe may support or contradict each of their answers to Plaintiff's First Set of Requests for Admission that is not an unqualified admission.

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request on the basis that it is overly broad and unduly burdensome. CCI also objects to this request to the extent that it seeks information that is cumulative and/or duplicative of information that has been or will be produced. CCI further

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES