1  objects to the extent this request seeks information protected by the attorney work-product

2  doctrine, attorney-client and/or joint defense privileges. CCI also objects that the term

3  "unqualified admission" is not defined and therefore is vague.

4      In addition, CCI objects to this request on the basis that it improperly requests CCI to

5  respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG.

6  CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of

7  mind of these Defendants or any other third party, and therefore CCI cannot respond on their

8  behalf or on the behalf of any other third party.

9      Subject to and without waiving the foregoing objections, as CCI understands this request,

10  it responds that it will produce responsive, non-privileged, non-cumulative documents, if any,

11  located after a reasonable search at an agreed upon time and place subject to entry of a Stipulated

12  Protective Order.

13  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

14      Every document which the Carlson Defendants believe may support or contradict each of

15  their answers to Plaintiff's First Set of Interrogatories.

16  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

17      Subject to the foregoing Preliminary Statement and General Objections, which are

18  incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

19  personal jurisdiction over CCI. CCI also objects to this request to the extent that it seeks

20  information that is cumulative and/or duplicative of information that has been or will be

21  produced. CCI further objects to the extent this request seeks information protected by the

22  attorney work-product doctrine, attorney-client and/or joint defense privileges.

23      In addition, CCI objects to this request on the basis that it improperly requests CCI to

24  respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG.

25  CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of

26  mind of these Defendants or any other third party, and therefore CCI cannot respond on their

27  behalf or on the behalf of any other third party.

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION [CV 07-05892 SI]

1    Subject to and without waiving the foregoing objections, as CCI understands this request,

2    CCI states that it will produce responsive, non-privileged, non-cumulative documents, if any,

3    located after a reasonable search at an agreed upon time and place subject to entry of a Stipulated

4    Protective Order.

5    **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

6    Every document which the Carlson Defendants believe may support or contradict their

7    opposition to the Plaintiff's Motion for Preliminary Injunction.

8    **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

9    Subject to the foregoing Preliminary Statement and General Objections, which are

10   incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

11   personal jurisdiction over CCI. CCI objects to this request on the basis that it is over broad,

12   unduly burdensome and to the extent it seeks information that is duplicative or cumulative of

13   information that has been produced or will be produced. CCI further objects to the extent this

14   request seeks information protected by the attorney work-product doctrine, attorney-client and/or

15   joint defense privileges.

16   In addition, CCI objects to this request on the basis that it improperly requests CCI to

17   respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG.

18   CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of

19   mind of these Defendants or any other third party, and therefore CCI cannot respond on their

20   behalf or on the behalf of any other third party.

21   CCI further objects that this request improperly seeks premature disclosure of

22   information. The current deadline to file CCI's Opposition to Plaintiff's Motion for Preliminary

23   Injunction is March 13, 2008. CCI will set forth facts and evidence sufficient to support its

24   Opposition at that time, and CCI reserves the right to supplement pursuant to the Federal Rules of

25   Civil Procedure.

26   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

27   Every contract or agreement between any of the Carlson Defendants, on the one hand, and

28   FIA Card Services, N.A. and/or Bank of America Corp., on the other hand.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

LOS ANGELES

1  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

2  Subject to the foregoing Preliminary Statement and General Objections, which are

3  incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

4  personal jurisdiction over CCI.  CCI objects to this request on the basis that it is compound,

5  overly broad and to the extent it seeks the discovery of information which is neither relevant to

6  the subject matter of this litigation nor reasonably calculated to lead to the discovery of

7  admissible evidence.  CCI also objects to this request to the extent that it seeks information that is

8  cumulative and duplicative of information that has been or will be produced.  CCI further objects

9  to the phrases "on the one hand" and "on the other hand" as vague, ambiguous, and undefined.

10  In addition, CCI objects to this request on the basis that it improperly requests CCI to

11  respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG.

12  CCI does not represent the interests of Defendants CTNA or CTG and therefore CCI cannot

13  respond on their behalf.

14  Subject to and without waiving the foregoing objections, as CCI understands this request,

15  it responds that it has already produced the responsive contract between CCI and Bank of

16  America Corporation relating to the WorldPoints Travel Rewards Program along with its Motion

17  to Dismiss for Lack of Personal Jurisdiction.

18  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

19  Every document relating to communications regarding the above-captioned litigation

20  between any of the Carlson Defendants, on the one hand, and FIA Card Services, N.A. and/or

21  Bank of America Corp., on the other hand.

22  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

23  Subject to the foregoing Preliminary Statement and General Objections, which are

24  incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

25  personal jurisdiction over CCI.  CCI objects to this request on the basis that it is compound,

26  overly broad and to the extent it seeks the discovery of information which is neither relevant to

27  the subject matter of this litigation nor reasonably calculated to lead to the discovery of

28  admissible evidence.  CCI also objects to the term "communications" as undefined and vague.

1  Moreover, CCI objects to the extent this request seeks information protected by the attorney

2  work-product doctrine, attorney-client and/or joint-defense privileges and to the extent this

3  request seeks information cumulative or duplicative of information that has been or will be

4  produced.

5        In addition, CCI objects to this request on the basis that it improperly requests CCI to

6  respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG.

7  CCI does not represent the interests of Defendants CTNA or CTG, and therefore CCI cannot

8  respond on their behalf or on the behalf of any other third party.

9        Subject to and without waiving the foregoing objections as CCI understands this request,

10  it responds that it will produce responsive, non-privileged, non-cumulative documents, if any,

11  located after a reasonable search at an agreed upon time and place subject to entry of a Stipulated

12  Protective Order.

13  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

14        Every document which the Carlson Defendants contend is evidence that an airline was

15  responsible for imposing, charging, or passing on the fuel-related fees specified in the Definitions

16  above.

17  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

18        Subject to the foregoing Preliminary Statement and General Objections, which are

19  incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

20  personal jurisdiction over CCI.  CCI objects to this request on the basis that: 1) it has never

21  directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

22  holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline

23  tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so;

24  and 3)  it does not impose, process, assess or charge any fuel related fees or any other fees on

25  WorldPoints card holders, nor has it directed any entity or person to do so.

26        CCI objects to this request on the basis that it is overly broad, and to the extent it seeks

27  information which is neither relevant to the subject matter of this litigation nor reasonably

28  calculated to lead to the discovery of admissible evidence.  CCI also objects to this request to the

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

1    extent that it seeks information that is duplicative or cumulative of information that has been

2    produced or will be produced.

3       In addition, CCI objects to this request on the basis that it improperly requests CCI to

4    respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG.

5    CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of

6    mind of these Defendants or any other third party, and therefore CCI cannot respond on their

7    behalf or on the behalf of any other third party. Furthermore, this request is duplicative and

8    unnecessary as Plaintiff has propounded this request on CTNA and CTG.

9       Subject to and without waiving the foregoing objections, as CCI understands this request,

10    CCI responds that: 1) it has never directed, managed, or handled any travel arrangements on

11    behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it

12    does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it

13    directed any entity or person to do so; and 3) it does not impose, process, assess or charge any

14    fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or

15    person to do so. Therefore CCI does not have any non-privileged information or documents

16    responsive to the request.

17 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

18       Every document which the Carlson Defendants contend is evidence that purchase price of

19    the tickets identified in the answer to Interrogatory No. 1 was the lowest fare available at the time

20    the ticket was purchased.

21 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

22       Subject to the foregoing Preliminary Statement and General Objections, which are

23    incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

24    personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never

25    directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

26    holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline

27    tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so;

28

*ROBINS, KAPLAN, MILLER & CIRESI L.L.P.*
ATTORNEYS AT LAW
LOS ANGELES

LA1 60154411.1

- 10 -

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION [CV 07-05892 SI]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   and 3)  it does not impose, process, assess or charge any fuel related fees or any other fees on

2   WorldPoints card holders, nor has it directed any entity or person to do so.

3       CCI objects to this request on the basis that it is overly broad, and to the extent it seeks the

4   discovery of information which is neither relevant to the subject matter of this litigation nor

5   reasonably calculated to lead to the discovery of admissible evidence.  CCI also objects to this

6   request to the extent that it seeks information that is cumulative or duplicative of information that

7   has been or will be produced.  CCI objects to the terms "purchase price," "tickets", "lowest fare

8   available" and "purchased" as undefined.

9       In addition, CCI objects to this request on the basis that it improperly requests CCI to

10  respond on behalf of the "Carlson Defendants," which Plaintiff defines as CCI, CTNA and CTG.

11  CCI does not represent the interests of Defendants CTNA or CTG, nor does it know the state of

12  mind of these Defendants or any other third party, and therefore CCI cannot respond on their

13  behalf or on the behalf of any other third party.

14      Subject to and without waiving the foregoing objections, as CCI understands this request,

15  CCI responds that: 1) it has never directed, managed, or handled any travel arrangements on

16  behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it

17  does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it

18  directed any entity or person to do so; and 3)  it does not impose, process, assess or charge any

19  fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or

20  person to do so. Therefore CCI does not have any non-privileged information or documents

21  responsive to the request.

22  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

23      Every document related to changes or alterations made to webpage *Program Details*, at

24  https://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

25  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

26      Subject to the foregoing Preliminary Statement and General Objections, which are

27  incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

28  personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never

1  directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

2  holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline

3  tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so;

4  and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on

5  WorldPoints card holders, nor has it directed any entity or person to do so.

6       CCI objects to this request on the basis that it is overly broad, unduly burdensome, and to

7  the extent it seeks information which is neither relevant to the subject matter of this litigation nor

8  reasonably calculated to lead to the discovery of admissible evidence. CCI further objects that

9  the terms "changes" or "alterations" are undefined and vague.

10       Subject to and without waiving its objections, as CCI understands this request, it states

11  that it does not own, administer or manage the above-listed web page, and therefore CCI does not

12  have any non-privileged information or documents responsive to the request.

13  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

14       For the sake of clarity, every document related to any communications about changes or

15  alterations made to webpage *Program Details*, at

16  http://wwwa.managerewardsonline.com/RMSapp/Ctl/link?eid=F61D305B.

17  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

18       Subject to the foregoing Preliminary Statement and General Objections, which are

19  incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

20  personal jurisdiction over CCI. CCI objects to this request on the bases that: 1) it has never

21  directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card

22  holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline

23  tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so;

24  and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on

25  WorldPoints card holders, nor has it directed any entity or person to do so.

26       CCI objects to this request as overly broad, unduly burdensome and to the extent it seeks

27  information which is neither relevant to the subject matter of this litigation nor reasonably

28  calculated to lead to the discovery of admissible evidence. CCI also objects to the terms

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION [CV 07-05892 SI]

1    "communications," "for the sake of clarity," "changes" and "alterations" as vague, ambiguous,

2    and undefined.

3        Subject to and without waiving its objections, as CCI understands this request, it states

4    that CCI does not own, administer or manage the above-listed web page, and therefore CCI does

5    not have any non-privileged, responsive information or documents.

6    **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

7        Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson

8    Companies, Inc.'s control over Carlson Travel Group, Inc.

9    **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

10       Subject to the foregoing Preliminary Statement and General Objections, which are

11   incorporated herein by reference, CCI objects to this request on the basis that the Court lacks

12   personal jurisdiction over CCI.  CCI objects to this request as not relevant on the bases that: 1) it

13   has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit

14   card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain

15   airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person

16   to do so; and 3)  it does not impose, process, assess or charge any fuel related fees or any other

17   fees on WorldPoints card holders, nor has it directed any entity or person to do so.

18       CCI objects to this request on the basis that it is overly broad as to time. CCI also objects

19   to this request to the extent that it seeks information duplicative or cumulative of information that

20   has been or will be produced.  CCI also objects to the terms "ownership," "legal structure," and

21   "control" as vague and undefined.

22       Subject to and without waiving the foregoing objections, as CCI understands this request,

23   it states that it does not currently have an ownership interest or control over CTG.  CCI will

24   produce responsive, non-privileged, non cumulative documents for the relevant period of time

25   during which CCI had an ownership interest in CTG, if any, located after a reasonable search at

26   an agreed upon time and place subject to entry of a Stipulated Protective Order.

27   ///

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION [CV 07-05892 SI]

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson Companies, Inc.'s control over Carlson Travel Network Associates, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Subject to the foregoing Preliminary Statement and General Objections, which are incorporated herein by reference, CCI objects to this request on the basis that the Court lacks personal jurisdiction over CCI. CCI objects to this request as not relevant on the bases that: 1) it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders, nor has it directed any entity or person to do so; 2) it does not purchase or obtain airline tickets on behalf WorldPoints credit card holders, nor has it directed any entity or person to do so; and 3) it does not impose, process, assess or charge any fuel related fees or any other fees on WorldPoints card holders, nor has it directed any entity or person to do so.

CCI objects to this request on the basis that it is overly broad as to time. CCI also objects to this request to the extent that it seeks information duplicative or cumulative of information that has been or will be produced. CCI also objects to the terms "ownership," "legal structure," and "control" as vague and undefined.

Subject to and without waiving the foregoing objections as CCI understands this request, it states that it does not currently have an ownership interest or control over CTNA. CCI will produce responsive, non-privileged, non cumulative documents for the relevant period of time during which CCI had an ownership interest in CTG, if any, located after a reasonable search at an agreed upon time and place subject to entry of a Stipulated Protective Order.


DATED:  March 4, 2008                    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**


By:  ___/S/ Elizabeth D. Le_____
       Martin R. Lueck
       Emmett J. McMahon
       Elizabeth D. Le

*Attorneys for Defendant Carlson Companies, Inc.*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LA1 60154411.1

- 14 -

CARLSON COMPANIES, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION [CV 07-05892 SI]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

## VERIFICATION

2      I, Wanda K. Cahill, declare under penalty of perjury under the laws of the United States

3    that I am the Vice President and Associate General Counsel for Carlson Companies, Inc., that I

4    have read the foregoing Defendant Carlson Companies Inc.'s Responses to Plaintiff's First Set of

5    Requests for Production of Documents, that statements of facts contained therein, are within my

6    personal knowledge or based upon information provided by other persons at Carlson Companies,

7    Inc. or business records of Carlson Companies, Inc. , that the foregoing Responses are true and

8    correct, and that I am authorized to sign this verification on behalf of Carlson Companies, Inc.

9      Executed on this 4th day of March, 2008, at Minnetonka, Minnesota.

10

11

12    Wanda K. Cahill

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 60200807.1

VERIFICATION

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**CERTIFICATE OF SERVICE**

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of **DEFENDANT CARLSON COMPANIES, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** was served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of the same to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

Alan Himmelfarb, Esq.
KamberEdelson LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
*Attorneys for Plaintiff John Lofton*

Jay Edelson, Esq.
Ethan Preston, Esq.
KamberEdelson LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
*Attorneys for Plaintiff John Lofton*

Scott Kamber, Esq.
KamberEdelson LLC
11 Broadway, 22nd Floor
New York, NY 10004
*Attorneys for Plaintiff John Lofton*

Daniel J. Bergeson, Esq.
Donald P. Gagliardi, Esq.
Bergeson, LLP
303 Almaden Blvd., Suite 500
San Jose, CA 95110
*Attorneys for Defendant Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc.*

S. Edward Sarskas
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
*Attorneys for Defendant Carlson Travel Network Associates, Inc. and Carlson Travel Group, Inc.*

Abraham J. Colman, Esq.
Felicia Y. Yu, Esq.
Jordan Yu, Esq.
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
*Attorneys for Defendant Bank of America Corporation and FIA Card Services, N.A.*

Date:   March 4, 2008        By:   /S/ Elizabeth D. Le
                                   ELIZABETH D. LE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 5

**From:** Ethan Preston <epreston@kamberedelson.com>
**Reply-To:** epreston@kamberedelson.com
**To:** Le, Elizabeth D. <EDLe@rkmc.com>
**Cc:** Jay Edelson, Esq. <jedelson@kamberedelson.com>
**Subject:** 3/12 conference
**Date:** Wed, 12 Mar 2008 23:20:09 -0500

Dear Liz,

Thank you for a very cordial conversation during our conference this evening; it was very pleasant to speak with you. I believe and hope this evening's conference will be the basis of amicable relations going forward.

**Mediation**
We discussed mediation, and a stay of proceedings pending mediation. You indicated that CCI would be interested in staying proceedings to conduct mediation, if Lofton would stipulate to having CCI's motion to dismiss heard before his motion for preliminary injunction. I indicated that I would check on whether that stipulation was an acceptable to my client and my partners, but could not commit one way or the other. We agreed that it would make sense to stay proceedings once the Court had decided CCI's motion for reconsideration and resolved the sequence of hearings on CCI's motion and Lofton's motion, regardless of what sequence the Court ultimately decided to order. Finally, you indicated CCI would be interested in mediating before Judge Infante (one of the mediators on our list).

**Rule 37 Conference**
Our conference succeeded in narrowing the parties disputes over discovery. With respect to Request for Production of Document No. 10, Lofton conceded that the request should be limited to times between November 2003 and the present. CCI indicated that its attorney-client privilege, joint defense privilege, and work product doctrine objections were not adequately made, and it would prepare a privilege log (to the extent it determined any documents it had were privileged).

A number of disputes persist concerning what the Rules require with respect to Lofton's discovery requests. Lofton intends to file a motion to compel as to these disputes. I indicated that Lofton's preferred procedure is to include the matters identified above in his motion, but to explicitly indicate that the parties had reached and agreement and expected to resolve those issues before the matter was heard by the Court (and so would be withdrawn when they were resolved). You also indicated that CCI would produce certain responsive documents within the next ten days, subject to the resolution of its other objections.

Some of the remaining disputes include CCI's objections that various requests or terms within the requests are vague, ambiguous, undefined, incomprehensible, and/or burdensome. Lofton's position is that these objections are not sufficient because they do not place him on notice as to how the request is defective (and he consequently has no way of cure any such putative defect). The parties also dispute whether or not discovery on facts and documents which CCI will use to support its opposition to Lofton's motion were discoverable prior to the deadline for CCI's opposition brief. Lofton contends that CCI's putative lack of involvement does not excuse it from producing documents and information it nevertheless controls. Also, Lofton contends that CCI cannot condition production of documents on the entry of a protective order (stipulated or otherwise) -- that it is CCI's obligation to obtain a protective order before its discovery deadline.

I understand you were concerned with how I characterized this last issue, and have particularly endeavored to restate the issue here as accurately as I could. CCI's counsel indicated that CTG had certain responsive documents when the lawsuit was filed. The parties do not dispute that CCI had a legal right to demand those documents from CTG prior to the sale of CTG. However, CCI's counsel indicated that CCI did not have the authority to unilaterally produce these documents after the sale of CTG because CCI does not have "sole custody" of the documents. It is the understanding of Lofton's counsel that CCI does not dispute that it lost the legal right to demand these documents from CTG after the sale of CTG. CCI's counsel were quick to point out, however, that CCI distributed Lofton's document preservation letter and had taken precautions to ensure no documents or electronic information were destroyed or deleted. Ultimately, we could not discuss CCI's arrangement with CTG concerning these documents in detail, because counsel had not had an opportunity to investigate the specifics of that arrangement.

This email sets out my best recollection of our conversation. I would appreciate it if you would indicate any points which you believe I have misstated.

Thanks,

Ethan

--

Ethan Preston
KamberEdelson, LLC
53 West Jackson, Suite 550
Chicago, IL 60604
(312) 589-6370

This communication may be confidential and proprietary. The only persons authorized to use this communication are the addressee(s), their agents and attorneys. Any other disclosure or use of this communication's existence, contents, substance, purport, effect, or meaning is prohibited. This communication may be exempted and protected from disclosure as attorney work product, attorney-client privilege, or under other applicable rules and/or laws. If you have received this communication in error, please notify me immediately by return e-mail and destroy this communication and any copies or attachments.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 6

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 3400
2049 CENTURY PARK EAST
LOS ANGELES, CA 90067-3208
TEL: 310-552-0130 FAX: 310-229-5800
www.rkmc.com

ATTORNEYS AT LAW

ELIZABETH D. LE

March 13, 2008

**VIA E-MAIL**

Ethan Preston, Esq.
KamberEdelson, LLC
53 West Jackson Avenue, Suite 550
Chicago, IL  60604

Re:     *Lofton v. Bank of America, et al.*
         **Case No. C07-05892 SI (USDC/N.D. Cal.)**

Dear Ethan:

Thank you for your call and email of yesterday.  This will address some of the issues raised during our conference call and your emails of March 7 and yesterday.

**Mediation**

We discussed Plaintiff's proposal to mediate and stay the case pending mediation during our call.  While you accurately memorialized the majority of our discussion on this issue, there are a few misstatements.  I did indicate that CCI would participate in mediation (and stay the case in the interim) under the following condition:  (1) Plaintiff would stipulate that CCI gets priority on its motion to dismiss for lack of personal jurisdiction ("MTD") over the hearing and related briefing schedule for Plaintiff's Motion for Preliminary Injunction and Class Certification ("MPI"); and (2) the parties mediated before Judge Infante.

However, we did not agree "that it would make sense to stay proceedings once the Court had decided CCI's motion for reconsideration and resolved the sequence of hearings on CCI's motion and Lofton's motion, regardless of what sequence the Court ultimately decided to order." Rather, we disagreed on whether the Court's March 5 Order prioritized CCI's MTD hearing before Plaintiff's MPI hearing.  CCI believes that the March 5 Order is clear in its holding that Plaintiff's MPI and related briefing schedule must be extended to a reasonable time after CCI's MTD had been decided; you believe that it was a scrivener's error.  Therefore, at your suggestion, we agreed to revisit the Plaintiff's mediation proposal after the Court ruled on CCI's Motion for Reconsideration.

Ethan Preston, Esq.
March 13, 2008
Page 2

## CCI's Discovery Responses and Rule 37 Conference

Our meet and confer was successful in narrowing the parties' discovery disputes.  It would appear that the parties should be able to resolve the outstanding issues informally without judicial intervention.  Your email indicates that you will be filing a motion to compel on a number of disputes.  Please clarify which responses you are seeking to compel supplemental responses.  Such a motion would be premature at this juncture and a waste of the Court's and parties' time and expenses.  You've acknowledged that "the parties had reached an agreement and expected to resolve those issues before the matter was heard by the Court (and so would be withdrawn when they were resolved)" and intended to advise the Court of this in your motion.  Such an acknowledgement evidences the premature nature of bringing a motion at this time, especially when CCI is, in good faith, attempting to resolve these issues with Plaintiff informally.  This case is in its infancy.  There is no trial date or discovery cut-off deadline.  The parties have not even agreed upon a discovery plan.  In fact, the parties have yet to conduct their initial Case Management Conference with the Court.  There certainly is no urgency and bringing a motion prematurely will thwart our attempts to resolve this matter without judicial intervention.  Moreover, before any party can produce documents in discovery, it is imperative that first agree upon a discovery plan, particularly electronic discovery protocols.  This will avoid unnecessary expenses in the future.

**Plaintiff's Requests for Production of Documents** - Your email of March 7 challenged the merits of CCI's jurisdictional objection and also indicated that this objection does not excuse CCI's obligation to respond to Plaintiff's discovery.  CCI stands by its jurisdictional objection.  Nonetheless, as I noted during our meet and confer, CCI still provided substantive responses to Plaintiff's requests.

As we discussed yesterday, most of Plaintiff's requests with the exception of Nos. 10 and 11, seek information relating to the WorldPoints Travel Rewards Program (the "Program").  CCI has repeatedly informed Plaintiff, through affidavits and verified discovery responses, that it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints card holders, nor has it directed any entity or person to do so.  It has never purchased airline tickets on behalf of WorldPoints members, nor has it directed any entity or person to do so.  CCI has never imposed, processed, assessed or charged any fuel related fees or any other fees to WorldPoints card holders, nor has it ever directed any entity or person to do so.  Therefore, CCI does not have information responsive to Plaintiff's requests regarding the Program, other than the contract with BofA for July 2006 to June 2007, which was produced with CCI's MTD.  During our call, I explained that any responsive documents relating to the Program belongs to CTG, not CCI.  CCI took the necessary steps to ensure that no documents or electronic information were destroyed or deleted at the inception of this lawsuit.  However, CCI does not have sole control over the documents belonging to CTG, especially since CCI divested its interest it CTG in January.  Therefore, as I advised you, these documents cannot be produced without CTG's involvement.  We will, however, work with CTG's counsel to produce the responsive documents in the most expeditious manner possible.

Ethan Preston, Esq.
March 13, 2008
Page 3

Requests Nos. 1 & 2 – CCI hereby supplements its answers to state that it is not aware of any documents contradicting its answers to the first set of request for admissions and interrogatories. As for documents that support CCI's answers to Plaintiff's requests for admissions and interrogatories, CCI does not have possession of any responsive documents. However, CCI will work with CTG to produce the responsive documents in the most expeditious manner possible.

Request No. 3 - CCI hereby supplements its answer to state that it is not aware of any documents contradicting its anticipated opposition to the pending MPI. As to documents in support of CCI's opposition to the pending MPI, CCI will produce them at the appropriate time with its opposition.

Request No. 4 – CCI maintains its asserted objections and responses. As stated, CCI has already produced all the responsive information within its control along with its MTD. CCI will work with CTG's counsel to produce the responsive documents belonging to CTG, subject to the applicable objections, in the most expeditious manner possible.

Request No. 5 – Notwithstanding our objections, in the spirit of cooperation, CCI will produce all non-privileged documents within its control within the next 10 days to extent there are any. Conversely, if any responsive documents are withheld on the basis of privilege, CCI will produce a privilege log within the next 10 days. With respect to any responsive documents belonging to CTG, CCI will work with CTG's counsel to produce them as expeditiously as possible, subject to the applicable objections.

Request No. 6, 7, 8 – CCI maintains the objections asserted in its responses. As we discussed yesterday, CCI does not have documents responsive to these request in its possession, and hereby amends its response accordingly. You indicated that a formal supplemental response was not necessary and that an email was sufficient in the interest of saving trees. If there are responsive documents belonging to CTG, CCI will work with CTG's counsel to produce them as expeditiously as possible, subject to the applicable objections.

Request No. 10 – Plaintiff agreed in our meet and confer that this request is overbroad as to time and that Plaintiff would narrow the scope of this request. However, the scope of November 2003 to the present that you propose in your email is still overbroad. The alleged transactions took place in October of 2007. CCI fails to understand how and why information for the years 2003 or 2004 is relevant to subject matter of the litigation or likely to lead to the discovery of admissible evidence. Actually, CCI does not understand how any time period other than the period during which the alleged transactions took place would be relevant. However, in the spirit of cooperation and compromise, CCI will produce information dating back to November 2005 within the next ten days. If Plaintiff can demonstrate why he is entitled to information for the other years, CCI would be willing to reconsider. CCI is currently not aware of any privileged responsive documents. However, if CCI discovery any such documents, it will provide a privilege log within the next 10 days.

Ethan Preston, Esq.
March 13, 2008
Page 4

To the extent that any document responsive to Plaintiff's first set of document demands contains confidential protected information, we agreed that they should be protected by a protective order. We referenced the proposed protective order that you circulated on Tuesday, March 11, which I will review and get back to you by tomorrow.

**Plaintiff's Interrogatories** – For the reasons set forth above, CCI maintains its asserted jurisdictional objections. Further, despite its jurisdictional challenge, CCI still provided substantive responses to Plaintiff's interrogatories.

Interrogatories 1, 2, 3, 4 – As we discussed, CCI has never purchased tickets on behalf card holders in the WorldPoints Travel Rewards Program, never charged, imposed or assessed a fuel related fee or any other fee to any WorldPoints customers, and never directed any other entity or person to do so. Accordingly, CCI's answers to these four interrogatories are sufficient.

Interrogatory No. 5 – CCI hereby supplements its answer to state that it is not aware of any facts contradicting its anticipated opposition to the pending MPI. CCI will disclose the facts supporting its opposition on the May 7 opposition deadline. CCI is not obligated to disclosure its opposition to Plaintiff's MPI beforehand.

Interrogatory No. 6 – This interrogatory improperly contains subparts, to which CCI is not obligated to respond. *Safeco of America v. Rawstrom*, 181 F.R.D. 441, 446 (C.D. Cal. 1998). Nonetheless, in spirit of cooperation, CCI supplements its response as follows: CCI's counsel of record performed a reasonable investigation in to the matters for which Plaintiff sought admission but for which CCI lacked sufficient information to admit or deny. With respect to the details of CCI's investigation, such information is protected by the attorney-client and work product privileges. Contrary to Plaintiff's assertion, it is Plaintiff not CCI that bears the burden of proving why he is entitled to protected information. If Plaintiff is able to demonstrate why and how he is privy to this privileged information, CCI would be willing to reconsider amending its answer.

If you have any questions, please call me.

Sincerely yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

/S/ ELIZABETH D. LE

Elizabeth D. Le

LA 60201276.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 7

**From:** Ethan Preston <epreston@kamberedelson.com>

**Reply-To:** epreston@kamberedelson.com

**To:** Le, Elizabeth D. <EDLe@rkmc.com>

**Cc:** Jay Edelson, Esq. <jedelson@kamberedelson.com>

**Subject:** March 12 letter

**Date:** Fri, 14 Mar 2008 15:01:16 -0500

Dear Liz,

This email is following up on your letter from yesterday. I am still hoping to speak to you today about some questions I have about mediation; this email responds to the discovery-related portion of your letter.

Your letter urges that a motion to compel would be premature where "CCI is, in good faith, attempting to resolve these issues with Plaintiff informally." While the parties did narrow their disputes, several disputes remain. Moreover, we do not share your sanguine view of the timing of discovery: it is CCI's position that the hearing date on its Motion to Dismiss will soon be moved to April or May, which means that Lofton's Opposition to CCI's Motion will fall due in March or April.

Nonetheless, we would prefer to resolve any discovery dispute outside of court while there is a reasonable possibility that an opposing party attempting to resolve the dispute informally in good faith. We have decided to temporarily forebear filing a motion to dismiss at the present time, in reliance on CCI's assurances that it is working to produce additional discovery in good faith. Lofton's forebearance will greatly depend on CCI's actions and on the time frame Lofton has to prepare his Opposition to CCI's Motion to Dismiss. We have discussed Lofton's concerns about CCI's commitment to participate in discovery in good faith, which stem from the positions CCI adopted regarding the parties' Rule 26(f) conference and the deadline for Rule 26(a) disclosures, and CCI's use of the extension of discovery deadlines. CCI's voluntary cooperation in discovery would help address these concerns. CCI could delay any motion to compel further it if were to commit to 1) providing Lofton more time to conduct discovery for his Opposition, 2) shorten the time frame in which CCI will produce discovery, and/or 3) shorten the time frame for a motion to compel on pending discovery.

Towards this end, I am asking for your informal cooperation on a particular issue. Your letter states that "responsive documents relating to the Program belongs to CTG, not CCI," that "CCI does not have sole control over the documents belonging to CTG, especially since CCI divested its interest it CTG in January," and that CCI does not possess documents responsive to Requests Nos. 1-2 and 6-8. CCI's discovery obligations extend to documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Federal courts have consistently held that documents are deemed to be within a party's possession, custody or control for purposes of Rule 34 if the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 189-190 (C.D. Cal. 2006) (citation, punctuation omitted). *See also United States v. Int'l Union of Petroleum and Indus. Workers*, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents upon demand"). There are two issues here which could easily dealt with informally. First, can you please clarify whether CCI's position is that it has no legal right to demand these documents, or not? Second, if CCI assets it does not have a legal right to demand these documents, we would appreciate if you would informally provide any document which it contends supports this assertion.

With respect to Request No. 10, we appreciate your cooperative spirit but believe that we are entitled to responsive documents relating to events since November 2003. Lofton's class UCL claim has a four year statute of limitations. Cal. Bus. & Prof. Code § 17208. Lofton is entitled to discovery with respect to the claims of all of the class members he has pled. *Long v. Hewlett-Packard Co.*, No. 06-2816, 2006 U.S. Dist. LEXIS 94013, at *8 (N.D. Cal. Dec. 19, 2006). Would CCI please reconsider its November 2005 limitation?

Finally, your letter states that "we agreed" that any confidential responsive documents "should be protected by a protective order." For the record, this is not quite right; while we are amenable to a reasonable stipulated protective order, CCI cannot delay discovery while it negotiates such order. If CCI wanted a protective order before producing documents, it was responsible for obtaining one before its discovery deadlines fell due. While we continue to dispute CCI's other objections, our hope is that at the present time we will not have to resolve such disputes.

Regards,

Ethan

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 8

**From:** Le, Elizabeth D. <EDLe@rkmc.com>
**To:** epreston@kamberedelson.com
**Cc:** McMahon, Emmett J. <EJMcMahon@rkmc.com>, Lueck, Martin R. <MRLueck@rkmc.com>, Buck, Lori H. <LHBuck@rkmc.com>,
Lee, Carol <CLee@rkmc.com>, Angell, Jane A. <JAAngell@rkmc.com>, ...
**Subject:** RE: March 12 letter
**Date:** Fri, 21 Mar 2008 15:24:49 -0700 *(17:24 CDT)*

>>>>  Please read the confidentiality statement below  <<<<

Ethan:

It appears that the Court's March 18 Order Clarifying Schedule for Pending Motions obviates your concerns regarding Plaintiff's available time to conduct discovery prior to his Opposition to CCI's Motion to Dismiss.  Toward that end, the Court's Order also resolved the conditions that you propose for delaying your motion to compel.  By virtue of the Court's Order, Lofton now has been granted the time that he seeks to conduct discovery before his Opposition.  There is no need to shorten the time frame in which CCI will produce its discovery or to shorten the time frame for a motion to compel on pending discovery.  As I indicated to you during our meet and confer last Wednesday and in my letter of March 13, a motion to compel would be premature at this juncture, especially given CCI's good faith attempt to resolve the pending discovery disputes.  As a matter of fact, while we do not agree with your position on Request No. 10 that documents dating back to November 2003 are relevant, we will nevertheless agree to produce responsive documents to this request back to that date as a gesture of good faith.  With respect your point regarding documents belonging CTG, while CCI has the right to demand the responsive documents from CTG, it cannot produce them without involving CTG in the process.  As you know, CTG is independently represented by counsel and therefore we have no control over CTG's time frame. We are however diligently working with CTG to produce the documents as expeditiously as possible.

Regards,
Liz


**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Friday, March 14, 2008 1:01 PM
**To:** Le, Elizabeth D.
**Cc:** Jay Edelson, Esq.
**Subject:** March 12 letter


Dear Liz,

This email is following up on your letter from yesterday. I am still hoping to speak to you today about some questions I have about mediation; this email responds to the discovery-related portion of your letter.

Your letter urges that a motion to compel would be premature where "CCI is, in good faith, attempting to resolve these issues with Plaintiff informally." While the parties did narrow their disputes, several disputes remain. Moreover, we do not share your sanguine view of the timing of discovery: it is CCI's position that the hearing date on its Motion to Dismiss will soon be moved to April or May, which means that Lofton's Opposition to CCI's Motion will fall due in March or April.

Nonetheless, we would prefer to resolve any discovery dispute outside of court while there is a reasonable possibility that an opposing party attempting to resolve the dispute informally in good faith. We have decided to temporarily forebear filing a motion to dismiss at the present time, in reliance on CCI's assurances that it is working to produce additional discovery in good faith. Lofton's forebearance will greatly depend on CCI's actions and on the time frame Lofton has to prepare his Opposition to CCI's Motion to Dismiss. We have discussed Lofton's concerns about CCI's commitment to participate in discovery in good faith, which stem from the positions CCI adopted regarding the parties' Rule 26(f) conference and the deadline for Rule 26(a) disclosures, and CCI's use of the extension of discovery deadlines. CCI's voluntary cooperation in discovery would help address these concerns. CCI could delay any motion to compel further it if were to commit to 1) providing Lofton m! ore time to conduct discovery for his Opposition, 2) shorten the time frame in which CCI will produce discovery, and/or 3) shorten the time frame for a motion to compel on pending discovery.

Towards this end, I am asking for your informal cooperation on a particular issue. Your letter states that "responsive documents relating to the Program belongs to CTG, not CCI," that "CCI does not have sole control over the documents belonging to CTG, especially since CCI divested its interest it CTG in January," and that CCI does not possess documents responsive to Requests Nos. 1-2 and 6-8. CCI's discovery obligations extend to documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Federal courts have consistently held that documents are deemed to be within a party's possession, custody or control for purposes of Rule 34 if the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 189-190 (C.D. Cal. 2006) (citation, punctuation omitted). *See also United States v. Int'l Union of Petroleum an! d Indus. Workers*, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents upon demand"). There are two issues here which could easily dealt with informally. First, can you please clarify whether CCI's position is that it has no legal right to demand these documents, or not? Second, if CCI assets it does not have a legal right to demand these documents, we would appreciate if you would informally provide any document which it contends supports this assertion.

With respect to Request No. 10, we appreciate your cooperative spirit but believe that we are entitled to responsive documents relating to events since November 2003. Lofton's class UCL claim has a four year statute of limitations. Cal. Bus. & Prof. Code § 17208. Lofton is entitled to discovery with respect to the claims of all of the class members he has pled. *Long v. Hewlett-Packard Co.*, No. 06-2816, 2006 U.S. Dist. LEXIS 94013, at *8 (N.D. Cal. Dec. 19, 2006). Would CCI please reconsider its November 2005 limitation?

Finally, your letter states that "we agreed" that any confidential responsive documents "should be protected by a protective order." For the record, this is not quite right; while we are amenable to a reasonable stipulated protective order, CCI cannot delay discovery while it negotiates such order. If CCI wanted a protective order before producing documents, it was responsible for obtaining one before its discovery deadlines fell due. While we continue to dispute CCI's other objections, our hope is that at the present time we will not have to resolve such disputes.

Regards,

Ethan

_____

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com
_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 9

**From:** Ethan Preston <epreston@kamberedelson.com>

**Reply-To:** epreston@kamberedelson.com

**To:** Le, Elizabeth D. <EDLe@rkmc.com>

**Cc:** Jay Edelson, Esq. <jedelson@kamberedelson.com>

**Subject:** RE: March 12 letter

**Date:** Sat, 22 Mar 2008 13:50:12 -0500

Liz,

With all due respect, we do not agree that the Court's order "obviates your concerns regarding Plaintiff's available time to conduct discovery prior to his Opposition to CCI's Motion to Dismiss." Discovery has been pending since January 8, and we have yet to receive any responsive documents other than the agreement attached to CCI's motion to dismiss. CCI's past delay with respect to discovery indicates that Lofton's opposition deadline will be just as problematic in July as it is in March, unless Lofton promptly presses for the discovery to which he is entitled.

You write that "CCI has the right to demand the responsive documents from CTG, [but] it cannot produce them without involving CTG in the process." This is not what I had in mind in my last email; I was discussing an unconditional right to demand documents, and your answer appears to indicate that CCI does not have an unconditional right. To the extent that CTG's participation was necessary for CCI to timely respond to Lofton's discovery, it was CCI's responsibility to obtain CTG's participation. More importantly, I have been left with the distinct impression that neither CTG nor CCI has provided a straightforward explanation of their arrangement with respect to the responsive records, and do not intend to provide a straightforward explanation absent motions practice. Lofton's forbearance in filing his Motion to Compel was, in part, an opportunity for CCI and Lofton to demonstrate some good faith cooperation and begin to build some trust. I encourage CCI to promptly, clearly, and fully explain any limitations on its ability to produce responsive documents, and to provide any documents which support this explanation.

Finally, given the Court's most recent order, CCI's Motion to Dismiss will be heard before Lofton's Motion for Preliminary Injunction. CCI had previously indicated it was amenable to mediation under such circumstances. Is this still the case, and can we go about getting the other parties involved in such mediation?

Sincerely,


Ethan



On Fri, 2008-03-21 at 15:24 -0700, Le, Elizabeth D. wrote:
> >>>>  Please read the confidentiality statement below  <<<<
> Ethan:
>
> It appears that the Court's March 18 Order Clarifying Schedule for

> Pending Motions obviates your concerns regarding Plaintiff's available
> time to conduct discovery prior to his Opposition to CCI's Motion to
> Dismiss.  Toward that end, the Court's Order also resolved the
> conditions that you propose for delaying your motion to compel.  By
> virtue of the Court's Order, Lofton now has been granted the time that
> he seeks to conduct discovery before his Opposition.  There is no need
> to shorten the time frame in which CCI will produce its discovery or
> to shorten the time frame for a motion to compel on pending discovery.
> As I indicated to you during our meet and confer last Wednesday and in
> my letter of March 13, a motion to compel would be premature at this
> juncture, especially given CCI's good faith attempt to resolve the
> pending discovery disputes.  As a matter of fact, while we do not
> agree with your position on Request No. 10 that documents dating back
> to November 2003 are relevant, we will nevertheless agree to produce
> responsive documents to this request back to that date as a gesture of
> good faith.  With respect your point regarding documents belonging
> CTG, while CCI has the right to demand the responsive documents from
> CTG, it cannot produce them without involving CTG in the process.  As
> you know, CTG is independently represented by counsel and therefore we
> have no control over CTG's time frame. We are however diligently
> working with CTG to produce the documents as expeditiously as
> possible.
>
> Regards,
> Liz
>
>
>
> _____
> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Friday, March 14, 2008 1:01 PM
> To: Le, Elizabeth D.
> Cc: Jay Edelson, Esq.
> Subject: March 12 letter
>
>
>
> Dear Liz,
>
> This email is following up on your letter from yesterday. I am still
> hoping to speak to you today about some questions I have about
> mediation; this email responds to the discovery-related portion of
> your letter.
>
> Your letter urges that a motion to compel would be premature where
> "CCI is, in good faith, attempting to resolve these issues with
> Plaintiff informally." While the parties did narrow their disputes,
> several disputes remain. Moreover, we do not share your sanguine view
> of the timing of discovery: it is CCI's position that the hearing date
> on its Motion to Dismiss will soon be moved to April or May, which
> means that Lofton's Opposition to CCI's Motion will fall due in March
> or April.
>
> Nonetheless, we would prefer to resolve any discovery dispute outside
> of court while there is a reasonable possibility that an opposing

> party attempting to resolve the dispute informally in good faith, we
> have decided to temporarily forebear filing a motion to dismiss at the
> present time, in reliance on CCI's assurances that it is working to
> produce additional discovery in good faith. Lofton's forebearance will
> greatly depend on CCI's actions and on the time frame Lofton has to
> prepare his Opposition to CCI's Motion to Dismiss. We have discussed
> Lofton's concerns about CCI's commitment to participate in discovery
> in good faith, which stem from the positions CCI adopted regarding the
> parties' Rule 26(f) conference and the deadline for Rule 26(a)
> disclosures, and CCI's use of the extension of discovery deadlines.
> CCI's voluntary cooperation in discovery would help address these
> concerns. CCI could delay any motion to compel further it if were to
> commit to 1) providing Lofton m! ore time to conduct discovery for his
> Opposition, 2) shorten the time frame in which CCI will produce
> discovery, and/or 3) shorten the time frame for a motion to compel on
> pending discovery.
>
> Towards this end, I am asking for your informal cooperation on a
> particular issue. Your letter states that "responsive documents
> relating to the Program belongs to CTG, not CCI," that "CCI does not
> have sole control over the documents belonging to CTG, especially
> since CCI divested its interest it CTG in January," and that CCI does
> not possess documents responsive to Requests Nos. 1-2 and 6-8. CCI's
> discovery obligations extend to documents in its "possession, custody,
> or control." Fed. R. Civ. P. 34(a)(1). "Federal courts have
> consistently held that documents are deemed to be within a party's
> possession, custody or control for purposes of Rule 34 if the party
> has actual possession, custody, or control, or has the legal right to
> obtain the documents on demand." A. Farber & Ptnrs., Inc. v. Garber,
> 234 F.R.D. 186, 189-190 (C.D. Cal. 2006) (citation, punctuation
> omitted). See also United States v. Int'l Union of Petroleum an! d
> Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control
> is defined as the legal right to obtain documents upon demand"). There
> are two issues here which could easily dealt with informally. First,
> can you please clarify whether CCI's position is that it has no legal
> right to demand these documents, or not? Second, if CCI assets it does
> not have a legal right to demand these documents, we would appreciate
> if you would informally provide any document which it contends
> supports this assertion.
>
> With respect to Request No. 10, we appreciate your cooperative spirit
> but believe that we are entitled to responsive documents relating to
> events since November 2003. Lofton's class UCL claim has a four year
> statute of limitations. Cal. Bus. & Prof. Code § 17208. Lofton is
> entitled to discovery with respect to the claims of all of the class
> members he has pled. Long v. Hewlett-Packard Co., No. 06-2816, 2006
> U.S. Dist. LEXIS 94013, at *8 (N.D. Cal. Dec. 19, 2006). Would CCI
> please reconsider its November 2005 limitation?
>
> Finally, your letter states that "we agreed" that any confidential
> responsive documents "should be protected by a protective order." For
> the record, this is not quite right; while we are amenable to a
> reasonable stipulated protective order, CCI cannot delay discovery
> while it negotiates such order. If CCI wanted a protective order
> before producing documents, it was responsible for obtaining one

> before its discovery deadlines fell due. While we continue to dispute
> CCI's other objections, our hope is that at the present time we will
> not have to resolve such disputes.
>
> Regards,
>
> Ethan
>
> _____
>
> Information contained in this e-mail transmission may be privileged,
> confidential and covered by the Electronic Communications Privacy Act,
> 18 U.S.C. Sections 2510-2521.
>
> If you are not the intended recipient, do not read, distribute, or
> reproduce this transmission.
>
> If you have received this e-mail transmission in error, please notify
> us immediately of the error by return email and please delete the
> message from your system.
>
> Pursuant to requirements related to practice before the U. S. Internal
> Revenue Service, any tax advice contained in this communication
> (including any attachments) is not intended to be used, and cannot be
> used, for purposes of (i) avoiding penalties imposed under the U. S.
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another person any tax-related matter.
>
> Thank you in advance for your cooperation.
>
> Robins, Kaplan, Miller & Ciresi L.L.P.
> http://www.rkmc.com
> _____
>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 10

**From:** Le, Elizabeth D. <EDLe@rkmc.com>
**To:** epreston@kamberedelson.com
**Cc:** Jay Edelson, Esq. <jedelson@kamberedelson.com>, Lueck, Martin R. <MRLueck@rkmc.com>, McMahon, Emmett J. <EJMcMahon@rkmc.com>, Buck, Lori H. <LHBuck@rkmc.com>, Lee, Carol <CLee@rkmc.com>, ...
**Subject:** RE: March 12 letter
**Date:** Tue, 25 Mar 2008 09:05:04 -0700 *(11:05 CDT)*

>>>>  Please read the confidentiality statement below  <<<<

Ethan:

With respect to mediation, you should certainly proceed and get the other parties involved if you want schedule a mediation.  Our position has not changed.  As previously indicated, we are in favor of your proposal to stay the case pending mediation and mediating before Infante.  Additionally, if the mediation is not successful, CCI would gain priority on its motion to dismiss as ordered by the court.  Have you confered with the other parties as to where they stand regarding the stay and choice of mediator?

As to CCI's responses to Plaintiff's first set of discovery, we have provided Plaintiff with substantive responses despite our jurisdictional objections and are diligently working with CTG, the custodian of the documents responsive to Plaintiff's document demands, to produce the responsive documents.  As CCI has and continues to advise Plaintiff, it had no involvement in the WorldPoints Program and therefore, it does not have any documents regarding the Program other than what it has produced.  CCI cannot produce the documents belonging to CTG without CTG's involvement. While I am working with CTG's counsel, Don and Ed (who are copied on this email) to produce the documents in the most expeditious manner possible, it is my understanding that CTG will not produce any documents until there is a protective order in place.  CCI has produced all documents in its possession that are responsive to Plaintiff's first set of discovery.  Indeed, as promised during our meet and confer, I served documents responsive to Plaintiff's request no. 10 yesterday (in addition to the previously produced documents).  Yet Plaintiff remains unsatisfied and continues to threaten a motion.  In fact, Plantif has been intent on filing a motion since this meet and confer process began when he indicated that he would first file a motion and then withdraw it before the hearing notwithstanding CCI's efforts.  CCI has taken extraordinary efforts to provide responsive documents to Plaintiff's merit discovery and cooperatively work with Plaintiff to resolve this dispute, notwithstanding CCI's jurisdictional challenge.  If Plaintiff is inclined to file this premature motion, we are confident that the Court will agree that CCI is certainly going above and beyond to satisfy its discovery obligations.

On a related note, all parties need to prepare a Joint CMC Statement before the 4/25 CMC.  It would seem beneficial to all parties that a discovey plan, including electronic discovery protocols, be ironed out, particularly given the impending document productions.

Liz

-----Original Message-----
From: Ethan Preston [mailto:epreston@kamberedelson.com]
Sent: Saturday, March 22, 2008 11:50 AM
To: Le, Elizabeth D.I t
Cc: Jay Edelson, Esq.
Subject: RE: March 12 letter

Liz,
I hti I
With all due respect, we do not agree that the Court's order "obviates your concerns regarding Plaintiff's available time to conduct discovery prior to his Opposition to CCI's Motion to Dismiss." Discovery has been pending since January 8, and we have yet to receive any responsive documents other than the agreement attached to CCI's motion to dismiss.

CCI's past delay with respect to discovery indicates that Lofton's opposition deadline will be just as problematic in July as it is in March, unless Lofton promptly presses for the discovery to which he is entitled.

You write that "CCI has the right to demand the responsive documents from CTG, [but] it cannot produce them without involving CTG in the process." This is not what I had in mind in my last email; I was discussing an unconditional right to demand documents, and your answer appears to indicate that CCI does not have an unconditional right. To the extent that CTG's participation was necessary for CCI to timely respond to Lofton's discovery, it was CCI's responsibility to obtain CTG's participation. More importantly, I have been left with the distinct impression that neither CTG nor CCI has provided a straightforward explanation of their arrangement with respect to the responsive records, and do not intend to provide a straightforward explanation absent motions practice. Lofton's forebearance in filing his Motion to Compel was, in part, an opportunity for CCI and Lofton to demonstrate some good faith cooperation and begin to build some trust. I encourage CCI to promptly, clearly, and fully explain any limitations on its ability to produce responsive documents, and to provide any documents which support this explanation.

Finally, given the Court's most recent order, CCI's Motion to Dismiss will be heard before Lofton's Motion for Preliminary Injunction. CCI had previously indicated it was amenable to mediation under such circumstances. Is this still the case, and can we go about getting the other parties involved in such mediation?

Sincerely,


Ethan



On Fri, 2008-03-21 at 15:24 -0700, Le, Elizabeth D. wrote:
> >>>>  Please read the confidentiality statement below  <<<<
> Ethan:
>
> It appears that the Court's March 18 Order Clarifying Schedule for
> Pending Motions obviates your concerns regarding Plaintiff's available
> time to conduct discovery prior to his Opposition to CCI's Motion to
> Dismiss.  Toward that end, the Court's Order also resolved the
> conditions that you propose for delaying your motion to compel.  By
> virtue of the Court's Order, Lofton now has been granted the time that
> he seeks to conduct discovery before his Opposition.  There is no need
> to shorten the time frame in which CCI will produce its discovery or
> to shorten the time frame for a motion to compel on pending discovery.
> As I indicated to you during our meet and confer last Wednesday and in
> my letter of March 13, a motion to compel would be premature at this
> juncture, especially given CCI's good faith attempt to resolve the
> pending discovery disputes.  As a matter of fact, while we do not
> agree with your position on Request No. 10 that documents dating back
> to November 2003 are relevant, we will nevertheless agree to produce
> responsive documents to this request back to that date as a gesture of
> good faith.  With respect your point regarding documents belonging
> CTG, while CCI has the right to demand the responsive documents from
> CTG, it cannot produce them without involving CTG in the process.  As
> you know, CTG is independently represented by counsel and therefore we
> have no control over CTG's time frame. We are however diligently
> working with CTG to produce the documents as expeditiously as
> possible.
>

> Regards,
> Liz
>
>
>
> _____
> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Friday, March 14, 2008 1:01 PM
> To: Le, Elizabeth D.
> Cc: Jay Edelson, Esq.
> Subject: March 12 letter
>
>
>
> Dear Liz,
>
> This email is following up on your letter from yesterday. I am still
> hoping to speak to you today about some questions I have about
> mediation; this email responds to the discovery-related portion of
> your letter.
>
> Your letter urges that a motion to compel would be premature where
> "CCI is, in good faith, attempting to resolve these issues with
> Plaintiff informally." While the parties did narrow their disputes,
> several disputes remain. Moreover, we do not share your sanguine view
> of the timing of discovery: it is CCI's position that the hearing date
> on its Motion to Dismiss will soon be moved to April or May, which
> means that Lofton's Opposition to CCI's Motion will fall due in March
> or April.
>
> Nonetheless, we would prefer to resolve any discovery dispute outside
> of court while there is a reasonable possibility that an opposing
> party attempting to resolve the dispute informally in good faith. We
> have decided to temporarily forebear filing a motion to dismiss at the
> present time, in reliance on CCI's assurances that it is working to
> produce additional discovery in good faith. Lofton's forebearance will
> greatly depend on CCI's actions and on the time frame Lofton has to
> prepare his Opposition to CCI's Motion to Dismiss. We have discussed
> Lofton's concerns about CCI's commitment to participate in discovery
> in good faith, which stem from the positions CCI adopted regarding the
> parties' Rule 26(f) conference and the deadline for Rule 26(a)
> disclosures, and CCI's use of the extension of discovery deadlines.
> CCI's voluntary cooperation in discovery would help address these
> concerns. CCI could delay any motion to compel further it if were to
> commit to 1) providing Lofton m! ore time to conduct discovery for his
> Opposition, 2) shorten the time frame in which CCI will produce
> discovery, and/or 3) shorten the time frame for a motion to compel on
> pending discovery.
>
> Towards this end, I am asking for your informal cooperation on a
> particular issue. Your letter states that "responsive documents
> relating to the Program belongs to CTG, not CCI," that "CCI does not
> have sole control over the documents belonging to CTG, especially
> since CCI divested its interest it CTG in January," and that CCI does
> not possess documents responsive to Requests Nos. 1-2 and 6-8. CCI's

> discovery obligations extend to documents in its possession, custody,
> or control." Fed. R. Civ. P. 34(a)(1). "Federal courts have
> consistently held that documents are deemed to be within a party's
> possession, custody or control for purposes of Rule 34 if the party
> has actual possession, custody, or control, or has the legal right to
> obtain the documents on demand." A. Farber & Ptnrs., Inc. v. Garber,
> 234 F.R.D. 186, 189-190 (C.D. Cal. 2006) (citation, punctuation
> omitted). See also United States v. Int'l Union of Petroleum an! d
> Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control
> is defined as the legal right to obtain documents upon demand"). There
> are two issues here which could easily dealt with informally. First,
> can you please clarify whether CCI's position is that it has no legal
> right to demand these documents, or not? Second, if CCI assets it does
> not have a legal right to demand these documents, we would appreciate
> if you would informally provide any document which it contends
> supports this assertion.
>
> With respect to Request No. 10, we appreciate your cooperative spirit
> but believe that we are entitled to responsive documents relating to
> events since November 2003. Lofton's class UCL claim has a four year
> statute of limitations. Cal. Bus. & Prof. Code § 17208. Lofton is
> entitled to discovery with respect to the claims of all of the class
> members he has pled. Long v. Hewlett-Packard Co., No. 06-2816, 2006
> U.S. Dist. LEXIS 94013, at *8 (N.D. Cal. Dec. 19, 2006). Would CCI
> please reconsider its November 2005 limitation?
>
> Finally, your letter states that "we agreed" that any confidential
> responsive documents "should be protected by a protective order." For
> the record, this is not quite right; while we are amenable to a
> reasonable stipulated protective order, CCI cannot delay discovery
> while it negotiates such order. If CCI wanted a protective order
> before producing documents, it was responsible for obtaining one
> before its discovery deadlines fell due. While we continue to dispute
> CCI's other objections, our hope is that at the present time we will
> not have to resolve such disputes.
>
> Regards,
>
> Ethan
>
> _____
>
> Information contained in this e-mail transmission may be privileged,
> confidential and covered by the Electronic Communications Privacy Act,
> 18 U.S.C. Sections 2510-2521.
>
> If you are not the intended recipient, do not read, distribute, or
> reproduce this transmission.
>
> If you have received this e-mail transmission in error, please notify
> us immediately of the error by return email and please delete the
> message from your system.
>
> Pursuant to requirements related to practice before the U. S. Internal
> Revenue Service, any tax advice contained in this communication

> (including any attachments) is not intended to be used, and cannot be
> used, for purposes of (i) avoiding penalties imposed under the U. S.
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another person any tax-related matter.
>
> Thank you in advance for your cooperation.
>
> Robins, Kaplan, Miller & Ciresi L.L.P.
> http://www.rkmc.com
> _____
>