# KamberEdelson, LLC

**Ethan Preston**
Tel: (312) 589-6370

The Monadnock Building
53 West Jackson, Suite 550
Chicago, IL 60604

Hon. Susan Illston
United States District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

April 5, 2008

    Re: *Lofton v. Bank of America Corp.*, No. 07-05892 (SI)

Your Honor:

    Lofton's counsel is in receipt of correspondence by Carlson Companies, Inc. ("CCI") and Carlson Travel Group, Inc. ("CTG") filed with the Court on April 4. These letters assert that Lofton's March 28 Motions to Compel CCI and CTG exceeded the 5 page limitation on discovery motions set forth in paragraph 2 of the Court's Standing Order.

    Unfortunately, CCI and CTG's voluminous objections precluded a more concise Rule 37 motion. Local Rule 37-2 required Lofton to "set forth each [contested discovery] request in full, followed immediately by the objections and/or responses thereto." CCI's responses to Lofton's Interrogatories Nos. 1 to 6 ran over six pages (excluding three pages of general objections), and its responses to Lofton's Requests for Production of Documents ("RPDs") Nos. 1 to 11 ran approximately nine pages (excluding over three pages of general objections). Likewise, CTG's responses to Lofton's Interrogatories Nos. 1 to 6 ran over three pages (excluding three pages of general objections), and its responses to Lofton's RPDs Nos. 1 to 11 ran over five pages (excluding roughly three pages of general objections).[1] CCI has produced three pages of discovery, and CTG had produced none at all. As set forth in Lofton's Rule 37 Motions, the thoroughness of their discovery responses' deficiency requires Lofton to contest the adequacy of virtually every response. Given the scope of the parties' disputes and the length of CCI and CTG's objections, Lofton could not comply with Local Rule 37-2 within five pages.[2] It would obviously undermine discovery if parties were able to forestall motions to compel through especially voluminous objections.

---

[1] The length of CTG and CCI's objections cannot be attributed to Lofton's discovery. Lofton's RPDs Nos. 1 to 11 occupied approximately one full page, excluding instructions, signature block, and the certificate of service. His Interrogatories Nos. 1 to 6 were somewhat shorter (excluding instructions and signature block).

[2] As it stands, Lofton required 11 pages to comply with Local Rule 37-2 using a single-spaced, double-columned appendix in his Motion to Compel CCI; the corresponding appendix in his Motion to Compel CTG runs over eight pages.

      The Court's broad discretion to control the orderly administration of discovery disputes before it is not questioned. Lofton hereby moves for leave, *nunc pro tunc*, to file overlong briefs for his Motions for Compel CCI and CTG. If the Court prefers to follow the procedure in its standing order, Lofton hereby moves 1) to withdraw the presently-filed briefs accompanying his Motions to Compel CCI and CTG, and 2) for leave to file a letter brief pursuant to paragraph 2 of the Court's standing order notwithstanding any requirement of Local Rule 37-2.

      Sincerely,

      Ethan Preston