# EXHIBIT A

## Donald P Gagliardi

**From:** Ethan Preston [epreston@kamberedelson.com]
**Sent:** Tuesday, March 11, 2008 8:48 PM
**To:** Donald P Gagliardi
**Cc:** Jay Edelson, Esq.
**Subject:** Re: Conference re: Lofton v. BofA

Don,

Please let me know when we can have a Rule 37 conference; we should be able to have the conference before Friday.

Thanks,

Ethan

On Tue, 2008-03-11 at 16:25 -0500, Ethan Preston wrote:

> Don,
>
> Please provide a time when we can have a telephone conference regarding CTG's discovery responses. (I would also like to discuss our conference on Friday. While I do not mean to prejudice the conversation by switching gears from the Rule 37 conference too quickly, as long as we are on the phone I'd hoped to explore some additional possibilities that may be in line with what was discussed on Friday.)
>
> \* \* \*
>
> Lofton's counsel has reviewed CTG's discovery requests. CTG made blanket objections on the grounds of overbreadth, undue burden, oppression and relevancy. These are boilerplate objections that do not carry CTG's burden against the presumption of discovery. CTG also made a blanket objections on the grounds of attorney-client privilege/work product doctrine. Again, these objections cannot carry CTG's burden against the presumption of discovery -- we note that CTG has not produced any privilege log.
>
> With respect to Requests for Production of Documents No. 1-5 and 7-10, CTG indicates it will produce responsive documents "after the entry of an appropriate protective order." I note I distributed a protective order to you on February 5, but you deferred the matter until other Defendant's counsel choose to participate. Ultimately, it was CTG's obligation to secure a protective order prior to its discovery deadline. Lofton was not required to obtain a protective order for CTG.
>
> With respect to Interrogatory No. 5 and Request for Production of Documents No. 3, CTG objects that its response are premature because the deadline for its Opposition to the Preliminary Injunction is not due. This is not a compelling objection; the interrogatory is

obviously intended to allow Lofton to prepare its Reply to CTG's Opposition -- the Interrogatory would be pointless if CTG could delay responding until its Opposition. Even if CTG has not definitively identified every fact or document that it will use to support its Opposition at the present time, the proper procedure is to amend its responses in accordance to Rule 26(e)(1).

CTG's response to Interrogatory No. 6 is not adequate. Contrary to the Interrogatory, it does not identify what efforts were made, or when the efforts were made. CTG also failed to answer Interrogatories Nos. 1 and 4, on the basis that it was not able to completely answer the question. CTG is obliged to answer as much of these Interrogatories as it can. With respect to Interrogatory No. 1, CTG only states that it "does not maintain business records that will *necessarily* identify the residency of a Bank of America cardholder." CTG must identify every WorldPoint cardholders who is a California resident which it can. Further, if the California resident-qualification rendered CTG unable to answer the entire Interrogatory, it is obliged to every WorldPoints cardholder which purchased a ticket through CTG since November 20, 2003, notwithstanding residency. Likewise, with respect to Interrogatory No. 4, CTG should have identified those of its employees involved in the purchase of such tickets, even if it cannot indicate whether the purchaser was a California resident or where the employee is now.

With respect to Interrogatories Nos. 2 and 3, CTG declined to answer because it believed Lofton's burden of ascertaining the answer would be the same or less than its own. CTG is obliged to make a reasonably inquiry into its answer to these Interrogatories, without regard to what it believes Lofton's relative burden would be. In any event, CTG's belief is plainly mistaken as it concedes it has access to the "files of weekly billings to Bank of America" which it contends are part of the pertinent records. Lofton does not have access to these files (and even if he did, there is no to expect that CTG would be less facile in reconciling the two sets of documents than Lofton).

Regards,

Ethan

--
Ethan Preston
KamberEdelson, LLC
53 West Jackson, Suite 550
Chicago, IL 60604
(312) 589-6370

This communication may be confidential and proprietary. The only persons
authorized to use this communication are the addressee(s), their agents
and attorneys. Any other disclosure or use of this communication's
existence, contents, substance, purport, effect, or meaning is
prohibited. This communication may be exempted and protected from
disclosure as attorney work product, attorney-client privilege, or under
other applicable rules and/or laws. If you have received this
communication in error, please notify me immediately by return e-mail
and destroy this communication and any copies or attachments.