1 | Daniel J. Bergeson, Bar No. 105439
dbergeson@be-law.com
2 | Donald P. Gagliardi, Bar No. 138979
dgagliardi@be-law.com
3 | Colin McCarthy, Bar No. 191410
cmccarthy@be-law.com
4 | BERGESON, LLP
303 Almaden Boulevard, Suite 500
5 | San Jose, CA 95110-2712
Telephone:  (408) 291-6200
6 | Facsimile:   (408) 297-6000

7 | Edward Sarskas, Esq., *Pro Hac Vice*
sesarskas@michaelbest.com
8 | Michael Best & Friedrich, LLP
100 E. Wisconsin Ave., Ste. 3300
9 | Milwaukee, WI 53202-4108
10 | Telephone:     (414) 271-6560
Facsimile:      (414) 277-0656

11 | Attorneys for Defendant
12 | CARLSON TRAVEL GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC., a California corporation,<br><br>Defendants. | Case No. C07-05892 SI<br><br>**DECLARATION OF MARYANN KORLATH IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES**<br><br>Date:  April 29, 2008<br>Time:  9 am<br>Courtroom:  10<br>Hon. Susan Illston<br><br>Complaint filed:  November 20, 2007<br>Trial Date:  TBD |

DECLARATION OF MARYNN KORLATH IN OPPOSITION
TO PLAINTIFFF'S MOTION TO COMPEL DISCOVERY RESPONSES                Case No. C07-05892 SI

I, Maryann Korlath, declare as follows:

1.   I am employed in the Account Management Department of Connexions Loyalty Travel Solutions ("CLTS"), a company affiliated with defendant Carlson Travel Group, Inc. ("CTG"), in Minneapolis, Minnesota. I have worked in this capacity since September 2000. In my position, I am familiar with the mechanism by which CTG fulfills travel rewards on behalf of Bank of America for its cardholders pursuant to its WorldPoints rewards program. Except as to matters stated on information and belief, which I am informed and believe to be true, I have personal knowledge of the matters set forth below and if called as a witness could and would competently so testify.

2.   Except for its weekly billing files, which CTG intends shortly to produce to plaintiff John Lofton in this litigation, CTG does not have custody, control, or possession of any documents reflecting information relating to Bank of America cardholders for whom CTG fulfills travel rewards on behalf of Bank of America pursuant to its WorldPoints program. On information and belief, Bank of America retains custody, control and possession of such information. CTG's access to Bank of America's records concerning its cardholders is temporary, limited and duration, and for the limited purpose of booking rewards travel for qualified World Points cardholders.

3.   In assisting a Bank of America cardholder in making telephone travel reservations under the WorldPoints program, a CTG travel agent obtains from the cardholder three items of information: (1) the cardholder's account number; (2) the cardholder's zipcode; and (3) the cardholder's three digit security code on the back of his or her Bank of America credit card or his or her last name. This information is entered by CTG's travel agents directly into the Bank of America database, which remains in the possession, and under the custody and control, of Bank of America.

4.   If the information obtained by CTG through one of its travel agents from the cardholder by telephone does *not* correspond with Bank of America WorldPoints credit card customer information on file in Bank of America's database, no travel reward is issued and the

1

DECLARATION OF MARYANN KORLATH IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES        Case No. C07-05892 SI

1 information obtained from the cardholder is "lost" in the system. It is not retained on any CTG computer system or network.

2. 5. If, on the other hand, the information obtained by CTG through one of its travel agents from the cardholder by telephone corresponds with Bank of America WorldPoints credit card customer information on file in Bank of America's database, four items of Bank of America's proprietary information concerning the cardholder is made available for a limited duration to CTG travel agents accessing the Bank of America system: the cardholder's (1) name, (2) address, (3) "points" balance, and (4) the particular points program in which he or she is enrolled. Provided the cardholder has the appropriate points balance and the correct credit card points program, the CTG travel agent proceeds to reserve airline tickets for that individual under the WorldPoints travel rewards program and charges the cardholder's credit card account on behalf of Bank of America for any costs associated with the reservation.

6. CTG enjoys only a "real time" connection with Bank of America's database for a given customer seeking to redeem WorldPoints travel rewards. The Bank of America database, as mentioned, remains in the possession, and under the custody and control, of Bank of America. The process is deliberately structured so that CTG has only limited access to Bank of America cardholder information as necessary to process the reward travel. All of this information as received from a cardholder seeking to redeem WorldPoints for a travel reward and Bank of America concerning such cardholder are available to CTG for only 72 hours following the telephone call from the cardholder. After 72 hours, CTG no longer has access to such information. CTG thus cannot further access or use this information.

7. In fulfilling a Bank of America cardholder's WorldPoints travel reward for air travel, CTG enters the passenger name, cardholder's name, and cardholder's address into its travel reservation system. This travel reservation system is a GDS-Worldspan system which is a service provider that CTG contracts with via a service agreement. The information is entered for the purposes of completing the individual's travel reservation with the airline from whom the ticket was purchased. A "draw date" is established for retention of the reservation information in the GDS-Worldspan system past the last date of travel. Typically that date is 325 days from the date

2

the original reservation was made. Once the draw date occurs, the information is automatically deleted. Thus, after the draw date, CTG no longer has access to such information. CTG cannot further access or use this information.

8. CTG generates weekly billing records to submit to Bank of America pursuant to the parties' agreement. The weekly billing records reflect the cardholder name and a unique numerical identification number ("PAN") that corresponds to the cardholders' Bank of America credit card number. During the reservation process, Bank of America sends this PAN to CTG which corresponds to Bank of America's proprietary information on the cardholder. In the case of plaintiff John Lofton, his "PAN" is 225298778. This system of assigning a PAN number started in September 2005 with the implementation of Bank of America's Strategic Rewards Solution ("SRS") platform, a required platform that all reward vendors, including CTG, must connect to.

9. CTG's back office accounting system contains a repository for various reservation data, mostly financial, which is used to capture aggregate travel information from the Passenger Name Reservation ("PNR") such as origin and destination of flight segments for each account. This accounting system does not retain personalized customer information. Thus, CTG cannot produce any personal identifying information from that system.

10. CTG cannot identify, produce or generate records showing any California resident from any system over which it has possession, custody, or control. It cannot do this from its weekly billing records. It cannot do this from its back office accounting system. It obviously cannot do this from its temporary and limited access to Bank of America's customer database.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 10th day of April 2008 at Minneapolis, Minnesota.

/s/
Maryann Korlath