Martin R. Lueck (MN Bar No.155548)
Emmett J. McMahon (Admitted *pro hac vice*)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:    612-349-8500
Facsimile:    612-339-4181
E-mail:    mrlueck@rkmc.com
          ejmcmahon@rkmc.com

Elizabeth D. Le (CA Bar No. 216182)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800
E-mail:    edle@rkmc.com

Attorneys for Defendant
CARLSON COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC., a California corporation, and DOES 1 to 100,<br><br>Defendants. | Case No. CV 07-05892 SI<br><br>[Assigned to the Hon. Susan Illston]<br><br>**DEFENDANT CARLSON COMPANIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>Date: April 29, 2008<br>Time: 9:00 a.m.<br>Courtroom: 10<br><br>[Filed Concurrently With: Declaration of Elizabeth D. Le] |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT..................................................1

II. FACTUAL BACKGROUND.........................................................................................2

III. STATEMENT OF ISSUES............................................................................................4

IV. ARGUMENT.................................................................................................................6

    A. CCI Has Fully Complied With Plaintiff's Merit Discovery By Providing Plaintiff With All Responsive Information Within CCI's Exclusive Possession.........................................................................................6

        1. CCI Produced All Responsive Documents Within Its Sole Possession And Control...................................................................6

        2. CCI Does Not Possess the Responsive Documents Relating the WorldPoints Program, Other Than What has Already Been Produced, and Therefore, Cannot Produce What It Does Not Have...................................................................................7

        3. CCI Divested Its Interest in CTG And Does Not Currently Control CTG or Its Potentially Responsive Documents......................8

        4. Plaintiff's Spoliation Claims Are Unfounded and Inapplicable...............9

        5. CCI's Interrogatory Responses are Complete and Adequate..................10

        6. CCI's Jurisdictional Objections are Valid................................................11

        7. Plaintiff's Interrogatories and Document Request Seeking Information Regarding CCI's Opposition to Plaintiff's Motion for Preliminary Injunction and Class Certification Are Premature (Interrogatory No. 5 and Request for Production of Document No. 3).....12

    B. Plaintiff Is Fully Aware That The Information Which He Seeks to Compel From CCI Belongs To Defendant CTG And Is Being Produced By CTG..........13

    C. Despite The Fact That CTG Will Provide Plaintiff With The Requested Documents, Plaintiff Absurdly Seeks To Impose Undue Burden On CCI By Compelling CCI To Produce A Duplicative Set of Information..................13

    D. Plaintiff's Motion Is Premature And Contravenes This Court's Local Rules And Standing Order........................................................................14

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**TABLE OF CONTENTS**
**(continued)**

1. Plaintiff's Motion Is Premature And Requires This Court to Police Discovery Issues That May Be Resolved by The Parties……….…….14

2. Plaintiff Violated the Court's Local Rules and Standing Order…..………15

V.   CONCLUSION……………………………………………………………....…...16

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page**

*Estate of Young v. Holmes*,
    134 F.R.D. 291, 293 (D. Nev. 1991)……………………………………………………………7

*United States v. Int'l Union of Petroleum & Indus. Workers*,
    870 F.2d 1450, 1452 (9th Cir. 1989)…………………………………………………………8

*In re ATM Fee Antitrust Litig.*,
    233 F.R.D. 542, 544 (N.D. Cal. 2005)……………………………………………..………8

*Orchid Biosciences, Inc. v. St. Louis University*,
    198 F.R.D. 670, 672 (S.D. Cal. 2001)…………………………………………………...11, 12

*Data Disc, Inc. v. Systems Technology Associates, Inc.*,
    557 F.2d 1280 (9th Cir. 1977)………………………………………………………………11

*In re Convergent Tech. Sec. Litig.*,
    108 F.R.D. 328, 331 (N.D. Cal. 1985)……………………………………………..14, 15

**Statutes & Other Authorities**

8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2040,
    p. 521-22 (2d ed. 1994)…………………………………………………………………...11

FED. R. CIV. P. 26(b)(2)(C)…………………………………………………………………….14

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Lofton's ("Plaintiff") motion to compel supplemental responses ("Motion") from Defendant Carlson Companies, Inc. ("CCI") is nothing more than a transparent harassment tactic. CCI has provided Plaintiff with all responsive information within its exclusive control. The information Plaintiff seeks to compel relating to the WorldPoints Travel Rewards Program (the "Program") and transactions alleged in the Complaint belongs to Defendant Carlson Travel Group, Inc. ("CTG"), not CCI. CTG does not deny this. In fact, CTG has said that it will produce the requested information. Yet, Plaintiff is still not satisfied. Plaintiff absurdly insists that CCI incur the unnecessary costs and expense of producing an exact duplicate of the documents in CTG's possession. What is even more absurd is that Plaintiff insists on wasting the Court's and CCI's time with this meritless Motion.

Plaintiff's Motion hinges on the fact that CCI has a legal right to demand a copy of the documents from CTG and that this right constitutes "control" under Federal Rule of Civil Procedure 34, thereby compelling CCI to produce a duplicate of CTG's documents. Courts have compelled parent companies to produce their subsidiaries' documents pursuant to the parents' legal right to demand in circumstances where the subsidiaries are not parties to the litigation and the responsive information cannot be obtained otherwise. That is not the case here. Here, the former subsidiary is not only a party to the litigation, but is also producing the requested documents. Plaintiff provides no legal authority requiring a parent company to produce documents belonging to its former subsidiary when the subsidiary is also a party to the litigation and already producing the requested documents, simply because the parent has "control" over the documents.

As demonstrated herein, Plaintiff's Motion is glaringly premature, replete with misstatements of facts and law, and devoid of any merit. Stripped of the red herrings and inappropriate and unsubstantiated accusations, Plaintiff's Motion provides no compelling reasons for subjecting CCI to the extreme and unreasonable burden of producing the exact same discovery that Plaintiff is already obtaining from CTG, the true custodian of the information, other than to harass CCI. Nowhere in his Motion does Plaintiff demonstrate what benefit would

- 1 -

60202095.4

CCI'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
[CV 07-05892 SI]

1  be gained from obtaining an exact duplicate set of information, let alone how that benefit
2  outweighs the burden imposed upon CCI.

3      Just as CCI cannot produce what it does not have, Plaintiff cannot bring a motion simply
4  because he does not like CCI's answers.  Indeed, there is no benefit to be gained by Plaintiff in
5  bringing this Motion other than to harass CCI and force CCI to incur unnecessary costs.
6  Accordingly, Plaintiff's Motion should be denied in its entirety.  Alternatively, if CCI is ordered
7  to provide the requested cumulative discovery, Plaintiff should be ordered to pay for CCI's fees
8  and costs.

## II.     FACTUAL BACKGROUND

10      Plaintiff's false sense of urgency has been created by his own actions.  Plaintiff served his
11  first sets of interrogatories. requests for production of documents, and requests for admissions on
12  January 8, 2008, even *before* the parties had even completed their Rule 26(f) conference.
13  (Declaration of Elizabeth D. Le ("Le Dec.") at ¶ 2 & Ex. 1; Declaration of Ethan Preston
14  ("Preston Dec.") at ¶ 8 & Exs. 1 and 2.)  The discovery requests seek the disclosure of
15  information and documents relating to the WorldPoints Travel Rewards Program.

16      On January 22, 2008, CCI answered the Complaint and asserted the lack of personal
17  jurisdiction as an affirmative defense, thereby putting Plaintiff on notice that CCI objected to the
18  Court's jurisdiction over CCI.  (Le Dec. at ¶ 3.)

19      On February 20, 2008, CCI filed its motion to dismiss for lack of personal jurisdiction.
20  (*Id.* at ¶ 4.)  In light of its jurisdictional objections, CCI asked Plaintiff to stay discovery on the
21  merits, including CCI's discovery to Plaintiff's first set of discovery, until the jurisdictional
22  challenge was resolved.  (*Id.* at ¶ 5.)  Plaintiff's counsel refused.  (*Id.*)  Thus, despite its
23  jurisdictional objections, CCI provided timely substantive responses to Plaintiff's discovery on
24  March 4, 2008, the date agreed upon by the parties.  Three days later, on the evening of Friday,
25  March 7, at 5:50 p.m. PST (7:50 p.m. CST in Preston's Chicago offices), Plaintiff's counsel,
26  Ethan Preston, sent an email to CCI's counsel, Elizabeth D. Le, complaining about the sufficiency
27  of the responses.  (Le Dec. ¶ 6 & Ex. 1.)  Mr. Preston demanded that CCI's counsel participate in
28  a Rule 37 conference the next business day, Monday, March 10, between 8:30 a.m. to 12:30 p.m.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60202095.4      - 2 -      CCI'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY [CV 07-05892 SI]

PST. (*Id.*) In his letter, even before the parties met and conferred, Mr. Preston advised that Plaintiff would be filing a motion to compel. (*Id.*)

Pursuant to further agreement, parties conducted their Rule 37 conference on March 12, 2008. (*Id.* at ¶ 7.) During this conference, Ms. Le informed Mr. Preston that CCI has produced all responsive documents relating to the Program with its motion to dismiss and that the remainder of the responsive belonged to CTG. (*Id.*) Nevertheless, Mr. Preston insisted that CCI produce a duplicate set of documents, but did not provide a substantiated reason for the request. Ms. Le indicated that the documents could not be produced without CTG's involvement, but that CCI would work with CTG's counsel to produce them the most expeditious manner possible. Ms. Le further advised Mr. Preston that CCI took the necessary steps to ensure that the documents and electronic information were preserved at the inception of the litigation. The parties also agreed to narrow the scope of Request for Document Demand No. 10. Ms. Le agreed to produce the responsive information within 10 days. With respect to CCI's privilege objections, Ms. Le informed Mr. Preston that CCI was not withholding any responsive information in its exclusive possession on the basis of privilege, but that she would review the responses and provide a privilege log to the extent that any documents were withheld. (*Id.*)

Following the call, Plaintiff's counsel sent a letter on the evening of March 12, memorializing the call and advising CCI that Plaintiff intended to bring a motion to compel "but to explicitly indicate that the parties had reached an agreement and expected to resolve those issues before the matter was heard by the Court (and so would be withdrawn when they were resolved)." (Preston Dec. at Ex. 5.)

On March 13, 2008, Ms. Le wrote Mr. Preston that a "motion would be premature at this juncture and a waste of the Court's and parties' time and expense." (Preston Dec. at Ex. 6.) Ms. Le encouraged Plaintiff to resolve any outstanding issues informally without judicial intervention and cautioned that any motion to compel would be premature in light of the parties' cooperative efforts and the infancy of the case. (*Id.*)

On March 14, 2008, Mr. Preston attempted to impose a number of conditions on CCI in return for delaying a motion to compel: "CCI could delay a motion any [sic] motion to compel

1  further if it were to commit to 1) providing Lofton more time to conduct discovery for his
2  Opposition, 2) shorten the time frame in which CCI will produce discovery, and /or 3) shorten the
3  time frame for a motion to compel." (Preston Dec at Ex. 7.)

4  On March 21, 2008, CCI's counsel reiterated its position that any motion to compel would
5  be premature as of the March 18 Order granted Plaintiff sufficient time to conduct discovery.
6  (Preston Dec. at Ex. 8.) CCI's counsel again informed Plaintiff that while CCI could not
7  unilaterally produce CTG's documents, it was working with CTG to produce documents. CCI's
8  counsel also informed Plaintiff that CIG would not produce the documents without a protective
9  order. (*Id.*)

10  On March 24, 2008, CCI produced documents responsive to Plaintiff's Request for
11  Documents No. 10. (Le Dec. at ¶ 8 & Ex. 3.)

12  On March 25, 2008, Ms. Le sent Mr. Preston another letter attempting to resolve this
13  discovery dispute without judicial intervention. (Preston Dec. at Ex. 10.)

14  Plaintiff prematurely brought this Motion to Compel on March 28, 2008.

15  On April 9, 2008, the parties reached agreement and filed a stipulated protective order.

### III. STATEMENT OF ISSUES

17  Plaintiff's Motion seeks to compel supplemental responses to requests for production nos.
18  1 through 10 and interrogatory nos. 1 through 6. CCI opposes Plaintiff's Motion on the following
19  grounds:

20  1.   Plaintiff has fully complied with its discovery obligations by providing Plaintiff
21  with all responsive information within CCI's exclusive control.

22  2.   CCI does not have any involvement in the WorldPoints Travel Rewards Program
23  and therefore, CCI does not have the information relating to this Program that Plaintiff seeks in
24  his discovery.

25  3.   Defendant CTG has the information that Plaintiff seeks to compel. Because CTG
26  is a party to this lawsuit, Plaintiff can easily obtain the information from CTG, which is exactly
27  what Plaintiff has done by propounded the identical discovery requests on CTG. CTG has said
28  that it will produce the requested information in due course.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60202095.4                                  - 4 -                    CCI'S OPPOSITION TO PLAINTIFF'S
                                                                    MOTION TO COMPEL DISCOVERY
                                                                    [CV 07-05892 SI]

4.      It is overly burdensome and harassing for Plaintiff to demand that CCI produce the same exact documents that Plaintiff is already receiving from CTG. Any benefit gained from this wasteful exercise, which Plaintiff has yet to demonstrate, is far outweighed by the gross burden imposed upon CCI to produce what Plaintiff will already have.

The following brief summary of CCI's responses demonstrate that CCI has fully complied with Plaintiff's discovery requests:

| | |
|---|---|
| Interrogatories Nos. 1-3; | CCI has substantively responded that it does not have any information or documents responsive to this request. |
| Interrogatory No. 4 | CCI has substantively responded that "there is no individual at CCI involved in obtaining or purchasing airline tickets on behalf of any WorldPoints credit card holder." |
| Interrogatory No. 5 | CCI has substantively responded that it will produce non-privileged responsive information with its Opposition to Plaintiff's Motion for Preliminary Injunction and Class Certification ("MPI"). It is premature to require CCI to provide the facts supporting its opposition to Plaintiff's MPI given that CCI may be dismissed from the case for lack of personal jurisdiction and would therefore not be subjected to the briefing on the MPI. |
| Interrogatory No. 6 | CCI has substantively responded that it has made a reasonable inquiry into the matters requested in Plaintiff's Requests for Admissions consistent with its obligations under the FRCP. |
| Document Request Nos. 1, 2, 5 | As CCI advised Plaintiff, it has produced all responsive documents in CCI's possession. The remainder of the responsive documents belong to CTG and therefore will be produced by CTG in due course. |
| Document Request No. 3 | It is premature to require CCI to provide documents supporting its opposition to Plaintiff's MPI given that CCI may be dismissed from the case for lack of personal jurisdiction and would therefore not be |

| | |
|---|---|
| | subjected to the briefing on the MPI. |
| Document Request No. 4 | CCI has already produced the responsive contract in its possession. |
| Document Request Nos. 6, 7, 8, 9 | CCI substantively responded that it does not have any documents responsive to this request. |
| Document Request No. 10 | CCI has produced responsive information evidencing the "ownership, legal structure, and extent of CTG" for the amended period of November 2003 to the present. In fact, CCI produce information dating back to 1989. |

## IV. ARGUMENT

### A. CCI Has Fully Complied With Plaintiff's Merit Discovery By Providing Plaintiff With All Responsive Information Within CCI's Exclusive Possession.

#### 1. CCI Produced All Responsive Documents Within Its Sole Possession And Control.

All but two discovery requests (RFP Nos. 10 and 11)[1] seek the disclosure of information and documents relating to the WorldPoints Travel Rewards Program and Plaintiff's alleged travel transactions under the Program. As discussed in the following section, CCI does not have any information responsive to Plaintiff's requests regarding the Program and Plaintiff's travel transactions. With respect to Request for Production No. 10, which seeks "documents sufficient to demonstrate the ownership, legal structure, and the extent of Carlson Companies, Inc.'s control over Carlson Travel Group, Inc." for the period of November 2003 to the time of CTG's divestment (as amended), CCI produced a stock certificate and organizational chart showing that CCI owned a 100% of CTG and the legal structure of corporations. (Le Dec. at Ex. 3) CCI did not withhold any privileged documents responsive to this Request.

---

[1] Request for Production No. 11 seeks information regarding former Defendant Carlson Travel Network Associates, Inc. Plaintiff has since dismissed CTNA from this lawsuit. Therefore, this Request is not longer at issue. (*See* Motion at 1:27 – 2:1, ftu.2.)

### 2. CCI Does Not Possess the Responsive Documents Relating the WorldPoints Program, Other Than What has Already Been Produced, and Therefore, Cannot Produce What It Does Not Have.

Since the beginning of this litigation, CCI has repeatedly advised Plaintiff through declarations under oath, verified discovery responses and conversations between counsel, that: (1) it has never it has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders through the Program, including Plaintiff's travel transactions, (2) it does purchase airline tickets on behalf WorldPoints credit card holders, and (3) it does not impose, process, assess or charge any fuel related fees, or any other fees on WorldPoints card holders.  (*See* Declarations of Wanda Cahill and Scott Grinde in support of CCI's Motion to Dismiss, Docket Nos. 34 – 38; Preston Dec. at Exs. 1, 4.)  Consequently, CCI does not have any documents relating to the Program or Plaintiff's transactions, except for the contract between CCI and Bank of America and CCI for the limited period of July 2006 through June 2007 wherein CCI served as a guarantor for CTG.  The contract is responsive to Plaintiff's RFP No. 4, and was produced by CCI with its motion to dismiss.  CCI has informed that the responsive information which Plaintiff seeks to compel is in the possession of its former subsidiary Defendant CTG (unless otherwise in the custody of Defendants Bank of America and FIA).  (Le Dec. at ¶ 7.; Preston Dec. at Exs. 6, 8, 10.)

CTG has said it will produce documents in its possession.  Yet, Plaintiff is still not satisfied and absurdly insists that CCI produce what it does not have.  Plaintiff does not and cannot provide any authority compel CCI to produce information that it does not possess.  On the contrary, courts have held that a production may only be required if the documents are in the possession, custody or control of the party upon whom the request was served.  *See Estate of Young v. Holmes*, 134 F.R.D. 291, 293 (D. Nev. 1991) (finding that responding party cannot be compelled to produce documents in the control of another party from whom the requesting party has equal ability to obtain documents).

/ / /

/ / /

### 3. CCI Divested Its Interests in CTG And Does Not Currently Control CTG or Its Potentially Responsive Documents.

Plaintiff admits in his Motion that in response to discovery requests, "a corporation must produce documents possessed by a subsidiary that the parent corporation owns or controls." *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989); *cited by In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 544 (N.D. Cal. 2005). "[F]or the purposes of compliance with Rule 34, a parent company has control of documents in the custody and possession of its wholly owned subsidiary." *ATM*, 233 F.R.D. at 544 (citations omitted). "Control is defined as the legal right to obtain documents upon demand. The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control." *Petroleum*, 870 F.2d at 1452.

In *Petroleum*, the Ninth Circuit denied the enforcement of a subpoena which required an international union to produce the records belonging to its local affiliate. *Id.* at 1454. The court determined that the international union did not demonstrate sufficient control over its local affiliate's documents where the international union could only demand access to records in the event of the local's dissolution. *Id.* The court also noted that the local affiliate's records could be obtained directly from the local affiliate itself, and thus a subpoena to the international union for these records was inappropriate. *Id.*

In this case, Plaintiff insists that since CCI has a right to demand responsive documents from CTG, CCI must produce these documents. (*See* Motion at 5:23-26.) However, Plaintiff has not met his burden of proving that CCI exerts control over CTG as contemplated by the *Petroleum* court. Indeed, Plaintiff admits he has insufficient information to "discern the extent of CCI's *current* control over CTG." (*See id.* at 5:14-15.) Plaintiff has no information regarding CCI's current control over CTG because none exists. "Control must be firmly placed in reality, not in an esoteric concept such as "inherent relationship." *Petroleum*, 870 F.2d at 1453-54. Here, Plaintiff's motion to compel CTG documents from CCI relies on CCI relationship with its former subsidiary CTG. While this connection obviously recognizes an "inherent relationship" between CCI and CTG at one point in time, it does nothing to establish that CCI has a current relationship

1  of control over CTG and the documents in its possession.

2  CCI no longer owns or controls CTG. CCI divested its interests in CTG on January 28, 2008. (Cahill Dec. in Support of Motion to Dismiss, Docket No. 34-38, at ¶¶ 21-22.) Even prior to this divestiture, CCI never directed or managed the WorldPoints program, nor was involved in the direction or management of its former subsidiaries in regards to the WorldPoints program. (Id. at ¶¶ 24-28.) All responsive information and documents which CCI has in its sole possession and control have been produced to Plaintiff. The only additional information and documents that may be responsive to Plaintiff's remaining discovery requests are in the possession and control of CTG. Thus, Plaintiff can obtain the information and documents responsive to his discovery requests from CTG, and has already propounded discovery requests to this end.

Furthermore, as discussed below, even if the Court found that CCI's right to demand a copy of the responsive documents from CTG constituted "control" pursuant to Federal Rule of Civil Procedure 34, it is absurd to demand that CCI exercise this control and undergo the burden and expense of obtaining and producing a duplicate set of documents that Plaintiff is already receiving from CTG. Plaintiff cites to no authority requiring a parent corporation to produce documents belonging to and in the possession of a former subsidiary, who is also a party to the same litigation and who is already producing the same documents to the propounding party. Such an order would be antithetical rules of discovery.

### 4. Plaintiff's Spoliation Claims Are Unfounded and Inapplicable.

Plaintiff strains the former parent-subsidiary relationship between CCI and CTG in so far as Plaintiff claims CCI retains a duty to maintain control over CTG's documents despite CCI's divestiture of its interests in CTG. Without any legal authority, Plaintiff claims CCI breached its duty to preserve evidence by selling CTG, and thereby losing control over CTG's documents. (*See* Motion at 5:26-28, 6:6-8.) In support of his position, Plaintiff relies on inapposite case law without any mandatory authority.[2] Moreover, to the extent CCI maintains any relationship with

---

[2] Plaintiff's claim relies upon *In re WRT Energy Sec. Litig.*, 246 F.R.D. 185, 195 (S.D.N.Y. 2007). In *WRT*, plaintiffs sued underwriters for notes of stock in a bankrupt company. During bankruptcy proceedings, the company's documents were returned to its various owners, including the company's successor. During discovery, the successor notified plaintiffs that some of its documents would be destroyed and gave plaintiffs the opportunity to take custody. Plaintiffs responded by stating they had no further interest in the documents and did not prevent

60202095.4   - 9 -   CCI'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY [CV 07-05892 SI]

CTG, CCI has fulfilled its preservation duties in notifying CTG of its duty to preserve potentially responsive documents, in preventing the destruction of any potentially responsive documents within CCI's own possession, and in preventing the destruction of any potentially responsive documents shared between CCI and CTG. (Le Dec. ¶ 7.) In fact, CCI's counsel informed Plaintiff's counsel during their March 12 conference that CCI took the necessary precautions to preserve the relevant documents at the inception of the litigation. (Id; Preston Dec. at Exs. 5, 6.) As no documents relating to this litigation have been destroyed to CCI's knowledge, any claims of spoliation are inapplicable. For Plaintiff to now accuse CCI otherwise, without proof, is egregious.

### 5.   CCI's Interrogatory Responses are Complete and Adequate.

CCI has provided complete and substantive interrogatories regarding the merits of the case. Plaintiff cannot simply compel supplemental responses because he does not like the answers.

Plaintiff takes issue with CCI's Response to Interrogatory No. 6, which asks:

> If the Carlson Defendants' answer to any of Plaintiff's Requests for Admissions asserts a lack of information as a basis for failing to admit such Requests, indicate the efforts to obtain the information with specificity, including what efforts were made, which persons were involved in the efforts, and when the efforts were made.

In a *verified* response, CCI provided: "[C]onsistent with the Federal Rules of Civil Procedure, it has made reasonable inquiry the matters requested in Plaintiff's Request for Admissions." Plaintiff complains this response is not adequate because he doubts the truth of CCI's *verified* discovery responses since CCI's response is different from CTG's response to RFA No. 23. (Motion at 11:19-20.) Plaintiff's accusation is not only insulting and improper, but also unfounded. CCI conducted the reasonable inquiry necessary of its personnel in order respond to Plaintiff's discovery as required by the Federal Rules of Civil Procedure. CCI did not respond for any other party than itself.   CCI verified its responses under oath.   CTG is represented by

---

destruction. The court determined that in light of the pending discovery requests, plaintiffs had a duty to preserve the documents and prevent the successor from destroying the documents. The facts of this case plainly do not support Plaintiff's contention that CCI's divestiture of CTG and resulting loss of control of CTG's documents is a breach of CCI's preservation duties. Indeed, all of the cases discussed within *WRT* regard actual destruction of responsive documents and the responding party's failure to prevent destruction of responsive documents. *Id* at 195.

60202095.4

- 10 -

CCI'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
[CV 07-05892 SI]

1  separate and independent counsel who provided responses on CTG's behalf. CCI does not own
2  or control CTG. That CTG may have different information and/or provide different responses
3  than CCI should not and does not mean that CCI did not comply with its discovery obligations.

       6. <u>CCI's Jurisdictional Objections are Valid.</u>

5    With the exception of Request for Production No. 10, Plaintiff's discovery seeks the
6  disclosure of information regarding the merits of the litigation. As set forth in CCI's motion to
7  dismiss, CCI challenges the Court's exercise of personal jurisdiction over CCI. As such, CCI
8  asserted this objection in its responses to Plaintiff's merit discovery. Notwithstanding its
9  jurisdictional objections, CCI still provided substantive answers to Plaintiff's discovery, thereby
10 satisfying its obligations under Federal Rules of Civil Procedure. The fact that Plaintiff does not
11 like CCI's substantive answers is not grounds for moving to compel.

12   Plaintiff's argument that he is entitled to jurisdictional discovery is completely irrelevant
13 to the current dispute. As stated, Plaintiff's first set of discovery does not seek to discover
14 information relating to CCI's jurisdictional challenge. CCI has never told Plaintiff that it would
15 not allow him to conduct jurisdictional discovery. In fact, CCI proposed that the parties stay
16 discovery on the merits and only conduct discovery on jurisdiction pending resolution of CCI's
17 jurisdictional challenge. (Le Dec. at ¶¶ 5, 10, 11 & Ex. 4, 5.)

18   It is well settled that discovery should be limited to jurisdiction pending while a
19 jurisdictional challenge is pending. *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D.
20 670, 672 (S.D. Cal. 2001) (citing *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557
21 F.2d 1280 (9th Cir. 1977)). "When a defendant raises jurisdictional objections, the court may
22 stay discovery proceedings generally and limit discovery to matters relevant to the court's
23 jurisdiction."[3] *Id.* at 675 (citing 8 C. Wright, A. Miller & R. Marcus, Federal Practice and
24 Procedure § 2040, p. 521-22 (2d ed. 1994).

---

[3] Courts in other circuits have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending. *See e.g.*, *Enplanar, Inc. v. Marsh*, 11 F.3d 1284 (5th Cir.1994) (court did not abuse its discretion in denying merits-related discovery pending ruling non a motion for change of venue); *River Plate Corp. v. Forestal Land, Timber & Ry. Co.*, 185 F. Supp. 832 (D.C.N.Y.1960) (where motion to quash service of summons was pending, discovery limited to the issue of jurisdiction); *Defensive Instruments, Inc. v. RCA Corp.*, 385 F.Supp. 1053 (D.C.Pa.1974) (where defense of statute of limitations would obviate need for scrutiny of merits, discovery properly limited to preliminary questions as to validity of the defense).

In *Orchid Biosciences*, the court limited plaintiff's discovery solely to jurisdictional issues while defendant's motion to dismiss was pending. *Id.* at 675. The court determined that limited discovery was appropriate when the case had not yet progressed beyond the initial pleading stages, no discovery cutoff had been established, merit-based discovery would result in wasting the parties' time and resources, and plaintiff would have ample time and opportunity to conduct discovery of the merits in the event that the motion to dismiss were denied. *Id.* Similar to the Defendant in *Orchid Biosciences*, CCI filed a Motion to Dismiss for lack of personal jurisdiction. Based on the evidence submitted in its dispositive motion, CCI has good cause to request the court to stay Plaintiff's merit-based discovery requests. If Plaintiff were permitted to seek merit-based discovery while this dispositive motion is pending, CCI would be subjected to a costly and burdensome search and production of documents and information on issues that may prove moot should CCI prevail on its motion.

  7. <u>Plaintiff's Interrogatories and Document Request Seeking Information Regarding CCI's Opposition to Plaintiff's Motion for Preliminary Injunction and Class Certification Are Premature (Interrogatory No. 5 and Request for Production of Document No. 3).</u>

Interrogatory No. 5 and Request for Production No. 3 prematurely seeks the disclosure of information supporting CCI's Opposition to Plaintiff's MPI four months before the August 15 Opposition due date.[4] CCI will provide the responsive information along with its Opposition (if it has not already been dismissed from this case for lack of personal jurisdiction) at the required time. Plaintiff's insistence that CCI produce this information before that time is absurd. Further, CCI's motion to dismiss for lack of personal jurisdiction is scheduled for hearing on August 1, 2008. If this Court grants CCI's motion thereby dismissing CCI from the case, it will not subjected to the MPI briefing. As a result, it is unreasonable to expect CCI to have already incurred the expense of preparing an opposition that it ultimately may not have to file. That is to say, no opposition yet drafted and, as such, no documents that "may support or contradict [CCI's] opposition." Plaintiff's demand that CCI undergo the exercise and expense of producing this

---

[4] Interrogatory No. 5 and Request for Production No. 3 request all facts and documents the Carlson Defendants believe may support or contradict their opposition to Plaintiff's Motion for Preliminary Injunction. In response, CCI has agreed to produce responsive information and documents at the time its Opposition is due.

60202095.4   - 12 -   CCI'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY [CV 07-05892 SI]

information at this juncture is nothing more than a harassment tactic intended to make CCI incur unnecessary expenses.

### B. Plaintiff Is Fully Aware That The Information Which He Seeks to Compel From CCI Belongs To Defendant CTG And Is Being Produced By CTG.

Plaintiff does not deny that the documents which he seeks to compel from CCI belongs to and are in the possession of CTG. Plaintiff also does not deny that he propounded the identical discovery requests upon CTG. Plaintiff does not deny that CTG has promised to produce the responsive documents in its possession. CTG does not deny that it has the documents responsive to Plaintiff (except as otherwise in the possession of Defendants Bank of America and FIA) and has not pointed its finger at CCI as Plaintiff would have this Court believe. In fact, CTG has indicated that it will produce the responsive documents upon entry of a protective order. (*See* CTG's Opposition at 1:26-28, 8:17-21.)

### C. Despite The Fact That CTG Will Provide Plaintiff With The Requested Documents, Plaintiff Absurdly Seeks To Impose Undue Burden On CCI By Compelling CCI To Produce A Duplicative Set Of Information.

Plaintiff provides no compelling reason for subjecting CCI to the extreme burden of producing a duplicate set of documents he will receive from CTG. The only reason given by Plaintiff is that CCI's employees may somehow be able to locate and produce a different set of documents than CTG. (Motion at 6:9-10.) Plaintiff's reasoning is flawed and completely ignores the fact that the documents are in CTG's possession and therefore, it is extremely unlikely that CCI would locate and produce a different set of documents.

Plaintiff's need for two identical sets of documents is unfounded but if he insists, then he should be ordered to pay for the costs associated with this ridiculous request. Plaintiff has failed to adequately explain what benefit he stands to gain by requiring CCI to produce a duplicative set of documents. Moreover, Plaintiff has not demonstrated how such benefit, it any, outweighs the extreme burden and cost of subjecting CCI to produce and oppose this motion. Federal Rule of Civil Procedure 26 provides that courts must limit the extent of discovery otherwise allowed if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> . . . .
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C). As discussed herein, there is no benefit to be gained by Plaintiff from receiving an exact duplicate set of documents. The burden imposed by Plaintiff to produce this duplicative and cumulative discovery far outweighs any benefits. Plaintiff has already requested CTG's documents from CTG itself. CTG's documents can be more conveniently obtained from CTG. CTG has already agreed to produce its responsive documents following the entry of a protective order. There is no reason for CCI to incur the burden and expense of producing documents belonging to another party to this action. If Plaintiff insists CCI produce this duplicative discovery, then Plaintiff should pay for CCI's costs.

### D. **Plaintiff's Motion Is Premature And Contravenes This Court's Local Rules And Standing Order.**

#### 1. Plaintiff's Motion Is Premature And Requires This Court to Police Discovery Issues That May Be Resolved by The Parties.

"The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process." *See In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Yet this is exactly what Plaintiff expects this Court to do while sifting through 88-pages of Plaintiff's premature Motion. Plaintiff admits that CCI has produced and has agreed to produce responsive documents and information within its possession and control, yet Plaintiff seeks a court order to compel discovery just in case it "would be foolhardy to take CCI's assurances at face value." (Motion at 3:24.) Plaintiff's appeal to this Court to police a dispute involving contentions which may prove moot by either CTG's production of documents and/or CCI's dismissal from this action for lack of personal jurisdiction simply does not rise to the level

of "extraordinary situations that implicate truly significant interests." *Convergent Tech*, 108 F.R.D. at 331. Plaintiff's impatience with the discovery process, and the customary delays in locating, retrieving and producing responsive documents, do not constitute extraordinary situations.

Moreover, despite the fact that CCI and CTG are separate entities that have separately retained independent counsel and CCI's burden argument, CCI has nonetheless attempted to cooperate with Plaintiff. CCI has repeatedly informed Plaintiff's counsel that it would diligently to work with CTG to help produce any remaining responsive documents that may be in CTG's possession and control in an expeditious manner. Nevertheless, Plaintiff's counsel has threatened a motion to compel from the very beginning when he indicated that he would first file a motion and then withdraw it before the hearing notwithstanding CCI's efforts. (Preston Dec. at Ex. 5.)

### 2. Plaintiff Violated the Court's Local Rules and Standing Order.

Plaintiff not only moves this Court to police discovery issues which are capable of resolution by the parties themselves, but Plaintiff brings his Motion in contravention to this Court's local rules and standing order.

Plaintiff's motion relies upon unpublished federal law,[5] despite this Court's order that:

> "Any order or opinion that is designated: "NOT FOR CITATION," pursuant to Civil L.R. 7-14 or pursuant to a similar rule of any other issuing court, may not be cited to this Court, either in written submissions or oral argument, except when relevant under the doctrines of law of the case, *res judicata* or collateral estoppel."

U.S. Dist. Ct., N.D. Cal. Civil L.R. 3-4(e). In many instances, Plaintiff cites to several unpublished cases as the sole legal authority for his contentions. Tellingly, Plaintiff fails to provide citable, published authority because none exists.

---

[5] By way of example, Plaintiff relies on the following ten unpublished cases, some of which are cited as his sole legal authority, for his various contentions: *Bathija v. Panoff Pub., Inc.*, No. 04-0011, 2005 WL 2323298 (D. Alaska Sept. 21, 2002); *Berry v. Baca*, No. 01-2069, 2002 WL 1777412 (C.D. Cal. July 29, 2002); *Dickson v. Chicago Allied Warehouses, Inc.*, No. 90-6161, 1993 WL 362450 (N.D. Ill. Sept. 15, 1993); *Coleman v. Schwarzenegger*, No. 90-520, 2007 WL 4328476 (N.D. Cal. Dec. 6, 2007); *eMag Solutions, LLC v. Toda Kogyo Corp.*, No. 02-1611, 2006 WL 3783548 (N.D. Cal. Dec. 21, 2006); *Goodrich Corp. v. Emhart Indus.*, No. 04-00759, 2005 U.S. Dist. LEXIS 17190 (C.D. Cal. June 10, 2005); *Lexington Ins. Co. v. Swanson*, No. 05-1614, 2007 WL 1287938 (W.D. Wash. May 1, 2007); *Phillips v. Netblue, Inc.*, No. 05-4401, 2007 WL 174459 (N.D. Cal. Jan. 22, 2007); *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05-6673, 2007 WL 3256848 (N.D. Ill. Nov. 1, 2007); and *White v. E-Loan, Inc.*, No. 05-2080, 2006 WL 2850041 (N.D. Cal. Oct. 5, 2006).

1   Moreover, this Court's Standing Order provides "Counsel seeking the court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and relief sought." Judge Illston's Standing Order dated May 2006. Nonetheless, Plaintiff has filed a 19-page Motion to Compel with 88-pages of supporting documents.

Plaintiff's motion does not comport with the requirements of this Court, and in doing so, egregiously wastes the parties' and this Court's time and resources to determine, analyze and address the discovery dispute between the parties.

## V. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Compel further responses to its First Set of Interrogatories and First Set of Requests for Production of Documents should be denied. Alternatively, if CCI must produce the duplicative documents requested by Plaintiff, then Plaintiff should be ordered to pay for CCI's costs and fees.

DATED: April 11, 2008                Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:   /S/ Elizabeth D. Le
          Martin R. Lueck
          Emmett J. McMahon
          Elizabeth D. Le

*Attorneys for Defendant Carlson Companies, Inc.*