# EXHIBIT 1

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

EMMETT J. MCMAHON
612-349-8728
EJMcMahon@rkmc.com

January 8, 2008

**VIA E-MAIL AND U.S. MAIL**

Alan Himmelfarb
KamberEdelson LLC
2757 Leonis Blvd.
Los Angeles, CA 90058

Jay Edelson
Ethan Preston
KamberEdelson LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604

Scott Kamber
KamberEdelson LLC
11 Broadway, 22nd Floor
New York, NY 10004

Re:  *John Lofton v. Bank of America Corporation, et al.*
     Court File No.: C07-05892 EDL
     Our File No.: 023172-0036

Gentlemen:

We are writing in regard to the Rule 26(f) conference that we attempted to conduct with you yesterday. You did not confer with us in good faith, as required by that Rule. The Rule was not satisfied for numerous reasons.

First, the Rule states that "the attorneys of record and all unrepresented parties that have appeared in the case are <u>jointly</u> responsible for arranging <u>the</u> conference." Unfortunately, you did not allow the two Bank of America defendants to participate.

Second, you expressly took the position that there could be multiple conferences. However, the above quoted language ("<u>the</u> conference") clearly contemplates <u>one</u> conference, in which all parties would jointly participate.

Third, the Rule requires the parties to attempt in good faith to agree on "when discovery should be completed." Again, without the benefit of defendants Bank of America Corporation and FIA Card Services, N.A., you obviously could not make a firm commitment as to a discovery deadline. That portion of the Rule was not satisfied.

Alan Himmelfarb
Jay Edelson
Scott Kamber
January 8, 2008
Page 2

Fourth, the Rule requires the parties to discuss clawback provisions in the event that privileged information is inadvertently produced. We did not discuss this issue, and obviously could not reach an agreement on this issue without the missing defendants.

There are many other reasons the conference was not completed as required by the Rule. For example, Bank of America's absence from the call made it impossible to reach agreement over when initial disclosure would be made by Bank of America, what subjects of discovery our clients, and yours, would receive and give to the missing parties, whether our production of ESI would satisfy the missing defendants, how the missing defendants must respond to our privileged information that may be produced inadvertently, and how much and what type of discovery would be obtained from the missing defendants. We were unable to confer and reach a consensus on class certification discovery and other areas. All of these deficiencies prohibited us from negotiating a plan that would protect and govern the parties throughout the case.

Since the telephone conference did not, and could not, cover all issues set forth in Rule 26(f), we do not consider that conference to be completed. You mentioned possible service of discovery. However, Rule 26(d)(1) prohibits any discovery until "the parties have conferred as required by Rule 26(f)." Because all of the joined parties in this case have not conferred, and because all requirements of Rule 26(f) have not been satisfied, discovery that you may serve will be ineffective.

We also want to advise you that, as a result of new developments, we will withdraw as counsel for two of the Carlson defendants and new counsel will be substituted in our place for those two defendants. We hope to have new counsel in place by the end of this week. We anticipate making Rule 26 disclosures for one Carlson defendant by the end of next week. We will work closely with new counsel for the other two Carlson defendants to get them up to speed. Because new counsel will be entering an appearance shortly, because the Bank of America defendants have not yet had an opportunity to participate in the Rule 26(f) conference with us, and because your pleadings do not allege any immediate need for equitable relief that would make a slight postponement unreasonable, we again ask for your agreement that you postpone the hearing on February 5. We hope that you will be reasonable with our request on these scheduling matters. Please let us have your response today.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Emmett J. McMahon

EJM/lb
cc:   Abraham J. Colman, Esq.
      Felicia Y. Yu, Esq.

MP3 20257331.1