# EXHIBIT 2

**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Friday, March 07, 2008 5:50 PM
**To:** Le, Elizabeth D.
**Cc:** Jay Edelson, Esq.
**Subject:** CCI discovery responses

Ms. Le,

I have reviewed CCI's discovery responses.

CCI's general objections can be summarized as following:

1. there is no personal jurisdiction over CCI;
2. CCI cannot answer for CTG or CTNA;
3. various terms in the discovery requests are vague, ambiguous, or make the requests burdensome;
4. the documents are privileged.

We do not believe these objections have merit. The purported absence of personal jurisdiction over CCI does not excuse CCI's failure to respond properly to Lofton's discovery. Likewise, we firmly believe that CCI exercises or exercised sufficient control over CTG to obtain the requested information. Finally, CCI remaining objections are not adequate to foreclose the pending discovery.

With respect to specific discovery requests, we also have found that CCI failed to provide adequate responses and that its specific objections are equally groundless.

With respect to Interrogatories Nos. 1-4, CCI objects that it was not involved in the underlying events and has no knowledge of CTG's involvement. Again, we firmly believe that CCI exercises or exercised sufficient control over CTG to obtain the responsive information.

With respect to Interrogatory No. 5 and Request for Production of Documents No. 3, CCI objects (in addition to the foregoing) that its opposition to the Motion for Preliminary Injunction is not yet due. CCI has an obligation to provide as much information as it has now and to seasonably supplement its answer; this objection is groundless.

With respect to Interrogatory No. 6, CCI objects (in addition to the foregoing) that Lofton is obliged to demonstrate why the information is relevant. Lofton does not bear the burden of proof here; CCI is obliged to demonstrate why it should not have to respond to Lofton's discovery. It has not done so.

With respect to Requests for Production of Documents Nos. 1, 2, 5, and 10, CCI objects (in addition to the

3/10/2008

foregoing) that it will produce documents "located after a reasonable search at an agreed upon time and place subject to entry of a Stipulated Protective Order." The burden of production rests on CCI: it was CCI's obligation to search its records and produce these documents by March 4. CCI's failure to do so violates Rule 34. The protective order is a matter entirely within CCI's hands and its failure to obtain a protective order is no reason to delay Lofton's discovery. Moreover, there is no reason to delay any discovery which would not be subject to a protective order, and CCI has made no effort to demonstrate any such discovery would be subject to a protective order.

With respect to Request for Production of Documents No. 4, CCI indicates that it has already produced "the responsive document." Again, we firmly believe that CCI has access to and control over other contracts between the Bank Defendants and the Carlson Defendants, specifically the current contract between CTG and FIA Card Services.

With respect to Requests for Production of Documents Nos. 6, 7, and 8, CCI's assertion that no non-privileged documents exist which are responsive to this Request seems profoundly unlikely -- to the extent that CCI's counsel has sufficient information to create a responsive document, it also has access to underlying, non-privileged evidence subject to discovery. In any event, CCI has not adequately raised its attorney-client privilege.

* * *

We are currently believe that it would be appropriate for Lofton to file a motion to compel CCI to answer these discovery requests properly.

I would like you (or another of your firm's attorneys) to participate in a telephone conference on Monday, March 10, 2008 at the time of CCI's choice between 10:30am and 2:30pm CST. I would ask that CCI's representative be prepared to provide a detailed plan which explains how CCI will provide all responsive discovery over the next 10 days, which is detailed enough to provide Lofton with some confidence that CCI is answering his discovery in good faith.

This schedule is appropriate, given that CCI delayed producing this discovery for more than 8 weeks and, when it could delay no more, it produced virtually no responsive information. If CCI decides to participate in the discovery process sincerely and in good faith, it will need to demonstrate its commitment by responding on an expedited basis. Otherwise, given CCI's past conduct, Lofton is obliged to categorize any delay in participating in the conference on Monday as continued gamesmanship designed to avoid and delay CCI's discovery obligations.

Regards,

Ethan Preston


--
Ethan Preston
KamberEdelson, LLC
53 West Jackson, Suite 550
Chicago, IL 60604
(312) 589-6370

This communication may be confidential and proprietary. The only persons authorized to use this communication are the addressee(s), their agents and attorneys. Any other disclosure or use of this communication's

3/10/2008

existence, contents, substance, purport, effect, or meaning is prohibited. This communication may be exempted and protected from disclosure as attorney work product, attorney-client privilege, or under other applicable rules and/or laws. If you have received this communication in error, please notify me immediately by return e-mail and destroy this communication and any copies or attachments.

3/10/2008