# EXHIBIT 5

## Le, Elizabeth D.

**From:** Ethan Preston [epreston@kamberedelson.com]
**Sent:** Monday, April 07, 2008 9:23 AM
**To:** Le, Elizabeth D.
**Cc:** Donald P Gagliardi; Colin McCarthy; Lee, Carol; Yu, Jordan S.; Jay Edelson, Esq.
**Subject:** RE: LOFTON

Dear Elizabeth,

Thank you for your April 4 letter requesting a Rule 37 conference. I understand from your letter that CCI intends to seek a protective order with respect to Lofton's pending discovery on the basis that it is not subject to the Court's personal jurisdiction. I will be available for such a conference during April 9 and 10 this week, and April 17 and 18 of next week. We can more fully consider CCI's proposed stipulation after our conference, but it would expedite matters to identify the parties' respective positions with respect to the proper scope of jurisdictional discovery.

Lofton's primary theory of personal jurisdiction arises under the *Calder* effects test. In short, Lofton alleges that CCI participated or assisting CTG in making fraudulent or misleading charges on WorldPoint cardholder's credit cards, and Lofton's position is that CCI is subject to both liability and personal jurisdiction given those facts. Without committing to any specific limitation ahead of time, Lofton would be able to narrow the scope of his jurisdictional discovery to contested facts relevant to general jurisdiction if CCI agrees not to contest the factual basis of the allegations in Lofton's complaint. Obviously, such an agreement would be exclusively limited to resolving CCI's Motion to Dismiss (and related discovery disputes) and would not extend into the substantive merits of Lofton's claims.

Alternatively, CCI could maintain its position that it did not charge WorldPoints cardholders' credit cards, and it did not purchase airline tickets for WorldPoints cardholders. Lofton's jurisdictional discovery would have to test these position, but CCI could agree not to contest a much narrow set of facts for the purposes of resolving its motion to dismiss. Specifically, Lofton believes the following facts are relevant to the Court's personal jurisdiction over CCI: 1) whether CTG committed an intentional tort by charging Lofton's credit card for fuel-related fees, 2) whether CCI knew that CTG charged Lofton's credit card for fuel-related fees and knew that Lofton would be damaged by such act, 3) whether CCI gave CTG substantial assistance in charging Lofton's credit card, and 4) whether CCI received some portion of the fuel-related fee traceable to the charge on Lofton's credit card. Again, CCI's agreement not to contest these facts would be exclusively limited to resolvin! g CCI's motion (and any related discovery disputes) and would not extend into the substantive merits of Lofton's claims.

Either variation of Lofton's proposal would have several merits. To the extent that the facts discussed above are irrelevant to the Court's personal jurisdiction over CCI, both Lofton and CCI will be saved a great deal of unnecessary discovery. Lofton certainly shares CCI's concerns about the conservation of litigants' resources. To the extent the facts above are relevant, however, they should obviously be subject to discovery. Moreover, to the extent that Lofton and CCI present conflicting evidence on these facts, Lofton will prevail on a motion to dismiss. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Mattel, Inc. v. Greiner*, 354 F.3d 857, 862 (9th Cir. 2003). Depending on the agreement struck, Lofton might even agree not to oppose CCI rescheduling its motion to dismiss to an earlier date.

Please consider Lofton's proposal before we have our conference; I expect if CCI can agree to

something along the lines of what is proposed above, we could substantially shorten or eliminate altogether the conference. In any event, Lofton will be filing a motion for leave to amend his complaint which will set forth his allegations in more detail; it may be better to delay our Rule 37 conference until that motion is filed so we can discuss specific allegations. Lofton will be filing this motion no later than April 11, and hopes to file it well before then.

Regards,

Ethan

On Fri, 2008-04-04 at 15:39 -0700, Le, Elizabeth D. wrote:

> >>>> Please read the confidentiality statement below <<<<
>
> Counsel:
>
> Please find the attached.
>
> Regards,
>
> Liz
>
> **ROBINS, KAPLAN, MILLER & CIRESI LLP**
>
> Elizabeth D. Le
>
> 2049 Century Park East, Suite 3400
>
> Los Angeles, California 90067
>
> Tel:   (310) 552-0130
>
> Fax:   (310) 229-5800
>
> E-mail: edle@rkmc.com

4/7/2008

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

4/7/2008