**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

ATTORNEYS AT LAW

SUITE 3400
2049 CENTURY PARK EAST
LOS ANGELES, CA 90067-3208
TEL: 310-552-0130  FAX: 310-229-5800
www.rkmc.com

ELIZABETH D. LE
310-552-0130

April 16, 2008

**VIA ELECTRONIC MAIL**

Honorable Susan Illston
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: *Lofton v. Bank of America Corp. et al.*
    United States District Court for the Northern District of California,
    Case No. 07-05892 (SI)

Your Honor:

  Defendant Carlson Companies, Inc. ("CCI") seeks a protective order staying discovery on the merits against CCI while CCI's Motion to Dismiss for Lack of Personal Jurisdiction is pending. Plaintiff's merit-based discovery is premature and unnecessary until resolution of CCI's jurisdictional challenge. Yet, despite CCI's repeated requests that Plaintiff stay discovery on the merits until after the Court rules on CCI's Motion to Dismiss, Plaintiff continues to barrage CCI with merit-based discovery on a weekly and, at times daily, basis.

  Plaintiff has propounded 6 sets of requests for production of documents (consisting of 58 requests), 5 sets of requests for admissions (consisting of 79 requests), and 3 sets of interrogatories (consisting of 21 requests), the majority of which relates to the merits of the case, since January 2008.[1] CCI has repeatedly informed Plaintiff that not only is the discovery on the merits premature, but also misdirected at CCI. CCI has provided Plaintiff with declarations under oath and verified discovery responses representing that it did not have any involvement in the WorldPoints Travel Rewards Program or the transactions alleged in the Complaint and therefore does not have any information responsive to Plaintiff's discovery. Nevertheless, Plaintiff refuses to stop harassing CCI. Plaintiff even sought to compel further responses from CCI to his first set of discovery on the merits.

  CCI's several attempts to resolve this dispute in good faith without judicial intervention have been unsuccessful. (*See* Exs. 1-3 attached hereto.) Plaintiff continues to propound one set

---

[1] Five of the six sets of discovery were propounded after CCI filed its Motion to Dismiss on February 20, 2008; the other set was still pending at the time CCI filed its Motion.

  In consideration of the Court, CCI is not attaching the 82 pages of pending discovery requests, but will gladly provide them at the Court's request.

of burdensome discovery after another. Just yesterday, Plaintiff served another set of discovery requests relating to the merits of the case, while asking that CCI delay seeking a protective order. Plaintiff's actions have left CCI with no choice but to seek immediate relief from the Court. Any further forbearance on this motion would be to CCI's detriment. Accordingly, CCI moves this Court for a protective order limiting discovery directed at CCI to jurisdictional discovery until the Court rules on CCI's motion to dismiss.

**I.      Plaintiff's Merit-Based Discovery Should Be Stayed Pending Resolution of CCI's Dispositive Motion.**

      A.      <u>This Court Has Discretion to Issue a Protective Order to Stay Discovery.</u>

Federal Rules of Civil Procedure (FRCP) 26(c) provides this Court with the discretion to enter a protective order under the following circumstances:

> Upon motion by any party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1)   that the disclosure or discovery not be had;
> . . . .
> (4)   that certain matter not be inquired into, or that the scope of the disclosure or discovery for limited to certain matters . . .

FED. R. CIV. P. 26(c).

It is well-settled law that federal district courts may issue a protective order to limit discovery pending the determination of a dispositive motion. *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (citing *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977)); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2nd Cir. 1987) (issuing protective order preventing discovery pending determination on motion to dismiss); *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987) ("trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"). "When a defendant raises jurisdictional objections, the court may stay discovery proceedings generally and limit discovery to matters relevant to the court's jurisdiction." *Orchid Biosciences*, 198 F.R.D. at 675 (citing 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2040, p. 521-22 (2d ed. 1994).

      B.      <u>Good Cause Exists to Stay Plaintiff's Merit-Based Discovery Until Resolution of CCI's Jurisdictional Objections.</u>

A party seeking a protective order has the burden of showing that "good cause" for the order exists. *Beckman Indus. v. International Ins.*, 966 F.2d 470, 476 (9th Cir. 1992). Additionally, to determine whether a discovery stay pending the outcome of a dispositive motion

is warranted, the court is guided by the following factors, none of which is singly dispositive: the type of motion pending; the nature and complexity of the action; the existence of counter or cross claims; whether some or all of the defendants request a stay; the stage of the litigation; the expected extent of the discovery; and any other relevant circumstances. *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (citing *Hatchett Distribution, Inc. v. Hudson County News Company*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). "A case by case analysis is required, since the determination will necessarily be fact specific and will depend upon the particular circumstances and posture of the case at issue." *Orchid Biosciences*, 198 F.R.D. at 672.

In *Orchid Biosciences*, the court limited plaintiff's discovery solely to jurisdictional issues while defendant's motion to dismiss was pending. *Id.* at 675. The court determined that limited discovery was appropriate when the case had not yet progressed beyond the initial pleading stages, no discovery cutoff had been established, merit-based discovery would result in wasting the parties' time and resources, and plaintiff would have ample time and opportunity to conduct discovery of the merits in the event that the motion to dismiss were denied. *Id.*

Similar to the defendant in *Orchid Biosciences*, CCI filed a motion to dismiss for lack of personal jurisdiction. Based on the evidence submitted in its dispositive motion, CCI has good cause to request the court to stay Plaintiff's merit-based discovery requests. If Plaintiff were permitted to seek discovery on the merits while CCI's dispositive motion is pending, CCI would be subjected to a costly and burdensome search and production of documents and information on issues that may prove moot if CCI prevails on its motion.

Moreover, in applying the aforementioned factors set forth in *Skellerup*, this Court should find that a protective order is appropriate in this case. *Skellerup Industries Ltd.*, 163 F.R.D. at 601. CCI's motion to dismiss is a dispositive motion which, if granted, could potentially resolve the entire case against CCI. There are no counter or cross claims involving CCI in this action. Indeed, the nature of CCI's involvement in and relationship to this case is at most tangential, if at all connected. As set forth in the Declarations of Wanda Cahill and Scott Grinde in support of CCI's Motion to Dismiss and CCI's verified discovery responses, CCI has never had any involvement in the direction or management of the WorldPoints Program. CCI never directed or managed any entity or person regarding the WorldPoints Program. CCI never imposed, processed, or assessed any fees related to the WorldPoints program, including the alleged fees at issue. CCI also does not have any information relating to the WorldPoints Program, other than what has been produced. CCI has verified these facts under oath. Yet, Plaintiff, without justification, continues to propound discovery on the merits against CCI.

II. **Plaintiff Has Provided No Compelling Reasons For Refusing To Limit The Scope Of Discovery Pending CCI's Jurisdictional Challenge.**

Plaintiff does not and cannot provide any compelling reason for subjecting CCI to unnecessary and burdensome discovery. Plaintiff's counsel claims that the *Calder* effects test from *Calder v. Jones*, 465 U.S. 783 (1984), allows Plaintiff to conduct merit discovery during this period. (*See* Email from Preston to Le, dated April 7, 2008 attached as Ex. 2.) In his email of April 7, Plaintiff's counsel, Ethan Preston, wrote:

60202542.1

> Lofton's primary theory of personal jurisdiction arises under the *Calder* effects test. In short, Lofton alleges that CCI participated or assisting CTG in making fraudulent or misleading charges on WorldPoint cardholder's credit cards, and Lofton's position is that CCI is subject to both liability and personal jurisdiction given those facts. Without committing to any specific limitation ahead of time, Lofton would be able to narrow the scope of his jurisdictional discovery to contested facts relevant to general jurisdiction if CCI agrees not to contest the factual basis of the allegations in Lofton's complaint….
>
> Alternatively, CCI could maintain its position that it did not charge WorldPoints cardholders' credit cards, and it did not purchase airline tickets for WorldPoints cardholders. Lofton's jurisdictional discovery would have to test these position, but CCI could agree not to contest a much narrow set of facts for the purposes of resolving its motion to dismiss. Specifically, Lofton believes the following facts are relevant to the Court's personal jurisdiction over CCI: 1) whether CTG committed an intentional tort by charging Lofton's credit card for fuel-related fees, 2) whether CCI knew that CTG charged Lofton's credit card for fuel-related fees and knew that Lofton would be damaged by such act, 3) whether CCI gave CTG substantial assistance in charging Lofton's credit card, and 4) whether CCI received some portion of the fuel-related fee traceable to the charge on Lofton's credit card….

(*Id.*)

In *Calder v. Jones*, the U.S. Supreme Court held that a state could assert personal jurisdiction over the author and editor of a national magazine which published an allegedly libelous article about a resident of that state, and where the magazine had wide circulation in that state. The *Calder* effects test will allow personal jurisdiction over a party whose conduct was expressly aimed at the forum state, knowing that the harmful effects would be felt primarily there and that the defendants would "reasonably anticipate being haled into court." More clearly stated, the Calder effects test provides that "the defendant 'must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (citing *Bancroft & Masters v. Augusta Nat'l*, 223 F.3d 1082, 1088 (9th Cir. 2000).

However, as CCI's counsel informed Plaintiff, the *Calder* effects test is not applicable here because CCI did not have any involvement in the alleged transactions. Therefore, the conditions that Plaintiff seeks to impose upon CCI are not relevant limiting the scope of discovery pending resolution of CCI's jurisdictional challenge. In my email to Mr. Preston of today, I advised him:

> CCI has already provided Plaintiff with answers in the last two rounds of verified discovery responses that demonstrate the inapplicability of the Calder effects test to this case. Specifically, CCI has represented, under oath, that (1) CCI did not have any involvement in the activities alleged in the Complaint, (2) CCI had no notice prior to the filing of this suit that the fuel related fees were being charged by CTG on BofA's behalf, and (3) CCI did not receive any portion of the fees traceable to the charge on Lofton's credit card. CCI will not stipulate to your contention, as set forth in your April 7 email, that CTG committed an intentional tort. That is for the court and jury to decide. However, absent meeting the element intent of the wrongdoing on CCI's part, the Calder effects test, if at all applicable, cannot be satisfied.

Moreover, Plaintiff's theory that "CCI gave CTG substantial assistance in charging Lofton's credit card" is further contradicted by CCI's and CTG's responses to Plaintiff's First Set of Requests for Admissions. In response to Request No. 8 asking that CCI and CTG admit that CCI charged the fuel related fees to Plaintiff's card, both CCI and CTG responded: "Denied." (*See* Relevant excerpts of CCI and CTG's Responses to Plaintiff's First Set of Requests for Admissions attached hereto as Exhibits 4 and 5, respectively.)

Based on the foregoing, Plaintiff cannot demonstrate any benefits he would derive in further discovery before resolution of CCI's motion to dismiss that exceeds CCI's extreme burden of responding to discovery that may prove to be moot and to which CCI does not have responsive information. Indeed, even if CCI's motion to dismiss is denied, Plaintiff will still have ample time and opportunity to conduct discovery. The parties are at a very early stage of litigation. Thus, Plaintiff would not incur any actual or substantial prejudice if discovery were stayed until resolution of CCI's motion to dismiss.

### III. Conclusion.

Based on the foregoing arguments, CCI requests that the Court grant its motion and stay all discovery on the merits directed toward CCI until resolution of CCI's jurisdictional challenge.

Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P**.

/S/ Elizabeth D. Le

Elizabeth D. Le
Attorney for Defendant Carlson Companies, Inc.