**EXHIBIT 1**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 3400
2049 CENTURY PARK EAST
LOS ANGELES, CA 90067-3208
TEL: 310-552-0130  FAX: 310-229-58
www.rkmc.com

ATTORNEYS AT LAW

ELIZABETH D. LE

April 4, 2008

**VIA E-MAIL**

Ethan Preston, Esq.
KamberEdelson, LLC
53 West Jackson Avenue, Suite 550
Chicago, IL 60604

Re:     ***Lofton v. Bank of America, et al.***
          **Case No. C07-05892 SI (USDC/N.D. Cal.)**

Dear Ethan:

Pursuant to Civil Local Rule 37, we seek to meet and confer regarding the nature of discovery during the pendency of Carlson Companies, Inc.'s ("CCI") jurisdictional challenge.

As you know, CCI challenges the Court's personal jurisdiction over CCI. As set forth in further detail in its Motion to Dismiss for Lack of Personal Jurisdiction, CCI has not purposefully availed itself of the benefits of doing business in the California and does not have any ongoing, substantial contacts with this state such that general or limited jurisdiction may be exercised. CCI maintains no corporate presence in California, is not registered to do business in California, and does not engage in any business activities in this state. CCI also had no involvement in the transactions at issue in Plaintiff's Complaint or in any other travel transactions related to the WorldPoints Travel Rewards Program (the "Program"). In fact, CCI has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders through the Program, including Plaintiff's transaction. It has never purchased airline tickets or imposed any fuel related fees upon card holders under the Program. Toward that end, it would be prudent and cost effective for both parties and the Court to limit discovery to jurisdictional matters until CCI's jurisdictional challenge has been resolved.

It is well settled by Courts that discovery should be limited while a motion to dismiss for lack of personal jurisdiction is pending. In fact, federal courts routinely stay discovery on the merits pending a personal jurisdiction challenge. *See e.g., Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 675 (S.D. Cal. 2001). The burden of allowing discovery that extends beyond jurisdictional issues under these circumstances would exceed any benefit that may be derived from the discovery. If CCI prevails on its motion to dismiss, all of the efforts expended in propounding and responding to discovery would prove to be a waste of both parties'

Ethan Preston, Esq.
April 4, 2008
Page 2

time and resources.  On the other hand, if CCI does not prevail on its jurisdictional challenge then Plaintiff still has ample opportunity and time to conduct discovery on the merits. Accordingly, we propose that the parties stipulate to limit discovery as it relates to CCI to jurisdictional matters until the Court has resolved CCI's jurisdictional challenge.

I look forward to hearing from you on this matter.  If you have any questions, please call me.

Sincerely yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Elizabeth D. Le

cc:    Donald P. Gagliardi, Esq.
       Martin R. Lueck, Esq. (via i/o)
       Colin McCarthy, Esq.
       Emmett J. McMahon, Esq. (via i/o)
       Edward Sarskas, Esq.
       Jordan S. Yu, Esq.

60202140.1