**EXHIBIT 2**

**From:** Le, Elizabeth D.
**Sent:** Monday, April 14, 2008 4:40 PM
**To:** 'epreston@kamberedelson.com'
**Cc:** Donald P Gagliardi; Colin McCarthy; Lee, Carol; Yu, Jordan S.; Jay Edelson, Esq.; Biejo, Rebecka M.; Steven Lezell; Lueck, Martin R.
**Subject:** RE: LOFTON

Ethan:  With respect, I'm still unclear what you mean by "CCI agree (only of the prupose of resolving the Motion to Dismiss) that it will not contest the allegations in Lofton's Compliant regarding CCI's liability"?  Surely you are not proposing that CCI admit that it is liable for the allegations asserted against it in the Complaint? Furthermore, if your position #1 is that "if CCI is liable on his various claims, it is subjected to the Court's personal jurisdiction", then it would appear that by asking CCI to stipulate to liability that you are asking CCI to stipulate to jurisdiction.  Under no circumstances will CCI ever stipulate to such an admission.  We've provided Plaintiff declarations under oath, verified discovery responses, and advised Plaintiff adnosium that we are not involved in the Program and never had anything to do with the Program or Plaintiff's transactions.  CCI will never stipulate, for any limited purpose, to be liable for something that it is not.  Unless, there is something else that you would like us to consider, it would appear that we are at an impass and will seek judicial resolution of this issue.

Liz

---

**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Monday, April 14, 2008 4:15 PM
**To:** Le, Elizabeth D.
**Cc:** Donald P Gagliardi; Colin McCarthy; Lee, Carol; Yu, Jordan S.; Jay Edelson, Esq.; Biejo, Rebecka M.; Steven Lezell
**Subject:** RE: LOFTON

Liz,

It looks like we may have a dispute over the scope of any protective order and the conditions under which it would be entered.

It'd be helpful if the terms of the dispute are very clear. Lofton's position is that:

> 1. If CCI is liable on his various claims, it is subject to the Court's personal jurisdiction;
> 2. Evidence relevant to CCI's liability is relevant to Lofton's opposition to CCI's Motion to Dismiss; and
> 3. Lofton is entitled to take any discovery relevant to his opposition to CCI's Motion to Dismiss.

As I understand it, CCI's position is that Lofton's "merits" discovery is not relevant to Lofton's opposition to CCI's Motion to Dismiss.

To resolve the dispite, Lofton proposes that he forego "merits" based discovery while CCI's Motion to Dismiss is pending, while CCI agree (only for the purpose of resolving the Motion to Dismiss) that it will not contest the allegations in Lofton's Complaint regarding CCI's liability. If Lofton's allegations as to CCI's liability are irrelevant to CCI's Motion to Dismiss, the parties will save time and costs by foregoing that discovery. On the other hand, if Lofton's allegations as to CCI's liability are relevant to CCI's Motion to Dismiss, Lofton is entitled to that discovery.

If this does not clear things up, we should try again over a telephone conference on April 17 or 18.

Thanks,

4/16/2008

Ethan

On Mon, 2008-04-14 at 09:48 -0700, Le, Elizabeth D. wrote:

>>>> Please read the confidentiality statement below <<<<
Ethan:

I'm unclear as to what "factual basis" Plaintiff is requesting that CCI agree to.  Nor am I clear as to why the conditions that you are imposing are necessssary to a stipulation to stay discovery on the merits pending resolution of CCI's jurisdictional challenge.  As set forth in my prior letter, courts are clear that discovery should be limited to jurisdictional discovery while jurisdictional challenge is pending.  In fact, federal courts routinely stay discovery on the merits pending a personal jurisdiction challenge.  The conditions that you seek to impose on a sitpulation to stay discovery on the merits bear no relevance on the propriety of a stay under the circustances.

Liz

---

**From:** Ethan Preston [mailto:epreston@kamberedelson.com]
**Sent:** Monday, April 07, 2008 9:23 AM
**To:** Le, Elizabeth D.
**Cc:** Donald P Gagliardi; Colin McCarthy; Lee, Carol; Yu, Jordan S.; Jay Edelson, Esq.
**Subject:** RE: LOFTON


Dear Elizabeth,

Thank you for your April 4 letter requesting a Rule 37 conference. I understand from your letter that CCI intends to seek a protective order with respect to Lofton's pending discovery on the basis that it is not subject to the Court's personal jurisdiction. I will be available for such a conference during April 9 and 10 this week, and April 17 and 18 of next week. We can more fully consider CCI's proposed stipulation after our conference, but it would expedite matters to identify the parties' respective positions with respect to the proper scope of jurisdictional discovery.

Lofton's primary theory of personal jurisdiction arises under the *Calder* effects test. In short, Lofton alleges that CCI participated or assisting CTG in making fraudulent or misleading charges on WorldPoint cardholder's credit cards, and Lofton's position is that CCI is subject to both liability and personal jurisdiction given those facts. Without committing to any specific limitation ahead of time, Lofton would be able to narrow the scope of his jurisdictional discovery to contested facts relevant to general jurisdiction if CCI agrees not to contest the factual basis of the allegations in Lofton's complaint. Obviously, such an agreement would be exclusively limited to resolving CCI's Motion to Dismiss (and related discovery disputes) and would not extend into the substantive merits of Lofton's claims.

Alternatively, CCI could maintain its position that it did not charge WorldPoints cardholders' credit cards, and it did not purchase airline tickets for WorldPoints cardholders. Lofton's jurisdictional discovery would have to test these position, but CCI could agree not to contest a much narrow set of facts for the purposes of resolving its motion to dismiss. Specifically, Lofton believes the following facts are relevant to the Court's personal jurisdiction over CCI: 1) whether CTG committed an intentional tort by charging Lofton's credit card for fuel-related fees, 2) whether CCI knew that CTG charged Lofton's credit card for fuel-related fees and knew that Lofton would be damaged by such

act, 3) whether CCI gave CTG substantial assistance in charging Lofton's credit card, and 4) whether CCI received some portion of the fuel-related fee traceable to the charge on Lofton's credit card. Again, CCI's agreement not to contest these facts would be exclu! sively limited to resolvin! g CCI's motion (and any related discovery disputes) and would not extend into the substantive merits of Lofton's claims.

Either variation of Lofton's proposal would have several merits. To the extent that the facts discussed above are irrelevant to the Court's personal jurisdiction over CCI, both Lofton and CCI will be saved a great deal of unnecessary discovery. Lofton certainly shares CCI's concerns about the conservation of litigants' resources. To the extent the facts above are relevant, however, they should obviously be subject to discovery. Moreover, to the extent that Lofton and CCI present conflicting evidence on these facts, Lofton will prevail on a motion to dismiss. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Mattel, Inc. v. Greiner*, 354 F.3d 857, 862 (9th Cir. 2003). Depending on the agreement struck, Lofton might even agree not to oppose CCI rescheduling its motion to dismiss to an earlier da! te.

Please consider Lofton's proposal before we have our conference; I expect if CCI can agree to something along the lines of what is proposed above, we could substantially shorten or eliminate altogether the conference. In any event, Lofton will be filing a motion for leave to amend his complaint which will set forth his allegations in more detail; it may be better to delay our Rule 37 conference until that motion is filed so we can discuss specific allegations. Lofton will be filing this motion no later than April 11, and hopes to file it well before then.

Regards,


Ethan


On Fri, 2008-04-04 at 15:39 -0700, Le, Elizabeth D. wrote:

>>>>  Please read the confidentiality statement below  <<<<
Counsel:
Please find the attached.
Regards,
Liz

http://www.rkmc.com

Elizabeth D. Le
2049 Century Park East, Suite 3400
Los Angeles, California 90067
Tel:    (310) 552-0130
Fax:    (310) 229-5800
E-mail: edle@rkmc.com

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com