**EXHIBIT 3**

| | |
|---|---|
| From: | Le, Elizabeth D. |
| Sent: | Wednesday, April 16, 2008 11:47 AM |
| To: | 'epreston@kamberedelson.com' |
| Cc: | Donald P Gagliardi; Colin McCarthy; Lee, Carol; Yu, Jordan S.; Jay Edelson, Esq.; Biejo, Rebecka M.; Steven Lezell; Lueck, Martin R. |
| Subject: | RE: LOFTON |

Ethan:

CCI has already provided Plaintiff with answers in the last two rounds of verified discovery responses that demonstrate the inapplicability of the Calder effects test to this case. Specifically, CCI has respresented, under oath, that (1) CCI did not have any involvement in the activities alleged in the Complaint, (2) CCI had no notice prior to the filing of this suit that the fuel related fees were being charged by CTG on BofA's behalf, and (3) CCI did not receive any portion of the fees traceable to the charge on Lofton's credit card. CCI will not stipulate to your contention, as set forth in your April 7 email, that CTG committed an intentional tort. That is for the court and jury to decide. However, absent meeting the element intent of the wrongdoing on CCI's part, the Calder effects test, if at all applicable, cannot be satisfied.

It is remarkable that you just propounded yet another set of discovery on us yesterday, seeking merit based discovery like "all docs which supports CTG's assertion...that Lofton was 'aware of the $45 fuel-related surcharge imposed by Bank of America...'", while asking us to forbear on our motion for protective order. You have left us with no recourse other than to seek judicial relief of this harrassment.

Regards,
Liz

-----Original Message-----
From: Ethan Preston [mailto:epreston@kamberedelson.com]
Sent: Wednesday, April 16, 2008 7:29 AM
To: Le, Elizabeth D.
Cc: Donald P Gagliardi; Colin McCarthy; Lee, Carol; Yu, Jordan S.; Jay Edelson, Esq.; Biejo, Rebecka M.; Steven Lezell; Lueck, Martin R.
Subject: RE: LOFTON

Liz,

We can, of course, continue our conversation about the appropriate scope of discovery. I was occupied with another case yesterday and will be traveling most of today. I plan on spending some time Thursday to provide you with a list of detailed factual contentions to see whether CCI could agree not to contest one or more of them. Thus, I proposed a conference on the 18th, to be sure I had adequate time to provide that list.

That said, your email misstates a few aspects of our negotiations.
Lofton and his counsel are quite clear on what they are proposing: the parties can postpone discovery until CCI's motion is resolved, to the extent CCI can agree not to contest factual contentions which are relevant to Lofton's opposition. While CCI has indicated that it would limit the scope of its discovery responses in February, it only indicated an interest in a stipulated protective order last week.

At present, Lofton does not have a clear understanding of what CCI considers "jurisdictional" discovery and what is "merits" discovery.
Further, CCI has not provided a rationale for restricting Lofton from "merits" discovery to the extent it is relevant to the Court's personal jurisdiction over CCI under the Calder effects test. Lofton asserts that it would be unfair for CCI to move for a protective order without providing Lofton some explanation on both of these issues, so he can fairly consider CCI's position and determine what the possible parameters of a negotiated solution are. There are not brightline rules on the Rule 37(a) conference requirement, but the conference requirement exists to protect both parties. Cf. Rule 37(a)(5)(B).

Ethan

On Wed, 2008-04-16 at 00:30 -0700, Le, Elizabeth D. wrote:
> >>>>  Please read the confidentiality statement below  <<<<
> Ethan:
>
> While, despite the fact that after several requests by CCI for
> clarification, Plaintiff is still unclear as to what he is proposing,
> if Plaintiff is genuinely interested in limiting discovery to
> jurisidictional issues, and not incur unnecessary costs and expenses
> on merits discovery while the jurisidictional challenge is pending,
> then CCI will in good faith consider your proposed contentions.
> However, given the insurmountable amount of merit based discovery
> pending, we cannot wait until after the 18th to seek relief.  We have
> been asking Plaintiff since February to limit the scope of discovery
> to jurisdictional discovery to no avail. Plaintiff continues to
> propound multiple discovery on the merits on a weekly, at times daily,
> basis, even as we are trying to work out a proposed stipulated stay.
> As such, any further forebearance on a motion for protective order
> would be at CCI's detriment.  To the extent that the parties are able
> to reach an agreement regarding a stay before a ruling on CCI's motion
> for protective order, CCI will withdraw its motion.
>
> Regards,
> Liz
>
> -----Original Message-----
> From: Ethan Preston [mailto:epreston@kamberedelson.com]
> Sent: Monday, April 14, 2008 5:47 PM
> To: Le, Elizabeth D.
> Cc: Donald P Gagliardi; Colin McCarthy; Lee, Carol; Yu, Jordan S.; Jay
> Edelson, Esq.; Biejo, Rebecka M.; Steven Lezell; Lueck, Martin R.
> Subject: RE: LOFTON
>
> Liz,
>
> We are not asking CCI to stipulate to liability; we are only asking to
> narrow the factual issues for which Lofton requires discovery beyond
> the information provided by CCI.
>
> I think it would be helpful for me to come up with factual contentions
> for us to see whether CCI and Lofton share any common ground with
> respect to specific contentions. I can put together another specific
> language before a conference on April 18.
>
> Thanks,
>
> Ethan
>
> On Mon, 2008-04-14 at 16:40 -0700, Le, Elizabeth D. wrote:
> > >>>>  Please read the confidentiality statement below  <<<<
> > Ethan:  With respect, I'm still unclear what you mean by "CCI agree
> > (only of the prupose of resolving the Motion to Dismiss) that it
> > will not contest the allegations in Lofton's Compliant regarding
> > CCI's liability"?  Surely you are not proposing that CCI admit that
> > it is liable for the allegations asserted against it in the Complaint?
> > Furthermore, if your position #1 is that "if CCI is liable on his
> > various claims, it is subjected to the Court's personal
> > jurisdiction",
> >
> > then it would appear that by asking CCI to stipulate to liability
> > that
>
> > you are asking CCI to stipulate to jurisdiction.  Under no
> > circumstances will CCI ever stipulate to such an admission.  We've

2

```
> > provided Plaintiff declarations under oath, verified discovery
> > responses, and advised Plaintiff adnosium that we are not involved
> > in the Program and never had anything to do with the Program or
> > Plaintiff's transactions.  CCI will never stipulate, for any limited
> > purpose, to be liable for something that it is not.  Unless, there
> > is something else that you would like us to consider, it would
> > appear that we are at an impass and will seek judicial resolution of
> > this issue.
> >
> > Liz
> >
> >
>
>
> _____
>
> Information contained in this e-mail transmission may be privileged,
> confidential and covered by the Electronic Communications Privacy Act,
> 18 U.S.C. Sections 2510-2521.
>
> If you are not the intended recipient, do not read, distribute, or
> reproduce this transmission.
>
> If you have received this e-mail transmission in error, please notify
> us immediately of the error by return email and please delete the
> message from your system.
>
> Pursuant to requirements related to practice before the U. S. Internal
> Revenue Service, any tax advice contained in this communication
> (including any attachments) is not intended to be used, and cannot be
> used, for purposes of (i) avoiding penalties imposed under the U. S.
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another person any tax-related matter.
>
> Thank you in advance for your cooperation.
>
> Robins, Kaplan, Miller & Ciresi L.L.P.
> http://www.rkmc.com
> _____
>
```

3