Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

Scott Kamber
KAMBEREDELSON LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kamberedelson.com

*Attorneys Plaintiff John Lofton*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100,<br><br>                    Defendants. | Case No. 07-05892 (SI)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      April 25, 2008<br>Time:     2 pm<br>Judge:    Hon. Susan Illston<br>Place:    Courtroom 10 |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Civil Rule 16-9 and Fed. R. Civ. Proc. 26(f), Plaintiff JOHN LOFTON ("Lofton") and Defendants, BANK OF AMERICA CORPORATION ("BofA"), FIA CARD SERVICES , N.A. ("FIA") (together as "BofA"), CARLSON TRAVEL GROUP, INC. ("CTG"), and CARLSON COMPANIES INC. ("CCI") (collectively, all "Defendants") hereby submit the following Joint Case Management Statement. Because Plaintiff Lofton and the Defendants have differing views of the case, certain of their responses are set forth separately, question-by-question, below.

**1.     Does the Court have subject matter jurisdiction over all of the plaintiff's claim(s) and the defendant's counter-claim(s)? What is the basis of that jurisdiction? Are all the parties subject to the Court's jurisdiction? Do any parties remain to be served?**

<u>Plaintiff John Lofton's Position</u>. This Court has subject matter jurisdiction over this Class Action under 28 U.S.C. § 1332(d). Plaintiff's proposed class has well in excess of 100 members and the aggregate of the claims exceeds the sum of $5,000,000. Minimum diversity is satisfied as Lofton (California) is diverse from BofA (Delaware and North Carolina), FIA (Delaware) and CCI (Minnesota).

CCI has filed a Motion to Dismiss for lack of personal jurisdiction arguing that CCI has purportedly not availed itself of the benefits of doing business in California and does not have any on-going substantial contacts with California. Lofton opposes the Motion to Dismiss on the grounds, inter alia, that this Court has personal jurisdiction over CCI under the "effects test" of *Calder v. Jones*, 465 U.S. 783 (1984). Hearing on CCI's Motion is presently scheduled for Friday August 1, 2008.

<u>Defendants Bank of America's and FIA's Position</u>:

**Defendant CTG's Position:** CTG lacks information sufficient to concede the existence of subject matter jurisdiction and therefore disputes it. Plaintiff's assertions about the size of the putative class and the value of the claims are unfounded. No class has been certified. There is only a single plaintiff with a $45 claim. Defendant CTG is a resident of the state in which this action was filed and is not diverse from Plaintiff.

**Defendant CCI's Position:** With respect to the propriety and existence of subject matter jurisdiction, CCI concurs with CTG and hereby incorporates that position as its own. CCI also asserts that this Court lacks personal jurisdiction over it. CCI has not purposefully availed itself of the benefits of doing business in California and does not have any substantial, ongoing contacts with this state such that general or limited jurisdiction may be exercised. CCI's Motion to Dismiss for Lack of Personal Jurisdiction is scheduled for hearing on August 1, 2008.

2.  **What are the factual and legal basis for plaintiff's claim(s) and defendant's defense(s)? Defendant's counter-claims(s) and plaintiff's defense(s) to the counterclaim(s)?**

**Plaintiff John Lofton's Position.** Lofton brings this Class Action for breach of contract, breach of fiduciary duty, violations of California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1782(a)) and Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17203), as well as for aiding and abetting. Lofton seeks damages, injunctive relief, and equitable remedies, including a constructive trust and an accounting.

Lofton alleges that CTG, in concert with the other Defendants, collected unauthorized sums from Lofton through the Defendants' WorldPoints credit rewards program. Lofton had earned points on the program by charging purchases on his WorldPoints credit card. When he redeemed his earned points for credit towards airline tickets, CTG and the other Defendants fraudulently charged him a "fuel-related" fee in addition to the ordinary ticket price, which fee was

imposed by the Defendants – not the airline in question. Lofton alleges that Defendants knowingly concealed the true nature of the fee but have imposed it on Lofton and millions of other participants in the WorldPoints program. CTG has admitted in response to Lofton's Requests for Admission Nos. 10 and 11 that it recorded charges to Lofton's credit card, and did so "on behalf of Bank of America."

Defendants' deny these allegations.

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:** CTG vigorously denies Plaintiff's allegations. CTG did not fraudulently charge Plaintiff a fuel-related fee, nor did CTG retain any such fee.

**Defendant CCI's Position**: CCI vigorously denies Plaintiff's allegations. CCI asserts that this Court lacks personal jurisdiction over it. CCI has not purposefully availed itself of the benefits of doing business in California and does not have any substantial, ongoing contacts with this state such that general or limited jurisdiction may be exercised. Further, CCI had no involvement in the transactions alleged in the Complaint or in any other travel transactions related to Bank of American's WorldPoints Travel Rewards Program. CCI has never directed, managed, or handled any travel arrangements on behalf of WorldPoints credit card holders. It has never purchased airline tickets or imposed any fuel related fees upon card holders under the WorldPoints program, and did not assist anyone in doing so. CCI did not retain any fuel related fees that may have been imposed and did not receive any compensation for the imposition of any such fees.

**3.     What are the factual and legal issues genuinely in dispute?**

**Plaintiff John Lofton's Position**. The factual and legal issues generally include:

(a)     Whether CTG had a practice of charging Class members "fuel-related" fees for airline tickets that were not imposed by the airlines;

(b)     Whether CTG's charging "fuel-related" fees breached the contract between Class members and BofA and/or FIA embodied in the Program Details;

(c) Whether CTG's charging of "fuel-related" fees is deceptive or misleading;

(d) Whether Defendants breached a fiduciary duty, violated Cal. Civ. Code § 1770 and/or Cal. Bus. & Prof. Code § 17200;

(g) Whether CCI, BofA, and/or FIA knew about CTG's practice of charging "fuel-related" fees, and substantially assisted CTG in charging those fees;

(h) Whether a class should be certified;

(i) Whether Class members were damaged when Defendants formed and operated a conspiracy to charge and collect from Class members "fuel-related" fees;

(j) Whether CCI, BofA, and/or FIA gave advice and encouragement to CTG to charge "fuel-related" fees;

(k) Whether Lofton and the Class are entitled to relief, and the nature of such relief; and

(l) Whether Lofton and the Class are entitled to a preliminary injunction.

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:** Key factual and legal issues include whether Plaintiff was misled, as alleged, by Bank of America's Worldpoints Rewards "Program Details" (he was not); whether Plaintiff consented to the imposition of a fuel-related fee when redeeming Worldpoints for a travel reward (he did); and whether CTG retained the fuel-related fee it charged to Plaintiff on behalf of Bank of America (CTG did not).

**Defendant CCI's Position:** The key factual and legal issues generally include:

(a) Whether CCI has purposefully availed itself of the benefits of doing business in California and whether CCI has any ongoing, substantial contacts with this state such that general or limited jurisdiction may be exercised (which it did not);

(b) Whether Plaintiff was misled, as alleged, by Bank of America's WorldPoints Rewards "Program Details" (which he was not);

(c) Whether Plaintiff consented to the imposition of a fuel-related fee when redeeming WorldPoints for a travel reward (which he did);

(d) Whether CCI owed Plaintiff a fiduciary duty and breached that duty (which it did not);

(e) Whether CCI had notice of and substantially assisted in the imposition of a fuel related fee under the WorldPoints program (which it did not);

(f) Whether CCI violated California Civil Code section 1770 and/or California Business & Professions Code section 17200 (which it did not); and

(g) Whether a class should be certified (which it should not).

**4.   What are the issues that can be narrowed by agreement or by motions?  Are there dispositive or partially dispositive issues appropriate for decision on motion?**

**Plaintiff John Lofton's Position**.  Lofton will be able to more fully answer this question upon the production of outstanding discovery.  It appears the main inquiry of this litigation will be liability (i.e., were the charges unlawful and, if so, how much and to what extent is each Defendant liable to the Class).  In the meantime, CCI has a pending Motion to Dismiss for lack of personal jurisdiction set for hearing on August 1, 2008.  Defendant BofA has moved to dismiss, but BofA has taken that motion off calendar for the time being.  BofA's motion may resolve issues with respect to BofA's liability.   Lofton has a motion for preliminary injunction and limited class certification pending.  After more discovery has been completed, Lofton anticipates filing a motions for full Class Certification and Summary Judgment.

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:** CTG believes that the key issues outlined by it above can be resolved by summary judgment or summary adjudication.

**Defendant CCI's Position**: CCI asserts that this Court lacks personal jurisdiction over it and has filed a motion to dismiss on this basis. To the extent that Plaintiff's claims against CCI are not disposed of through CCI's motion to dismiss, CCI believes that the key issues identified in the foregoing section can be resolved by summary judgment or summary adjudication.

5. **What are the motions anticipated by the parties?**

**Plaintiff John Lofton's Position**. Upon the disposition of this Court's rulings on the outstanding motions to dismiss, to compel, for a preliminary injunction and limited class certification, Lofton anticipates filing a motions for full Class Certification and Summary Judgment.

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:** CTG anticipates moving for summary judgment or summary adjudication. CTG may also move for a protective order from vexatious and harassing discovery.

**Defendant CCI's Position**: CCI has filed a motion to dismiss for lack of personal jurisdiction, which is scheduled for hearing on August 1, 2008. CCI has also filed a motion for protective order from discovery on the merits pending CCI's jurisdictional challenge. To the extent that Plaintiff's claims against CCI are not disposed of through CCI's motion to dismiss, CCI anticipates moving for summary judgment or summary adjudication.

6. **What relief does plaintiff seek? What is the amount of damage(s) sought by plaintiff's claim(s)? What is the amount of damage(s) sought by defendant's counterclaim(s)? How are the damages computed?**

**Plaintiff John Lofton's Position**.  Lofton seeks the imposition of a constructive trust on funds and property traceable to the "fuel-related" fees at issue, as well as an order preliminarily and permanently enjoining the Defendants from continuing to charge such fees.  Lofton seeks additional equitable remedies, including an accounting, disgorgement and restitution.  Lofton also prays for damages, interest, costs, and a reasonable attorney's fee.  Finally, Lofton also seeks an order certifying this action as a class action on behalf of California consumers, and naming Lofton and his counsel as class representatives.

7.  **What discovery does each party intend to pursue?  Can discovery be limited in any manner?  Are there any alternative methods available to obtain the necessary information?  Should a discovery order and conference be entered pursuant to Fed.R.Civ.P. 26(f)?**

**Plaintiff John Lofton's Position**.  Lofton has propounded interrogatories, requests to admit and requests for documents, the Defendants answers and objections to which are the subject of Lofton's Motions to Compel. Lofton has separately participated in meet and confers with each Defendant.  Based on the limited discovery responses Lofton has received, it appears the Defendants are in disagreement as to which among them controls the relevant information (documents and otherwise) that would allow Lofton to determine basic issues such as which of the Defendants were responsible for imposing the fees, the true nature of the fees, the number of class members, the total fees collected, and the allocation of those fees among the various Defendants. Lofton seeks to depose a BofA or other representative familiar with the Defendant's record keeping system so that he may determine which Defendant has the capacity to reconstruct the charges and answer the relevant discovery.

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:**  CTG believes a discovery order should be entered limiting the scope of discovery.  Plaintiff has already evinced a propensity to abuse the discovery process.

Plaintiff has served 5 separate rounds of written discovery already, much of which seeks information which is irrelevant and not likely to lead to the discovery of admissible evidence and much of which has ignored the advice of defense counsel as to how records are retained.

**Defendant CCI's Position**:  CCI has sought a protective order limiting the scope of discovery.  It is CCI's position that discovery directed against it should be limited to jurisdictional discovery pending resolution of CCI's jurisdictional challenge.   Plaintiff should also be precluded from propounding cumulative, burdensome and harassing discovery.  CCI has advised Plaintiff, through declarations under oath and verified discovery responses, that it did not have involvement in the WorldPoints Travel Rewards Program and transactions alleged in the Complaint and therefore, CCI does not have any information relating the Program or alleged transactions.   Yet, Plaintiff has propounded 6 sets of discovery since January 2008, seeking information regarding the WorldPoints Travel Rewards Program, fuel related charges, and transactions alleged in the Complaint.  CCI cannot produce what it does not have.

> **8.** **Is this case suitable for reference to a binding arbitration, to a Special Master, or to a Magistrate Judge for trial?  Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?**

**Plaintiff John Lofton's Position**.  Given the class allegations, this case is not suitable for binding arbitration.  Lofton is amenable to reference to a Special Master or Magistrate Judge for trial; however, CCI has previously declined to use a Magistrate.  This case is not suitable for the JPML, as Lofton knows of no other similar cases pending in other jurisdictions.

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:**  CTG is not amenable to a reference of the matter for binding arbitration, to a Special Master, or for trial by a Magistrate Judge.

**Defendant CCI's Position**: CCI concurs with CTG and hereby incorporates that position as its own.

9. **Will this case be tried by a jury? What is the anticipated length of trial? Is it possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

**Plaintiff John Lofton's Position**.   This case asks for a jury trial, the anticipated length being 2 to 3 days.   The use of stipulations, summaries and statements to present evidence may be possible upon review of the Defendants' outstanding discovery responses relating to the issues outlined in question 3 above.   At this time, no bifurcation of trial issues appears desirable or feasible.

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:** CTG reserves a jury trial and anticipates it to last up to two weeks.

**Defendant CCI's Position**: CCI anticipates a jury trial of up to two weeks.

10. **Are there related cases pending before other Judges of this Court?  See Civil L.R. 3-12**.

**Plaintiff John Lofton's Position**.   Lofton has no knowledge of any related cases pending before any other Judge of this Court as defined in Civil L.R. 3-12 or otherwise.

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:**  No.

**Defendant CCI's Position:**  No.

**11. If a class action, how and when will the class(es) be certified?**

**Plaintiff John Lofton's Position**. This Court has scheduled a hearing on Lofton's Motion for Preliminary Injunction on September 5, 2008. In that Motion, Plaintiff seeks class certification for limited purposes under Rule 23(b)(2). After Lofton has sufficient discovery to do so, Lofton will move for class certification under Rule 23(b)(3).

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:** It is premature to certify a class for purposes of Plaintiff's pending motion for preliminary injunction set for hearing on September 5.

**Defendant CCI's Position**: CCI concurs with CTG and hereby incorporates that position as its own.

**12. What are the earliest reasonable dates for discovery cutoff, pretrial conference and trial?**

**Plaintiff John Lofton's Position**. Lofton's Motion for Preliminary Injunction is set for September 5, 2008. Plaintiff's position is that the resolution of this Motion will help clarify the parties' factual disputes and that, therefore, a) a pretrial conference would be appropriate at the earliest date convenient to the Court after September 5, 2008, and b) discovery cutoff should not occur until at least 180 days after that hearing date (March 4, 2009). Trial could be held 60 days after the discovery cutoff date (May 4, 2009).

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:** Plaintiff's schedule is incomplete and should build in time for dispositive motions.

**Defendant CCI's Position:** To the extent that Plaintiff's claims against CCI are not disposed of through CCI's motion to dismiss for lack of personal jurisdiction, it is CCI's position that Plaintiff's schedule is incomplete and should build in time for dispositive motions.

**13.     What are the prospects for settlement?  Does any party wish to have a settlement conference with another Judge or Magistrate Judge?  How can settlement efforts be assisted?  See A.D.R. L.R. 7.**

**Plaintiff John Lofton's Position**.  On February 22, 2008, Lofton and Defendants agreed to use the private mediation option under the Local ADR Rules.  On March 13, CCI informed Plaintiff by emailed correspondence that it only would participate in mediation under the following conditions: " (1) Plaintiff would stipulate that CCI gets priority on its motion to dismiss . . . over the hearing and related briefing schedule for Plaintiff's Motion for Preliminary Injunction . . . ; and (2) the parties mediated before Judge Infante."

All of the parties have agreed that Judge Edward A Infante (Ret.) would be an appropriate mediator.  However, at least some of the parties have indicated an interest in mediating prior to the end of April, which conflict's with Judge Infante's schedule.  The parties may need to renegotiate their chosen mediator or wait until May 27, 2008 – Judge Infante's first available date.  The parties apparently dispute whether Judge Infante is available on May 30.  Lofton's counsel called the offices of JAMS at 415-982-5267 and left a voicemail for one Sandra Chan, who purports to be Judge Infante's case manager requesting confirmation that Judge Infante was or was not available on May 30.  Lofton's counsel then received an email which purports to be from Sandra Chan and which indicates Judge Infante is not available.

At the present time, Lofton does not have adequate information to mediate effectively.  Lofton requires sufficient information to identify the overall amount of the "fuel-related" fees charged to WorldPoints cardholders before he can make a settlement demand.  While Lofton anticipates that he will have this information shortly and well before he mediates, he would have to evaluate his options if the Defendants sought mediation before they provided this information.

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:** The parties agreed to mediate this dispute before Judge Infante on May 30, when he and all the parties are available. CTG is not amenable to re-negotiating the identity of the mediator or rescheduling to a date when the mediator or one or more parties may not be available.

**Defendant CCI's Position:** The parties agreed to mediation before Judge Infante on May 30, 2008, which is a date on which both Judge Infante and all parties are available. CCI is not amenable to renegotiating the identity of the mediator or rescheduling to a date in April. CCI's counsel and client representatives have already rearranged their respective schedules for the agreed upon May 30 date. Their schedules cannot accommodate a mediation, which mediation requires additional travel days as they reside in another state, at the end of April or any other time in May. Further, given that this is already the third week in April, it would be impossible to adequately prepare for a mediation in one week. With respect to the above referenced information that Plaintiff seeks for the mediation, CCI does not have said information and has advised Plaintiff of this fact.

**14. Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.**

**Plaintiff Lofton's Position:** Lofton feels this case could be readily resolved if the Defendants were to fully and in good-faith answer the outstanding discovery. Lofton needs to know the total number of class members and the total value of the purported "fuel-related" charges wrongfully charged and collected by the Defendants. Lofton also needs to know the level of each Defendants' participation in the wrongful charging and collection of these fees, and the allocation of the fees among them. With that information, Lofton could make a reasonable settlement demand and begin constructive settlement discussions to provide effective relief to the class.

**Defendants Bank of America's and FIA's Position:**

**Defendant CTG's Position:** Plaintiff's vexatious and harassing discovery (Plaintiff has served five separate rounds of written discovery already), in contradiction to the helpful advice concerning the manner in which records are kept offered by Defendants, is counterproductive and is unnecessarily increasing the costs of the dispute and impeding the prospects for a reasonable, good-faith resolution of the dispute.

**Defendant CCI's Position:** CCI reasserts and incorporates its position on Plaintiff's overbroad, irrelevant, burdensome and harassing discovery set forth in Section 7 above.

Dated:  April 18, 2008                           Respectfully Submitted,

                                                 By: s/Ethan Preston

                                                    Ethan Preston
                                                    KAMBEREDELSON LLC
                                                    53 West Jackson Ave., Suite 550
                                                    Chicago, IL 60604

                                                    *Attorneys for John Lofton*

Dated:  April 18, 2008                           Respectfully Submitted,

                                                 By: s/Felicia Yu

                                                    Felicia Yu
                                                    Jordan Yu
                                                    Reed Smith LLP
                                                    355 South Grand Avenue, Suite 2900
                                                    Los Angeles, CA 90071-1514

                                                    *Attorneys for Bank of America Corp., and FIA Card Services, N.A.*

Dated:  April 18, 2008                           Respectfully Submitted,

                                                 By: s/Elizabeth Le

                                                    Martin R. Lueck
                                                    Emmett J. McMahon
                                                    Elizabeth D. Le

|   |   |
|---|---|
| 1 | Robins, Kaplan, Miller & Ciresi L.L.P. |
| 2 | 2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067 |
| 3 | *Attorneys for Carlson Companies, Inc.* |

Dated: April 18, 2008                                        Respectfully Submitted,

By: s/Donald P. Gagliardi

Donald P Gagliardi
Bergeson, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712

*Attorneys for Carlson Travel Group, Inc.*

IT IS SO ORDERED.

Dated: _____, 2008            By:_____
                                                                     Hon. Susan Illston
                                                                     United States District Judge

---

JOINT CASE MANAGEMENT STATEMENT                15                Case No. 07-05892 (SI)
LA 60202550.1