```
 1  Alan Himmelfarb
    KAMBEREDELSON LLC
 2  2757 Leonis Blvd.
    Los Angeles, CA 90058
 3  (323) 585-8696
    ahimmelfarb@kamberedelson.com
 4
    Jay Edelson
 5  Ethan Preston
    KAMBEREDELSON LLC
 6  53 West Jackson Ave., Suite 1530
    Chicago, IL 60604
 7  312-589-6370
    jedelson@kamberedelson.com
 8  epreston@kamberedelson.com

 9  *Counsel for Plaintiff*
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC., a California corporation, and DOES 1 to 100,<br><br>Defendants. | No. 07-05892 (SI)<br><br>Judge Susan Illston<br><br>**DECLARATION OF ETHAN PRESTON IN SUPPORT OF PLAINTIFF JOHN LOFTON'S REPLY FOR MOTION TO COMPEL DISCOVERY RESPONSES FROM CARLSON TRAVEL GROUP, INC.**<br><br>Date: May 14, 2008<br>Time: 9:00 a.m.<br>Location: Courtroom 10, 19th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

Pursuant to 28 U.S.C.§ 1746, I, Ethan Preston, hereby declare and state as follows:

1. I am an attorney admitted to practice in the state of Illinois, and represent Plaintiff in the above-titled action. I am entering this declaration pursuant to Federal Rule 37(a)(1) in support of the attached Motion to Compel. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

2. By email, I sent the attached proposal for an electronic discovery track on February 7, 2008 to all Defendants' counsel. A true and correct copy of this proposal is attached as Exhibit 1.

3. I declare under penalty of perjury, that the foregoing is true and correct.

DATE: April 18, 2008

    s/Ethan Preston
    ETHAN PRESTON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

Case 3:07-cv-05892-SI   Document 92-2   Filed 04/18/2008   Page 3 of 7

**KAMBEREDELSON, LLC**
THE MONADNOCK BUILDING • 53 WEST JACKSON BOULEVARD
SUITE 1530 • CHICAGO, ILLINOIS 60604

TEL: (312) 589-6370

*VIA EMAIL*

Jordan Yu
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

*Attorneys for Bank of America Corp., and FIA Card Services, N.A.*

Elizabeth Le
Robins, Kaplan, Miller & Ciresi L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

*Attorneys for Carlson Companies, Inc.*

Donald P. Gagliardi
Bergeson, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712

*Attorneys for Carlson Travel Network Associates, Inc., and Carlson Travel Group, Inc.*

February 7, 2008

Re: *Lofton v. Bank of America Corp.*, et. al., No. 07-05892 (MJJ)

Dear Counsel,

Your correspondence over the last two weeks indicates that Defendants are not satisfied with Plaintiff's explanation of his need for the separate electronic discovery track he proposed. This letter is intended to better address Defendants' objections to Plaintiff's proposal.

**Miscellaneous Issues**

However, we first address a few outstanding miscellaneous issues.

We believe Defendants' position that the Court's November 10, 2007 Order independently set a deadline for initial disclosures under Rule 26(a) is incorrect. Our position is that the November 10, 2007 Order does not extend the 14 day deadline running from the parties' January 18 Rule 26(f) conference under Rule 26(a)(1)(C). We interpret the Court's November 10, 2007 deadline as setting a date for an initial case management conference as required under Civil L.R. 16-2(a), and deriving the relevant deadlines prior to that CMC date from the Federal Rules. Again, the November 20 Order confirms this interpretation when it refers to Rule 26(a)(1) as the "Governing Rule."

February 7, 2008
Page 2

That said, CTG and CTNA have already provided certain Rule 26(a) disclosures, and we understand that the other Defendants are working on their disclosures and will produce them on February 19. As we vastly prefer more complete disclosures in two weeks time over incomplete disclosures now, there is no reason to press for the resolution of the parties' dispute.

Likewise, in light of Defendants' refusal to participate in drafting a Rule 26(f)(3) plan without a date for the CMC, Plaintiff are obliged to defer drafting the plan. Plaintiff hopes, consonant with Defendants' representations, that this additional time will allow the parties to draft a more complete and meaningful joint CMC statement/Rule 26(f) plan.

**Electronic Discovery**
Plaintiff anticipates essentially all of the documents relevant to this litigation will consist of electronically stored information ("electronic documents"). During the last thirty years, "the growth in electronically stored information and in the variety of systems for creating and storing such information has been dramatic." Fed. R. Civ. P. 34 advisory committee note on 2006 amendment. Under the 2006 amendments to the Federal Rules of Civil Procedure, all parties are explicitly entitled to discovery of electronic documents. *See id*. (2006 amendments "confirm that discovery of electronically stored information stands on equal footing with discovery of paper documents"; requests for production of documents "should be understood to encompass, and the response should include, electronically stored information").

**The Benefits of Electronic Discovery**
If properly managed, discovery of electronic documents discovery has many benefits over traditional discovery. "Electronic storage systems often make it easier to locate and retrieve information. These advantages are properly taken into account in determining the reasonable scope of discovery in a particular case. . . . The volume of – and the ability to search – much electronically stored information means that in many cases the responding party will be able to produce information from reasonably accessible sources that will fully satisfy the parties' discovery needs." Fed. R. Civ. P. 26 advisory committee note on 2006 amendment. "[T]he fact that many forms of electronically stored information and media can be searched quickly and accurately by automated methods provides new efficiencies and economies. In many instances, software is able to search far greater volumes of these types of electronically stored information than human beings could review manually." The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production 5 (2d ed. 2007) ("Sedona Principles").

Plaintiff's idealized form of electronic document discovery consists of automated searches (defined by a variety of relevant criteria – including strings in the electronic documents' content, as well as relevant metadata) conducted against a limited, fixed set of electronic document repositories, using sound search techniques and applications. Such automated searches can be vastly faster and cheaper than manual searches. "The glory of electronic information is . . . that it permits the computer to search for words or 'strings' of text in seconds." *In re Lorazepam & Clorazepate Antitrust Litig.*, 300 F. Supp. 2d 43, 47 (D.D.C. 2004). "[I]t is often advisable, if not necessary, to use technology tools to help search for, retrieve, and produce relevant [electronic documents]." Sedona Principles at 57. "[T]he use of automated search methods should be viewed as reasonable,

February 7, 2008
Page 3

valuable, and even necessary." The Sedona Conference Working Group on Best Practices for Document Retention and Production, *The Sedona Conference Best Practices Commentary on the Use of Search & Information Retrieval Methods in E-Discovery*, 8 Sedona Conf. J. 189, 208 (2007). In addition, the criteria for such searches are objective and transparent, which will mitigate discovery disputes over subjective search criteria.

**The Need for Separate Electronic Discovery Track**
   In order to realize these benefits, however, Plaintiff needs adequate information about Defendants' electronic document infrastructure, including their storage systems. Plaintiff cannot narrow his discovery requests to a specific set of computer systems without a reasonable understanding of where relevant documents (or information leading to the discovery of relevant documents) are stored. Plaintiff likewise cannot effectively formulate his searches without a reasonable understanding of the search capabilities of the computer systems containing relevant documents. While some of this information might have been provided in the parties' Rule 26(f) conference or their Rule 26(a) disclosures, much of the information must be obtained through direct interrogatories and depositions. *See Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, No. 05-1516, 2007 U.S. Dist. LEXIS 72953, at *14-18, 33-37 (C.D. Cal. Sept. 18, 2007) (deficiencies in the scope of defendant's search for electronic documents documents were not revealed until court ordered deposition of custodian of records). In addition, informal information exchanges lack the certification present in depositions and interrogatories.

   As you know, the parties did not discuss these matters in their Rule 26(f) conferences, and at least counsel for CTG and CTNA has adopted the position that the obligation to provide a description of the location of electronic documents under Federal Rule 26(a)(1)(A)(ii) does not require any more detail than the documents "were located at [corporate] headquarters in Minneapolis." Regardless of the merits of this position, this does not provide sufficient information for the parties to realize the benefits of electronic discovery. Hence, Plaintiff seeks to obtain this information in the proposed electronic discovery track.

   Plaintiff notes that Defendants' counsel has a corresponding duty under Rule 26(g) to make a reasonable inquiry as to whether Defendants' responses to Plaintiff's document production requests are complete. *See* Fed. R. Civ. P. 26 advisory committee note on 1980 amendment (signature on discovery response "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to [the client] that are responsive to the discovery demand"). *See also National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 555 (N.D. Cal. 1987). Plaintiff's proposed electronic discovery track will help ensure that Defendants' counsel have discharged this duty. *See Phoenix Four Inc. v Strategic Res. Corp.*, No. 05 Civ. 4837, 2006 U.S. Dist. Lexis 32211, at *16 (S.D.N.Y May 23, 2006) ("counsel's duty to locate relevant electronic information [includes] ensur[ing] that all sources of relevant information are discovered" and becoming "fully familiar with . . . [its] client's data retention architecture")(internal punctuation and citation omitted); *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006); *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 190 (C.D. Cal. 2006) (requiring party to provide declarations "detailing the nature of his 'reasonable inquiry' to locate responsive documents" on a "request-by-request basis").

February 7, 2008
Page 4

      Lastly, Plaintiff's proposed electronic discovery track requires additional depositions and interrogatories beyond those provided by the Federal Rules. Plaintiff expects he will need at least five depositions in addition to those alloted to him under Rule 30(a)(2)(A)(i), one Rule 30(b)(6) deposition of the person most knowledgeable regarding Defendants' electronic document infrastructure for each Defendant. In addition, Plaintiff expects he will need at least ten interrogatories in addition to those alloted to him under Rule 34(a)(1). These interrogatories will help identify relevant 1) domain names, 2) network topology, 3) email servers and systems, 4) network or shared drives, 5) servers for miscellaneous other protocols or applications, 6) the personal computers and/or laptops used by relevant Defendant employees, 7) removable media likely to store relevant electronic documents, 8) peripheral devices likely to store relevant electronic documents, 9) available search tools and capabilities for each of the relevant computer systems, and 10) document retention and backup/disaster recovery policies.

      We believe that Plaintiff's proposal for a separate electronic discovery track (and the corresponding discovery requests) is reasonable in light of Plaintiff's discovery to date. Plaintiff's First Set of Interrogatories has already exhausted five of the 25 interrogatories alloted to him under Rule 34(a)(1). If Plaintiff deposes all of the witnesses identified in CTG's Rule 26(a) disclosures, he will exhaust seven of the ten depositions alloted to him under Rule 30(a)(2)(A)(i). (Neither Carlson Companies, Inc. nor the Bank Defendants have not yet provided their Rule 26(a) disclosures to Plaintiff, so Defendants may identify even more potential deponents than the seven identified by CTG.) Inevitably, Plaintiff will need to supplement these initial depositions and interrogatories with additional depositions and interrogatories that will yield evidence with more direct relevance to his claims. The depositions and interrogations for the separate electronic discovery track do not relate, and will not produce, evidence relevant to the merit of Plaintiff's claims. It would be unreasonable to force Plaintiff to exhaust depositions and interrogatories alloted to him under Rules 30 and 34 on electronic discovery issues, where it can reasonably be anticipated that the interrogatories and depositions alloted to Plaintiff will not be sufficient to take the supplemental discovery he needs.

      I hope this letter assists Defendants in evaluating Plaintiff's proposed electronic discovery track. I understand Defendants may require additional information to evaluate Plaintiff's proposal. If so, we invite Defendants to schedule a conference for each individual Defendant, wherein our technical expert can elaborate on the need for the electronic discovery track with respect to that individual Defendant.

      Very truly yours,

      Ethan Preston