Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 550
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Attorneys for John Lofton*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation, and CARLSON TRAVEL GROUP, INC., a California corporation, and DOES 1 to 100,<br><br>Defendants. | No. 07-05892 (SI)<br><br>Judge Susan Illston<br><br>**PLAINTIFF JOHN LOFTON'S REPLY FOR HIS MOTION TO COMPEL DISCOVERY RESPONSES FROM CARLSON COMPANIES, INC.**<br><br>Date: May 14, 2008<br>Time: 9:00 a.m.<br>Location: Courtroom 10, 19th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

Carlson Companies, Inc. ("CCI") Opposition assiduously ignores that Lofton needs the instant discovery to have a fair opportunity to oppose CCI's Motion to Dismiss – or that Lofton must complete his discovery and file his Opposition no later than July 11, 2008. The grounds for this Motion was laid by CCI's history of delaying discovery combined with the ticking clock counting down the time to prepare Lofton's Opposition. While CCI may object strenuously to the Motion to Compel, it is responsible for the circumstances which lead to its filing.

For instance, CCI is in a poor position to complain that Lofton's counsel "demanded . . . a Rule 37 conference the next business day." (CCI Opp'n 2.) CCI ignores the fact that, had it received the relief it sought in its Motion for Reconsideration which was pending at the time, Lofton would have potentially had less than a week to gather discovery to support his Opposition. As CCI's Motion for Reconsideration created Lofton's immediate need for a Rule 37 conference, Lofton's urgency under the situation was appropriate.

Likewise, CCI's complaint that Lofton indicated he would "first file a motion and then withdraw it before the hearing notwithstanding CCI's efforts" ignores the unresolved disputes between the parties, as well as Lofton's time-sensitive need for discovery. (*Id*. 15.) By the time the CCI and Lofton completed their March 12 Rule 37 conference, it was clear that CCI would refuse to correct the majority of the deficiencies in its discovery responses. (Preston Decl. ¶ 27, Docket No. 73-2, 73-3; Ex. 5 Preston Decl., Docket No. 73-2) (hereinafter, "Mar. 28 Decl.")[1] As CCI refused to resolve these disputes on its own, there was no reason for Lofton to delay bringing this Motion. Indeed, Lofton had an immediate need to file this Motion, given CCI's then-pending Motion for Reconsideration.

Lofton's need for discovery to ultimately prove his claims and prepare briefings for

---

[1] Further, CCI's complaint that "Mr. Preston advised that Plaintiff would be filing a motion to compel" prior to the parties' Rule 37 conference misstates the facts and misleadingly implies that Lofton was unequivocally committed to filing this Motion prior to the March 12 conference. (CCI Opp'n 3.) In fact, Lofton's March 7 only stated "[w]e ***currently believe that it would be appropriate for Lofton to file a motion to compel*** CCI to answer these discovery requests properly" and invited CCI to participate in a Rule 37 conference to resolve the parties' dispute without the instant motions practice. (Le Decl. ¶ 6; Docket No. 83-3) (emphasis added).

class certification, summary judgment, and a preliminary injunction is less immediate, but no less compelling.

### I. Lofton Has A Legal Right to Discover Documents From CCI Which Are in CTG's Possession

The thrust of CCI's Opposition is that its purportedly former subsidiary, Carlson Travel Group, Inc. ("CTG"), has possession of the responsive documents, not CCI. CCI fails to provide any legal basis to suspend the usual operation of Rules 33 and 34 which mandate production of this discovery.

#### A. CTG's Production of Discovery Does Not Excuse CCI From Its Separate and Independent Duties to Produce Discovery

CCI argues that it should not be forced to produce "the exact same discovery that Plaintiff is already obtaining from CTG, the true custodian of the information . . . ." (CCI Opp'n 1.) Lofton's instant Motion is not aimed, as CCI suggests, at producing "two identical sets of documents." (*Id*. 13.) Rather, what CCI ignores is that discovery may be used "not only to elicit unknown facts, but also to narrow and define the issues. . . . [Hence,] it is not usually ground for objection that the information is equally available to the interrogator." 8 Charles Alan Wright, Arthur R. Miller, Federal Practice & Procedure § 2014 (2d ed. 2008). Lofton's Motion to Compel seeks to force CCI to commit itself to independent discovery responses, through which it can be bound to particular set of facts on its Motion to Dismiss and Lofton's Motion for Preliminary Injunction. If CCI produces discovery, it cannot later whipsaw Plaintiff by claiming facts which are at odds with CTG's discovery responses. CCI's specific objection that discovery available through it is equally available through another party (CTG) has been repeatedly found to be "insufficient to resist a discovery request." *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (citing cases, cited and followed by, e.g., *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, No. 01-20418, 2005 WL 1459555, at *6 (N. D.Cal. June 21, 2005)).

Moreover, this Motion provides Lofton an assurance that, if he does not receive documents from CTG, that CCI will be obliged to produce the same. CTG delayed its discovery until the parties stipulated protective order was entered (despite repeated assurances

that Lofton's counsel would hold all documents as "attorney eyes only" until such time), and only agreed to a protective order after Lofton brought a similar Motion to Compel against CTG. CTG has indicated it has served responsive documents on April 15, but (as of the date this Reply was filed) Lofton has not actually received these documents or had a reasonable opportunity to confirm that CTG has produced a complete set of responsive documents. If Lofton cannot get a complete set of responsive documents from CTG, he should be able to get a complete set from CCI.

CCI cites to proportionality limitations incorporated into Rule 26(b)(2) as justification for refusing discovery. Respected commentators have noted that, while Rule 26(b)(2) "may invite arguments similar" to objections that discovery is equally available to another party, "proper arguments under [Rule 26(b)(2)] should be addressed to the burden of discovery rather than its scope." 8 Charles Alan Wright, Arthur R. Miller, Federal Practice & Procedure § 2014 (2d ed. 2008). Thus, Rule 26(b)(2) did not alter the general principle that the responding party bears the burden of establishing grounds for an objection, a protective order, or an order under Rule 26(b)(2). *Cf. In re Bextra and Celebrex Marketing Sales Practices and Prod. Liability Litig.*, 2008 WL 859207, at *3 (D. Mass. Mar. 31, 2008); *Cima v. WellPoint Health Networks, Inc.*, 2008 WL 746916, at *3 (S.D. Ill. Mar. 18, 2008). CCI has done nothing to sustain its burden of showing the Rule 26(b)(2) limitations should apply, other than point to CTG's possible production of discovery, and has failed to provide any quantitative evidence of the burden discovery will impose. Even if it had, there is nothing preventing CCI and CTG from reducing their costs by collaborating on their responses to Lofton's discovery. Indeed, it appears that is exactly what CCI and CTG are doing. (CCI Opp'n 15 (CCI "would diligently to [sic] work with CTG to help produce any remaining responsive documents that may be in CTG's possession and control in an expeditious manner.")) CCI's claims about excessive burden should be viewed skeptically, where it is perfectly capable of exploiting CTG's efforts.

B.     **The Evidence Available to Lofton Suggests a Reasonable Possibility That CCI Will Produce Different Documents Than CTG, If CCI Bothers to Undertake a Reasonable Inquiry Into Lofton's Discovery Requests**

Reply for Motion to Compel CCI                           3                           No. 07-05892 (SI)

CCI asserts that it and CTG will produce "two identical sets of documents," and that the notion that its "employees may somehow be able to locate and produce a different set of documents than CTG . . . is flawed and completely ignores the fact that the documents are in CTG's possession and therefore, it is extremely unlikely that CCI would locate and produce a different set of documents." (CCI Opp'n 13.) Yet CCI acknowledges elsewhere it its brief that it provided a different response than CTG to Lofton's Request for Admission No. 23: "***That CTG may have different information and/or provide different responses than CCI should not and does not mean that CCI did not comply with its discovery obligations***." (CCI Opp'n 11) (emphasis added).

Further, CCI's claim that it will produce the exact same set of documents as CTG is based on its steadfast assertion that "CCI does not have any involvement in the WorldPoints Travel Rewards Program and therefore, CCI does not have the information . . . that Plaintiff seeks in his discovery." (CCI Opp'n 4.) CCI's blanket assertion that it was not involved in the WorldPoints Travel Rewards Program is belied by Exhibit 2 to the Declaration of Wanda K. Cahill in support of CCI's Motion to Dismiss is an Amended and Restated Rewards Program Services Agreement (the "Agreement"). Without specifically discussing the contents of the Agreement, CCI had several duties under the Agreement with respect to CTG's operation of the WorldPoints. These duties included designating a Relationship Manager and preparing contact lists for Bank of America, preparing and implementing contingency, recovery, risk control, and quality initiative plans, establishing and maintaining information security programs for CCI and CTG's network infrastructure, removing personnel from the WorldPoints Program at Bank of America's request, and providing information to Bank of America for the purpose of determining that CTG and CCI had the financial ability to perform services under the Agreement. Moreover, these duties could not be delegated without Bank of America's permission. Given the Agreement, it is impossible that CCI was not involved with the WorldPoints Program. Many of these duties would be impractical or impossible to perform, unless CCI exercised substantial control over CTG's operation of the WorldPoints Program. Lofton can reasonably anticipate CCI has some documents or information reflecting CCI's control over CTG's operation of the WorldPoints Program.

### C. Lofton Has Unrebutted Evidence That CCI Has the Legal Right to Demand Documents From CTG

In the context of the phrase "possession, custody or control" in Rule 34(a), "[c]ontrol is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). CCI concedes that it "has a legal right to demand a copy of the documents from CTG and that this right constitutes 'control' under Federal Rule of Civil Procedure 34." (CCI Opp'n 1.) This is just as well, because CCI's counsel stated in a March 21, 2008 email that "***CCI has the right to demand the responsive documents from CTG***." (Mar. 28 Decl. ¶ 30; Ex. 8 Mar. 28 Decl.) CCI's Opposition does not recant or back away from this statement in any way.

Despite its concession that it has the legal right to demand documents from CTG, CCI argues Lofton has not presented sufficient evidence of CCI's control over CTG:

> Plaintiff has not met his burden of proving that CCI exerts control over CTG as contemplated by the *Petroleum* court. Indeed, Plaintiff admits he has insufficient information to "discern the extent of CCI's current control over CTG." . . . Plaintiff has no information regarding CCI's current control over CTG because none exists. [Lofton's argument] does nothing to establish that CCI has a current relationship of control over CTG and the documents in its possession.

(CCI Opp'n 9-10.) CCI is attempting to argue out of a tautology: it has a legal right to demand documents from CTG, so it has the necessary control to be compelled to produce those documents. CCI's argument here, however, is a notable example of CCI seeking to use the fact that Lofton does not have access to Defendants' information and records as part of an argument that Lofton should not have discovery or his discovery should be limited. As such, it appears CCI fundamentally misunderstands the role of discovery under the Federal Rules.

CCI's communications with the Court and with Lofton's counsel are replete with studiously vague explanations that responsive documents are not under CCI's sole or exclusive possession. This brings us to the question of what, exactly, is CCI's current relationship with CTG? The fact that "CCI has the right to demand the responsive documents from CTG" strongly suggests that CCI's current relationship with CTG extends beyond that of an former parent and subsidiary. (Mar. 28 Decl. ¶ 30; Ex. 8 Mar. 28 Decl.) Nonetheless, CCI

has repeatedly denied any other relationship. (CCI Opp'n 11 ("CCI no longer owns or controls CTG [and] divested its interests in CTG on January 28, 2008."))

In this light, it is extremely perturbing that CCI has effectively rewritten Lofton's Request for Production of Documents No. 10. RPD No. 10 initially sought "documents sufficient to demonstrate the ownership, legal structure, and extent of Carlson Companies, Inc.'s control over Carlson Travel Group, Inc." (Mar. 28 Decl. ¶ 8; Ex. 2 Mar. 28 Decl.) In his March 12 email, "Lofton conceded that [RPD No. 10] should be limited to times **between November 2003 and the present**." (Mar. 28 Decl. ¶ 27; Ex. 5 Mar. 28 Decl.) CCI has provided three pages of documents, which do not indicate anything about the sale of CTG and CCI's current control over CTG. (Mar. 28 Decl. ¶ 33.) CCI's Opposition now seems to indicate that CCI has unilaterally rewritten Lofton's RPD No. 10 as requesting "'documents sufficient to demonstrate the ownership, legal structure, and the extent of Carlson Companies, Inc.'s control over Carlson Travel Group, Inc.' for the period of **November 2003 to the time of CTG's divestment (as amended)** . . ." (CCI Opp'n 6) (emphasis added). There is no reason why CCI should further delay or withhold the documents relevant to Lofton's claims, and, indeed, this Motion to Compel.

## II. CCI Cannot Withhold Discovery Responses Because Its Answers Might be Used to Support Its Opposition to Lofton's Motion for Preliminary Injunction

CCI argues that "Interrogatory No. 5 and Request for Production No. 3 prematurely seeks [sic] the disclosure of information supporting CCI's Opposition to Plaintiff's MPI four months before the August 15 Opposition due date." (CCI Opp'n 12.) CCI cites no case law to support its position. "Modern instruments of discovery serve [to] make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *U. S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). This should be no less true for Lofton's Motion for Preliminary Injunction than the full trial for this case.

CCI asserts that it should not have to participate in discovery because its Motion to Dismiss for lack of personal jurisdiction is pending. CCI cavils that "no opposition [has] yet [been] drafted and, as such, no documents that 'may support or contradict [CCI's]

opposition.'" (CCI Opp'n 12.) CCI misconstrues Interrogatory No. 5 and Request for Production No. 3 so badly, one wonders whether it is intentional or not. Lofton is emphatically *not* seeking early drafts of CCI's opposition brief: Lofton *is* seeking any evidence which CCI, at this point in time, has identified as potentially supporting its opposition to Lofton's Motion for Preliminary Injunction.

CCI complains that it should not have to participate in discovery related to "an opposition that it ultimately may not have to file." (*Id.*) The law of this Circuit is that a pending motion to dismiss does not, absent some further justification, satisfy the good cause that must be shown to curtail discovery. *Cf. Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). If CCI truly believed that its pending Motion to Dismiss should have protected it from discovery, "it should have entered into a stipulated protective order with plaintiff or filed a motion for a protective order *before* the date by which it was to respond to plaintiff's requests." *Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 619 (C.D. Cal. 2007) (emphasis in original).

CCI's reliance on *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670 (S.D. Cal. 2001) does not alter this equation. CCI overlooks *Orchid*'s holding that discovery must be allowed on a motion to dismiss for lack of personal jurisdiction unless the defendant "meet[s] the relatively high burden of establishing that it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Id.* at 673. *Cf. Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (jurisdictional discovery appropriate whenever "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary"). CCI has not shown that any particular discovery request of Lofton's is not relevant to the Court's personal jurisdiction over CCI. Lofton states claims for intentional torts, and his primary personal jurisdictional theory arises under the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984). Hence, the Court's personal jurisdiction over CCI intertwines with the merits of Lofton's claims. "Where the jurisdictional facts are intertwined with the

merits, a decision on the jurisdictional issues is dependent on a decision of the merits," and the preferred procedure is to resolve the decision on jurisdiction at trial. *Data Disc, Inc. v. Systems Tech. Associates, Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977).

### III.    CCI's Answer to Interrogatory No. 6 Is Inadequate

CCI's argument regarding answer on Interrogatory No. 6 does not actually contest the adequacy of CCI's answer, but attempts to divert the Court's attention to Lofton's purported impudence in even asking the question. Interrogatory No. 6 states:

> If the Carlson Defendants' answer to any of Plaintiff's Requests for Admissions asserts a lack of information as a basis for failing to admit such Requests, indicate the efforts to obtain the information with specificity, including what efforts were made, which persons were involved in the efforts, and when the efforts were made.

(Mar. 28 Decl. ¶ 8; Ex. 1 Mar. 28 Decl.) Lofton's Motion to Compel CCI noted that the purpose of Interrogatory No. 6 was to test "whether CCI undertook the 'reasonable inquiry' into its responses to Lofton's RFAs required under Rule 36." (Lofton Mot. 11.) CCI answered only that it that "made a reasonable inquiry into the matters requested in Plaintiff's Requests for Admissions." (CCI Resp. Interrog. No. 6.) This answer is obviously non-responsive and incomplete because it does not provide any information as to what steps CCI took to determine that its answers to Lofton's Requests for Admissions were accurate. CCI's answer simply concludes that CCI has complied with the "reasonable inquiry" requirement under Rule 36.

In his Motion, Lofton further noted that "[t]here [was] strong reason to suppose" that CCI did not comply with Rule 36, because its answer to RFA No. 23 was different from CTG's answer (while supposedly all of CCI's information derives from CTG). (Lofton Mot. 11.) CCI's Opposition takes great umbrage at Lofton for having the temerity to doubt its responses:

> [Lofton] complains this response is not adequate because he doubts the truth of CCI's *verified* discovery responses since CCI's response is different from CTG's response to RFA No. 23. Plaintiff's accusation is not only insulting and improper, but also unfounded.

(CCI Opp'n 10.) However, CCI's Opposition fails either to justify its answer to Interrogatory No. 6 or to reconcile its answer to RFA No. 23 with CTG's answer to RFA No. 23. While CCI expresses great outrage at the implication its investigation of its answers to Plaintiff was not sufficient, both the Opposition and the answer ignore the actual Interrogatory. If CCI actually answered

Interrogatory No. 6, Lofton would have a basis for determining whether CCI's investigation was indeed reasonable – but CCI's outrage at perceived challenges to the adequacy of its answers is entirely beside the point.

## IV.  The Remaining Arguments In CCI's Opposition Have No Legal Basis

CCI argues that its jurisdictional objection is valid. For the reasons explored in Lofton's Motion and in Section II above, it is not – CCI does not even attempt to show how even one specific discovery request is not relevant to Lofton's theory of personal jurisdiction under the *Calder* "effects" test.

CCI argues that Lofton's citation of authorities which are not published in the Federal Supplement or the Federal Recorder of Decisions violates Civil L.R. 3-4(e), which prohibits citation to any authority that "is designated: 'NOT FOR CITATION,' pursuant to Civil L.R. 7-14 or pursuant to a similar rule of any other issuing court." None of Lofton's authorities were designated not for citation – they are merely unpublished. This is not a nuanced distinction.

CCI likewise argues that Lofton violated the Court's Standing Order. The Court granted Lofton's order for *nunc pro tunc* leave to file an oversize brief on April 14 (Docket No. 85), and this argument is moot.

CCI fails to mount any defense whatsoever for the other objections it advanced in its answers to Lofton's discovery. There is no reason to believe that these objections were interposed for any other reason than "to . . . cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g)(1)(B)(ii). For the reasons stated in Lofton's Motion to Compel, this Court should overrule those objections and CCI should be compelled to produce all documents responsive to Lofton's RPDs Nos. 1 to 10 (as modified) which are within its control – including those documents within CTG's possession, and to answer each of Lofton's Interrogatories, within 15 days of the Court's order.

Dated: April 18, 2008

By: s/Ethan Preston

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 550

Chicago, IL 60604

Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058

*Attorneys for John Lofton*