**BERGESON, LLP**
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

May 8, 2008

*Hand Delivered*

Hon. Susan Illston
United States District Judge
United States District Court for the Northern District of California
Court Rm. 10, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

      Re:   *Lofton v. Bank of America, et al.*
             Case No. C07-05892 SI (N.D.Cal.)

Dear Judge Illston:

     We represent defendant Carlson Travel Group, Inc. ("CTG") in the above-named action. CTG hereby objects to the five-page letter request, together with a declaration and exhibits, filed by counsel for plaintiff John Lofton dated May 7, 2008 (Docket No. 105). Lofton seeks leave to supplement, in violation of local rules, Lofton's pending and *already fully briefed* motion to compel discovery from CTG, which motion is set for hearing before you next Wednesday, May 14, 2008. Lofton's counsel alternatively requests that the letter brief be treated as a second, independent motion to compel. CTG objects to the alternative request as premature because the meet-and-confer process has not been completed on the issues raised. CTG reserves its rights to provide a further substantive response to the issues raised by Lofton's "supplemental" briefing / "independent motion."

     Lofton's request to supplement the briefing on Lofton's pending, fully-briefed motion to compel should be denied as in violation of Rule 7-3(d) of the Court's Civil Local Rules. Save for very limited exception for recent published case law submitted *without argument*, "[o]therwise, once a reply is filed, no additional memoranda, papers or letters may be filed without *prior* Court approval." N.D.Cal. Civil L.R. 7-3(d) (emphasis added). Lofton has submitted supplemental briefing together with his request to do so and without obtaining *prior* Court approval. Accordingly, the request should be summarily denied for violating the Court's local rules. (Notably, the pending motion to compel was originally filed in violation of Your Honor's standing order and, as such, a pattern is emerging.)

     Further, the relief requested bears only a highly attenuated relationship to the pending motion to compel and, as such, supplementation is inappropriate. Lofton seeks "the Court to order CTG to 1) request [non-party] Worldspan to stop deleting WorldPoint itineraries, 2) immediately produce all electronic discovery in original format, absent individualized showing that cost-shifting should apply, and 3) answer as much of Interrogatories Nos. 1 and 3 as it can

| ANTHONY M. GLASSMAN | AFFILIATED COUNSEL: BERGESON & CAMPBELL | MARK E. FOSTER |
|---|---|---|
| BEVERLY HILLS, CA 90210 | WASHINGTON, D.C. 20005 | SAN JOSE, CA 95110 |

BERGESON, LLP

Hon. Susan Illston
May 8, 2008
Page 2

(even if it cannot identify which tickets were purchased by California residents.)" (Docket No. 105, at p.5). Items 1 and 2 do *not* directly relate to relief requested on the pending motion and, importantly, the meet and confer process has not been completed with respect to these requests, which were only brought to CTG's counsel's attention within the last 36 hours or so and for which a conference call was first held late in the day yesterday, May 7. Accordingly, it is *premature* to honor Lofton's alternative request to treat its "supplemental" briefing as a new, independent motion. Accordingly, the Court should strike such briefing without prejudice.

As mentioned, CTG reserves its rights to respond substantively and in detail to the arguments raised in Lofton's five-page single-space letter. However, for the Court's benefit, we offer a preview of CTG's anticipated bottom line:

**Item 1.** CTG is *not* fundamentally opposed to requesting non-party Worldspan to preserve Bank of America Worldpoints customers' itineraries and is willing to make such a request in an appropriate manner which respects CTG's business relationship with Worldspan. As mentioned, this is an issue first raised by Lofton this week.

**Item 2.** This issue requires further meet and confer discussions among the parties and is premature for resolution by motion to compel. It was raised for the first time earlier this week and discussed for the first time yesterday, May 7, during the parties meet and confer call.

**Item 3.** CTG is willing to supplement its responses to Interrogatories Nos. 1 to 3 based on the discussions with Lofton's counsel yesterday afternoon notwithstanding that CTG believes the responses were adequate in the first instance.

Accordingly, CTG respectfully requests that the Court deny Lofton's request for leave to submit supplemental briefing on its fully briefed pending motion to compel and that the Court strike such briefing (Docket No. 105) from the Court record. CTG reserves its right to further respond substantively to the arguments raised in such "supplemental" briefing should the Court choose to grant leave to supplement or to consider Lofton's letter briefing as an independent motion.

Thank you for your attention to and consideration in this matter.

Respectfully submitted,

Don Gagliardi

cc: all counsel *(by email and fax)*