IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A.; CARLSON COMPANIES, INC; CARLSON TRAVEL NETWORK ASSOCIATES, INC.; CARLSON TRAVEL GROUP, INC.; and DOES 1 to 100,<br><br>    Defendants.<br>_____/ | No. C 07-05892 SI<br><br>**ORDER RE: DISCOVERY MOTIONS** |

Plaintiff has filed two motions to compel discovery responses from defendants Carlson Companies, Inc. ("CCI") and Carlson Travel Group ("CTG"). The motions are scheduled for hearing on May 14, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds the matters appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motions. The Court also DENIES a related motion to stay discovery filed by defendant CCI.

**BACKGROUND**

Plaintiff John Lofton, on behalf of a putative class, has filed suit against defendants CCI, CTG, Bank of America, and others, alleging that defendants violated California law when they charged plaintiff and members of the class with fuel-related fees in connection with airline tickets purchased using points earned through use of a WorldPoints credit card. Plaintiff alleges that the fuel fees were

imposed by defendants, not the airlines, and that defendants concealed the true nature of the fees.

Currently before the Court are two motions to compel discovery filed by plaintiff, as well as a motion for a protective order to stay merits-based discovery filed by defendant CCI. These motions concern plaintiff's attempt to discover information relevant to CCI's motion to dismiss for lack of personal jurisdiction, to be heard August 1, 2008, and plaintiff's own motion for a preliminary injunction, to be heard September 5, 2008.

**I.  Motion to stay discovery on the merits**

The Court will first address the motion to stay discovery on the merits filed by defendant CCI. On the basis of CCI's motion to dismiss for lack of personal jurisdiction, CCI now asks the Court to stay any discovery sought by plaintiff from CCI that relates to the merits of plaintiff's suit rather than to the jurisdictional basis for his suit. Motions to stay discovery may be granted upon showing of good cause by the moving party or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(4); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285-86. (S.D. Cal. 2000). The party seeking the stay has a "heavy burden" to make a "strong showing" to justify the stay. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). A showing of need must be particular and specific, *see Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995), and be more than a "conclusory statement that discovery would cause undue burden and expense." *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Courts may stay discovery on non-jurisdictional matters when a defendant raises jurisdictional questions. *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001).

In the present case, CCI argues that any merits discovery should be stayed because the Court has yet to decide whether it may exercise personal jurisdiction over CCI. CCI has not demonstrated good cause to stay merits-based discovery, however, because in order to survive CCI's motion to dismiss for lack of jurisdiction, plaintiff persuasively argues that he must have access to information that involves the merits of his suit. Plaintiff must demonstrate CCI's relationship to CTG and CCI's intentional involvement in the WorldsPoints award program. *See Calder v. Jones*, 465 U.S. 783, 789-90 (1984).

2

CCI claims it had no involvement in the program, but plaintiff contends otherwise and points to a document that indicates CCI may have been involved in and had knowledge of the program. Thus, the Court finds that CCI's assertions do not meet the required "strong showing" because plaintiff is entitled to discovery on the merits that may inform his opposition to CCI's jurisdictional motion. CCI's motion to stay is DENIED.

**II.   Plaintiff's motion to compel discovery responses from CTG**

Plaintiff moves to compel CTG to respond to various discovery requests submitted by plaintiff. Defendant CTG argues that its discovery responses have been adequate and that it had a right to wait until a protective order is in place before producing certain records. A protective order is now in place, but plaintiff has informed the Court that its motion has not been mooted by the protective order.[1] The Court therefore will briefly address plaintiff's motion.

Parties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to admissible information. *Id.* The court, however, can limit discovery if the discovery sought is unnecessarily duplicative or if the expense of the proposed discovery would outweigh its likely benefit. Fed. R. Civ. P. 26(b)(2)(i)-(iii). Under Northern District Local Rule 37-2, the party moving to compel discovery must "detail the basis for the party's contention that it is entitled to the requested discovery and show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." The court has discretion to determine whether to grant a motion to compel. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987).

Plaintiff argues that CTG must answer Interrogatories 1 through 3, which ask CTG to identify tickets purchased by California residents that might be at issue in this litigation. CTG responds that

---

[1] Plaintiff has also filed a supplemental letter to his motion to compel, which he asks the Court to consider now either as a supplemental brief or as an independent motion to compel. Defendant CTG objects to the filing of this supplemental letter, and the Court agrees that it is not directly relevant to the current discovery dispute. Should this order not resolve all of the disputes among the parties, plaintiff may file additional motions, but the Court will not consider the supplemental letter because the parties have not had an opportunity to respond. The Court also urges the parties to work out such disputes amongst themselves before involving the Court.

3

plaintiff can obtain this information from defendant Bank of America and from CTG's "weekly billings" to Bank of America. Because CTG is more familiar with the information contained in its "weekly billings," it must answer plaintiff's interrogatories with whatever information it has relating to California residents or tickets billed or sent to mailing addresses in California. If no information in the "weekly billings" relates to the information plaintiff seeks, then CTG must clearly say so and plaintiff will have to obtain this information from Bank of America. In addition to answering plaintiff's interrogatories, CTG must produce its "weekly billings" and any other documents requested by plaintiff, including documents and facts relating to the basis for CTG's opposition to plaintiff's motion for a preliminary injunction. If CTG believes that certain documents are privileged, it must properly object and create a privilege log to permit plaintiff to respond accordingly. The Court GRANTS plaintiff's motion to compel discovery from CTG.

### III. Plaintiff's motion to compel discovery responses from CCI

Plaintiff also moves to compel CCI to respond to plaintiff's discovery requests. Plaintiff seeks the production of documents related to the WorldPoints program. CCI claims that it has already produced all relevant documents in its possession, and that any other documents related to the program are in the possession of CTG, its former subsidiary. CCI also appears to argue that it no longer has control over documents in CTG's possession and thus cannot be ordered to produce those documents. The Court finds that although it may be somewhat duplicative for CCI to produce documents that are in CTG's possession, plaintiff has demonstrated that he is entitled to these documents from both sources because of the difficulty of obtaining documents from CTG and because such discovery may assist plaintiff in narrowing and defining the issues for trial. The Court does not find the burden of production to outweigh the potential benefit to plaintiff. CCI has acknowledged that it has the right to demand documents from CTG, *see* Preston Decl. ex. 8, and thus that it has control over these documents for purposes of discovery, *see United States v. Int'l Union of Petroleum and Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). Along the same lines, CCI must respond fully to plaintiff's requests for information regarding the current relationship between CCI and CTG. Furthermore, CCI must produce all non-privileged documents and facts relevant to the anticipated motion for a preliminary injunction

4

and must fully respond to all of plaintiff's interrogatories. The Court therefore GRANTS plaintiff's motion to compel.

## CONCLUSION

For all of the foregoing reasons, the Court hereby DENIES defendant CCI's motion to stay discovery [Docket No. 87] and GRANTS plaintiff's motions to compel [Docket Nos. 72 & 73].

**IT IS SO ORDERED.**

Dated: May 12, 2008

SUSAN ILLSTON
United States District Judge