Jay Edelson (*pro hac vice pending*)
Ryan D. Andrews (*pro hac vice*)
KAMBEREDELSON LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
(312) 589-6370
jedelson@kamberedelson.com
randrews@kamberedelson.com

*Counsel for Plaintiff John Lofton*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., a national banking association, CARLSON COMPANIES, INC., a Minnesota corporation, CARLSON TRAVEL GROUP, INC. a California corporation, and DOES 1 to 100,<br><br>Defendants. | No. 07-5892 (SI)<br><br>**[PROPOSED] FINAL ORDER ENTERING JUDGMENT AND DISMISSAL WITH PREJUDICE** |

[PROPOSED] ORDER            1

This matter came before the Court for a hearing on April 15, 2009 at 4:00 p.m., pursuant to the Order of this Court entered on November 4, 2008, on the application of the parties for final approval of the settlement reached between the parties as set forth in the Class Action Settlement Agreement ("Settlement Agreement"), executed by counsel on October 28, 2008 on behalf of the parties. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered the thorough briefing and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUGED AND DECREED as follows:

1. This Court has jurisdiction over subject matter of this action and over all parties to the Action, including all Class Members.

2. On November 4, 2008, this Court preliminarily approved the Settlement Agreement for a Class as defined in the Settlement Agreement. The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

3. The Court hereby confirms and grants final certification to the Class and finds that the requirements of Rule 23 of the Federal Rule of Civil Procedure, the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1715 and the Due Process Clause of the United States Constitution for the maintenance of this action as a class action have been satisfied in all respects.

4. Notice was disseminated to the Class under the terms of the Settlement Agreement via electronic and/or regular mail. Notice was sent to approximately 54,000 current and former FIA WorldPoints Cardholders via First-Class U.S. Mail. Notice was also provided on a website maintained by the Claims Administrator.

5. The notice fully informed the Class of their rights with respect to the Settlement Agreement, including the right to be excluded and to object to the Settlement Agreement or the application for an award of attorneys' fees and reimbursement of expenses and incentive award.

6. The notice satisfied the statutory requirements of notice under the circumstances,

including individual notice to all members of the Class who could be identified through reasonable effort in Defendants' records.

    7.    The Court finds that Defendants timely and properly notified the appropriate state and federal officials of the Settlement Agreement, pursuant to 28 U.S.C. § 1715 of CAFA. The Court has reviewed the Defendants' notices and accompanying materials, and finds that they complied with any applicable requirements of CAFA. The Court has set aside more than ninety (90) days to receive and consider any comment or objection by any government entity in response to the CAFA-required notices provided by Defendants.

    8.    This Action and the Released Claims contained therein, are DISMISSED WITH PREJUDICE as to the named Plaintiff, the Class Members, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

    9.    The Court finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable as to each member of the Class. Specifically, the legal and factual posture of this case, the discovery conducted, and the fact that the settlement was the result of arms' length negotiations presided over by a neutral mediator, support this finding. No objector appeared before the Court at the final approval hearing and no written objections have been filed with the Court. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the parties are hereby directed to perform its terms.

    10.    The Plaintiff, on behalf of himself and the Class, is deemed to have, and by operation of the Judgment shall have, absolutely and unconditionally released the Released Parties from each and every Released Claims.

    11.    All Class Members are hereby forever barred and enjoined from prosecuting each and every Released Claims against the Released Parties.

    12.    The Defendants are deemed to have, and by operation of the judgment have, absolutely and unconditionally released and forever discharged the Plaintiff, the Class and Class Counsel from any and all claims relating to, or in connection with the institution or prosecution

of the Action.

13. Class Counsel is hereby awarded attorneys' fees in the amount of $587,500, which the Court finds to be fair and reasonable. Defendants pursuant to the terms of the Settlement Agreement shall pay the attorneys' fees and expenses so awarded.

14. The Plaintiff is awarded an incentive award of $2,500.

15. The Court approves Feeding America, a 501(c)(3) non-profit, as the recipient of the *cy pres* award which shall consist of all monies remaining from the checks for a Settlement Benefit that are not cashed within ninety (90) days of the date of issuance.

16. In making this award of attorneys' fees to Class Counsel and incentive award to Plaintiff, the Court has considered and finds that:

    (a) The Settlement Agreement obtained as a result of the efforts of Class Counsel has created relief that will benefit thousands of Class Members;

    (b) Approximately 54,000 copies of the notice were disseminated directly to the Class indicating the terms of the Settlement Agreement, that Class Counsel was moving for an award of attorneys' fees in the amount of $587,500, and that Plaintiff would seek an incentive award of $2,500. No objections were filed challenging the terms of the Settlement Agreement.

    (c) Class Counsel have conducted the litigation and obtained the Settlement Agreement with skill, perseverance and diligent advocacy;

    (d) This Action involves complex factual and legal issues and, in the absence of a settlement would involve further lengthy proceedings with uncertain resolution of the issues;

   (e)  Had Class Counsel not obtained the relief provided for in the Settlement Agreement, there would remain a significant risk that the Plaintiffs and the Class Members may have recovered less from the Defendants;

   (f)  The amount of attorneys' fees awarded are consistent with awards in similar cases;

   (g)  The Plaintiff rendered valuable service to the Class. Without Plaintiff's participation, there would have been no case or settlement.

17. Katrina Johnson of Santa Monica, California and Deborah Neese of Candler, North Carolina have requested exclusion are hereby deemed to have properly opted out/excluded themselves from the Settlement Agreement and shall not be bound by its terms.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement Agreement and any award or distribution of the settlement monies, including attorneys' fees and (b) all Parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement.

19. This matter is set for status and final report and accounting of the administration of the settlement on __7/31/09__ at __9:00 A__.m.

Date: __4/17/09__

IT IS SO ORDERED.

By: _____ *(signed) Susan Illston*

THE HONORABLE SUSAN ILLSTON

UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] ORDER   5